# EXHIBIT C

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Ron C. Finley SBN (200549)<br>Beck, Ross, Bismonte & Finley, LLP<br>50 W. San Fernando Street, Suite 1300<br>San Jose, California 95113<br>TELEPHONE NO.: (408) 938-7900  FAX NO.: (408) 938-0790<br>ATTORNEY FOR *(Name):* Richard W. Berger and Brant W. Berger | ENDORSED<br>FILED<br>SEP 12 07<br>KIRI TORRE<br>CHIEF EXEC. OFFICER/CLERK<br>SUPERIOR COURT OF CA<br>COUNTY OF SANTA CLARA<br>BY J. Zenzen, DEPUTY |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara<br>STREET ADDRESS: 191 N. First Street<br>MAILING ADDRESS: Same<br>CITY AND ZIP CODE: San Jose, California 95113<br>BRANCH NAME: None | |
| CASE NAME: Berger v. Seyfarth Shaw | |

| CIVIL CASE COVER SHEET<br>[X] Unlimited  [ ] Limited<br>(Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | Complex Case Designation<br>[ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER: 107CV-094074<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [X] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive

4. Number of causes of action *(specify):* Five

5. This case [ ] is [X] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 12, 2007

Ron C. Finley SBN (200549)
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice—
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach—Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    **Other Contract Dispute**

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    **Writ–Other Limited Court Case
      Review**
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late
      Claim
    Other Civil Petition

ATTACHMENT CV-5012

**CIVIL LAWSUIT NOTICE**
Superior Court of California, County of Santa Clara
191 N. First St., San Jose, CA 95113

CASE NUMBER: **107CV-094074**

**READ THIS ENTIRE FORM**

**PLAINTIFFS** (the person(s) suing): Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

> **DEFENDANTS** (The person(s) being sued): You must do each of the following to protect your rights:
> 1. You must file a written response to the *Complaint*, in the Clerk's Office of the Court, within 30 days of the date the *Summons* and *Complaint* were served on you;
> 2. You must send a copy of your written response to the plaintiff; and
> 3. You must attend the first Case Management Conference.
>
> Warning: If you do not do these three things, you may automatically lose this case.

**RULES AND FORMS:** You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms. You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.scsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing: 408-293-8177 or becky@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

**CASE MANAGEMENT CONFERENCE (CMC):** You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.

> Your Case Management Judge is: **Joseph Huber**      Department: **8**
>
> The 1st CMC is scheduled for: (Completed by Clerk of Court)
>     Date: **FEB 0 5 2008**   Time: **1:30pm**   in Department **8**
>
> The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
>     Date: _____   Time: _____   in Department _____

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.scsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

**WARNING:** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### What is ADR?

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### What are the advantages of choosing ADR instead of litigation?

ADR can have a number of advantages over litigation:

- ADR can save time. A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- ADR can save money. Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- ADR provides more participation. Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- ADR provides more control and flexibility. Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- ADR can reduce stress. ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### What are the main forms of ADR offered by the Court?

Mediation is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.

- Mediation may be appropriate when:
  - The parties want a non-adversary procedure
  - The parties have a continuing business or personal relationship
  - Communication problems are interfering with a resolution
  - There is an emotional element involved
  - The parties are interested in an injunction, consent decree, or other form of equitable relief

-over-

< Arbitration is a normally informal process in which the neutral (the arbitrator) decides the dispute after hearing the evidence and arguments of the parties. The parties can agree to binding or non-binding arbitration. Binding arbitration is designed to give the parties a resolution of their dispute when they cannot agree by themselves or with a mediator. If the arbitration is non-binding, any party can reject the arbitrator's decision and request a trial.

Arbitration may be appropriate when:
 < The action is for personal injury, property damage, or breach of contract
 < Only monetary damages are sought
 < Witness testimony, under oath, is desired
 < An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

< Neutral evaluation is an informal process in which a neutral party (the evaluator) reviews the case with counsel and gives a non-binding assessment of the strengths and weaknesses on each side and the likely outcome. The neutral can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
 < The parties are far apart in their view of the law or value of the case
 < The case involves a technical issue in which the evaluator has expertise
 < Case planning assistance would be helpful and would save legal fees and costs
 < The parties are interested in an injunction, consent decree, or other form of equitable relief

< Special masters and referees are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.

Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

< Settlement conferences are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

### *What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; and sports, among other matters.

### *Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, for information about ADR procedures, or for other questions about ADR?*

Contact:
Santa Clara County Superior Court          Santa Clara County DRPA Coordinator
ADR Administrator                          408-792-2704
408-882-2530

---

ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION

CV-5003 REV 5/06

1  KEKER & VAN NEST, LLP
   ELLIOT R. PETERS - #158708
2  DANIEL PURCELL - #191424
   KLAUS HAMM - #224905
3  710 Sansome Street
   San Francisco, CA  94111-1704
4  Telephone:  (415) 391-5400
   Facsimile:  (415) 397-7188
5
6  Attorneys for Defendants SEYFARTH SHAW LLP
   and JACK L. SLOBODIN

7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              IN AND FOR THE COUNTY OF SANTA CLARA

10

11 | RICHARD W. BERGER and BRANT W. BERGER,          | Case No. 107CV-094074
12 |                                                 |
   |                      Plaintiffs,                | DEFENDANTS SEYFARTH SHAW LLP
13 |                                                 | AND JACK L. SLOBODIN'S NOTICE OF
   |        v.                                       | HEARING ON DEMURRER AND
14 |                                                 | DEMURRER TO THE COMPLAINT OF
   | SEYFARTH SHAW LLP, an Illinois limited          | PLAINTIFFS RICHARD W. BERGER
15 | liability partnership; JACK L. SLOBODIN, an     | AND BRANT W. BERGER
   | individual; BURNETT, BURNETT &                  |
16 | ALLEN, a California partnership; DOUGLAS        | Date:   November 16, 2007
   | B. ALLEN, an individual; and DOES 1-100,        | Time:   9:00 a.m.
17 | inclusive,                                      | Dept:   17C
   |                                                 | Judge:  The Honorable Jack Komar
18 |                      Defendants.                |
   |                                                 | Date Comp. Filed:  September 12, 2007
19 |                                                 |
   |                                                 | Trial Date: None set.

Handwritten stamp: FILE / COPY TO CLIENT / CALENDAR SECTY / CALENDAR ATTNY / RETURN W/FILE / SEE ME / COPY TO

404329.01

DEFENDANTS SEYFARTH SHAW LLP AND JACK L. SLOBODIN'S NOTICE OF HEARING ON
DEMURRER AND DEMURRER TO THE COMPLAINT OF PLAINTIFFS RICHARD W. BERGER AND

1     **TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD IN**

2     **THIS ACTION:**

3          **PLEASE TAKE NOTICE** that on November 16, 2007, at 9:00 a.m., or as soon

4     thereafter as the matter may be heard, in Department 17C of the Superior Court for the County of

5     Santa Clara located at 161 N. First Street, San Jose, California, before the Honorable Jack

6     Komar, Defendants Seyfarth Shaw LLP and Jack L. Slobodin jointly and severally demur to

7     Plaintiffs Richard W. Berger and Brant W. Berger's Complaint on the following grounds:

### DEMURRER TO THE FIRST CAUSE OF ACTION

9     1.     The First Cause of Action in the Complaint fails to state facts sufficient to

10    constitute a cause of action for professional negligence. *See* Code Civ. Proc. § 430.10(e).

11    2.     The First Cause of Action in the Complaint fails to state whether the alleged

12    contract is written, oral, or implied by conduct. *See* Code Civ. Proc. § 430.10(g).

13    3.     The First Cause of Action in the Complaint is uncertain and ambiguous. *See*

14    Code Civ. Proc. § 430.10(f).

### DEMURRER TO THE SECOND CAUSE OF ACTION

16    4.     The Second Cause of Action in the Complaint fails to state facts sufficient to

17    constitute a cause of action for breach of contract. *See* Code Civ. Proc. § 430.10(e).

18    5.     The Second Cause of Action in the Complaint fails to state whether the alleged

19    contract is written, oral, or implied by conduct. *See* Code Civ. Proc. § 430.10(g).

20    6.     The Second Cause of Action in the Complaint is uncertain and ambiguous. *See*

21    Code Civ. Proc. § 430.10(f).

### DEMURRER TO THE THIRD CAUSE OF ACTION

23    7.     The Third Cause of Action in the Complaint fails to state facts sufficient to

24    constitute a cause of action for fraud. *See* Code Civ. Proc. § 430.10(e).

25    8.     The Third Cause of Action in the Complaint is uncertain and ambiguous. *See*

26    Code Civ. Proc. § 430.10(f).

### DEMURRER TO THE FOURTH CAUSE OF ACTION

28    9.     The Fourth Cause of Action in the Complaint fails to state facts sufficient to

DEFENDANTS SEYFARTH SHAW LLP AND JACK L. SLOBODIN'S NOTICE OF HEARING ON
DEMURRER AND DEMURRER TO THE COMPLAINT OF PLAINTIFFS RICHARD W. BERGER AND

404329.01

1  constitute a cause of action for negligent misrepresentation. *See* Code Civ. Proc. § 430.10(e).

2      10.     The Fourth Cause of Action in the Complaint is uncertain and ambiguous. *See*
3  Code Civ. Proc. § 430.10(f).

### DEMURRER TO THE FIFTH CAUSE OF ACTION

5      11.     The Fifth Cause of Action in the Complaint fails to state facts sufficient to
6  constitute a cause of action for breach of fiduciary duty. *See* Code Civ. Proc. § 430.10(e).

7      12.     The Fifth Cause of Action in the Complaint fails to state whether the alleged
8  contract is written, oral, or implied by conduct. *See* Code Civ. Proc. § 430.10(g).

9      13.     The Fifth Cause of Action in the Complaint is uncertain and ambiguous. *See*
10 Code Civ. Proc. § 430.10(f).

11     This demurrer is based upon this Notice and Demurrer, the accompanying Memorandum
12 of Points and Authorities filed in support thereof, all pleadings and papers on file in this action,
13 and upon such further oral and written argument and evidence as may be presented at or prior to
14 the hearing on this matter.

15     Defendants Seyfarth Shaw and Slobodin respectfully request that the Court sustain this
16 demurrer to all counts of the Complaint, that the Court deny Plaintiffs leave to amend, and that
17 the Court grant such further relief as is just and proper.

19 Dated: October 12, 2007                  KEKER & VAN NEST, LLP

By: /s/ Daniel Purcell
DANIEL PURCELL
Attorneys for Defendants
SEYFARTH SHAW LLP and JACK L. SLOBODIN

2
DEFENDANTS SEYFARTH SHAW LLP AND JACK L. SLOBODIN'S NOTICE OF HEARING ON
DEMURRER AND DEMURRER TO THE COMPLAINT OF PLAINTIFFS RICHARD W. BERGER AND

```
 1  KEKER & VAN NEST, LLP
    ELLIOT R. PETERS - #158708
 2  DANIEL PURCELL - #191424
    KLAUS HAMM - #224905
 3  710 Sansome Street
    San Francisco, CA 94111-1704
 4  Telephone: (415) 391-5400
    Facsimile: (415) 397-7188
 5
    Attorneys for Defendants SEYFARTH SHAW LLP
 6  and JACK L. SLOBODIN
 7
 8          SUPERIOR COURT OF THE STATE OF CALIFORNIA
 9              IN AND FOR THE COUNTY OF SANTA CLARA
10
```

| | |
|---|---|
| RICHARD W. BERGER and BRANT W. BERGER,<br><br>Plaintiffs,<br><br>v.<br><br>SEYFARTH SHAW LLP, an Illinois limited liability partnership; JACK L. SLOBODIN, an individual; BURNETT, BURNETT & ALLEN, a California partnership; DOUGLAS B. ALLEN, an individual; and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 107CV-094074<br><br>**DEFENDANTS SEYFARTH SHAW LLP AND JACK L. SLOBODIN'S NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF COMPLAINT**<br><br>Date: November 16, 2007<br>Time: 9:00 a.m.<br>Dept: 17C<br>Judge: The Honorable Jack Komar<br><br>Date Comp. Filed: September 12, 2007<br><br>Trial Date: None set. |

404207.01        DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF COMPLAINT

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD IN THIS ACTION:

**PLEASE TAKE NOTICE** that on November 16, 2007, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Department 17C of the Superior Court for the County of Santa Clara located at 161 N. First Street, San Jose, California, before the Honorable Jack Komar, Defendants Seyfarth Shaw LLP and Jack L. Slobodin will and hereby do move to strike the following portions of Plaintiffs Richard W. Berger and Brant W. Berger's Complaint:

1. Any and all allegations from the Complaint's Third Cause of Action, for Fraud, and from the Complaint's Fifth Cause of Action, for Breach of Fiduciary Duty, that "Defendants' conduct was willful, fraudulent, malicious, and oppressive. As a result, plaintiffs are entitled to an award of punitive damages."

2. Plaintiffs' prayer for "an award of punitive damages according to proof as to the third and fifth causes of action."

This motion is made pursuant to Sections 435 and 436 of the Code of Civil Procedure on the grounds that the portions of the Complaint identified above are irrelevant, false, or improper. The motion is based upon this Notice of Motion and Motion to Strike, the accompanying Memorandum Of Points And Authorities In Support Of Demurrer To The Complaint And Motion To Strike, all pleadings and papers on file in this action, and upon such further oral and written argument and evidence as may be presented at or prior to the hearing of this matter.

Defendants Seyfarth Shaw LLP and Jack L. Slobodin respectfully request that the Court grant their motion without leave to amend, and that the Court grant such other and further relief as is just and proper.

Dated: October 12, 2007                              KEKER & VAN NEST, LLP

By: _____
DANIEL PURCELL
Attorneys for Defendants
SEYFARTH SHAW LLP and JACK L. SLOBODIN

1

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF COMPLAINT

KEKER & VAN NEST, LLP
ELLIOT R. PETERS - #158708
DANIEL PURCELL - #191424
KLAUS HAMM - #224905
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Defendants SEYFARTH SHAW LLP
and JACK L. SLOBODIN

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# IN AND FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| RICHARD W. BERGER and BRANT W. BERGER,<br><br>Plaintiffs,<br><br>v.<br><br>SEYFARTH SHAW LLP, an Illinois limited liability partnership; JACK L. SLOBODIN, an individual; BURNETT, BURNETT & ALLEN, a California partnership; DOUGLAS B. ALLEN, an individual; and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 107CV-094074<br><br>**DEFENDANTS SEYFARTH SHAW LLP AND JACK L. SLOBODIN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO THE COMPLAINT AND MOTION TO STRIKE**<br><br>Date: November 16, 2007<br>Time: 9:00 a.m.<br>Dept: 17C<br>Judge: The Honorable Jack Komar<br><br>Date Comp. Filed: September 12, 2007<br><br>Trial Date: None set. |

# TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................................1

II. THE FACTS ALLEGED IN THE COMPLAINT..............................................................2

III. ARGUMENT..........................................................................................................................4

    A. Plaintiffs' professional negligence, breach of contract, and breach of fiduciary duty causes of action fail to allege essential facts relating to the formation and scope of the alleged legal representation. ...................................4

    B. Plaintiffs' fraud cause of action fails to plead all the elements of fraud, is not pleaded with the necessary particularity, and is uncertain. ............................6

        1. Plaintiffs fail to allege all the elements of a fraud cause of action. ..........................................................................................................7

            a. Fraud by concealment. ........................................................................7

            b. Fraud by intentional misrepresentation. .............................................8

        2. Plaintiffs fail to allege facts sufficient to support a fraud claim. ..................9

        3. Plaintiffs' fraud cause of action is uncertain and ambiguous. ....................11

    C. Plaintiffs fail to allege facts sufficient to support a cause of action for negligent misrepresentation. ........................................................................................12

    D. Plaintiffs' prayer for punitive damages should be stricken from the complaint. ....................................................................................................................12

IV. CONCLUSION.....................................................................................................................13

i

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER AND

*Preferred Risk Mutual Insurance Co. v. Reiswig*
21 Cal. 4th 208 (1999) ................................................................................................2

*Purdy v. Pacific Automobile Insurance Co.*
157 Cal. App. 3d 59 (1984) ........................................................................................4

*Robinson Helicopter Co., Inc. v. Dana Corp.*
34 Cal. 4th 979 (2004) ................................................................................................8

*Stansfield v. Starkey*
220 Cal. App. 3d 59 (1990) ........................................................................................9

*Stecks v. Young*
38 Cal. App. 4th 365 (1995) ...................................................................................2, 3

*Wise v. Southern Pac. Co.*
223 Cal. App. 2d 50 (1963) ........................................................................................6

**STATE STATUTES**

Cal. Civil Code § 1572..............................................................................................11

Cal. Civil Code § 1710..............................................................................................11

Cal. Civil Code § 3294..............................................................................................12

Cal. Code of Civil Procedure § 430.10(e)..................................................................5

Cal. Code of Civil Procedure § 430.10(f)..................................................................6

Cal. Code of Civil Procedure § 430.10(g)..................................................................5

Cal. Code of Civil Procedure § 436..........................................................................13

Cal. Rules of Prof. Conduct 3-400(A) .......................................................................5

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER AND

403765.04

## I. INTRODUCTION

Plaintiffs' complaint against the law firm Seyfarth Shaw LLP and its former partner Jack Slobodin (collectively "Seyfarth") is distressingly similar to Joseph Heller's novel *Catch-22*. The allegations against Seyfarth muddled, and, when analyzed with care, the chronology of the complaint makes no sense and renders the underlying story incoherent.

The asserted basis of the complaint is professional negligence in the drafting and service of "Infringement Contentions" in a federal patent-infringement suit on or about January 4, 2006. The Infringement Contentions were prepared, signed, filed and served not by Seyfarth, but by a different attorney, defendant Douglas Allen. The Complaint alleges that Seyfarth first appeared in the case on March 14, 2006, more than two months later. Although the Complaint asserts in conclusory fashion that Seyfarth represented the plaintiffs prior to that date, it never bothers to allege the formation, existence, nature, and scope of the attorney-client relationship with Seyfarth at the time of the alleged negligence, as the law requires. It also omits to allege the nature of the contract purportedly breached. This failure to adequately plead the essential facts underlying the alleged contractual relationship is fatal to the professional negligence, breach of contract, and breach of fiduciary duty causes of action.

Equally deficient is plaintiffs' attempt to leverage their inadequate allegations regarding the Infringement Contentions into a fraud claim supporting an award of punitive damages. Plaintiffs' basic theory is pure bootstrapping: they contend that they would never have hired Seyfarth had the firm not fraudulently concealed its intent to commit malpractice. They point to no purportedly fraudulent representation concealing Seyfarth's alleged intent. If such an allegation could be the basis of a fraud claim, any legal-malpractice plaintiff could plead fraud simply by alleging that his lawyer did not alert him of his intent to commit malpractice ahead of time. Moreover, on the most basic level, plaintiffs' fraud allegations make no sense. They attempt to allege reliance by asserting that statements made by Seyfarth long after March 14, 2006 induced them to hire the firm, even though, elsewhere in their complaint, they suggest that they hired Seyfarth long before 2006. They mix and match allegations of concealment and misrepresentation, identifying neither with the required specificity. Plaintiffs appear to claim

fraud based on Seyfarth's statements to third parties—the federal courts—without alleging that anyone believed or relied on the statements. Because plaintiffs have not made out a claim for fraud, their prayer for punitive damages also must be stricken.

Fundamentally, a complaint must give the defendant fair notice of the wrongful conduct alleged. This complaint fails to plead anything with specificity, contradicts itself, and attempts to bootstrap a professional negligence claim into allegations of fraud. The Court should sustain Seyfarth's demurrer.

## II. THE FACTS ALLEGED IN THE COMPLAINT[1]

Plaintiffs Richard Berger and Brant Berger are named inventors of United States Patent Nos. 5,913,530 ("the '530 patent") and 6,196,569 ("the '569 patent"). Compl. ¶ 1. The patents describe a step-in binding that permits a snowboard user to rotate his foot position relative to the snowboard while he is stopped or in motion. *Id.* ¶ 9.

Seyfarth Shaw is a law firm, and Defendant Jack L. Slobodin was a partner with Seyfarth Shaw at all relevant times. *Id.* ¶ 2. Plaintiffs allege that "an attorney-client relationship existed between plaintiffs" and Seyfarth "[a]t all times relevant to the matters alleged" in the Complaint, *id.* ¶ 6, but nowhere in the complaint do they assert when or how Seyfarth became their lawyers, or specify the scope of the representation. They generally allege that Seyfarth represented the Bergers "at least through" January 16, 2007 in patent litigation against Rossignol Ski Company ("Rossignol"). *Id.* ¶ 43.

In early 2003, plaintiffs "spoke" with Seyfarth about filing a patent infringement action against Rossignol. *Id.* ¶ 14. Tellingly, plaintiffs do not assert that they retained Seyfarth at that time. But plaintiffs do specifically allege that, in preparing to file suit against Rossignol, they "also retained" Defendants Douglas B. Allen and his law firm Burnett, Burnett & Allen, even though Allen and his firm "had no prior experience in handling patent infringement actions." *Id.* ¶ 18. They assert that "Slobodin and Seyfarth Shaw agreed to collaborate with Allen and

---

[1] For the purpose of this pleading only, Seyfarth assumes, as it must, that all properly pleaded allegations in the complaint are true. *See, e.g., Preferred Risk Mutual Ins. Co. v. Reiswig*, 21 Cal. 4th 208, 212 (1999); *Stecks v. Young*, 38 Cal. App. 4th 365, 369 (1995). Seyfarth disagrees with, and expressly reserves its right to challenge, those allegations.

1 provide the requisite advice and assistance to Allen in handling the patent infringement action
2 against Rossignol." *Id.*
3     In June 2005, plaintiffs, through Allen and not Seyfarth, sued Rossignol in the Northern
4 District of California for allegedly infringing the '530 and '569 patents. *Id.* ¶ 19. The federal
5 court held its initial case management conference in *Berger v. Rossignol* on November 18, 2005.
6 *Id.* ¶ 20. Immediately thereafter, Slobodin allegedly "assured plaintiffs that he would supervise
7 the litigation and Allen to ensure that all important deadlines would be met and appropriate
8 procedures followed, and that he soon would file a formal appearance in *Berger v. Rossignol*."
9 *Id.* ¶ 21. The Northern District of California's Patent Local Rules require patent-infringement
10 plaintiffs to serve their Infringement Contentions, disclosing in detail how the plaintiffs allege
11 the accused product infringes the asserted patent(s), within 10 days of the initial case
12 management conference. *Id.* ¶ 22. On January 4, 2006, Allen served the Bergers' Infringement
13 Contentions on Rossignol.[2] *Id.* ¶ 26.
14     On February 21, 2006, Rossignol moved for summary judgment against the Bergers "on
15 various grounds," including (i) that the Bergers' Infringement Contentions "confirmed that
16 Rossignol binding does not infringe the '530 patent" and (ii) that "no claims were asserted as to
17 the '569 patent." *Id.* ¶ 30.
18     On March 14, 2006, Seyfarth appeared in the case for the first time. *Id.* ¶ 31. Promptly
19 upon making its appearance, Seyfarth filed a series of motions and briefs designed to repair the
20 problems with the Infringement Contentions, including a Motion to Defer Rossignol's Motion
21 for Summary Judgment, a Motion for Leave to File Amended Disclosure of Asserted Claims and
22 Infringement Contentions, and a brief opposing summary judgment. *Id.* ¶¶ 32-35. The District
23 Court conducted a hearing on Rossignol's Motion for Summary Judgment on April 14, 2006. *Id.*
24 ¶ 36. At the hearing, Slobodin purportedly concealed from the court Seyfarth's "early
25 involvement in representing plaintiffs and error in preparing" the Infringement Contentions. *Id.*
26 ¶ 36. The District Court then granted Rossignol's motion and entered judgment in favor of

---

[2] Plaintiffs allege that the Infringement Contentions were "defective." Compl. ¶¶ 26-29. The truth of this claim is not at issue here.

3

1  Rossignol on April 25, 2006. *Id.* ¶¶ 39-40.

2  The Bergers appealed the District Court's judgment to the United States Court of Appeals
3  for the Federal Circuit. *Id.* ¶ 41. During the January 10, 2007 oral argument, Slobodin
4  purportedly continued to conceal from the court "his and Seyfarth Shaw's early representation of
5  plaintiffs and preparation of" the claim chart used in the Bergers' Infringement Contentions. *Id.*
6  The Federal Circuit affirmed the District Court's judgment on January 16, 2007. *Id.* ¶ 42.

7  Based on these facts, the Bergers filed a complaint on September 12, 2007, alleging five
8  causes of action against Seyfarth: (1) professional negligence, (2) breach of contract, (3) fraud,
9  (4) negligent misrepresentation, and (5) breach of fiduciary duty.

### III.    ARGUMENT

**A.  Plaintiffs' professional negligence, breach of contract, and breach of fiduciary duty causes of action fail to allege essential facts relating to the formation and scope of the alleged legal representation.**

Plaintiffs' first, second, and fifth causes of action—for professional negligence, breach of contract, and breach of fiduciary duty—are each based on the alleged attorney-client relationship between Seyfarth and the Bergers. "It is elementary that the *relationship* between a client and his ... counsel arises from a contract, whether written or oral, implied or expressed." *Gulf Ins. Co. v. Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone,* 79 Cal. App. 4th 114, 126 (2000) (quoting *Purdy v. Pacific Auto. Ins. Co.,* 157 Cal. App. 3d 59, 75 (1984)) (emphasis in original). Without such a contract—be it oral, written, or implied—confirming the existence of an attorney-client relationship between Seyfarth and plaintiffs, there can be no claim for professional negligence or breach of contract. Similarly, California courts have held that, "[i]f th[e attorney-client] relationship does not exist, the fiduciary duty to a client does not arise." *Nichols v. Keller,* 15 Cal. App. 4th 1672, 1684 (1993). Plaintiffs allege that Seyfarth was their fiduciary only because of the attorney-client relationship. Compl. ¶¶ 65-71.

Accordingly, in order to bring their contract-based causes of action, plaintiffs must plead facts regarding the formation and scope of the alleged contractual relationship. It goes without saying that plaintiffs cannot sue Seyfarth for acts undertaken prior to formation, or expressly outside the scope, of the alleged representation. Although attorneys cannot use their retainers to

4

403765.04    DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER AND
MOTION TO STRIKE: CASE NO. 107CV-094074