# EXHIBIT C3

1  plaintiffs are not seeking injunctive relief. In short, none of the factors that would support a
2  "complex case" designation under Cal. Rule Ct. 3.400(b) are present.

3      7.    Seyfarth erroneously argues that this legal malpractice action is inherently complex
4  because it is a "case within a case." That logic is flawed as every legal malpractice case is a "case
5  within a case." Whether the case involves an attorney's negligence in handling a personal injury,
6  intellectual property, contract, or family law matter, every legal malpractice action requires the
7  court to consider whether "but for the negligence of the attorney, a better result could have been
8  obtained in the underlying action."[2] That fact does not automatically render a case "complex" and
9  there is nothing in the Local Rules or California Rules of Court to suggest otherwise.

10      8.    Seyfarth also argues that the "complex counterdesignation" is appropriate because
11  the underlying action was one for patent infringement. As an initial matter, intellectual property
12  cases are not among the enumerated actions that are "provisionally complex" under Cal. Rule Ct.
13  3.400(c). And this was not a complex patent case. It involved simple technology—a snowboard
14  binding, only one accused product, only one defendant, and well-understood legal principles.

15      9.    Further, Seyfarth's position that patent-related cases are inherently complex is
16  belied by the case of *Foxconn Electronics Inc. v. Robinson & Wood, Inc.*,[3] which is currently
17  pending in Department 10 before Judge Cabrinha. Like this case, *Foxconn* involves a claim for
18  professional negligence based on faulty contentions in an action for patent infringement. The court
19  did not give that case a "complex case" designation. There is no reason for this case to be handled
20  differently.

21      10.    Finally, Seyfarth posits that this case is "complex" because it will involve
22  "extensive motion practice raising difficult or novel issues that will be time-consuming to resolve."
23  But there is presently nothing about this case to suggest that is true. Defendants may elect to
24  pursue a strategy of filing numerous motions in order to bog down these proceedings. But such a
25  strategy would not unilaterally convert this "non-complex" case into a "complex" one. Indeed, to

---

[2] *Orrick Herrington & Sutcliffe LLP v. Superior Court*, 107 Cal. App. 4th 1052, 1057 (2003). This case was cited in the declaration of Seyfarth's counsel in support of its counterdesignation. There is nothing in the *Orrick* case to suggest that it received a "complex" designation.
[3] Case No. 1-07-CV-085017. A true and correct copy of the *Foxconn* complaint is attached as Exhibit A.

1 ratify Seyfarth's "complex" designation would simply reward the gamesmanship of a defendant
2 with unlimited legal resources with the additional delay and procedural hurdles that they seek to
3 deploy against two wronged individual clients (one of whom is elderly and suffers from cancer).
4      11.   In summary, this is not a "complex case" under Cal. Rule Ct. 3.400. Accordingly,
5 defendants' counterdesignation should be overruled.
6      I declare under penalty of perjury under the laws of the State of California that the
7 foregoing is true and correct.
8      This declaration was executed on October 15, 2007 at San Jose, California.

          *signature*
          Alfredo A. Bismonte

BECK, ROSS, BISMONTE & FINLEY, LLP
FAIRMONT PLAZA
50 W. SAN FERNANDO ST., 1300
SAN JOSE, CALIFORNIA 95113
TELEPHONE (408) 938-7900

Decl. of Alfredo A. Bismonte in Opp. to Defendants' Complex
Case Counter-Designation, Case No. 1-07-CV-094074          4

EXHIBIT A

```
PAUL, HASTINGS, JANOFSKY & WALKER LLP
EVE M. CODDON (SB# 125389)
DANIEL PRINCE (SB# 237112)
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Plaintiffs
FOXCONN ELECTRONICS, INC. and HON HAI
PRECISION INDUSTRY CO., LTD.
```

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER
NOV 15 2006
ALAN SLATER, Clerk of the Court
BY M. SAMELA

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE

FOXCONN ELECTRONICS, INC., a California corporation, and HON HAI PRECISION INDUSTRY CO., LTD., a Taiwanese corporation,

Plaintiffs,

vs.

ROBINSON & WOOD, INC., a California corporation, ARCHIE S. ROBINSON, an individual, and DOES 1-100, inclusive,

Defendants.

CASE NO. 06CC12020

[Assigned for all purposes to the Honorable ___]

COMPLAINT FOR:

(1) PROFESSIONAL NEGLIGENCE;

(2) BREACH OF CONTRACT; AND

(3) BREACH OF FIDUCIARY DUTY.

JURY TRIAL DEMANDED

JUDGE GREGORY H. LEWIS
DEPT. C27

LEGAL_US_W # 53938219

-1-

COMPLAINT

Plaintiffs Foxconn Electronics, Inc. and Hon Hai Precision Industry Co., Ltd. (collectively, "Foxconn") allege as follows:

## THE PARTIES

1. Foxconn Electronics, Inc. is, and at all relevant times herein was, a corporation duly organized and existing under the laws of the State of California.

2. Hon Hai Precision Industry Co., Ltd. is, and at all relevant times herein was, a corporation duly organized and existing under the laws of Taiwan, Republic of China.

3. Foxconn is informed and believes, and on that basis alleges, that Defendant Robinson & Wood, Inc. ("Robinson & Wood") is, and at all relevant times herein was, a partnership or a professional corporation duly organized and existing under the laws of the State of California.

4. Foxconn is informed and believes, and on that basis alleges, that Defendant Archie S. Robinson ("Robinson") is, and at all relevant times herein was, a partner or shareholder in the law firm of Robinson & Wood, which is located in San Jose, California, and an attorney licensed to practice law in the State of California.

5. Foxconn is currently unaware of the true names and capacities of the defendants sued herein as Does 1 through 100 (the "Doe Defendants") and therefore sues the Doe Defendants by such fictitious names. Foxconn will amend this Complaint to allege the true names and capacities of the Doe Defendants when they are ascertained. Foxconn is informed and believes, and on that basis alleges, that the Doe Defendants are the partners, agents, employees or principals, and co-conspirators of Defendants, and of each other. Foxconn is further informed and believes, and on that basis alleges, that

1  Defendants and the Doe Defendants performed the acts and conduct herein alleged
2  directly, aided and abetted the performance thereof, or knowingly acquiesced in, ratified,
3  and accepted the benefits of such acts and conduct, and therefore each of the Doe
4  Defendants is liable to Foxconn to the extent of the liability of Defendants as alleged
5  herein. (Robinson & Wood, Robinson, and the Doe Defendants are collectively referred
6  to herein as "Defendants.")

## GENERAL ALLEGATIONS

6. This action arises out of Defendants' failure to use due care and exercise reasonable skill, prudence, and diligence in the course of representing Foxconn in connection with a lawsuit alleging patent infringement. Defendants held themselves out (to the public generally and specifically to Foxconn) to be experienced and competent patent litigators. Among other things, Defendants' website describes Robinson & Wood as "Silicon Valley's Preeminent Civil Litigation Law Firm," and states that Defendants "are skilled in the handling of complex cases," including patent infringement cases. The website also states that "[o]ne of the firm's most rapidly expanding specialties is patent infringement and trade secret litigation." Defendant Robinson is the practice area leader of Intellectual Property Litigation.

7. Foxconn paid Defendants a substantial sum of money in legal fees for Defendants' purported litigation and intellectual property expertise. However, Defendants' representation of Foxconn fell below the requisite standard of care applicable to lawyers who purport to specialize in patent infringement litigation. Defendants' inadequate representation of Foxconn caused Foxconn substantial damage for which Foxconn seeks to be compensated.

LEGAL_US_W # 53938219    -2-    COMPLAINT

# THE FCI LAWSUIT

8. On or about March 23, 2001, FCI USA, Inc. and FCI Americas Technology, Inc. (collectively, "FCI") filed a complaint in the United States District Court, Northern District of California, Case No. C-01-1192, against Foxconn and Hon Hai Industry, Co., Ltd., which alleged patent infringement. Specifically, the complaint alleged that Foxconn's connector products infringed four (4) of FCI's patents – 6,024,584 (the "'584 Patent"), 6,079,991 (the "'991 Patent"), 6,093,035 (the "'035 Patent"), and 6,164,983 (the "'983 Patent"). Moreover, the complaint alleged that Foxconn's infringement of the patents in issue was willful.

9. On or about January 9, 2002, FCI amended its complaint, whereby FCI alleged that Foxconn infringed another of its patents – 6,325,644 (the "'644 Patent"). The action brought by FCI against Foxconn (both the complaint and amended complaint) shall be referred to herein as the "FCI Lawsuit." Foxconn was initially represented in the Lawsuit by the law firm of Jeing & Associates.

## ENGAGEMENT OF ROBINSON & WOOD, INC.

10. In or about July 2002, Foxconn interviewed Defendant Robinson & Wood, including without limitation Defendant Robinson, with respect to Defendants' representation of Foxconn in connection with the FCI Lawsuit.

11. Defendants represented to Foxconn that Defendants were experts and specialists in patent litigation and that Defendants possessed the requisite knowledge and skill to defend Foxconn in the FCI Lawsuit.

LEGAL_US_W # 53938219

-3-

COMPLAINT

12. Foxconn thereafter engaged Defendants to represent it in the FCI Lawsuit. On or about August 1, 2002, Robinson & Wood filed a Substitution of Attorney, and became counsel of record in the FCI Lawsuit.

13. At all relevant times, Foxconn reasonably expected to receive legal services from Defendants that were comparable in quality to services provided by attorneys with similar specialized experience, knowledge, and expertise in the areas of complex litigation and patent litigation.

14. Defendants owed to Foxconn a duty of loyalty and a duty to exercise the reasonable care, skill, and diligence of experts and specialists in patent litigation, and in providing legal services to Foxconn in connection with the FCI Lawsuit.

15. Defendants also owed to Foxconn the duty to inquire, investigate, and verify relevant factual and legal information to comply with their duty, as experts and specialists, to exercise reasonable care, skill, and diligence in providing legal services to Foxconn. Further, Defendants owed to Foxconn a duty of competence in timely filing and serving all briefs, pleadings, and/or contentions, as well as managing the day-to-day activities of the FCI Lawsuit and in representing Foxconn in all pre-trial, trial and post-trial proceedings.

## CLAIM CONSTRUCTION

16. Foxconn is informed and believes, and on that basis alleges, that a claim construction hearing in the FCI Lawsuit was originally scheduled for October 17, 2002. Each patent ends with a set of claims which describe an alleged invention. Courts interpret portions of a patent's claims, known as "claim terms," because the parties dispute the meaning of those terms. A claim construction hearing is held to determine the

1 scope of the claims of a patent. The scope and meaning of the claims are determined by
2 the Court at a claim construction hearing. However, on or about September 25, 2002,
3 Defendants, on Foxconn's behalf, filed a motion to continue the claim construction
4 hearing.

6     17. On or about October 2, 2002, the Court issued an Order granting
7 Defendants' motion to continue the claim construction hearing and established a new
8 claim construction schedule.

10     18. On or about November 22, 2002, the parties filed with the Court a
11 joint claim construction statement and the Court held a claim construction hearing on or
12 about February 20, 2003. Foxconn is further informed and believes, and on that basis
13 alleges, that the Court issued its Order on claim construction on or about March 6, 2003;
14 and under the Court's Patent Local Rules, Foxconn's opinions of counsel and Final
15 Invalidity Contentions were to be submitted a specific number of days after that Order, as
16 discussed further below.

## OPINIONS OF COUNSEL

20     19. The FCI Lawsuit alleged that Foxconn infringed FCI's patents
21 willfully. Pursuant to the United States District Court, Northern District of California,
22 Patent Local Rules (herein, the "Local Rules"), if a defendant intends to rely upon an
23 opinion of counsel to rebut allegations of willful infringement, that defendant must
24 produce to plaintiff's counsel a copy of any such opinion(s) within fifty (50) days of the
25 date that the Court issues its ruling on claim construction. (*See* Local Rule 3-8.) When a
26 party is notified by a patent holder that its products allegedly infringe a patent, the alleged
27 infringer may commission a registered patent attorney to provide an opinion as to whether
28 there is infringement and/or whether the patent is invalid. That opinion is called an

LEGAL_US_W # 53938219

-5-

COMPLAINT

"opinion of counsel" and is used by the alleged infringer to rebut allegations of willful infringement.

20. Foxconn is informed and believes, and on that basis alleges, that notwithstanding the requirements of the Local Rules, Defendants failed to produce to FCI's counsel any opinions of counsel by the due date, despite the fact that Foxconn had commissioned two (2) separate patent law firms to prepare opinions of counsel on the issues of non-infringement, invalidity, and/or unenforceability.

21. Foxconn is further informed and believes, and on that basis alleges, that Defendants not only failed to submit to FCI the opinions of counsel within fifty (50) days of the claim construction ruling, but failed to list the opinions of counsel on a privilege log.

## INVALIDITY CONTENTIONS

22. Foxconn is informed and believes, and on that basis alleges, that Defendants had an obligation under the Local Rules to serve the plaintiff in the FCI Lawsuit, FCI, with Defendants' invalidity contentions. An alleged infringer may defend a patent lawsuit on the ground that a patent is invalid. Frequently, an invalidity defense is based on allegations that patents or publications which pre-date the patent at issue, known as "prior art," disclose the invention described in the patent. If an alleged "invention" is not novel, a patent applicant is not entitled to a patent for that "invention." "Invalidity Contentions" list the invalidating prior art and explain that the prior art discloses the invention described in the patent. Indeed, Defendant Robinson sent an email to Foxconn's in-house counsel on or about September 17, 2002, wherein Robinson acknowledged Defendants' duty to serve invalidity contentions.

23.    The Local Rules provide that if a defendant wishes to contest the validity of a patent in issue, that defendant must serve on plaintiff's counsel a document entitled the "Final Invalidity Contentions" within fifty (50) days of the Court's ruling on claim construction. (*See* Local Rule 3-6.) The Local Rules state that the invalidity contentions shall include, *inter alia*, the "identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious." The Local Rules further emphasize that the invalidity contentions shall be submitted in a chart form, which identifies each alleged item of prior art.

24.    On or about April 28, 2003, Defendants filed with the Court, instead of serving on FCI, a copy of Foxconn's Final Invalidity Contentions; however, the Final Invalidity Contentions prepared by Defendants were insufficient, in that such invalidity contentions: (a) lacked significant references to prior art; (b) failed to address any of the asserted dependent claims of the five (5) patents at issue in the Lawsuit; (c) failed to address any obviousness arguments; and (d) were improperly styled as a legal brief, instead of as a chart, as specified in the Local Rules. Patent claims are either independent or dependent. Generally, an independent claim does not refer back to any other claim. A dependent claim refers back to an independent claim (or other dependent claim). A dependent claim includes all the language of the independent claim but adds additional description of the invention.

## FCI'S MOTION FOR SUMMARY JUDGMENT

25.    On or about July 3, 2003, FCI filed a motion for summary judgment on the grounds that Foxconn's products infringed certain claims of the '983, '644, and '035 Patents.

LEGAL_US_W # 53938219

-7-

COMPLAINT

26. Foxconn is informed and believes, and on that basis alleges, that after receiving FCI's motion for summary judgment, on or about July 9, 2003, Defendants filed an *ex parte* application to continue the hearing on FCI's motion for summary judgment. Such *ex parte* application was ostensibly made on the grounds that Robinson was on medical leave and another partner on the case had a pre-paid vacation scheduled at the time that the Foxconn's opposition was due, *i.e.* on or about July 18, 2003. Foxconn is further informed and believes, and on that basis alleges, that Defendants did not inform Foxconn of the *ex parte* application and that such application was denied on or about July 10, 2003.

27. Foxconn is informed and believes, and on that basis alleges, that subsequent to the denial of the *ex parte* application, on or about July 14, 2003, Defendants associated with attorney Michael Dergosits ("Dergosits"), of Dergosits & Noah, to assist in the preparation of Foxconn's opposition to FCI's motion for summary judgment, which was due only four (4) days later.

28. Foxconn is informed and believes, and on that basis alleges, that Dergosits and an attorney at Defendant Robinson & Wood prepared the opposition to FCI's motion for summary judgment. Foxconn is further informed and believes, and on that basis alleges, that the time devoted by Robinson, the lead partner on the case, was limited to a three (3) hour review of FCI's motion and a one and one-half (1 ½) hour telephone conference with an associate of Robinson & Wood concerning the opposition.

29. On or about October 1, 2003, the Court ruled on FCI's motion for summary judgment, holding that Foxconn's products infringed certain claims of the '035, '584, and '983 Patents. In its ruling, the Court indicated that Defendants did not dispute infringement of the accused devices with respect to certain claims of the '983 Patent,

LEGAL_US_W # 53938219

-8-

COMPLAINT

thereby admitting infringement. Moreover, the Court ruled that no genuine issue of material fact existed with respect to the structure or design of FCI's products.

30. After the Court ruled against Foxconn on summary judgment, on or about November 13, 2003, Defendants sent to Foxconn a status memorandum, wherein Defendants advised Foxconn: (a) that the issues of invalidity and inequitable conduct would likely "go to the jury"; (b) that Foxconn's chances of prevailing on the defenses would be 50/50; and (c) that there was "very little likelihood of a finding of willful infringement." This report was sent after Defendants failed to serve any opinions of counsel on FCI and subsequent to Defendants' failure to submit adequate Final Invalidity Contentions within fifty (50) days of the claim construction ruling, which effectively eviscerated both of Foxconn's cornerstone defenses.

### FOXCONN'S MOTIONS FOR SUMMARY JUDGMENT

31. On or about September 12, 2003, Defendants, on behalf of Foxconn, filed two (2) separate motions for summary judgment. Defendants' first motion for summary judgment asserted invalidity of certain claims of the '584, '991, '983, '644, and '035 Patents. Defendants' second motion for summary judgment asserted non-infringement of certain claims of the '584, '991, '983, '644, and '035 Patents.

32. On or about November 10, 2003, the Court denied Foxconn's first motion for summary judgment on the issue of invalidity. In so ruling, the Court found that Foxconn was barred from asserting invalidity challenges to certain claims of the '584, '983, '644, and '035 Patents. Foxconn is informed and believes, and on that basis alleges, that the Court denied Foxconn's invalidity challenges because Defendants failed to address them in its Final Invalidity Contentions and failed to sufficiently disclose relevant

prior art. As a result, the arguments set forth by Defendants in the motion for summary judgment were construed to be "new" and were thus dismissed by the Court.

33. On or about November 12, 2003, the Court granted in part and denied in part Foxconn's second motion for summary judgment. The Court found that certain claims of the '584 and '991 Patents were not infringed by Foxconn's products. The Court, however, found that Foxconn's products infringed certain claims of the '644, '035, and '983 Patents.

**EXPERT REPORTS – INVALIDITY AND INEQUITABLE CONDUCT**

34. On or about October 3, 2003, Defendants retained a technical expert, Dimitri Grabbe ("Grabbe"), to analyze the issue of invalidity with respect to the patents in issue. Foxconn is informed and believes, and on that basis alleges, that Grabbe's original expert report failed to address any of the asserted dependent claims of FCI's patents, despite the fact that the Court had already found that certain asserted dependent claims of '983 and the '035 Patents infringed.

35. More than a month after the due date, on or about November 5, 2003, Grabbe submitted a Supplemental Expert Report, which addressed the issue of invalidity as to the asserted dependent claims of the patents in issue. Foxconn is further informed and believes, and on that basis alleges, that the Supplemental Expert Report was excluded from evidence by the Court, pursuant to FCI's motion *in limine*, on the grounds that: (a) the Supplemental Expert Report was late; and (b) Foxconn's Final Invalidity Contentions, prepared by Defendants, failed to address the dependent claims of the five (5) patents in issue.

LEGAL_US_W # 53938219    -10-
COMPLAINT

36. Grabbe's original expert report failed to address the issue of inequitable conduct, specifically the materiality of certain prior art references that FCI withheld from the United States Patent and Trademark Office. Moreover, Grabbe failed to address the issue of potential non-infringing alternatives to the products alleged to infringe in any expert report.

37. Foxconn is further informed and believes, and on that basis alleges, that Q. Todd Dickinson ("Dickinson"), an inequitable conduct expert, was retained by Dergosits. A defendant in a patent infringement case may defend the lawsuit on the ground that the patent at issue was procured improperly, *i.e.*, the patent owner or inventor engaged in some misconduct, known as "inequitable conduct," in attempting to secure a patent from the United States Patent and Trademark Office. Foxconn is further informed and believes, and on that basis alleges, that Dickinson submitted an initial report on the issue of inequitable conduct; however, such report failed to establish the opinions which Dickinson intended to express at trial and the bases for those opinions. To that end, on or about October 22, 2003, Dickinson submitted a supplemental report on the issue of inequitable conduct, but such report was several weeks late and was objected to by FCI's counsel on the basis of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

### EXPERT REPORT – NON-INFRINGEMENT

38. Foxconn is informed and believes, and on that basis alleges, that Defendants failed to submit an expert report on the issue of whether Foxconn's products infringed any claims of FCI's patents. On or about October 23, 2003, FCI's expert submitted an untimely supplemental expert report, which opined that Foxconn's products infringed claim 36 of the '983 Patent; however, Defendants failed to object to FCI's supplemental expert report.

LEGAL_US_W # 53938219

-11-

COMPLAINT

## PRE-TRIAL CONFERENCE

39. Foxconn is informed and believes, and on that basis alleges, that at the Final Pretrial Conference, counsel for FCI and Defendants stipulated to Foxconn's infringement of claim 36 of the '983 Patent.

40. Following the expert phase of the FCI Lawsuit, the parties made pre-trial submissions, including motions *in limine*, jury instructions, joint proposed *voir dire*, and a joint pre-trial order, which included a witness list. Foxconn is informed and believes, and on that basis alleges, that by the time the parties reached the pre-trial stage, the FCI Lawsuit had been reassigned to a Magistrate Judge and the parties agreed to proceed before such judge for the remainder of the case.

41. On or about January 16, 2004, the Court held a pre-trial conference, in which the Court determined that the following claims remained for trial: (a) whether Foxconn infringed, or induced another party to infringe, claim 36 of the '983 Patent; (b) whether Foxconn induced a party to infringe the claims of the Patents on which summary judgment was granted for FCI; (c) the damages, if any, to which FCI was entitled for Foxconn's alleged infringement of the claims on which summary judgment was granted, and on claim 36 of the '983 Patent; (d) whether Foxconn willfully infringed claim 36 of the '983 Patent and the other claims of the Patents on which summary judgment was granted; (e) invalidity based on anticipation, in connection with certain independent claims related to the '035, '983, and '644 Patents; and (f) whether there was inequitable conduct with respect to the '035, '983, and '644 Patents. The parties stipulated that neither the Doctrine of Equivalents nor obviousness were issues for trial.

42. At the pre-trial conference, the Court ruled on several of FCI's motions *in limine*. Specifically, the Court granted FCI's motions *in limine* with respect to

the following: (a) bifurcating the issue of inequitable conduct; (b) precluding any testimony by Foxconn's experts on non-infringement and obviousness on the ground that testimony on these issues was not included in the expert reports; (c) precluding any and all invalidity contentions not set forth in Defendants' Final Invalidity Contentions, meaning that Foxconn was barred from offering any invalidity contentions at trial on any dependent claim; and (d) excluding the testimony of Defendants' damages expert on grounds that Foxconn's technical expert, Grabbe, failed to address the issue of potential non-infringing alternatives in any expert report, therefore the testimony of Foxconn's damages expert in connection with the non-infringing alternatives was based on hearsay statements – conversations between Foxconn's damages expert and Grabbe. The Court also denied Foxconn's motion *in limine* to exclude evidence of Foxconn's foreign sales because this argument should have been asserted on summary judgment. In addition to the rulings on the motions *in limine*, the Court barred from trial any opinions of counsel obtained by Foxconn to rebut allegations of willful infringement.

43.     On or about January 29, 2004, the Court held a Final Pre-Trial Conference, wherein the Court made the following rulings: (a) that the parties stipulated that Foxconn's products infringed claim 36 of the '983 Patent, which, on information and belief, was necessitated by Defendants' failure to submit an expert report on the issue of non-infringement; (b) that FCI withdraw from the amended complaint allegations regarding infringement of certain claims of the '035, '983, and the '644 Patents, *i.e.* the independent claims on which FCI had been previously granted summary judgment; and (c) that the need for a trial on the issue of invalidity had been obviated by the facts that the parties stipulated to infringement of claim 36 of the '983 Patent and because Defendants failed to timely assert in its Final Invalidity Contentions any argument addressing the asserted dependent claims of five (5) patents in issue.

LEGAL_US_W # 53938219

-13-

COMPLAINT

## TRIAL

44. Subsequent to the Pre-Trial Conference Order, the Court proceeded to trial on the damages issues, given that the issues of infringement and invalidity had already been resolved against Foxconn. At trial, the jury found that Foxconn was liable to FCI for direct infringement of the '035, '983, and '644 Patents, in the amount of $1,140,714. Further, the jury found that Foxconn had induced others to infringe FCI's patents and thus awarded FCI damages in the amount of $6,844,286. Finally, the jury found, by clear and convincing evidence, that Foxconn's infringement was willful. Thus, the damage award to which Foxconn was exposed was subject to substantial increase.

## POST-TRIAL AND SETTLEMENT

45. Following trial, Defendants filed several motions for judgment as a matter of law on Foxconn's behalf, including a motion for judgment as a matter of law denying FCI's claims for willful infringement. Defendants failed to move for judgment as a matter of law at the close of FCI's case. Foxconn is informed and believes, and on that basis alleges, that the motions for judgment as a matter of law were neither heard nor decided by the Court.

46. On or about May 4, 2004, Foxconn and FCI settled the FCI Lawsuit and filed a Stipulation of Dismissal. Foxconn was required to pay substantial sums and other consideration in exchange for a dismissal.

LEGAL_US_W # 53938219

-14-

COMPLAINT

## FIRST CAUSE OF ACTION
## (PROFESSIONAL NEGLIGENCE – AGAINST ALL DEFENDANTS)

47. Foxconn realleges and incorporates herein by reference the allegations of paragraphs 1 through 46, hereof, inclusive.

48. Defendants owed to Foxconn a duty of care in Defendants' representation of Foxconn in the FCI Lawsuit. Foxconn is informed and believes, and on that basis alleges, that Defendants held themselves out to be experts and specialists in complex litigation, patent law, and patent infringement lawsuits.

49. Foxconn is further informed and believes, and on that basis alleges, that Defendants were required to provide legal services to Foxconn comparable in quality and capacity to the services provided by an attorney with similar specialized experience, knowledge, and expertise in the field of complex litigation, patent law, and patent infringement lawsuits.

50. Foxconn is informed and believes, and on that basis alleges, that Defendants owed to Foxconn a duty of loyalty and a duty of competence. Among other things, Defendants had a duty to comply with all Local Rules, timely and adequately file all pleadings briefs, and/or contentions, to manage the litigation and the experts involved therein, and to represent Foxconn competently in all pre-trial, trial and post-trial activities.

51. Foxconn is informed and believes, and on that basis alleges, that in performing the legal services for Foxconn as alleged herein, Defendants failed to satisfy their duties to Foxconn and to exercise the degree of reasonable care, skill, and diligence commonly used by members of the legal profession holding themselves out to be experts and specialists in the areas of complex litigation and patent litigation. Defendants'