# EXHIBIT C2

1   expected to prepare a breach of contract defense when it has no idea what alleged contract(s) are

2   at issue, what each applicable contract provides, and what it allegedly did to breach each

3   contract. *See Otworth*, 166 Cal. App. 3d at 459. A contract action is supposed to be governed by

4   the terms of the contract only. Section 430.10(g) is designed to prevent plaintiffs from obscuring

5   contractual terms through general, conclusory allegations, *see Wise v. Southern Pac. Co.*, 223

6   Cal. App. 2d 50, 60 (1963); *Byrne v. Harvey*, 211 Cal. App. 2d 92, 103 (1962), as plaintiffs have

7   done here.

8       Third and relatedly, these causes of action are deficient under Code of Civil Procedure

9   section 430.10(f), which bars uncertain, ambiguous, and unintelligible complaints. For the

10  reasons discussed above, these causes of action are uncertain because they omit essential facts

11  regarding the formation and scope of the contract, and fail to give Seyfarth fair notice of the

12  basis of plaintiffs' claims. Plaintiffs must clearly explain when Seyfarth became their lawyers,

13  for what purpose, and what Seyfarth allegedly did to breach its alleged duty of care.

14      For all these reasons, the Court should sustain this demurrer as to plaintiffs' first, second,

15  and fifth causes of action under the alleged contract.

16  **B.      Plaintiffs' fraud cause of action fails to plead all the elements of fraud, is not
            pleaded with the necessary particularity, and is uncertain.**

17

18      After pleading insufficient facts to support their contract-based causes of action, plaintiffs

19  use the same inadequate facts to bootstrap their way into a fraud cause of action and a potential

20  award of punitive damages. But there is nothing fraudulent in the facts plaintiffs recite. If

21  plaintiffs have any claim here, it is for negligence only. Plaintiffs obscure their lack of a viable

22  fraud theory by mixing and matching alleged misrepresentations and concealments, and stating

23  all their allegations in the most general terms possible, in violation of the requirement to

24  specifically plead acts of fraud. Ultimately, to the extent it can be deciphered, plaintiffs seem to

25  allege that Seyfarth committed fraud by failing to alert them, prior to the formation of the

26  attorney-client relationship (whenever that was) that Seyfarth planned to commit malpractice.

27

28

6

1   Compl. ¶¶ 57(A)-(H).[4]  This is not, and has never been, a recognized fraud theory.  If an attorney

2   accused of malpractice could be sued for fraud simply because he failed to inform his client that

3   he planned to commit the alleged malpractice, a fraud claim would be made in every malpractice

4   action filed in this State, and punitive damages awarded to every successful malpractice plaintiff.

5           The incoherence of plaintiffs' theory dooms their complaint, which fails to allege all the

6   required elements of a fraud cause of action or plead supporting facts with particularity, and is

7   fundamentally uncertain and ambiguous.  It should be dismissed.

8           **1.    Plaintiffs fail to allege all the elements of a fraud cause of action.**

9           Most basically, plaintiffs' fraud cause of action should be dismissed because plaintiffs do

10  not allege facts supporting all the required elements of a fraud claim.  *See Consumer Cause, Inc.*

11  *v. Arkopharma, Inc.*, 106 Cal. App. 4th 824, 827 (2003) (sustaining demurrer "[i]f the complaint

12  fails to plead . . . any essential element of a particular cause of action").  Merely "pleading

13  conclusions of law does not fulfill this requirement."  *Doheny Park Terrace Homeowners Ass'n,*

14  *Inc. v. Truck Ins. Exch.*, 132 Cal App. 4th 1076, 1098-99 (2005).  As explained above, plaintiffs'

15  fraud cause of action is uncertain and ambiguous as to whether it is based on concealments or

16  intentional misrepresentations.  But whichever theory plaintiffs hope to advance, they have not

17  pleaded the necessary facts constituting each element of a cause of action.

18          **a.    Fraud by concealment.**

19          If plaintiffs intend to plead fraud by concealment, their complaint is defective because it

20  does not allege that plaintiffs ever relied on any of the purported concealments.  The elements of

21  fraud by concealment are:

22          (1) the defendant must have concealed or suppressed a material fact, (2) the
            defendant must have been under a duty to disclose the fact to the plaintiff, (3) the
23          defendant must have intentionally concealed or suppressed the fact with the intent
            to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and
24          would not have acted as he did if he had known of the concealed or suppressed
            fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff
25          must have sustained damage.

26  _____

27  [4]  Plaintiffs allege that Seyfarth induced them into retaining the firm by concealing that the firm
    was not qualified to represent them, would not maintain open communications with them, and
28  intended to prepare and serve defective Infringement Contentions and conceal from various
    federal courts how the Contentions came to be defective.  *Id.*

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER AND

1 | *Mosier v. Southern Cal. Physicians Ins. Exch.*, 63 Cal. App. 4th 1022, 1044 (1998) (citing BAJI

2 | No. 12.35 (7th ed. (1986)); *see also* CACI No. 1901 ("Concealment").

3 |       In paragraph 57 of the complaint, plaintiffs list eight facts that Seyfarth allegedly

4 | concealed from them. Compl. ¶ 57. In paragraph 58, they allege that they relied on these

5 | purported concealments in allowing Seyfarth to represent them in their suit against Rossignol.

6 | *Id.* ¶ 58. There are at least two fatal problems with this theory.

7 |       <u>First</u>, plaintiffs cannot assert that they relied on alleged concealments in deciding to hire

8 | Seyfarth. The complaint makes clear that each of the alleged concealments took place in

9 | connection with the *Berger v. Rossignol* case. But plaintiffs apparently contend that they had

10 | hired Seyfarth long before they filed suit against Rossignol. *Id.* ¶ 6. Plaintiffs cannot claim that

11 | these alleged concealments persuaded them to do something they had already done long before.

12 |       <u>Second</u>, plaintiffs do not allege they were unaware of any of these purportedly concealed

13 | facts at the time the concealments were made and they purportedly relied on them. Notably,

14 | three of the eight alleged concealments were made not to plaintiffs, but to the federal courts in

15 | the *Rossignol* case. Even as to these concealments, plaintiffs never allege *they* were unaware of

16 | those facts at the time they were allegedly concealed from the courts.

17 |              **b.**     **Fraud by intentional misrepresentation.**

18 |       Plaintiffs have also failed to make out a cause of action for intentional misrepresentation,

19 | which requires:

20 |         (1) a false representation (ordinarily of a fact) made by the defendant; (2) knowledge or belief on the part of the defendant that the representation is

21 |         false, or that the representation was made by defendant without reasonable grounds for believing its truth; (3) an intention to induce the plaintiff to act or to

22 |         refrain from action in reliance upon the misrepresentation; (4) justifiable reliance upon the representation by the plaintiff; (5) damage to the plaintiff, resulting from

23 |         such reliance.

24 | *Barbara A. v. John G.*, 145 Cal. App. 3d 369, 376 (1983); *see also Robinson Helicopter Co., Inc.*

25 | *v. Dana Corp.*, 34 Cal. 4th 979, 990 (2004); CACI No. 1900.

26 |       Although the complaint purports to allege numerous concealments, the only *intentional*

27 | *misstatements* for which Plaintiffs provide any factual basis are those made to opposing counsel

28 | or to federal courts in *Berger v. Rossignol. See* Compl. ¶¶ 34-36, 41, 57. Plaintiffs not only fail

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER AND

1    to specify any false representation to them directly, they do not claim to have been unaware of

2    the truth of the purported representations at the time those representations were allegedly made

3    to third parties. And again, plaintiffs cannot allege that they reasonably relied on these

4    statements in hiring Seyfarth. According to them, the firm already represented them when the

5    statements were made. *See id.* ¶ 6.

6         **2.    Plaintiffs fail to allege facts sufficient to support a fraud claim.**

7         Seyfarth's demurrer should also be sustained because plaintiffs have failed to plead with

8    sufficient particularity the facts relevant to their fraud cause of action, which is subject to strict

9    particularity requirements. *See Committee on Children's TV, Inc. v. General Foods Corp.*, 35

10   Cal. 3d 197, 216 (1983). Under California law, "[e]very element of the cause of action for fraud

11   must be alleged in the proper manner and the facts constituting the fraud must be alleged with

12   sufficient specificity to allow defendant to understand fully the nature of the charge made."

13   *Stansfield v. Starkey*, 220 Cal. App. 3d 59, 73 (1990) (internal quotations omitted). "[G]eneral

14   and conclusory allegations do not suffice." *See Murphy v. BDO Seidman, LLP*, 113 Cal. App.

15   4th 687, 692 (2003).

16        Fraud must be pleaded with specificity, to provide the defendants with the fullest
          possible details of the charge so they are able to prepare a defense to this serious

17        attack. To withstand a demurrer, the *facts* constituting every element of the fraud
          must be alleged with particularity, and the claim cannot be salvaged by references

18        to the general policy favoring the liberal construction of pleadings.

19   *Goldrich v. Natural Y Surgical Specialties, Inc.*, 25 Cal. App. 4th 772, 782 (1994) (emphasis in

20   original). This particularity requirement necessitates pleading facts which "show how, when,

21   where, to whom, and by what means the representations were tendered." *Lazar v. Superior*

22   *Court*, 12 Cal. 4th 631, 645 (1996) (quotations omitted).

23        Here, plaintiffs fail the specificity test because their description of the asserted fraudulent

24   concealments or representations do not "show how, when, where, to whom, and by what means"

25   any of those concealments or representations were made. *Id.* While paragraph 57 of the

26   complaint lists eight purportedly fraudulent concealments, none are pled with specificity.

27   Plaintiffs first allege that Seyfarth "knowingly and recklessly concealed" that it "did not have the

28   requisite degree of learning, skill, diligence, and judgment to competently represent plaintiffs in

9

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER AND

1  their patent infringement lawsuit against Rossignol," and that it "would not maintain prompt,

2  open, honest, and frank communication amongst themselves so as to ensure competent

3  representation of plaintiffs." Compl. ¶ 57(A)-(B). These are precisely the kind of conclusory

4  allegations that the heightened pleading requirement for fraud condemns. Plaintiffs do not allege

5  anywhere in the complaint the specific manner in which Seyfarth concealed their degree of

6  learning, skill, diligence, or competence in litigating patent cases, or their lack of intent to

7  communicate with co-counsel.[5] Neither do they assert any facts establishing that Seyfarth lacked

8  the qualifications to litigate a patent case. Finally, they fail to allege when any such

9  concealments were made, or to whom they were made.

10       Next, plaintiffs allege that Seyfarth concealed its intent to prepare the allegedly defective

11  claim chart that Allen incorporated into the Infringement Contentions, and for Allen to serve

12  those Infringement Contentions on Rossignol. *See id.* ¶ 57(C)-(E). Again, plaintiffs do not

13  identify the person who concealed Seyfarth's true intent, by what means—misrepresentation or

14  nondisclosure—he or she concealed these facts, or when these facts were concealed. It is worth

15  noting that Allen, not Seyfarth, served the Infringement Contentions, so it is unclear how

16  Seyfarth could possibly have done anything to conceal how Allen planned to perform an act that

17  was entirely within Allen's control and discretion.

18       The final three alleged concealments relate to Seyfarth's failure to inform plaintiffs that

19  they would, at some point in the future, conceal various facts not from plaintiffs, but from third

20  parties. *See id.* ¶¶ 57(F)-(H). Nowhere do plaintiffs explain how Seyfarth's purported failure to

21  accurately predict its future behavior, based on unknown facts that resulted in an unforeseen

22  court appearance, amounts to fraud. Neither do they explain how concealment of facts from a

23  third party amounts to a fraud on them. As noted above, they do not assert that these facts were

24  concealed from them, and they cannot allege that they relied on them in hiring Seyfarth. Finally,

25  

---

[5] Indeed, the specific facts plaintiffs allege suggest the opposite conclusion. Plaintiffs contend
26  that on November 18, 2005, the "*same day*" that the "District Court held the initial Case
Management Conference in *Berger v. Rossignol*," all Defendants met along with the attorney
27  who handled the prosecution of the '530 and '569 patents "to discuss and strategize concerning
plaintiffs' pending action against Rossignol." *Id.* ¶ 20 (emphasis added); *see also* ¶ 21
28  ("*Immediately* after the initial Case Management Conference . . . .) (emphasis added).

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER AND

1   as with the other alleged concealments discussed above, plaintiffs never identify the person who

2   "knowingly or recklessly concealed" that Seyfarth "would conceal" the purported facts, nor do

3   they state when, to whom, or by what means such representation or concealment was made.

4        On the whole, plaintiffs simply fail to "show how, when, where, to whom, and by what

5   means the representations were tendered" or the material facts were concealed. *Lazar*, 12 Cal.

6   4th at 645. All they provide are broad-brush, conclusory allegations that cannot support a fraud

7   cause of action as a matter of law. The Court should sustain Seyfarth's demurrer.

8        **3.    Plaintiffs' fraud cause of action is uncertain and ambiguous.**

9        There are four distinct subspecies of fraud actions under California law. Plaintiffs' third

10  cause of action, however, is simply labeled "Fraud," and the complaint provides little guidance

11  as to the theory of fraud that plaintiffs are actually alleging. *See* Compl. ¶¶ 56-60. Under

12  California law, a demurrer may be sustained if "[t]he pleading is uncertain." CCP § 430.10(f).

13  Civil Code § 1710 identifies four different theories upon which a fraud or deceit claim is

14  actionable in tort: (i) intentional misrepresentation of fact; (ii) negligent misrepresentation of

15  fact; (iii) concealment or suppression of fact; or (iv) promissory fraud. *See also* Civil Code §

16  1572 (dealing with fraud in the making of contracts and including a fifth theory, "[a]ny other act

17  fitted to deceive.").

18       As discussed above, plaintiffs' complaint fails to specify the species of fraud claim they

19  are asserting. Paragraph 57 alleges that "Defendants knowingly or recklessly concealed

20  numerous material facts from plaintiffs . . ." and then identifies eight alleged concealments,

21  suggesting that Plaintiffs are proceeding with a concealment action. *See also* Compl. ¶¶ 34, 41.

22  But other allegations in the complaint suggest an intentional misrepresentation theory. *Id.* ¶¶ 36,

23  41. Plaintiffs' confusion is epitomized in paragraph 36, where they intermix the two theories,

24  stating that defendants engaged in "misrepresentations and concealments of material fact [that]

25  were intentionally made to conceal" various facts. This is unintelligible on its face. This Court

26  should sustain the demurrer and require plaintiffs to provide Seyfarth with adequate notice of the

27  basis of their fraud claim.

28

403765.04    DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER AND

**C.    Plaintiffs fail to allege facts sufficient to support a cause of action for negligent misrepresentation.**

For the same reasons their fraud claim is defective, plaintiffs' fourth cause of action, for negligent misrepresentation, is also unavailing. Plaintiffs fail to allege all elements of a negligent-misrepresentation claim or plead the purported negligent misrepresentations with the required specificity. *See Charnay v. Cobert*, 145 Cal. App. 4th 170, 185 (2006) ("Fraud and negligent misrepresentation must be pleaded with particularity and by facts that 'show how, when, where, to whom, and by what means the representations were tendered.'") (quoting *Lazar*, 12 Cal. 4th at 645). Moreover, to the extent plaintiffs' fraud theory is based on concealment rather than misrepresentation, this claim must be dismissed. California does not recognize a cause of action for negligent concealment. *See Mosier*, 63 Cal. App. 4th at 1044 (requiring willful intent as an element of concealment). "The elements of negligent misrepresentation are similar to intentional fraud except for the requirement of scienter; in a claim for negligent misrepresentation, the plaintiff need not allege the defendant made an intentionally false statement, but simply one as to which he or she lacked any reasonable ground for believing the statement to be true." *Charnay*, 145 Cal. App. 4th at 184-85; *see also Alliance Mortgage Co. v. Rothwell*, 10 Cal. 4th 1226, 1239 n.4 (1995) (negligent misrepresentation is a species of deceit and like fraud, requires a misrepresentation, justifiable reliance and damage). Accordingly, any claim for negligent concealment would be fatally defective and should be dismissed now.

**D.    Plaintiffs' prayer for punitive damages should be stricken from the complaint.**

For the reasons set forth above, plaintiffs' prayer for punitive damages should be stricken from the complaint because they have not pled facts against Seyfarth that are sufficient to constitute fraud, malice, or oppression. Plaintiffs allege that they are entitled to punitive damages in connection with their fraud and breach of fiduciary duty causes of action as a result of defendants' "willful, fraudulent, malicious, and oppressive" conduct. Compl. ¶¶ 60 & 71 & Prayer for Relief. But Civil Code section 3294 makes clear that "willful" conduct is not enough; punitive damages may be awarded only where "the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294. Here, for the reasons discussed above, plaintiffs have

12

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER AND

1  not alleged any fraudulent conduct.  They allege only that Seyfarth failed to inform them ahead

2  of time that it would supposedly commit malpractice, which is not actionable.  In any event, they

3  fail to identify with sufficient particularity any of the alleged concealments Seyfarth purportedly

4  made.  Accordingly, their fraud claim is fatally defective and cannot support punitive damages.

5  Likewise, with no actionable allegations of fraud in the complaint, the breach of fiduciary duty

6  cause of action cannot support punitive damages.  *See American Airlines v. Sheppard*, 96 Cal.

7  App. 4th 1017, 1051 (2002) ("[A] breach of a fiduciary duty alone without malice, fraud or

8  oppression does not permit an award of punitive damages.") (quotations and citations omitted).

9        Neither do plaintiffs allege any "oppressive" or "malicious" conduct.  The meanings of

10  "oppression" and "malice" were explained in *Monge v. Superior Court*, 176 Cal. App. 3d 503,

11  511 (1986).  "'Malice' means a wrongful intent to vex or annoy. 'Oppression' means subjecting

12  a person to cruel and unjust hardship in conscious disregard of his rights." *Id*.  Although

13  plaintiffs contend generally in paragraphs 60 and 71 that all defendants' conduct was

14  "malicious" and "oppressive," they fail to include any specific factual allegations that Seyfarth's

15  conduct was even remotely indicative of a vexatious or cruel motive.

16        Under Code of Civil Procedure section 436, this Court may "[s]trike out any irrelevant,

17  false, or improper matter inserted in any pleading."  Because plaintiffs have no basis for seeking

18  an award of punitive damages here, the Court should strike that request from the complaint.

19                    IV.    CONCLUSION

20        For the foregoing reasons, the Court should sustain Seyfarth's demurrer to the complaint

21  and grant the motion to strike plaintiffs' prayer for punitive damages.

22

23  Dated:  October 12, 2007                    KEKER & VAN NEST, LLP

24

25

26  By: _____

27       DANIEL PURCELL
         Attorneys for Defendants
         SEYFARTH SHAW LLP and JACK L.
28       SLOBODIN

13

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER AND

1  KEKER & VAN NEST, LLP
   ELLIOT R. PETERS - #158708
2  DANIEL PURCELL - #191424
   KLAUS HAMM - #224905
3  710 Sansome Street
   San Francisco, CA 94111-1704
4  Telephone: (415) 391-5400
   Facsimile: (415) 397-7188
5
   Attorneys for Defendants SEYFARTH SHAW LLP
6  and JACK L. SLOBODIN

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                IN AND FOR THE COUNTY OF SANTA CLARA

10

| | |
|---|---|
| 11  RICHARD W. BERGER and BRANT W. BERGER, | Case No. 107CV-094074 |
| 12  | **DECLARATION OF DANIEL PURCELL IN SUPPORT OF COUNTERDESIGNATION OF COMPLEXITY** |
| 13                              Plaintiffs, | |
| 14              v. | |
| 15  SEYFARTH SHAW LLP, an Illinois limited liability partnership; JACK L. SLOBODIN, an individual; BURNETT, BURNETT & | Date:        November 16, 2007<br>Time:        9:00 a.m.<br>Dept:        17C |
| 16  ALLEN, a California partnership; DOUGLAS B. ALLEN, an individual; and DOES 1-100, | Judge:       The Honorable Jack Komar |
| 17  inclusive, | Date Comp. Filed:       September 12, 2007 |
| 18                              Defendants. | Trial Date: None set. |

19

20

21

22

23

24

25

26

27

28

DECLARATION OF DANIEL PURCELL IN SUPPORT OF COUNTERDESIGNATION OF COMPLEXITY

1    I, Daniel Purcell, declare and say that:

2        1.    I am an attorney licensed to practice law in the State of California and am a

3    member of Keker & Van Nest LLP, counsel of record for Defendants Seyfarth Shaw LLP and

4    Jack L. Slobodin (collectively "Seyfarth") in the above-captioned action.

5        2.    I have knowledge of the facts set forth herein, and if called to testify as a witness

6    thereto, could do so competently under oath.

7        3.    Seyfarth requests that the Court designate this action as a complex case pursuant

8    to California Rule of Court 3.403.

9        4.    This case involves five causes of action: (i) professional negligence; (ii) breach of

10    contract; (iii) fraud; (iv) negligent misrepresentation; and (v) breach of fiduciary duty. All of

11    these causes of action stem from a patent infringement lawsuit that Plaintiffs Richard W. Berger

12    and Brant W. Berger (collectively, "the Bergers") brought against Rossignol Ski Company, Inc.

13    in the United States District Court for the Northern District of California.  In the complaint filed

14    in the underlying patent infringement action, the Bergers alleged that Rossignol willfully

15    infringed, induced others to infringe, and contributed to the infringement of two patents for

16    which the Bergers are the named inventors.  Those two patents purport to describe a step-in

17    binding and method that permits a snowboard user to rotate his foot position relative to the

18    snowboard while he is stopped or in motion.  As a result of the dismissal by the federal court of

19    their patent infringement action, the Bergers now seek compensatory damages of $75 million and

20    punitive damages from Defendants.

21        5.    This action involves complex and difficult legal issues for the Court's resolution.

22    Under controlling precedent, claims for legal malpractice require the application by this Court of

23    the "case-within-a-case" method. *Orrick Herrington & Sutcliffe, LLP v. Superior Court*,

24    107 Cal. App. 4th 1052, 1057 (2003).  Thus, before this Court, the parties will not only have to

25    litigate all five of the Bergers' causes of action against Defendants, but they will also have to

26    litigate the merits of the Bergers' patent infringement claims against Rossignol.  Here, the

27    complexity of litigating a "case-within-a-case" is further compounded by the fact that the

28    underlying action is for patent infringement.  This will require the Court to encounter unusual

1

1  and difficult issues of law and fact for a state proceeding since patent cases are normally resolved

2  in the federal courts. These legal and factual issues include direct infringement of method and

3  apparatus patents, infringement of these patents under the doctrine of equivalents, whether any

4  infringement was willful, whether these patents are invalid as anticipated or rendered obvious by

5  prior art, whether the patents are unenforceable due to the patentees' inequitable conduct, and

6  whether the patents were unenforceable against Rossignol under the doctrine of estoppel by

7  conduct. Determining each one of these issues will require exceptional judicial management

8  throughout discovery as well as the consideration of a substantial amount of technical

9  documentary evidence and the testimony of various experts in the prosecution of patent claims.

10  Accordingly, Seyfarth respectfully requests that the Court designate this action as a complex

11  case.

12      Executed this 12th day of October, 2007 at San Francisco, California.

13      I declare under penalty of perjury under the laws of the State of California that the

14  foregoing is true and correct.

15

16

17                                                    _____

18                                                    DANIEL PURCELL

19

20

21

22

23

24

25

26

27

28

404331.01    DECLARATION OF DANIEL PURCELL IN SUPPORT OF COUNTERDESIGNATION OF COMPLEXITY

1   KEKER & VAN NEST, LLP
    ELLIOT R. PETERS - #158708
2   DANIEL PURCELL - #191424
    KLAUS HAMM - #224905
3   710 Sansome Street
    San Francisco, CA  94111-1704
4   Telephone:  (415) 391-5400
    Facsimile:  (415) 397-7188
5
    Attorneys for Defendants SEYFARTH SHAW LLP
6   and JACK L. SLOBODIN

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    IN AND FOR THE COUNTY OF SANTA CLARA

10

11  RICHARD W. BERGER and BRANT W.              Case No. 107CV-094074
    BERGER,
12                                              **[PROPOSED] ORDER GRANTING
                                Plaintiffs,     DEFENDANTS SEYFARTH SHAW LLP
13                                              AND JACK L. SLOBODIN'S MOTION
              v.                                TO STRIKE PORTIONS OF
14                                              COMPLAINT**
    SEYFARTH SHAW LLP, an Illinois limited
15  liability partnership; JACK L. SLOBODIN, an  Date:      November 16, 2007
    individual; BURNETT, BURNETT &              Time:      9:00 a.m.
16  ALLEN, a California partnership; DOUGLAS     Dept:      17C
    B. ALLEN, an individual; and DOES 1-100,    Judge:     The Honorable Jack Komar
17  inclusive,
                                                Date Comp. Filed:    September 12, 2007
18                              Defendants.
                                                Trial Date:  None set.
19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING DEFENDANTS SEYFARTH SHAW LLP AND JACK L. SLOBODIN'S
MOTION TO STRIKE PORTIONS OF COMPLAINT

1       Defendants Seyfarth Shaw LLP and Jack L. Slobodin's Motion to Strike Portions of the

2 Complaint came on for hearing before this Court on November 16, 2007. Upon consideration of

3 the papers filed in support of and in opposition to the Motion to Strike, and the arguments of

4 counsel in connection therewith, as well as the relevant papers and pleadings in this action, and

5 good cause appearing therefor,

6       **IT IS HEREBY ORDERED** that:

7       The Motion to Strike Portions of Complaint is GRANTED. The following portions of

8 Plaintiffs' Complaint shall be stricken therefrom:

9               Any and all allegations from the Complaint's Third Cause of Action, for Fraud,

10               and from the Complaint's Fifth Cause of Action, for Breach of Fiduciary Duty, that "Defendants' conduct was willful, fraudulent, malicious, and oppressive. As

11               a result, plaintiffs are entitled to an award of punitive damages."

12     2.     Plaintiffs' prayer for "an award of punitive damages according to proof as to the third and fifth causes of action."

13

14       **IT IS SO ORDERED.**

15

16 Dated:_____         _____

17                            THE HONORABLE JACK KOMAR

                               JUDGE OF THE SUPERIOR COURT

18

19

20

21

22

23

24

25

26

27

28

                                    1

[PROPOSED] ORDER GRANTING DEFENDANTS SEYFARTH SHAW LLP AND JACK L. SLOBODIN'S
MOTION TO STRIKE PORTIONS OF COMPLAINT

KEKER & VAN NEST, LLP
ELLIOT R. PETERS - #158708
DANIEL PURCELL - #191424
KLAUS HAMM - #224905
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Defendants SEYFARTH SHAW LLP
and JACK L. SLOBODIN

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| RICHARD W. BERGER and BRANT W. BERGER,<br><br>               Plaintiffs,<br><br>    v.<br><br>SEYFARTH SHAW LLP, an Illinois limited liability partnership; JACK L. SLOBODIN, an individual; BURNETT, BURNETT & ALLEN, a California partnership; DOUGLAS B. ALLEN, an individual; and DOES 1-100, inclusive,<br><br>               Defendants. | Case No. 107CV-094074<br><br>**[PROPOSED] ORDER SUSTAINING DEFENDANTS SEYFARTH SHAW LLP AND JACK L. SLOBODIN'S DEMURRER TO THE COMPLAINT OF PLAINTIFFS RICHARD W. BERGER AND BRANT W. BERGER**<br><br>Date:      November 16, 2007<br>Time:     9:00 a.m.<br>Dept:     17C<br>Judge:    The Honorable Jack Komar<br><br>Date Comp. Filed:    September 12, 2007<br><br>Trial Date: None set. |

[PROPOSED] ORDER SUSTAINING DEFENDANTS SEYFARTH SHAW LLP AND JACK L. SLOBODIN'S
DEMURRER TO THE COMPLAINT OF PLAINTIFFS RICHARD W. BERGER AND BRANT W. BERGER

404199.01

1      The Demurrer of Defendants Seyfarth Shaw LLP and Jack L. Slobodin to the Complaint

2 of Plaintiffs Richard W. Berger and Brant W. Berger came on for hearing before this Court on

3 November 16, 2007. Upon consideration of the papers filed in support of and in opposition to

4 the Demurrer, and the arguments of counsel in connection therewith, as well as the relevant

5 papers and pleadings in this action, and good cause appearing therefor,

6      **IT IS HEREBY ORDERED** that:

7      1.    Defendants' Demurrer to Plaintiffs' First Cause of Action is SUSTAINED

8 WITHOUT LEAVE TO AMEND.

9      2.    Defendants' Demurrer to Plaintiffs' Second Cause of Action is SUSTAINED

10 WITHOUT LEAVE TO AMEND.

11      3.    Defendants' Demurrer to Plaintiffs' Third Cause of Action is SUSTAINED

12 WITHOUT LEAVE TO AMEND.

13      4.    Defendants' Demurrer to Plaintiffs' Fourth Cause of Action is SUSTAINED

14 WITHOUT LEAVE TO AMEND.

15      5.    Defendants' Demurrer to Plaintiffs' Fifth Cause of Action is SUSTAINED

16 WITHOUT LEAVE TO AMEND.

17

18      **IT IS SO ORDERED.**

19

20 Dated:_____           _____

21                           THE HONORABLE JACK KOMAR

22                           JUDGE OF THE SUPERIOR COURT

23

24

25

26

27

28

[PROPOSED] ORDER SUSTAINING DEFENDANTS SEYFARTH SHAW LLP AND JACK L. SLOBODIN'S
DEMURRER TO THE COMPLAINT OF PLAINTIFFS RICHARD W. BERGER AND BRANT W. BERGER
CASE NO. 107CV 094074

1  KEKER & VAN NEST, LLP
   ELLIOT R. PETERS - #158708
2  DANIEL PURCELL - #191424
   KLAUS HAMM - #224905
3  710 Sansome Street
   San Francisco, CA 94111-1704
4  Telephone: (415) 391-5400
   Facsimile: (415) 397-7188
5
   Attorneys for Defendants
6  SEYFARTH SHAW LLP,
   an Illinois limited liability partnership; and
7  JACK L. SLOBODIN, an individual

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10             IN AND FOR THE COUNTY OF SANTA CLARA

11
.
12  RICHARD W. BERGER and BRANT W.          Case No. 107CV-094074
    BERGER,
13                                          **PROOF OF SERVICE**
                        Plaintiffs,         *(Civil Case Cover Sheet; Defendants Seyfarth Shaw*
14                                          *LLP and Slobodin's Demurrer to Plaintiffs'*
                                            *Complaint; Notice of Motion and Motion to Strike*
15       v.                                 *Portions of Complaint; Memorandum of Points &*
                                            *Authorities in Support; Declaration of Daniel Purcell;*
16  SEYFARTH SHAW LLP, an Illinois limited  *[Proposed] Order Sustaining Demurrer; [Proposed]*
    liability partnership; JACK L. SLOBODIN, an *Order Granting Motion to Strike)*
    individual; BURNETT, BURNETT &
17  ALLEN, a California partnership; DOUGLAS
    B. ALLEN, an individual; and DOES 1-100, Date:      November 16, 2007
18  inclusive,                              Time:      9:00 a.m.
                                            Dept:      17C
19                      Defendants.         Judge:     The Honorable Jack Komar

20                                          Date Comp. Filed:   September 12, 2007

21                                          Trial Date: None set.

22

23

24

25

26

27

28

─────────────────────────────────────────────────
                         PROOF OF SERVICE
403270.01

1                          **PROOF OF SERVICE**

2     I am employed in the City and County of San Francisco, State of California in the office of a
member of the bar of this court at whose direction the following service was made. I am over the
3     age of eighteen years and not a party to the within action. My business address is Keker & Van
Nest, LLP, 710 Sansome Street, San Francisco, California 94111.
4

5     On October 12, 2007, I served the following document(s):

6     **CIVIL CASE COVER SHEET**

7     **DEFENDANTS SEYFARTH SHAW LLP AND JACK L. SLOBODIN'S NOTICE OF
HEARING ON DEMURRER AND DEMURRER TO THE COMPLAINT OF**
8     **PLAINTIFFS RICHARD W. BERGER AND BRANT W. BERGER**

9     **DEFENDANTS SEYFARTH SHAW LLP AND JACK L. SLOBODIN'S NOTICE OF
MOTION AND MOTION TO STRIKE PORTIONS OF COMPLAINT**
10

11     **DEFENDANTS SEYFARTH SHAW LLP AND JACK L. SLOBODIN'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO**
12     **THE COMPLAINT AND MOTION TO STRIKE**

13     **DECLARATION OF DANIEL PURCELL IN SUPPORT OF COUNTERDESIGNATION
OF COMPLEXITY**
14

15     **[PROPOSED] ORDER SUSTAINING DEFENDANTS SEYFARTH SHAW LLP AND
JACK L. SLOBODIN'S DEMURRER TO THE COMPLAINT OF PLAINTIFFS**
16     **RICHARD W. BERGER AND BRANT W. BERGER**

17     **[PROPOSED] ORDER GRANTING DEFENDANTS SEYFARTH SHAW LLP AND
JACK L. SLOBODIN'S MOTION TO STRIKE PORTIONS OF COMPLAINT**
18

19     by **COURIER**, by placing a true and correct copy in a sealed envelope addressed as shown
below, and dispatching a messenger from Time Machine Network whose address is 965 Mission
20     Street, Suite 450, San Francisco, California 94103, with instructions to hand-carry the above and
make delivery to the following during normal business hours, by leaving the package with the
21     person whose name is shown or the person authorized to accept courier deliveries on behalf of
the addressee.

22

23

24

25

26

27

28

1

2

3    Attorneys for Plaintiffs RICHARD W.          Appearing *In Pro Per*
     BERGER and BRANT W. BERGER
4                                                  Douglas B. Allen
5    Justin T. Beck, Esq.                          Burnett, Burnett & Allen
     Ron C. Finley, Esq.                           333 West San Carlos Street, 8th Floor
6    Alfredo A. Bismonte, Esq.                     San Jose, CA 95110
     Craig Alan Hansen, Esq.                       Tel.:  (408) 298-6540
7    Jeremy M. Duggan, Esq.                        Fax.:  (408) 298-0914
     Beck, Ross, Bismonte & Finley, LLP
8    50 W. San Fernando Street, Suite 1300
9    San Jose, CA 95113
     Tel.:  (408) 938-7900
10   Fax:  (408) 938-0790
     Email: jbeck@beckross.com
11   Email: rfinley@beckross.com
     Email: abismonte@beckross.com
12   Email: chansen@beckross.com
13   Email: jduggan@beckross.com

14
     I declare under penalty of perjury under the laws of the State of California that the above is true
15   and correct.

16   Executed on October 12, 2007, at San Francisco, California.

17

18                                                 ROSEANN CIRELLI

19

20

21

22

23

24

25

26

27

28

ii

403276.01

1 Justin T. Beck, Esq. (Cal. Bar No. 53138)
Ron C. Finley, Esq. (Cal. Bar No. 200549)
2 Alfredo A. Bismonte, Esq. (Cal. Bar No. 136154)
Craig Alan Hansen, Esq. (Cal. Bar No. 209622)
3 Jeremy M. Duggan, Esq. (Cal. Bar No. 229854)
Beck, Ross, Bismonte & Finley, LLP
50 West San Fernando Street, Suite 1300
San Jose, CA 95113
Tel: (408) 938-7900
Fax: (408) 938-0790
6 Email: jbeck@beckross.com
        rfinley@beckross.com
7       abismonte@beckross.com
        chansen@beckross.com
8       jduggan@beckross.com

9 Attorneys for Plaintiffs
Richard W. Berger and Brant W. Berger
10

11

12                    **SUPERIOR COURT OF CALIFORNIA**

13                        **COUNTY OF SANTA CLARA**

14

15 RICHARD W. BERGER and BRANT W.              **Case No. 1-07-CV-094074**
   BERGER,
16                                             **DECLARATION OF ALFREDO A.
                    Plaintiffs,                BISMONTE IN OPPOSITION TO THE
17                                             COMPLEX CASE COUNTER-
            v.                                 DESIGNATION FILED BY DEFENDANTS
18                                             SEYFARTH SHAW LLP AND JACK L.
   SEYFARTH SHAW LLP, an Illinois limited     SLOBODIN**
19 liability partnership; JACK L. SLOBODIN,
   an individual; BURNETT, BURNETT, &          **Date:**   Not applicable
20 ALLEN, a California partnership;            **Time:**   Not applicable
   DOUGLAS B. ALLEN, an individual;           **Dept:**   17c
21 and DOES 1-100, inclusive;                  **Judge:   Provisionally reassigned to Hon. Jack
                                                          Komar**
22                  Defendants.
                                               **Complaint Filed:  September 12, 2007**
23

24       I, Alfredo A. Bismonte, declare:

25       1.      I am a Partner of the law firm of Beck, Ross, Bismonte & Finley, LLP, counsel of

26 record for plaintiffs Richard W. Berger and Brant W. Berger. I have personal knowledge of the

27 matters stated in this declaration and, if called as a witness, would competently testify to them.

28       2.      Plaintiffs designated this matter as "not complex" on September 12, 2007.

---

Decl. of Alfredo A. Bismonte in Opp. to Defendants' Complex      1
Case Counter-Designation, Case No. 1-07-CV-094074

BECK, ROSS, BISMONTE & FINLEY, LLP
FAIRMONT PLAZA
50 W. SAN FERNANDO ST., 1300
SAN JOSE, CALIFORNIA 95113
TELEPHONE (408) 938-7900

3.    On October 11, 2007, I was told by the Clerk of the Hon. Jack Komar, Rowena
Walker, that based on the anticipated counter-designation by Defendants Seyfarth Shaw LLP and
Jack L. Slobodin (collectively "Seyfarth"), this case was provisionally reassigned to Judge Komar.
Ms. Walker further informed me that upon a filing by Seyfarth, my office could file a declaration
disputing the permanent designation of this case as a "complex case."

4.    On October 12, 2007, defendants Jack Slobodin and Seyfarth Shaw LLP filed a
"complex counterdesignation" under Cal. Rule. Ct. 3.402(b).  For the following reasons, that
counterdesignation should be rejected.

5.    This lawsuit is based on defendants' malpractice while representing plaintiffs in a
patent infringement action.  As alleged in the complaint, plaintiffs Richard Berger and Brant
Berger are individuals who invented and patented a new type of snowboard binding.  After
Rossignol Ski Company introduced an infringing binding, the Bergers retained defendants to sue
Rossignol in U.S. District Court.  During that representation, defendants Slobodin and Seyfarth
Shaw prepared erroneous infringement contentions that were submitted by defendants Douglass B.
Allen and Burnett, Burnett & Allen in the District Court Case.  Those erroneous contentions were
used by Rossignol as the basis for a summary judgment motion.  The District Court refused to
permit amendment of the contentions and granted summary judgment against plaintiffs.

6.    This case is not complex.  This action has only two plaintiffs (both individuals) and
four related defendants (two attorneys and their respective law firms). Defendants Slobodin and
Seyfarth Shaw are jointly represented by Keker & Van Nest LLP. Defendant Allen is representing
himself and his law firm, Burnett, Burnett, & Allen. The core facts—i.e., that the subject
contentions contained "an error" that resulted in an adverse dispositive ruling—are undisputed.[1]
The parties are equally familiar with the documentary evidence, which primarily consists of the
defendants' files from the underlying action.  The issues presented by this action are fairly
straightforward and are neither "difficult" nor "novel."  There are no pending "related actions" that
need to be coordinated, and there should be no need for "post-judgment judicial supervision" as

[1] Defendants' conceded that error in plaintiffs' summary judgment opposition. That concession is quoted at ¶ 35 of the complaint in this matter.

Decl. of Alfredo A. Bismonte in Opp. to Defendants' Complex        2
Case Counter-Designation, Case No. 1-07-CV-094074