EXHIBIT C4

conduct fell below the standard of care of an ordinary patent litigation attorney, thus causing damage to Foxconn, in at least the following ways:

    (a)    Defendants failed to comply with Local Rules 3-3 and 3-6, which establish the necessary content of a party's Final Invalidity Contentions. Defendants failed to include in Foxconn's Final Invalidity Contentions any arguments associated with the asserted dependent claims of the patents at issue, and Defendants failed to address a single potential invalidity defense based on obviousness. Defendants' failure to comply with the Local Rules harmed Foxconn because Foxconn was precluded, at the summary judgment stage and/or at trial, from asserting any argument that the dependent claims of the patents in suit were invalid. Defendants' error effectively mooted the invalidity trial because FCI simply dropped from the FCI Lawsuit all infringement allegations based on the patents' independent claims.

    (b)    Defendants submitted a defective initial expert report on the issue of invalidity, and failed to timely file a Supplemental Expert Report. Such Supplemental Expert Report was excluded from evidence on grounds of tardiness. Defendants also failed to timely advise Foxconn of the need for a technical expert, and Defendants delayed too long to retain a technical expert.

    (c)    Defendants failed to timely submit an inequitable conduct expert report. While Defendants purported to rely on the original Dickinson report, that report lacked any discussion of the opinions that Dickinson was to offer at trial and the bases for such opinions. In turn, Dickinson's opinions may have been excluded entirely by the Court, especially given that Dickinson's supplemental report was submitted after the due date. Foxconn is further informed and believes, and on that basis alleges, that the omissions of the Dickinson report placed at risk Foxconn's inequitable conduct defense, which is tantamount to a breach of duty. Moreover, Defendants failed to conduct proper discovery

1  on inequitable conduct; that is, Defendants had knowledge of the inequitable conduct
2  issues early in the FCI Lawsuit, but made little effort to explore this defense.

4      (d)    Defendants failed to exercise due care by disregarding or simply missing the
5  deadline to serve on FCI's counsel the opinions of counsel, which were commissioned by
6  Foxconn, and which served as a defense to FCI's claim of willful infringement. A
7  reasonably prudent patent attorney would know that a finding of willful infringement
8  could potentially, *inter alia*, triple the damage award against the alleged infringer. In that
9  regard, an ordinary patent litigator would have prepared an infringement defense based on
10 an opinion of counsel given that such opinion is a valuable piece of exculpatory evidence
11 to rebut a charge of willful infringement. Foxconn is informed and believes, and on that
12 basis alleges, that at a minimum, Defendants had a duty to identify any opinions of
13 counsel (not submitted to FCI's counsel) on a privilege log. Defendants neither submitted
14 the opinions of counsel to FCI nor did Defendants create a privilege log. Defendants
15 disregarded or simply missed the deadline for serving the opinions of counsel, which
16 effectively waived a critical defense for Foxconn.

18     (e)    Defendants were dilatory in filing a motion for summary judgment on the
19 issue of foreign sales. A reasonably prudent patent litigator would have moved for
20 summary judgment to exclude evidence based on foreign sales for purposes of a damages
21 calculation. Indeed, Defendants attempted to assert this argument as a motion *in limine*
22 instead of on summary judgment. Again, Defendants disregarded or simply missed an
23 important deadline, which highly prejudiced Foxconn's position in the FCI Lawsuit.
24 Foxconn is informed and believes, and on that basis alleges, that to the extent that
25 Defendants brought a timely motion for summary judgment on the foreign sales issue,
26 Foxconn would not have been found to have induced infringement and would thus not be
27 liable for at least $6.8 million in damages.

LEGAL_US_W # 53938219

-17-

COMPLAINT

1  (f)  Defendants failed to retain an expert to opine on the issue of non-infringement in rebuttal to FCI's infringement report. Defendants had not secured a non-infringement expert; instead, Defendants stipulated that Foxconn infringed claim 36 of the '983 Patent. Such stipulation was apparently the result of Defendants' failure to retain a non-infringement expert because a reasonably prudent patent lawyer would generally include an opinion of non-infringement in a rebuttal report.

(g)  Defendants failed to have the designated damages expert, Grabbe, address in his report the issue of non-infringing alternatives. Since Defendants did not ask Grabbe to opine on this issue, testimony from Foxconn's damages expert related to non-infringing alternatives was excluded from trial on hearsay grounds. A reasonably prudent patent attorney would generally include such an opinion in a non-infringement rebuttal report; but, as a result of Defendants' failure, Foxconn's damages expert was prohibited from testifying at trial on the issue of whether non-infringing alternatives existed, which is a key factor in an expert's attempt to lessen the total amount of damages sought in a patent infringement suit. Ultimately, because of Defendants' error, Foxconn was barred from offering testimony on non-infringing alternatives and, in turn, was unable to lessen its damages exposure.

52.  Foxconn is informed and believes, and on that basis alleges, that had Defendants satisfied their duties of loyalty, competence, and diligence to Foxconn, and exercised proper care and skill in performing the legal services for Foxconn in connection with the FCI Lawsuit, Foxconn would have prevailed at trial on its defenses and/or would have been able to agree to a settlement that would have been far less detrimental to Foxconn.

53.  As a direct and proximate result of Defendants' breaches of their duties, Foxconn has been damaged by the unfavorable settlement with FCI, and by the

fact that Foxconn is incurring ongoing legal fees and other expenses associated therewith, all in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
## (BREACH OF CONTRACT – AGAINST ALL DEFENDANTS)

54. Foxconn realleges and incorporates herein by this reference the allegations of paragraphs 1 through 46 hereof, inclusive.

55. Foxconn performed all acts required of it under its contract with FCI, except any obligations that were excused.

56. Foxconn is informed and believes, and on that basis alleges, that Defendants breached their contract with Foxconn by failing to exercise the reasonable care, skill, and diligence commonly used by members of the legal profession, in that Defendants failed to perform legal services as experts and specialists in complex litigation and patent litigation.

57. Foxconn has paid to Defendants a substantial sum of money in exchange for Defendants' professional services, which services fell far below the relevant standard of care.

58. As a direct and proximate result of Defendants' breaches of contract, Foxconn has been damaged in an amount to be proven at trial.

63.     Foxconn is informed and believes, and on that basis alleges, that in performing the legal services for Foxconn as alleged herein, Defendants failed to satisfy their duties to Foxconn and to exercise the degree of reasonable care, skill, and diligence commonly used by members of the legal profession holding themselves out to be experts and specialists in the areas of complex litigation and patent litigation. In addition, Defendants breached fiduciary duties as follows:

(a)     Defendants failed to advise Foxconn of their lack of expertise in patent infringement litigation, and instead held themselves out to Foxconn as experts;

(b)     Defendants failed to report to, and advise, Foxconn regarding the significance of adverse events and the effect that such events could have on the FCI Lawsuit;

(c)     Defendants billed Foxconn for services that were below the standard of care and/or unreasonably incurred; and

(d)     Defendants failed to ensure that attorneys were assigned to the matter who had the required degree of expertise and time to devote to the FCI Lawsuit.

64.     As a direct and proximate result of Defendants' breaches of their fiduciary duties, Foxconn has been damaged in an amount to be proven at trial.

## PROOF OF SERVICE

I am a citizen of the United States. My business address is Fairmont Plaza, 50 W. San Fernando St., 1300, San Jose, California 95113. I am employed in the County of Santa Clara where this service occurs. I am over the age of 18 years and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served the following document(s):

DECLARATION OF ALFREDO A. BISMONTE IN OPPOSITION TO THE COMPLEX CASE COUNTER-DESIGNATION FILED BY DEFENDANTS SEYFARTH SHAW LLP AND JACK L. SLOBODIN

by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

Eliot Peters
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, CA 94111

Douglas B. Allen
BURNETT, BURNETT & ALLEN
333 W. San Carlos St., 8th Floor
San Jose, CA 95110

☒ (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at San Jose, California.

☐ (BY FAX) I caused such document(s) to be transmitted by facsimile on this date to the offices of the addressee(s).

☐ (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

☐ (BY OVERNIGHT DELIVERY) I caused such envelope(s) with postage thereon fully prepared to be delivered to a U.P.S. overnight pickup at San Jose, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on October 15, 2007.



SUSAN LEE