Douglas B. Allen, sbn 99239
Burnett, Burnett, & Allen
333 West San Carlos St.
Eighth Floor
San Jose, California 95110
(408) 298-6540

Attorneys for DOUGLAS B. ALLEN

United States District Court
Northern District of California, San Jose Division

| | |
|---|---|
| RICHARD W. BERGER AND BRANT W. BERGER,<br><br>                  Plaintiff,<br><br>vs.<br><br>SEYFARTH SHAW LLP, and Illinois limited liability partnership; JACK L. SLOBODIN, an individual; DOUGLAS B. ALLEN dba BURNETT, BURNETT & ALLEN; and Does 1-100, inclusive;<br>                  Defendants. | Case No. C07-05279<br><br>Defendant Douglas B. Allen dba Burnett, Burnett & Allen's Motion to Dismiss Pursuant to Rule 12<br><br>Date: December 6, 2007<br>Time: 10:00 a.m.<br>Place: Courtroom 5, 4th Floor<br>Before: District Judge (currently being reassigned) |

PLEASE TAKE NOTICE that defendant Douglas B. Allen dba Burnett, Burnett & Allen will and does hereby move this Court to dismiss the above matter pursuant to Rule 12 (b)(6) for failure to state a claim upon which relief can be granted.. The hearing upon said motion is set before the Honorable Patricia V. Trumbull, on December 6, 2007 at 10:00 a.m. at the United States District Court, San Jose Division, 280 South First Street, Courtroom 5, 4th Floor, San Jose, California.

POINTS AND AUTHORITIES IN SUPPORT OF MOTION

(The Claims Against Defendant Allen and Possibly Other Defendants Are Barred by the California Code of Civil Procedure Section 340.6, the Applicable Statute of Limitations)

The above referenced claim arises from an alleged malpractice committed by the defendants against the plaintiffs arising from a patent case prosecuted in the Northern District of California of the United States District Court, before the Honorable Charles Breyer. Although, the complaint

alleges various causes of action, whether arising from tort or breach of contract, the California Code of Civil Procedure 340.6 applies to all legal theories arising from attorney malpractice [see: *Southland Mechanical Constructors Corporation v. Nixen* (1981) 119 Cal. App. 417; *Worthington v. Rusconi* (1994) 29 Cal. App. 4th 1488]. The complaint herein was originally filed on September 12, 2007. On the face of the complaint, however, the description of the alleged malpractice arises from the assertion of allegedly defective infringement contentions. The original defective infringement contentions were apparently written by J. Terry Stratman of Seyfarth and Shaw ("Seyfarth") on or about December 22, 2003 (see: Paragraph 17 and 25 of the Complaint).

The Plaintiffs obtained two patents upon a snowboard binding in 1997. In 1998, Rossignol a French Ski equipment company began marketing its similar binding which plaintiffs claimed infringed upon their patent (complaint paragraphs 9 through 11). The allegedly infringing Rossignol binding was sent to the attorney who prosecuted the original patents of plaintiffs, Reginald Suyat, a partner with the law firm of Fish & Richardson (complaint paragraph 12 and 13). Mr Suyat prepared a "claims chart" identifying the components of the infringing device to the claims of the patent. This claims chart, setting forth the "infringement contentions" of the plaintiffs was sent together with the Rossignol binding to defendant, Seyfarth, for consideration by Jack Slobodin at the Seyfarth law firm. According to paragraph 16 of the complaint, the initial prejudice caused to defendants was the failure to return the Rossignol binding "prejudicing plaintiffs' ability to later repeat Suyat's work." On or about December 22, 2003, Terry Stratman of Seyfarth reviewed Suyat's claims chart and prepared his own claims chart and a memorandum questioning the validity of the "569 patent (paragraphs 17 and 25). This claims chart is alleged to be defective in its identification of component "4" as part of the "lower attachment" on the Rossignol binding (paragraph 27). It was this "defective" claims chart that led to the "defective" infringement contentions upon which plaintiffs' base this case. The alleged defective infringement contentions were used in the action that was not filed against Rossignol until 2005, seven years after Rossignol began allegedly infringing upon the plaintiffs' patents, and two years after the "defective infringement" contentions were created.

The statute on malpractice begins to run when a client first suffers damage or **prejudice**.

> A client suffers damage when he is compelled, as result of the attorney's error, to 'incur and pay attorney's fees and legal costs and expenditures.' [*Southland Mechanical Constructors Corporation v. Nixen (Supra)* citing *Budds v. Nixen* 6 Cal. 3rd 195, 201][1]

As set forth in the complaint, the genesis of the alleged malpractice was the erroneous infringement contentions and memorandum created by Terry Stratman which ultimately led to the failure to literally assert infringement against Rossignol and the failure to asset the 569' patent. Berger knew or had reason to know that he has suffered prejudice from the actions of Seyfarth at that time, however, as Seyfarth failed, following specific request, to return the Rossignol binding "prejudicing plaintiffs' ability to later repeat Suyat's work."  The failure to return the binding by inference include a failure to return the "Suyat claims chart", which reflected the correct infringement contentions.  Had the chart been returned in 2003, there would have been no prejudice to plaintiffs since plaintiffs would not have needed to duplicate Suyat's work.  This inference is confirmed further in paragraph 24, where the request for a "claims chart" is made both to Mr. Suyat as well as Mr. Slobodin.  If Suyat had his claims chart in 2005, he would have given it to the defendant Allen.  Thus the phase on paragraph 16, "prejudicing plaintiffs' ability to later repeat Suyat's work," reveals that plaintiffs were put on notice in 2003, that they had been prejudiced by the actions of the Seyfarth firm.  They had either a defective claims chart in 2003, drafted by Mr. Stratman, or they had none, and no binding to re-create one.  In either case, they knew, or had reason to know that there was a problem, that they were prejudiced by the need to expend more attorneys fees to correct the error, and sat on their claim.

 The failure of the plaintiffs to address the errors perpetrated in 2003, led to the very problem of which they complain in 2006, i.e. the erroneous use of the "Stratman Claims Chart" in the preliminary infringement contentions.  Had plaintiffs addressed the problem in 2003, as required under the statute, they would have created a duplicate "Suyat Claims Chart", or recovered the original, and avoided the entire problem with the disclosure in 2006.  Thus the claim is barred by the

---

 1. Although *Southland Mechanical Constructor Corporation v. Nixen* was disapproved on other grounds in *Laird v. Blacker* 2 Cal. 4th 606 (1992) the principles for which it is cited herein remain.  In fact, *Laird v. Blacker* restrict the commencement of the statute to the initial adverse ruling indicating it is not tolled by the taking of an appeal.

statute of limitations, based upon the facts recited in the face of the complaint.

As a second basis for the assertion of the statute of limitations, the judgment complained of was entered on April 25, 2006.  Although, the judgment was appealed, such appeal does not toll the statute (see: *Laird v. Blacker* (1992) 2 Cal. 4th 606, 617).  Although the statute may be tolled while representation continues on the same matter the complaint does not allege that defendant Allen represented plaintiffs on the appeal.  In fact, defendants will have a difficult time truthfully alleging such representation since plaintiff Allen was neither attorney of record on the appeal nor is admitted to the Federal Circuit Court of Appeals.  To the contrary, the contract memorializing the retention of defendant Allen on March 9, 2005, states,

> "representation of client by attorney shall in any event terminate upon the entry of judgment, or the filing of a judgment, or the filing of dismissal in the litigation to which this agreement applies."

Although these latter facts are not properly taken from the face of the complaint, the face of the complaint indicates itself that the representation on appeal was conducted by Jack Slobodin and Seyfarth, not defendant Allen.

Accordingly, the initial error of which plaintiffs complain originally occurred in 2003.  According to plaintiffs, they were prejudiced by the requirement of expending attorney fees to remedy that error and were aware of such, or reasonably should have been aware of such, in 2003.  The complaint was not filed until four years later.  The judgment in the complaint was entered in April of 2006, but the complaint was not filed until a year and half later notwithstanding the termination of representation by defendant Allen.  Based upon the face of the complaint, it appears that the claims against all the defendants are barred by the statute of limitations and are certainly barred specifically regarding this moving defendant.

(In Other Respects the Complaint Is Uncertain and Ambiguous and Therefore Fails to State a Cause of Action)

Notwithstanding the notice pleading requirements of Federal Court, plaintiffs are required to plead a clear action for breach of contract.  They are likewise required to plead an actual claim for fraud.  Defendants Slobodin and Seyfarth have previously addressed these issues in the demurrer filed in state court on October 12, 2007.  The complaint is vague as to the formation of the

1  attorney/client relationship which must be plead [see: *Gulf Insurance Company v. Berger, Kahn,*

2  *Shafton, Moss, Figler, Simon & Gladstone* (2000) 79 Cal. App. 4th 114, 126.  The elements of a fraud

3  cause of action are specific and require specific pleading [see: *Consumer Cause Inc. v. Arkopharma,*

4  *Inc.* (2003) 106 Cal. App. 4th 824, 827; *Barbara A. v. John G.* (1983) 145 Cal. App. 3rd 369, 376;

5  *Robinson Helicopter Company Inc. v. Dana Corporation* (2004) 34 Cal. 4th 979, 990].  Similar

6  requirements apply to negligent misrepresentation and breech of fiduciary duty.  Alleged

7  misrepresentation to the "Court" cannot be claimed by the plaintiffs, even if they occurred.  No duty

8  is alleged against this moving defendant.  Notwithstanding the liberal construction applied to federal

9  pleadings, such claims must still be pled with specificity showing an actionable claim against the

10 defendants.

> despite this generous standard, we repeatedly have cautioned that FRCP 12(b)(6) is not entirely a toothless tiger...the threshold for stating a claim may be low, but it is real.  The complaint must therefore set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory [see: *Podiatrist Association v. La Cruz Azul de P.R. Inc.* (1st Circuit 2003) 332 Fed. 3rd 6, 19; *Begala v. PNC Bank* (6th Cir. 2000) 214 Fed. 3rd 776, 779)

## CONCLUSION

16     It is evident that plaintiffs' claim is barred by the statute limitations as to this moving

17 defendant.  Further the claim is vague and uncertain and fails to properly plead the causes of action it

18 attempts to set forth.  Irrespective of the form of the cause of action, however, C.C.P. Section 340.6

19 applies and the complaint should be dismissed without leave to amend.

DATED: October 23, 2007              RESPECTFULLY SUBMITTED,

                                     /S/ DOUGLAS B. ALLEN

                                     _____
                                     DOUGLAS B. ALLEN
                                     Attorney for Defendant