KEKER & VAN NEST, LLP
ELLIOT R. PETERS - #158708
DANIEL PURCELL - #191424
KLAUS HAMM - #224905
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:   (415) 397-7188

Attorneys for Defendants
SEYFARTH SHAW LLP and
JACK L. SLOBODIN

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD W. BERGER and BRANT W. BERGER,<br><br>                              Plaintiffs,<br><br>         v.<br><br>SEYFARTH SHAW LLP, an Illinois limited liability partnership; JACK L. SLOBODIN, an individual; BURNETT, BURNETT & ALLEN, a California partnership; DOUGLAS B. ALLEN, an individual; and DOES 1-100, inclusive,<br><br>                              Defendants. | Case No. C07-05279 MMC<br><br>**DEFENDANTS SEYFARTH SHAW LLP'S AND JACK L. SLOBODIN'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:          November 30, 2007<br>Time:          9:00 a.m.<br>Courtroom:  7, 19th Floor<br>Judge:         Hon. Maxine M. Chesney<br><br>Date Comp. Filed:      September 12, 2007<br><br>Trial Date:  None set |

DEFENDANTS SEYFARTH SHAW LLP'S AND JACK L. SLOBODIN'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT CASE NO. C07-05279 MMC

404918.02

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION TO DISMISS ............................................1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................1

I.     STATEMENT OF THE ISSUES...............................................................1

II.    INTRODUCTION ......................................................................................1

III.   THE FACTS ALLEGED IN THE COMPLAINT......................................3

IV.    ARGUMENT ..............................................................................................5

       A.    Legal standard for dismissal pursuant to Rule 12(b)(6)..................5

       B.    Plaintiffs' professional negligence, breach of contract, and breach of
             fiduciary duty claims fail to allege sufficient facts relating to the
             formation and scope of the alleged legal representation....................6

       C.    Plaintiffs' fraud claim fails to plead the essential elements of fraud, is
             not pleaded with the necessary particularity, and fails to provide fair
             notice of the claim.............................................................................8

             1.    Plaintiffs fail to allege the essential elements of a fraud claim...................9

                   a.    Fraud by concealment. ............................................9

                   b.    Fraud by intentional misrepresentation.........................10

             2.    Plaintiffs fail to allege the facts purportedly supporting their
                   fraud claim with sufficient particularity. ...................................11

             3.    Plaintiffs fail to provide fair notice of the basis of their fraud
                   claim....................................................................................14

       D.    Plaintiffs fail to allege facts sufficient to support a claim for negligent
             misrepresentation. ...........................................................................14

V.     CONCLUSION..........................................................................................15

404918.02

1

# TABLE OF AUTHORITIES

2

## FEDERAL CASES

3

*Associated General Contractors of Cal., Inc. v. Cal. State Council of*
*Carpenters*
459 U.S. 519 (1983)..........................................................................................5

*Bell Atlantic Corp. v. Twombly*
127 S.Ct. 1955 (2007)....................................................................................7, 8

*Cahill v. Liberty Mut. Insurance Co.*
80 F.3d 336 (9th Cir. 1996) .........................................................................3, 5

*Campanelli v. Bockrath*
100 F.3d 1476 (9th Cir. 1996) ........................................................................5

*Conley v. Gibson*
355 U.S. 41 (1957 ...........................................................................................5

*County of Santa Clara v. Astra U.S., Inc.*
428 F. Supp. 2d 1029 (N.D. Cal. 2006) .........................................................5

*Edwards v. Marin Park, Inc.*
356 F.3d 1058 (9th Cir. 2004) ......................................................................12

*Epstein v. Wash. Energy Co.*
83 F.3d 1136 (9th Cir. 1996) ..........................................................................5

*In re GlenFed, Inc. Sec. Litigation*
42 F.3d 1541 (9th Cir. 1994) ..............................................................11, 12, 13

*Ivey v. Board of Regents of the University of Alaska*
673 F.2d 266 (9th Cir. 1982) .......................................................................5, 7

*Jones v. Community Redevelopment Agency of City of Los Angeles*
733 F.2d 646 (9th Cir. 1984) ..........................................................................7

*Marksman Partners, L.P. v. Chantal Pharm. Corp.*
927 F. Supp. 1297 (C.D. Cal. 1996) .............................................................11

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ii

404918.02

*Miller v. Allstate Insurance Co.*
    489 F. Supp.2d 1133 (S.D. Cal. 2007)..................................................14

*Moore v. Kayport Package Express, Inc.*
    885 F.2d 531 (9th Cir. 1989) .............................................................12

*Neilson v. Union Bank*
    290 F. Supp.2d 1101 (C.D. Cal. 2003) ..............................................14

*Sherman v. Yakahi*
    549 F.2d 1287 (9th Cir. 1977) .............................................................8

*Sprewell v. Golden State Warriors*
    266 F.3d 979 (9th Cir. 2001) ...............................................................5

*Swartz v. KPMG LLP*
    476 F.3d 756 (9th Cir. 2007) ........................................................11, 12

*Vess v. Ciba-Geigy Corp. USA*
    317 F.3d 1097 (9th Cir. 2003) ......................................................11, 13

**STATE CASES**

*Alliance Mortgage Co. v. Rothwell*
    10 Cal. 4th 1226 (Cal. 1995)..............................................................14

*Barbara A. v. John G.*
    145 Cal. App. 3d 369 (Cal. Ct. App. 1983) ......................................10

*Gulf Insurance Co. v. Berger, Kahn, Shafton, Moss, Figler, Simon &*
    *Gladstone*
    79 Cal. App. 4th 114 (Cal. Ct. App. 2000) ..........................................6

*Mosier v. Southern Cal. Physicians Insurance Exch.*
    63 Cal. App. 4th 1022 (Cal. Ct. App. 1998) ...................................9, 15

*Nichols v. Keller*
    15 Cal. App. 4th 1672 (Cal. Ct. App. 1993) ........................................6

*Purdy v. Pac. Automobile Insurance Co.*
    157 Cal. App. 3d 59 (Cal. Ct. App. 1984) ...........................................6

iii

404918.02

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Robinson Helicopter Co., Inc. v. Dana Corp.*
   34 Cal. 4th 979 (Cal. 2004)...................................................................................10

**FEDERAL STATUTES**

Fed. R. Civ. P. 8(a) ........................................................................................................7

Fed. R. Civ. P. 9...........................................................................................................1, 11

Fed. R. Civ. P. 12(b) ...................................................................................................1, 6, 7

**STATE STATUTES**

Cal. Civ. Code § 1572................................................................................................13, 14

Cal. Civ. Code § 1709....................................................................................................15

Cal. Civ. Code § 1710............................................................................................13, 14, 15

**MISCELLANEOUS**

BAJI No. 12.35 (7th ed. (1986)) ....................................................................................9

Cal. Civ. Jury Instruction No. 1900 ..............................................................................10

Cal. Civ. Jury Instruction No. 1901 ........................................................................9, 10, 11

Cal. Rules of Prof. Conduct 3-400(A) ............................................................................6

DEFENDANTS SEYFARTH SHAW LLP'S AND JACK L. SLOBODIN'S NOTICE OF MOTION AND MOTION TO
DISMISS PLAINTIFFS' COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. C07-05279 MMC

404918.02

## NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that on November 30, 2007, at 9:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 7 of the United States District Court, 450 Golden Gate Avenue, San Francisco, CA 94102, defendants Seyfarth Shaw LLP and Jack L. Slobodin (collectively "Seyfarth") will, and hereby do, move this Court to dismiss plaintiffs' complaint for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and for failure to meet the heightened pleading requirement of Fed. R. Civ. P. 9(b). This Motion to Dismiss is based on the Notice of Motion, the Memorandum of Points and Authorities in support, the [Proposed] Order, all pleadings and papers filed herein, the oral argument of counsel, and any other matter that may be submitted at the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   STATEMENT OF THE ISSUES

1.   Whether all five claims in plaintiffs' complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief can be granted?

2.   Whether the fraud-based causes of action alleged in plaintiffs' complaint should be dismissed for failure to meet the heightened pleading requirement of Federal Rule of Civil Procedure 9(b)?

### II.   INTRODUCTION

Plaintiffs' complaint against the law firm Seyfarth Shaw LLP and its former partner Jack Slobodin is distressingly similar to Joseph Heller's novel *Catch-22*. The allegations against Seyfarth are muddled, and, when analyzed with care, the chronology of the complaint makes no sense and renders the underlying story incoherent.

The asserted basis of the complaint is professional negligence in the drafting and service of "Infringement Contentions" in a federal patent-infringement suit on or about January 4, 2006. The Infringement Contentions were prepared, signed, filed, and served not by Seyfarth, but by a different attorney, defendant Douglas Allen. The complaint alleges that Seyfarth first appeared

1

DEFENDANTS SEYFARTH SHAW LLP'S AND JACK L. SLOBODIN'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT CASE NO. C07-05279 MMC

404918.02

1    in the case on March 14, 2006, more than two months later.  Although the complaint asserts in

2    conclusory fashion that Seyfarth represented plaintiffs prior to that date, it never bothers to allege

3    the formation, existence, nature, and scope of the attorney-client relationship with Seyfarth at the

4    time of the alleged negligence, as the law requires.  It also omits to allege the nature of the

5    contract purportedly breached.  This failure to adequately plead the essential facts underlying the

6    alleged contractual relationship is fatal to the professional negligence, breach of contract, and

7    breach of fiduciary duty causes of action.

8        Equally deficient is plaintiffs' attempt to leverage their inadequate allegations regarding

9    the Infringement Contentions into a fraud claim supporting an award of punitive damages.

10   Plaintiffs' basic theory is pure bootstrapping:  they contend that they would never have hired

11   Seyfarth had the firm not fraudulently concealed the likelihood that it would later commit

12   malpractice.  They point to no purportedly fraudulent representation concealing Seyfarth's

13   alleged intent, or, for that matter, any evidence of Seyfarth's intent.  If such an allegation could

14   be the basis of a fraud claim, any legal-malpractice plaintiff could plead fraud simply by alleging

15   that his lawyer did not alert him of his intent to commit malpractice ahead of time.  Moreover,

16   plaintiffs' fraud allegations make no sense on the most basic level.  They attempt to allege

17   reliance by asserting that statements made by Seyfarth long after March 14, 2006 induced them

18   to hire the firm, even though, elsewhere in their complaint, they suggest that they hired Seyfarth

19   long before 2006.  They mix and match allegations of concealment and misrepresentation,

20   identifying neither with the required specificity and particularity.  Plaintiffs appear to claim fraud

21   based on Seyfarth's statements to third parties—the federal courts—without alleging that they, or

22   anyone else, believed or relied on those statements.

23       Fundamentally, a complaint must give the defendant fair notice of the wrongful conduct

24   alleged.  This complaint fails to plead anything with specificity, contradicts itself, and attempts

25   to bootstrap a professional negligence claim into a cause of action for fraud.  The Court should

26   grant Seyfarth's motion to dismiss.

27

28

### III.   THE FACTS ALLEGED IN THE COMPLAINT[1]

Plaintiffs Richard Berger and Brant Berger are named inventors of United States Patent Nos. 5,913,530 ("the '530 patent") and 6,196,569 ("the '569 patent"). Compl. ¶ 1. The patents describe a step-in binding that permits a snowboard user to rotate his foot position relative to the snowboard while he is stopped or in motion. *Id.* ¶ 9.

Seyfarth Shaw is a law firm, and defendant Jack L. Slobodin was a partner with Seyfarth Shaw at all relevant times. *Id.* ¶ 2. Plaintiffs allege that "an attorney-client relationship existed between plaintiffs" and Seyfarth "[a]t all times relevant to the matters alleged" in the complaint, *id.* ¶ 6, but nowhere in the complaint do they assert when or how Seyfarth became their lawyers, or specify the scope of the representation. They generally allege that Seyfarth represented the Bergers "at least through" January 16, 2007 in patent litigation against Rossignol Ski Company ("Rossignol"). *Id.* ¶ 43.

In early 2003, plaintiffs "spoke" with Seyfarth about filing a patent infringement action against Rossignol. *Id.* ¶ 14. Tellingly, plaintiffs do not assert that they retained Seyfarth at that time. But plaintiffs do specifically allege that, in preparing to file suit against Rossignol, they "also retained" defendants Douglas B. Allen and his law firm Burnett, Burnett & Allen, even though Allen and his firm "had no prior experience in handling patent infringement actions." *Id.* ¶ 18. They assert that "Slobodin and Seyfarth Shaw agreed to collaborate with Allen and provide the requisite advice and assistance to Allen in handling the patent infringement action against Rossignol," although they do not explain when, or by what means, Seyfarth agreed to do these things. *Id.*

In June 2005, plaintiffs, through Allen and not Seyfarth, sued Rossignol in this District for allegedly infringing the '530 and '569 patents. *Id.* ¶ 19. This Court held the initial case management conference in *Berger v. Rossignol* on November 18, 2005. *Id.* ¶ 20. Immediately thereafter, Slobodin allegedly "assured plaintiffs that he would supervise the litigation and Allen

---

[1] For the purpose of this pleading only, Seyfarth assumes, as it must, that all properly pleaded allegations in the Complaint are true. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Seyfarth disagrees with, and expressly reserves its right to challenge, those

DEFENDANTS SEYFARTH SHAW LLP'S AND JACK L. SLOBODIN'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT CASE NO. C07-05279 MMC

404918.02

1    to ensure that all important deadlines would be met and appropriate procedures followed, and

2    that he soon would file a formal appearance in *Berger v. Rossignol*." *Id.* ¶ 21. Plaintiffs do not

3    specifically allege they had hired Seyfarth by this point. This District's Patent Local Rules

4    require patent-infringement plaintiffs to serve their Infringement Contentions, disclosing in detail

5    how the plaintiffs allege the accused product infringes the asserted patent(s), within 10 days of

6    the initial case management conference. *Id.* ¶ 22. On January 4, 2006, Allen served the Bergers'

7    Infringement Contentions on Rossignol.[2] *Id.* ¶ 26.

8        On February 21, 2006, Rossignol moved for summary judgment against the Bergers "on

9    various grounds," including (i) that the Bergers' Infringement Contentions "confirmed that

10   Rossignol binding does not infringe the '530 patent" and (ii) that "no claims were asserted as to

11   the '569 patent." *Id.* ¶ 30.

12       On March 14, 2006, Seyfarth appeared in the case for the first time. *Id.* ¶ 31. Promptly

13   upon making its appearance, Seyfarth filed a series of motions and briefs designed to repair the

14   problems with the Infringement Contentions, including a Motion to Defer Rossignol's Motion

15   for Summary Judgment, a Motion for Leave to File Amended Disclosure of Asserted Claims and

16   Infringement Contentions, and a brief opposing summary judgment. *Id.* ¶¶ 32-35. This Court

17   conducted a hearing on Rossignol's Motion for Summary Judgment on April 14, 2006. *Id.* ¶ 36.

18   At the hearing, Slobodin purportedly concealed from the court Seyfarth's "early involvement in

19   representing plaintiffs and error in preparing" the Infringement Contentions. *Id.* ¶ 36. The Court

20   then granted Rossignol's motion and entered judgment in favor of Rossignol on April 25, 2006.

21   *Id.* ¶¶ 39-40.

22       The Bergers appealed this Court's judgment to the United States Court of Appeals for the

23   Federal Circuit. *Id.* ¶ 41. During the January 10, 2007 oral argument, Slobodin purportedly

24   continued to conceal from the court "his and Seyfarth Shaw's early representation of plaintiffs

25   and preparation of" the claim chart used in the Bergers' Infringement Contentions. *Id.* The

26   ──────────────────────────────────────────

     allegations.

27   [2] Plaintiffs allege that the Infringement Contentions were "defective." Compl. ¶¶ 26-29. The
     truth of this claim is not at issue here.

28
                                            4

404918.02

1    Federal Circuit affirmed the District Court's judgment on January 16, 2007. *Id.* ¶ 42.

2         Based on these facts, the Bergers filed a complaint in the Superior Court of California for

3    Santa Clara County on September 12, 2007, alleging five causes of action against Seyfarth: (1)

4    professional negligence, (2) breach of contract, (3) fraud, (4) negligent misrepresentation, and (5)

5    breach of fiduciary duty.  On October 17, 2007, defendants removed the case to this Court.

6                          **IV.    ARGUMENT**

7    **A.    Legal standard for dismissal pursuant to Rule 12(b)(6).**

8         "A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged

9    in the complaint."  *County of Santa Clara v. Astra U.S., Inc.*, 428 F. Supp. 2d 1029, 1032 (N.D.

10   Cal. 2006).  "A complaint should not be dismissed 'unless it appears beyond doubt that the

11   plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Id.*

12   (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  "On the other hand, 'conclusory

13   allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for

14   failure to state a claim.'"  *Id.* (quoting *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir.

15   1996)).

16        In deciding a motion to dismiss for failure to state a claim, the court's review is generally

17   limited to the contents of the complaint.  *See Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th

18   Cir. 1996).  The court must accept all factual allegations pled in the complaint as true, and must

19   construe them and draw all reasonable inferences from them in favor of the nonmoving party.

20   *See Cahill*, 80 F.3d at 337-38.  In spite of the general deference the court is bound to pay to

21   plaintiffs' allegations, it is not proper for the court to assume that "the [plaintiffs] can prove facts

22   that [they have] not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of*

23   *Carpenters*, 459 U.S. 519, 526 (1983).  Thus, a court may not "supply essential elements of the

24   claim that were not initially pled."  *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266,

25   268 (9th Cir. 1982).  Furthermore, a court is not required to credit conclusory legal allegations

26   cast in the form of factual allegations, "unwarranted deductions of fact, or unreasonable

27   inferences."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

28

404918.02

**B.    Plaintiffs' professional negligence, breach of contract, and breach of fiduciary duty claims fail to allege sufficient facts relating to the formation and scope of the alleged legal representation.**

Plaintiffs' first, second, and fifth claims—for professional negligence, breach of contract, and breach of fiduciary duty—are each based on the alleged attorney-client relationship between Seyfarth and the Bergers.  Under California law, "[i]t is elementary that the *relationship* between a client and his . . . counsel arises from a contract, whether written or oral, implied or expressed." *Gulf Ins. Co. v. Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone,* 79 Cal. App. 4th 114, 126 (Cal. Ct. App. 2000) (quoting *Purdy v. Pac. Auto. Ins. Co.,* 157 Cal. App. 3d 59, 75 (Cal. Ct. App. 1984)) (emphasis in original).  Without such a contract—be it oral, written, or implied— confirming the existence of an attorney-client relationship between Seyfarth and plaintiffs, there can be no claim for professional negligence or breach of contract.  Similarly, California courts have held that, "[i]f th[e attorney-client] relationship does not exist, the fiduciary duty to a client does not arise." *Nichols v. Keller,* 15 Cal. App. 4th 1672, 1684 (Cal. Ct. App. 1993).  Plaintiffs allege that Seyfarth was their fiduciary only because of the attorney-client relationship. *See* Compl. ¶¶ 65-71.

Accordingly, in order to make out the essential elements of their contract-based claims, plaintiffs must plead facts regarding the formation and scope of the alleged contractual relationship.  It goes without saying that plaintiffs cannot sue Seyfarth on a contract theory for acts undertaken prior to formation, or expressly outside the scope, of the alleged representation.  Although attorneys cannot use their retainers to immunize themselves from professional-negligence claims, the retainers can limit the scope of their representation of a client. *See* Cal. Rules of Prof. Conduct 3-400(A) & Discussion.

Here, plaintiffs' contract-based claims should be dismissed for two reasons.  <u>First</u>, under Federal Rule of Civil Procedure 12(b)(6), plaintiffs' allegations fail to state facts sufficient to constitute cognizable claims for legal malpractice, breach of fiduciary duty, and breach of contract.  Rather than specifying the existence, formation, and terms of the contract, plaintiffs offer nothing more than conclusory allegations that, at some point, they "entered into a contract

under which [Seyfarth] agreed to represent plaintiffs in their patent infringement action against Rossignol," Compl. ¶ 51, and that "[a]t all times relevant to this complaint, an attorney-client relationship existed between plaintiffs and defendants." *Id.* ¶ 6. They do not specify the date on which Seyfarth became their lawyers. They do not specify how the attorney-client relationship was formed. They do not explain the scope of the representation, or assert that the alleged malpractice was within that scope. They do not even attach a contract or retainer letter to their complaint.

Additionally, plaintiffs only increase the confusion as to the basis of their contract-based claims by alternately referring to the existence of a single contract and multiple contracts. Paragraph 51 alleges cryptically that plaintiffs and Seyfarth entered into "a contract," without explaining when, how, or for what purpose. *See also id.* ¶ 52 ("As part of [defendants'] contract with Plaintiffs . . . ."). But three paragraphs later, plaintiffs allege the existence of multiple "applicable contracts." *Id.* ¶ 54. Seyfarth cannot reasonably be expected to prepare a breach of contract defense when it has no idea what alleged contract(s) are at issue, what each applicable contract provides, and what it allegedly did to breach each contract. A contract action is supposed to be governed by the terms of the contract. Plaintiffs should not be permitted to obscure contractual terms through general, conclusory allegations that are unsupported by facts. Plaintiffs have not pled facts sufficient to constitute the essential elements of their contract-based claims, and this Court may not now supply them. *See Ivey*, 673 F.2d at 268.

Second and relatedly, these causes of action are deficient under Federal Rule of Civil Procedure 8(a), which requires a complaint to set forth "a short and plain statement of the claim showing that [plaintiffs are] entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule ensures that a complaint gives fair notice to defendants and states the elements of the claim plainly and succinctly. *See Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984). As the Supreme Court has recently stated, "[a] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ." *Bell Atl. Corp. v.*

---

7

404918.02

1    *Twombly*, 127 S. Ct. 1955, 1964-65 (2007). Rule 8 requires a "'showing,' rather than a blanket

2    assertion, of entitlement to relief." *Id.* at 1965 n.3 (quoting Fed. R. Civ. P 8(a)(2)). Where a

3    complaint contains nothing more than conclusory allegations, unsupported by facts, it fails to

4    comply with Rule 8. *See Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). For the

5    reasons discussed above, these causes of action fail to comply with Rule 8(a) because they fail to

6    give Seyfarth fair notice of the "grounds" of plaintiffs' claims by omitting essential, fundamental

7    facts regarding the formation and scope of the alleged contract(s). Plaintiffs must coherently

8    explain when Seyfarth became their lawyers, for what purpose, and what Seyfarth allegedly did

9    to breach its alleged duty of care and the contract(s). Without these rudimentary facts, the

10   complaint fails to satisfy "the threshold requirement of Rule 8(a)(2) that the 'plain statement'

11   possess enough heft to 'sho[w] that the pleader is entitled to relief.'" *Bell Atl. Corp.*, 127 S.Ct. at

12   1966 (quoting Fed. R. Civ. P 8(a)(2)).

13       For all these reasons, the Court should grant the motion to dismiss as to plaintiffs' first,

14   second, and fifth causes of action.

15   **C.   Plaintiffs' fraud claim fails to plead the essential elements of fraud, is not pleaded**
         **with the necessary particularity, and fails to provide fair notice of the claim.**

16

17       After pleading insufficient facts to support their contract-based claims, plaintiffs use the

18   same inadequate facts to bootstrap their way into a fraud claim and a potential award of punitive

19   damages. But there is nothing fraudulent in the facts plaintiffs recite. If plaintiffs have any

20   claim here, it is for negligence only. Plaintiffs obscure their lack of a viable fraud theory by

21   mixing and matching alleged misrepresentations and concealments, and stating all their

22   allegations in the most general terms possible, in violation of the requirement to specifically

23   plead acts of fraud. Ultimately, to the extent it can be deciphered, plaintiffs seem to allege that

24   Seyfarth committed fraud by failing to alert them, prior to the formation of the attorney-client

25   relationship (whenever that was) that Seyfarth planned to commit malpractice. *See* Compl. ¶¶

26

27

28

404918.02

57(A)-(H).[3]  This is not, and has never been, a recognized fraud theory.  If an attorney accused of malpractice could be sued for fraud simply because he failed to inform his client that he planned to commit the alleged malpractice, a fraud claim would be made in every malpractice action, and punitive damages awarded to every successful malpractice plaintiff.

The incoherence of plaintiffs' theory dooms their complaint, which fails to allege the essential elements of a fraud cause of action or plead supporting facts with particularity, and fails to provide defendants with fair notice of the basis of their fraud claim.  It should be dismissed.

### 1.     Plaintiffs fail to allege the essential elements of a fraud claim.

Plaintiffs' fraud claim should be dismissed because plaintiffs do not allege sufficient facts to establish the essential elements of that claim.   As explained below, plaintiffs' fraud claim fails to provide fair notice of whether it is based on concealments or intentional misrepresentations. But whichever theory plaintiffs hope to advance, they have not pleaded the essential elements of a fraud cause of action.

### a.     Fraud by concealment.

If plaintiffs intend to plead fraud by concealment, their complaint is defective because it does not allege that plaintiffs ever relied on any of the purported concealments.  Under California law, the indispensable elements of fraud by concealment are:

> (1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage.

*Mosier v. Southern Cal. Physicians Ins. Exch.*, 63 Cal. App. 4th 1022, 1044 (Cal. Ct. App. 1998) (citing BAJI No. 12.35 (7th ed. (1986)); *see also* Cal. Civ. Jury Instruction No. 1901 ("Concealment").

---

[3]  Plaintiffs allege that Seyfarth induced them into retaining the firm by concealing that the firm was not qualified to represent them, would not maintain open communications with them, and intended to prepare and serve defective Infringement Contentions and conceal from various federal courts how the Contentions came to be defective.  *See* Compl. ¶¶ 57(A)-(H).

1    In paragraph 57 of the complaint, plaintiffs list eight facts that Seyfarth allegedly

2 concealed from them. *See* Compl. ¶ 57. In paragraph 58, they allege that they relied on these

3 purported concealments in allowing Seyfarth to represent them in their suit against Rossignol.

4 *See id.* ¶ 58. There are at least two fatal problems with this theory.

5    First, plaintiffs cannot assert that they relied on the alleged concealments in deciding to

6 hire Seyfarth. The complaint makes clear that each of the alleged concealments took place in

7 connection with the *Berger v. Rossignol* case. But plaintiffs apparently contend that they had

8 hired Seyfarth long before they filed suit against Rossignol. *See id.* ¶ 6. Plaintiffs cannot claim

9 that these alleged concealments persuaded them to do something they had already done long

10 before.

11    Second, plaintiffs do not allege they were unaware of any of these purportedly concealed

12 facts at the time the concealments were made and they purportedly relied on them. Notably,

13 three of the eight alleged concealments were made not to plaintiffs, but to the federal courts in

14 the *Rossignol* case. Even as to these concealments, plaintiffs never allege that the federal courts

15 relied upon them or that the Bergers were unaware of those facts at the time they were allegedly

16 concealed from the courts. Indeed, the facts allegedly concealed from the courts, Seyfarth's

17 purported prior role in representing the Burgers, were facts peculiarly within the purview of

18 plaintiffs, who claim to have hired the firm. The notion that these facts were concealed from

19 plaintiffs conflicts directly with their claim that they believed any attorney-client relationship

20 existed long before the underlying suit was filed.

21             **b.      Fraud by intentional misrepresentation.**

22    Plaintiffs have also failed to make out a claim for intentional misrepresentation. Under

23 California law, the essential elements of intentional misrepresentation are:

24       (1) a false representation (ordinarily of a fact) made by the defendant;
         (2) knowledge or belief on the part of the defendant that the representation is
25       false, or that the representation was made by defendant without reasonable
         grounds for believing its truth; (3) an intention to induce the plaintiff to act or to
26       refrain from action in reliance upon the misrepresentation; (4) justifiable reliance
         upon the representation by the plaintiff; (5) damage to the plaintiff, resulting from
27       such reliance.

28

1  *Barbara A. v. John G.*, 145 Cal. App. 3d 369, 376 (Cal. Ct. App. 1983); *see also Robinson*

2  *Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 990 (Cal. 2004); Cal. Civ. Jury Instruction

3  No. 1900.

4        Although the complaint purports to allege numerous concealments, the only *intentional*

5  *misstatements* for which plaintiffs provide any factual basis are those made to opposing counsel

6  or to federal courts in *Berger v. Rossignol*.  *See* Compl. ¶¶ 34-36, 41, 57.  Plaintiffs not only fail

7  to specify any false representation to them directly, they do not claim to have been unaware of

8  the truth of the purported representations at the time those representations were allegedly made

9  to third parties.  And again, plaintiffs cannot allege that they or anyone else reasonably relied on

10  these statements in hiring Seyfarth.  According to them, the Seyfarth firm already represented

11  them when the statements were made.  *See id.* ¶ 6.

12       **2.**    **Plaintiffs fail to allege the facts purportedly supporting their fraud claim with sufficient particularity.**

13        Seyfarth's motion to dismiss should be granted because plaintiffs have failed to plead

14  with sufficient particularity the facts relevant to their fraud cause of action, which is subject to

15  strict particularity requirements.  Although the substantive elements of fraud are determined by

16  state law, plaintiffs' complaint must conform with the requirements of the Federal Rules of Civil

17  Procedure.  *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).  Rule 9(b)

18  states "the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R.

19  Civ. P. 9(b).  Rule 9(b) "requires pleading facts that by any definition *are* 'evidentiary': time,

20  place, persons, statements made, explanation of why or how such statements are false or

21  misleading." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 n. 7 (9th Cir. 1994) (*en banc*)

22  (italics in original) superseded by statute on other grounds. *Marksman Partners, L.P. v. Chantal*

23  *Pharm. Corp.*, 927 F. Supp. 1297 (C.D. Cal. 1996).  Thus, a pleading that asserts a fraud claim

24  must contain allegations regarding the misrepresentation, the speaker, when and where the

25  statement was made, whether the statement was oral or written and, if written, what specific

26  document contains the representation, and the manner in which the representation is false or

27  misleading.  Furthermore, Rule 9(b) "require[s] plaintiffs to differentiate their allegations when

28

11

404918.02

1    suing more than one defendant . . . and inform each defendant separately of the allegations

2    surrounding his alleged participation in the fraud."  *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65

3    (9th Cir. 2007) (in a lawsuit involving multiple defendants, "a plaintiff must, at a minimum,

4    identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme.").  A court may

5    dismiss a claim grounded in fraud when its allegations fail to satisfy Rule 9(b)'s heightened

6    pleading requirements.  *See Vess*, 317 F.3d at 1107.

7            Here, plaintiffs fail the specificity test because their description of the asserted fraudulent

8    concealments or representations do not allege the "time, place, and specific content of the false

9    representations as well as the identities of the parties to the" alleged concealments or

10   misrepresentations.  *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004) (citation

11   omitted).  While paragraph 57 of the complaint lists eight purportedly fraudulent concealments,

12   none are pled with specificity.  Plaintiffs first allege that Seyfarth "knowingly and recklessly

13   concealed" that it "did not have the requisite degree of learning, skill, diligence, and judgment to

14   competently represent plaintiffs in their patent infringement lawsuit against Rossignol," and that

15   it "would not maintain prompt, open, honest, and frank communication amongst themselves so

16   as to ensure competent representation of plaintiffs."  Compl. ¶ 57(A)-(B).  These are precisely

17   the kind of conclusory allegations that the heightened pleading requirement for fraud condemns.

18   As an initial matter, they fail because they lump all defendants together without alleging the role

19   or participation of each defendant in the fraud, as is required under the heightened pleading

20   requirements for fraud.  *See Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th

21   Cir. 1989); *Swartz*, 476 F.3d at 764-65.  But more importantly, plaintiffs do not allege anywhere

22   in the complaint the specific manner in which Seyfarth concealed their degree of learning, skill,

23   diligence, or competence in litigating patent cases, or their lack of intent to communicate with

24   co-counsel.[4]  Neither do they assert any facts establishing that Seyfarth lacked the qualifications

25

26   ---
     [4]  Indeed, the specific facts Plaintiffs allege suggest the opposite conclusion.  Plaintiffs contend
     that on November 18, 2005, the "*same day*" that the "District Court held the initial Case

27   Management Conference in *Berger v. Rossignol*," *all* defendants met along with the attorney
     who handled the prosecution of the '530 and '569 patents "to discuss and strategize concerning

28   plaintiffs' pending action against Rossignol." *Id.* ¶ 20 (emphasis added); *see also* ¶ 21

1  to litigate a patent case. *See In re GlenFed*, 42 F.3d at 1548 ("The statement in question must

2  be false to be fraudulent . . . . The plaintiff must set forth what is false or misleading about a

3  statement, and why it is false."). Finally, they fail to allege when any such concealments were

4  made, or to whom they were made.

5      Next, plaintiffs allege that Seyfarth concealed its intent to prepare the allegedly defective

6  claim chart that Allen incorporated into the Infringement Contentions, and for Allen to serve

7  those Infringement Contentions on Rossignol. *See* Compl. ¶ 57(C)-(E). Again, plaintiffs do not

8  identify the person who concealed Seyfarth's true intent, by what means—misrepresentation or

9  nondisclosure—he or she concealed these facts, or when these facts were concealed. It is worth

10 noting that Allen, not Seyfarth, prepared, signed, filed, and served the Infringement Contentions,

11 so it is unclear how Seyfarth could possibly have done anything to conceal how Allen planned to

12 perform an act that was entirely within Allen's control and discretion. *See* Compl. ¶ 26.

13     The final three alleged concealments relate to defendants' failure to inform plaintiffs that

14 they would, at some point in the future, conceal various facts not from plaintiffs, but from third

15 parties. *See id.* ¶¶ 57(F)-(H). Nowhere do plaintiffs explain how Seyfarth's purported failure to

16 accurately predict its future behavior, based on unknown facts that resulted in an unforeseen

17 court appearance, amounts to fraud. Neither do they explain how concealment of facts from a

18 third party amounts to a fraud on them. As noted above, they do not assert that these facts were

19 concealed from them, and they cannot allege that they relied on them in hiring Seyfarth. Finally,

20 as with the other alleged concealments discussed above, plaintiffs never identify the person or

21 Defendant who "knowingly or recklessly concealed" that Seyfarth "would conceal" the

22 purported facts, nor do they state when, to whom, or by what means such concealment of

23 Seyfarth's intention to conceal was made.

24     This does not comport with Rule 9(b)'s particularity requirement. *See Vess*, 317 F.3d at

25 1106 ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of

26 the misconduct charged."). All plaintiffs provide are broad-brush, conclusory allegations that

27

28 ("*Immediately* after the initial Case Management Conference . . . .) (emphasis added).

DEFENDANTS SEYFARTH SHAW LLP'S AND JACK L. SLOBODIN'S NOTICE OF MOTION AND MOTION TO
DISMISS PLAINTIFFS' COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. C07-05279 MMC

404918.02

1    cannot support a fraud cause of action as a matter of law.

2        **3.    Plaintiffs fail to provide fair notice of the basis of their fraud claim.**

3        There are four distinct subspecies of fraud actions under California law.  Plaintiffs' third

4    cause of action, however, is simply labeled "Fraud," and the complaint provides little guidance

5    as to the theory of fraud that plaintiffs are actually alleging.  *See* Compl. ¶¶ 56-60.  California

6    Civil Code § 1710 identifies four different theories upon which a fraud or deceit claim is

7    actionable in tort: (i) intentional misrepresentation of fact; (ii) negligent misrepresentation of

8    fact; (iii) concealment or suppression of fact; or (iv) promissory fraud. *See also* Civil Code §

9    1572 (dealing with fraud in the making of contracts and including a fifth theory, "[a]ny other act

10   fitted to deceive.").

11       Plaintiffs' complaint fails to specify the species of fraud they are asserting.  Paragraph 57

12   alleges that "Defendants knowingly or recklessly concealed numerous material facts from

13   plaintiffs . . . ." and then identifies eight alleged concealments, suggesting that plaintiffs are

14   proceeding with a concealment action.  *See also* Compl. ¶¶ 34, 41.  But other allegations in the

15   complaint suggest an intentional misrepresentation theory.  *See id.* ¶¶ 36, 41.  Plaintiffs'

16   confusion is epitomized in paragraph 36, where they intermix the two theories, stating that

17   defendants engaged in "misrepresentations and concealments of material fact [that] were

18   intentionally made to conceal" various facts.  This is unintelligible on its face.  This Court should

19   require plaintiffs to provide Seyfarth with adequate notice of the basis of their fraud claim.

20   **D.    Plaintiffs fail to allege facts sufficient to support a claim for negligent
         misrepresentation.**

21

22       For the same reasons their fraud claim is defective, plaintiffs' fourth claim, for negligent

23   misrepresentation, is also unavailing.  Plaintiffs fail to allege all elements of a negligent-

24   misrepresentation claim or plead the purported negligent misrepresentations with the required

25   specificity.  Negligent misrepresentation claims are subject to the heightened pleading

26   requirements of Rule 9(b).  *See Miller v. Allstate Ins. Co.*, 489 F. Supp. 2d 1133, 1139 (S.D. Cal.

27   2007); *see also Neilson v. Union Bank*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003) (noting

28

404918.02

1  that, under California law, negligent misrepresentation is a form of deceit); *Alliance Mortgage*

2  *Co. v. Rothwell*, 10 Cal. 4th 1226, 1239 n.4 (Cal. 1995) (negligent misrepresentation is a species

3  of deceit and like fraud, requires a misrepresentation, justifiable reliance and damage).

4      Moreover, to the extent plaintiffs' "negligent misrepresentation" claim is based on

5  concealment rather than misrepresentation, this claim must be dismissed for that reason as well.

6  California does not recognize a cause of action for negligent concealment.  Concealment is a

7  form of deceit, which is defined by statute as "[t]he suppression of a fact, by one who is bound to

8  disclose it, or who gives information of other facts which are likely to mislead for want of

9  communication of that fact[.]"  Cal. Civ. Code § 1710(3).  Unlike misrepresentation, however,

10  the California Civil Code does not distinguish between intentional and negligent concealment.

11  *Compare* Cal. Civ. Code § 1710(1) and (2) (distinguishing between intentional and negligent

12  misrepresentation) *with* Cal. Civ. Code § 1710(3) (concealment).  Only intentional concealment,

13  not negligent concealment, is actionable in California.  *See id.*; *Mosier*, 63 Cal. App. 4th at 1045

14  (requiring willful intent as an element of concealment); *see also* Cal. Civ. Code § 1709

15  (requiring willfulness to recover for deceit).  Accordingly, any claim for negligent concealment

16  would be fatally defective and should be dismissed now.

17                          **V.    CONCLUSION**

18      For the foregoing reasons, the Court should grant Seyfarth's motion to dismiss plaintiffs'

19  complaint.

20

21  Dated:  October 24, 2007                    KEKER & VAN NEST, LLP

22

23

24                                 By: /s/ Daniel Purcell
                                      DANIEL PURCELL
25                                    Attorneys for Defendants
                                      SEYFARTH SHAW LLP AND JACK L.
26                                    SLOBODIN

27

28

DEFENDANTS SEYFARTH SHAW LLP'S AND JACK L. SLOBODIN'S NOTICE OF MOTION AND MOTION TO
DISMISS PLAINTIFFS' COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
CASE NO. C07-05279 MMC

404918.02

**PROOF OF SERVICE**

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On October 24, 2007, I served the following document(s):

DEFENDANTS SEYFARTH SHAW LLP'S AND JACK L. SLOBODIN'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

[PROPOSED] ORDER GRANTING DEFENDANTS SEYFARTH SHAW LLP'S AND JACK L. SLOBODIN'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT

by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

Attorneys for Plaintiffs RICHARD W. BERGER and BRANT W. BERGER

Justin T. Beck, Esq.
Ron C. Finley, Esq.
Alfredo A. Bismonte, Esq.
Craig Alan Hansen, Esq.
Jeremy M. Duggan, Esq.
Beck, Ross, Bismonte & Finley, LLP
50 W. San Fernando Street, Suite 1300
San Jose, CA 95113
Tel.:    (408) 938-7900
Fax:    (408) 938-0790
Email: jbeck@beckross.com
Email: rfinley@beckross.com
Email: abismonte@beckross.com
Email: chansen@beckross.com
Email: jduggan@beckross.com

by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

and

1  by **FEDERAL EXPRESS**, by placing a true and correct copy in a sealed envelope addressed as
2  shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for
   correspondence for delivery by FedEx Corporation. According to that practice, items are
3  retrieved daily by a FedEx Corporation employee for overnight delivery.

4

   Appearing *In Pro Per*
5
   Douglas B. Allen
6  Burnett, Burnett & Allen
   333 West San Carlos Street, 8th Floor
7  San Jose, CA 95110
   Tel.:   (408) 298-6540
8  Fax.:  (408) 298-0914
   burnettburnettallen@yahoo.com
9

10 I declare under penalty of perjury under the laws of the State of California that the above is true
11 and correct.

12 Executed on October 24, 2007, at San Francisco, California.

13                            *Lauren Hartz Lewis*
14                            Lauren Hartz-Lewis
15 .

16

17

18

19

20

21

22

23

24

25

26

27

28