| | |
|---|---|
| 1 | KEKER & VAN NEST, LLP |
| | ELLIOT R. PETERS - #158708 |
| 2 | DANIEL PURCELL - #191424 |
| | KLAUS HAMM - #224905 |
| 3 | 710 Sansome Street |
| | San Francisco, CA 94111-1704 |
| 4 | Telephone: (415) 391-5400 |
| | Facsimile: (415) 397-7188 |

Attorneys for Defendants
SEYFARTH SHAW LLP and
JACK L. SLOBODIN

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD W. BERGER and BRANT W. BERGER, | Case No. C07-05279 MMC |
| Plaintiffs, | **NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS SEYFARTH SHAW LLP AND JACK L. SLOBODIN'S MOTION TO STRIKE** |
| v. | |
| SEYFARTH SHAW LLP, an Illinois limited liability partnership; JACK L. SLOBODIN, an individual; BURNETT, BURNETT & ALLEN, a California partnership; DOUGLAS B. ALLEN, an individual; and DOES 1-100, inclusive, | Date: November 30, 2007 |
| | Time: 9 a.m. |
| | Courtroom: 7, 19th Floor |
| | Judge: Hon. Maxine M. Chesney |
| Defendants. | |
| | Date Comp. Filed: September 12, 2007 |
| | Trial Date: None set. |

404999.04

NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS SEYFARTH SHAW LLP AND JACK L. SLOBODIN'S MOTION TO STRIKE
CASE NO. C07-05279 MMC

**NOTICE OF MOTION AND MOTION TO STRIKE**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that on November 30, 2007 at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 7 on the 19th Floor of the United States District Court, 450 Golden Gate Avenue, San Francisco, CA, Defendants Seyfarth Shaw LLP and Jack L. Slobodin will, and hereby do will, and hereby do, move this Court to strike plaintiffs' prayer for punitive damages from the Complaint pursuant to Fed. R. Civ. P. 12(f). This Motion to Strike is based on the Notice of Motion, the Memorandum of Points and Authorities in support, the [Proposed] Order, all pleadings and papers filed herein, the oral argument of counsel, and any other matter that may be submitted at the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     STATEMENT OF THE ISSUE**

Whether plaintiffs' request for punitive damages should be stricken from their Complaint pursuant to Federal Rule of Civil Procedure 12(f)?

**II.     INTRODUCTION**

This is a poorly pled legal malpractice action. In their accompanying motion to dismiss, Defendants Seyfarth Shaw LLP and Jack L. Slobodin (collectively "Seyfarth") explain why those core allegations are subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs have also gilded their lily with an illogical fraud claim and an improper prayer for punitive damages. But professional negligence, even if proven, would not entitle plaintiffs to punitive damages. Plaintiffs attempt to justify this prayer by alleging conclusorily that "Defendants' conduct was willful, fraudulent, malicious, and oppressive" without stating any fact that supports those allegations. Compl. ¶¶ 60, 71. Since plaintiffs' conclusory allegations are insufficient as a matter of law, this Court should strike the prayer for punitive damages.

**III.     ARGUMENT**

Pursuant to Federal Rule of Civil Procedure 12(f), the court may strike any "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The function of a Rule 12(f) motion is to avoid the expense of time and money that might arise from litigating spurious

1

NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS SEYFARTH SHAW LLP AND JACK L. SLOBODIN'S MOTION TO STRIKE
CASE NO. C07-05279 MMC

404999.04

1  issues by dispensing with those issues prior to trial.  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524,

2  1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). Motions to strike are

3  commonly used to "strike a prayer for relief where the damages sought are not recoverable as a

4  matter of law." *Gay-Straight Alliance Network v. Visalia Unified Sch. Dist.*, 262 F. Supp. 2d

5  1088, 1110 (E.D. Cal. 2001); *see also Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 n. 34

6  (C.D. Cal. 1996) (motion to strike proper where any part of prayer for relief is not recoverable).

7  **A.    If the court dismisses plaintiffs' claims for fraud and breach of fiduciary duty, it also should strike their punitive damages claim.**

8  Plaintiffs request punitive damages *only* in connection with their fraud and breach of

9  fiduciary duty causes of action as a result of Seyfarth's allegedly "willful, fraudulent, malicious,

10  and oppressive" conduct.  Compl. ¶¶ 60 & 71 & Prayer for Relief.  Thus, if the Court grants

11  Seyfarth's motion to dismiss the fraud and breach of fiduciary duty causes of action, it should

12  also strike plaintiffs' punitive damages request.

13  **B.    Plaintiffs' have not alleged facts supporting their punitive damages claim, thus it must be stricken.**

14

15  Plaintiffs' request for punitive damages should be stricken from the complaint because

16  they have not sufficiently pled facts against Seyfarth showing fraud, malice, or oppression.

17  While Rule 9(b) creates a heightened pleading requirement for averments of the "circumstances

18  constituting fraud or mistake," the Rule also states that "[m]alice, intent, knowledge, and other

19  condition of mind of a person may be averred generally." Fed. R. Civ. Pro. 9(b).  This exception

20  to Rule 9(b)'s heightened pleading standard, however, does not mean that no pleading standards

21  apply to allegations of "[m]alice, intent, knowledge, and other condition of mind."  Instead the

22  normal pleading requirement of Rule 8(a) applies.  *See Bureerong*, 922 F. Supp. at 1480-81

23  (applying Rule 8(a) to prayer for punitive damages).

24  Rule 8(a) requires pleadings to "contain . . . a short and plain statement of the claim

25  showing that the pleader is entitled to relief, and . . . a demand for judgment for the relief the

26  pleader seeks," in order to "give the defendant fair notice of what the . . . claim is and the

27  grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957); Fed. R. Civ. Pro. 8(a).

28  In a recent opinion, the United States Supreme Court clarified that under Rule 8(a) "a plaintiff's

2

NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS SEYFARTH SHAW LLP AND JACK L. SLOBODIN'S MOTION TO STRIKE
CASE NO. C07-05279 MMC

404999.04

1  obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and
2  conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*
3  *Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). In other words, a complaint must set out
4  alleged *facts* rather than simply *legal conclusions*: Rule 8(a)(2) "requires a 'showing,' rather than
5  a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it
6  is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of
7  the nature of the claim, but also 'grounds' on which the claim rests." *Id.* at 1065 n. 3. Further,
8  when "naked assertion[s] . . . stop[] short of the line between possibility and plausibility," they
9  fail to establish an "entitle[ment] to relief" under Rule 8(a). *Id.* at 1966.
10  Here, plaintiffs allege only legal conclusions, and not facts, in support of their claim for
11  punitive damages. California Civil Code section 3294 provides for punitive damages "in an
12  action for breach of an obligation not arising from a contract, where it is proven by clear and
13  convincing evidence that the defendant has been guilty of *oppression, fraud, or malice*." Cal.
14  Civ. Code § 3294 (emphasis added). Plaintiffs' mere allegation that Seyfarth's conduct was
15  "willful, fraudulent, malicious, and oppressive" cannot support the request for punitive damages.
16  In the first place, the allegation that Seyfarth's conduct was "willful" cannot support a request for
17  punitive damages because California Civil Code section 3294 allows for punitive damages only
18  when a plaintiff proves oppression, fraud, or malice. Plaintiffs' allegations that Seyfarth's
19  conduct was "fraudulent, malicious, and oppressive" is nothing more than a bare legal
20  conclusion that parrots California Civil Code section 3294. Under *Bell Atlantic Corp.*, this legal
21  conclusion and "formulaic recitation" of section 3294 cannot meet the pleading requirements of
22  Rule 8(a).
23  Nothing else in the complaint even comes close to an allegation that Seyfarth's conduct
24  was fraudulent, malicious, or oppressive. As discussed in Seyfarth's motion to dismiss, filed
25  herewith, plaintiffs have not alleged any fraudulent conduct in their complaint, nor have they
26  alleged conduct from which fraud could be plausibly inferred. *See* Memo. of P. & A. in Supp. of
27  Mot. to Dismiss at 8-14. In addition, to the extent they attempt to rely on alleged concealments
28  by Seyfarth as a basis for an inference of fraud, they have not identified those concealments with

3

NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS SEYFARTH SHAW LLP AND JACK L. SLOBODIN'S MOTION TO STRIKE
CASE NO. C07-05279 MMC

404999.04

1  sufficient particularity.  *See id.*  Accordingly, their fraud claim is fatally defective, must be
2  dismissed, and cannot support punitive damages.

3  Neither do plaintiffs allege any facts showing that Seyfarth's conduct was "malicious" or
4  "oppressive."  Under California law, "'[m]alice' means a wrongful intent to vex or annoy.
5  'Oppression' means subjecting a person to cruel and unjust hardship in conscious disregard of
6  his rights."  *Monge v. Superior Court*, 176 Cal. App. 3d 503, 511 (1986).  Although plaintiffs
7  contend conclusorily in paragraphs 60 and 71 of the complaint that Seyfarth's conduct was
8  "malicious" and "oppressive," they fail to include any factual allegations which even remotely
9  support that conclusion.

10  Finally, even if plaintiffs' claim for breach of fiduciary duty survives Seyfarth's motion
11  to dismiss, because there are no actionable allegations of fraud in the complaint, and no facts
12  alleged showing oppressive or malicious behavior, plaintiffs cannot recover punitive damages on
13  a breach of fiduciary duty theory under California law.  *See American Airlines v. Sheppard*, 96
14  Cal. App. 4th 1017, 1051 (2002) ("[A] breach of a fiduciary duty alone without malice, fraud or
15  oppression does not permit an award of punitive damages.") (quotations and citations omitted).

16  In sum, the only basis that plaintiffs assert for their entitlement to an award of punitive
17  damages is the bare legal conclusion that Seyfarth's conduct was "fraudulent, malicious, and
18  oppressive." Compl. ¶¶ 60 & 71. Because these naked assertions without any supporting factual
19  allegations fail to establish a plausible basis for plaintiffs' entitlement to an award of punitive
20  damages, they should be stricken from the complaint for failure to comply with Rule 8(a).
21  Plaintiffs' prayer for an award of punitive damages should also be stricken because it, too, fails
22  to comply with Rule 8(a).
23  ///
24  ///
25  ///
26  ///
27  ///
28

4

NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS SEYFARTH SHAW LLP AND JACK L. SLOBODIN'S MOTION TO STRIKE
CASE NO. C07-05279 MMC

404999.04

## IV. CONCLUSION

For the foregoing reasons, plaintiffs have no basis in law for seeking an award of punitive damages here. The Court should strike that request from the Complaint.

Dated: October 24, 2007                             KEKER & VAN NEST, LLP

                                    By: /s/ Daniel Purcell
                                        DANIEL PURCELL
                                        Attorneys for Defendants
                                        SEYFARTH SHAW LLP AND JACK L. SLOBODIN

5
NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS SEYFARTH SHAW LLP AND JACK L. SLOBODIN'S MOTION TO STRIKE
CASE NO. C07-05279 MMC

404999.04

# PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On October 24, 2007, I served the following document(s):

**NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS SEYFARTH SHAW LLP AND JACK L. SLOBODIN'S MOTION TO STRIKE**

**[PROPOSED] ORDER GRANTING DEFENDANTS SEYFARTH SHAW LLP'S AND JACK L. SLOBODIN'S MOTION TO STRIKE**

by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

    Attorneys for Plaintiffs RICHARD W. BERGER and BRANT W. BERGER

    Justin T. Beck, Esq.
    Ron C. Finley, Esq.
    Alfredo A. Bismonte, Esq.
    Craig Alan Hansen, Esq.
    Jeremy M. Duggan, Esq.
    Beck, Ross, Bismonte & Finley, LLP
    50 W. San Fernando Street, Suite 1300
    San Jose, CA 95113
    Tel.:   (408) 938-7900
    Fax:   (408) 938-0790
    Email: jbeck@beckross.com
    Email: rfinley@beckross.com
    Email: abismonte@beckross.com
    Email: chansen@beckross.com
    Email: jduggan@beckross.com

by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

and

404999.04

i

PROOF OF SERVICE
Case No. C07-05279 MMC

by **FEDERAL EXPRESS**, by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for correspondence for delivery by FedEx Corporation. According to that practice, items are retrieved daily by a FedEx Corporation employee for overnight delivery.

Appearing *In Pro Per*

Douglas B. Allen
Burnett, Burnett & Allen
333 West San Carlos Street, 8th Floor
San Jose, CA 95110
Tel.:  (408) 298-6540
Fax.:  (408) 298-0914
burnettburnettallen@yahoo.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 24, 2007, at San Francisco, California.

*Lauren Hartz-Lewis*
Lauren Hartz-Lewis