Justin T. Beck, Esq. (Cal. Bar No. 53138)
Ron C. Finley, Esq. (Cal. Bar No. 200549)
Alfredo A. Bismonte, Esq. (Cal. Bar No. 136154)
Craig Alan Hansen, Esq. (Cal. Bar No. 209622)
Jeremy M. Duggan, Esq. (Cal. Bar No. 229854)
Beck, Ross, Bismonte & Finley, LLP
50 West San Fernando Street, Suite 1300
San Jose, CA 95113
Tel: (408) 938-7900
Fax: (408) 938-0790
Email: jbeck@beckross.com
      rfinley@beckross.com
      abismonte@beckross.com
      chansen@beckross.com
      jduggan@beckross.com

Attorneys for Plaintiffs
Richard W. Berger and Brant W. Berger

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD W. BERGER and BRANT W. BERGER,<br><br>    Plaintiffs,<br><br>v.<br><br>SEYFARTH SHAW LLP, an Illinois limited liability partnership; JACK L. SLOBODIN, an individual; BURNETT, BURNETT, & ALLEN, a California partnership; DOUGLAS B. ALLEN, an individual; and DOES 1-100, inclusive;<br><br>    Defendants. | **Case No. C 07-05279 JSW**<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT ALLEN'S MOTION TO DISMISS AND IN SUPPORT OF PLAINTIFFS' CROSS-MOTION FOR SUMMARY ADJUDICATION AGAINST ALLEN RE STATUTE OF LIMITATIONS**<br><br>**Date:** **January 11, 2008**<br>**Time:** **9:00 a.m.**<br>**Place:** **Courtroom 2, 17th Floor**<br>**Judge:** **Hon. Jeffrey S. White** |

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................................1

SUMMARY OF ARGUMENT ............................................................................................1

FACTUAL BACKGROUND ................................................................................................2

I. Facts Alleged in Complaint ................................................................................................2
        A.    The Berger Patents..................................................................................................2
        B.    Preparation for *Berger v. Rossignol* - The Suyat Claim Chart .............................2
        C.    Initiation of *Berger v. Rossignol* - Collaboration Between Defendants ................3
        D.    The Bergers' Infringment Contentions and the Defective Seyfarth Shaw
            Claim Chart...........................................................................................................3
        E.    Rossignol's Summary Judgment Motion - Defendants' Concealment of Their
            Mistakes ................................................................................................................4
        F.    The Federal Circuit Appeal - Defendants' Ongoing Concealment .........................5

II. Additional Facts Offered in Opposition to Allen's Putative Motion for Summary
Judgment and In Support of The Bergers' Cross-Motion for Summary Adjudication ....................5
        A.    The Bergers' Rule 60 Motion - Joint Preparation by Allen & Seyfarth..................6
        B.    The Bergers' Federal Circuit Appeal - Continued Representation by Allen............7
        C.    The Bergers' Petition for Certiorari - Direct Handling by Allen ...........................8
        D.    The Bergers' Lawsuit Against Allen - End of Attorney-Client Relationship .........8

ARGUMENT..........................................................................................................................9

I. The Statute of Limitations Under CCP § 340.6 Was Tolled During Allen's Ongoing
Representation of The Bergers...............................................................................................9
        A.    The Bergers' Allegations Confirm That Allen's Representation Was Ongoing.......9
        B.    The Declaration of Richard Berger Confirms Allen's Ongoing
            Representation......................................................................................................10

II. The Bergers' Fraud Claim is not "Uncertain"..............................................................................12

IV. If Allen's Motion is Granted, The Bergers Should be Allowed to Amend...............................12

BECK, ROSS, BISMONTE & FINLEY, LLP
FAIRMONT PLAZA
50 W. SAN FERNANDO ST., 1300
SAN JOSE, CALIFORNIA 95113
TELEPHONE (408) 938-7900

# TABLE OF AUTHORITIES

CASES

*Arpine v. Santa Clara Valley Transportation Agency*, 261 F.3d 912, 925 (9th Cir. 2001) ...........10

*Cahill v. Liberty Mutual Insurance Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996)..............................10

STATUTES

Cal. Civ. Proc. Code § 340.6 ...............................................................................................1, 2, 9, 10

Fed. R. Civ. Proc. Rule 12(b)(6) ................................................................................................10

OTHER AUTHORITIES

Schwarzer, Tashima, Wagstaffe, California Practice Guide--Federal Civil Procedure Before Trial (Rutter Group 2006). ........................................................................................................10, 12

BECK, ROSS, BISMONTE & FINLEY, LLP
FAIRMONT PLAZA
50 W. SAN FERNANDO ST., 1300
SAN JOSE, CALIFORNIA 95113
TELEPHONE (408) 938-7900

**INTRODUCTION**

This lawsuit arises from the collective malpractice of defendants Jack L. Slobodin, Seyfarth Shaw LLP, Douglas B. Allen, and Burnett, Burnett, & Allen in preparing the Preliminary Infringement Contentions ("Infringement Contentions") of Richard and Brant Berger in their patent infringement action against Rossignol Ski Company. As a direct result of defendants' blunders, the District Court dismissed the Bergers' infringement action on summary judgment on April 25, 2006. Rather than admitting their mistakes, defendants attempted to conceal them from the Bergers, the federal court, and the Federal Circuit Court of Appeals.

**SUMMARY OF ARGUMENT**

Defendant Allen claims that the Bergers' lawsuit against him is barred by the one-year malpractice statute of limitations (CCP § 340.6) because more than one year passed between the April 25, 2006 judgment in *Berger v. Rossignol* and the September 12, 2007 filing of the Bergers' complaint in the present case.[1] Allen's argument fails for several reasons.

Allen readily concedes that the statute of limitations is "tolled while representation continues on the same matter" in which the alleged malpractice took place.[2] The Bergers' complaint alleges that "an attorney-client relationship existed between plaintiffs and defendants" at all times relevant to the matters alleged[3] and "at least through the Federal Circuit's denial of the appeal on January 16, 2007."[4] Accordingly, because less than one year passed between January 16, 2007 and the September 12, 2007 filing of the complaint in this action, the statute of limitations did not expire.

Allen improperly attempts to circumvent the Bergers' allegations by arguing—without evidentiary support—that (1) he "was neither attorney of record on the appeal or is admitted to the Federal Circuit Court of Appeals"; and (2) that his March 9, 2005 retainer letter to the Bergers terminated his representation upon entry the April 25, 2006 judgment.[5] Both of those unsupported

---

[1] The Bergers' action was initially filed in California state court on September 12, 2007. It was later removed to this court on October 17, 2007.
[2] (Allen Memorandum at 4). See also, Cal. Civ. Proc. Code § 340.6(a)(2).
[3] (Complaint at ¶ 6).
[4] (Complaint at ¶ 42).
[5] (Allen Memorandum at 4).

assertions are absent from the complaint, rebutted by the Bergers' allegations, disputed, and, moreover, may not form the basis of a motion to dismiss under Rule 12(b)(6). As such, Allen's motion must be denied.

That said, should the court consider Allen's unsupported assertions, the court must consider his motion to be one for summary judgment.[6] If so, the Bergers cross-move for summary adjudication that the statute of limitations does not bar any claim of the Bergers against Allen. As set forth in the declaration of Richard Berger, Allen continued to represent and advise the Bergers through the their Rule 60 motion to vacate the judgment, the subsequent Federal Circuit appeal, and the Petition for Certiorari to the United States Supreme Court (which was filed by Allen on April 12, 2007 and denied on October 1, 2007). Allen's assertion that he stopped representing the Bergers on April 25, 2006 is blatantly false.

Finally, Allen's assertion that all of the Bergers' claims are governed by the one-year statute of limitations under Cal. Civ. Proc. Code § 340.6 is simply wrong.[7] Section 340.6 does not apply to "actual fraud."[8] Thus even if the Bergers' claims against Allen for professional negligence, breach of contract, and breach of fiduciary duty were time-barred, the Bergers' fraud claim would survive.

**FACTUAL BACKGROUND**

**I.   Facts Alleged in Complaint**

**A.   The Berger Patents**

The Bergers invented a novel step-in binding (the Berger Binding) that was awarded two United States Patents (Nos. 5,913,530 (the '530 patent) and 6,196,569 (the '569 patent)).[9] Rossignol, a large French ski company, infringed those patents.[10]

**B.   Preparation for *Berger v. Rossignol* - The Suyat Claim Chart**

In preparing to sue Rossignol, the Bergers' patent attorney, Reginald Suyat, prepared a

---

[6] FRCP 12(b)(last sentence).
[7] (Allen Memorandum at 2).
[8] Cal. Civ. Proc. Code § 340.6(a).
[9] (Complaint at ¶¶ 1 and 9).
[10] *Id.* at ¶ 10.

BECK, ROSS, BISMONTE & FINLEY, LLP
FAIRMONT PLAZA
50 W. SAN FERNANDO ST., 1300
SAN JOSE, CALIFORNIA 95113
TELEPHONE (408) 938-7900

claim chart (the Suyat Claim Chart) explaining how the Rossignol binding infringed both patents.[11]

In early 2003, the Bergers began consulting with Slobodin and his law firm, Seyfarth Shaw, about filing a patent infringement action against Rossignol. On October 13, 2003, Suyat sent Slobodin a copy of the Suyat Claim Chart.[12]

The Bergers retained Allen and his firm, Burnett, Burnett, & Allen, to initiate the patent infringement action against Rossignol. But because Allen had no prior patent infringement experience, Slobodin and Seyfarth agreed to advise, supervise, and assist Allen in the action.[13]

### C. Initiation of *Berger v. Rossignol* - Collaboration Between Defendants

Suit was filed in the Northern District of California in June 2005 and assigned to the Hon. Charles R. Breyer. Judge Breyer held the initial Case Management Conference on November 18, 2005.[14] Later that day, Allen met with Slobodin and Suyat. After that meeting, Slobodin promised plaintiffs that he would supervise the case to make sure all important deadlines were met and appropriate procedures were followed, and that he soon would file his formal appearance in *Berger v. Rossignol*.[15]

### D. The Bergers' Infringement Contentions and the Defective Seyfarth Shaw Claim Chart

The Patent Scheduling Order in *Berger v. Rossignol* mandated that Plaintiffs Infringement Contentions were to be served by December 3, 2005. Defendants missed that deadline because Seyfarth failed to provide the promised support. On December 16, two weeks after the deadline had passed, Allen wrote to Slobodin requesting a claim chart to comply with the court's order. Almost three weeks later, on January 3, 2006, Slobodin and Seyfarth sent Allen a modified and fatally defective claim chart. Allen served that claim chart with the Bergers' Infringement Contentions the following day on January 4.

Significantly, and in contrast to the Suyat chart, the Seyfarth Claim chart included the Rossignol "coupler base" (item 4) as part of the "lower attachment." The '530 patent requires that

---

[11] *Id*. at ¶ 13.
[12] *Id.* at ¶¶ 14 and 15.
[13] *Id*. at ¶ 18.
[14] *Id*. at ¶¶ 19 and 20.
[15] *Id*. at ¶¶ 20-21.

the "lower attachment" rotate "relative to" the "upper attachment." But in the Rossignol product the "coupler base" rotates <u>with</u> the upper attachment, <u>not relative to it</u>.[16]

In addition to providing Allen with a faulty claim chart, Seyfarth also sent Allen a Seyfarth memorandum discussing the validity of the '569 patent. As an apparent result of that memo, defendants did not include a claim chart or any mention of the '569 patent in the Infringement Contentions.[17]

Additionally, the Bergers' Infringement Contentions made no contention of infringement under the Doctrine of Equivalents of either the '530 or '569 patents.[18]

### E. Rossignol's Summary Judgment Motion - Defendants' Concealment of Their Mistakes

Seizing on defendants' blunders, on February 21, 2006, Rossignol promptly filed a motion for summary judgment asserting that (1) the Bergers' Infringement Contentions confirmed noninfringement of the '530 patent; and (2) the Berger's case should be dismissed as to the '569 patent because no contentions were made as to that patent.[19]

On March 14, 2006, Seyfarth filed an appearance in *Berger v. Rossignol*. But rather than forthrightly telling the Bergers and the court about their mistake and seeking to amend the Bergers' Infringement Contentions, defendants unsuccessfully sought Rule 56(f) postponement of the summary judgment motion.[20]

Finally, on March 27, 2006, defendants conceded that the Infringement Contentions were defective and moved to amend them. But in presenting that motion, *defendants concealed the fact that Seyfarth had prepared the defective claim chart incorporated into the Infringement Contentions*. Defendants also filed the Bergers' opposition to Rossignol's motion for summary judgment conceding that the Bergers' Infringement Contentions were defective and making no argument that Rossignol's binding infringed the '530 patent under the defective Infringement

---

[16] *Id.* at ¶ 27.
[17] *Id.* at ¶¶ 25 and 28.
[18] *Id.* at ¶ 29.
[19] *Id.* at ¶ 30.
[20] *Id.* at ¶¶ 20, 21, and 31-33.

BECK, ROSS, BISMONTE & FINLEY, LLP
FAIRMONT PLAZA
50 W. SAN FERNANDO ST., 1300
SAN JOSE, CALIFORNIA 95113
TELEPHONE (408) 938-7900

Contentions.[21]

At the April 14, 2006 oral argument, defendant Slobodin again concealed Seyfarth's responsibility for the faulty claim chart and indicated that Seyfarth was not involved in the action until after the Infringement Contentions were served.[22]

On April 25, 2006, the District Court denied the Bergers' Motion for Leave to Amend emphasizing that "the Bergers offer no explanation as to why the 'errors' were made in the first place, and, in particular, how they could have 'mistakenly' omitted any contentions as to the '569." The District court also granted Rossignol's Motion for Summary Judgment and entered Judgment in favor of Rossignol as to the Bergers' patent infringement claims.[23]

**F. The Federal Circuit Appeal – Defendants' Ongoing Concealment**

The Bergers later appealed the District Court's judgment to the Federal Circuit. During oral argument on January 10, 2007, defendant Slobodin continued to conceal his and Seyfarth's preparation of the defective claim chart used in the Bergers' Infringement Contentions. When the Federal Circuit asked Slobodin how the errors in the Infringement Contentions occurred, Slobodin deceptively replied, "the attorney that was handling it before me did that for whatever reason I am not sure." On January 16, 2007, the Federal Circuit affirmed the District Court's April 25, 2006 judgment.[24]

Each of the defendants represented the Bergers during these events and continued to do so at least through the Federal Circuit's denial of the appeal on January 16, 2007.[25]

**II.    Additional Facts Offered in Opposition to Allen's Putative Motion for Summary Judgment and In Support of The Bergers' Cross-Motion for Summary Adjudication**

Allen claims that he no longer represented the Bergers after the April 25, 2006 judgment was entered. The accompanying declaration of Richard Berger and attached exhibits confirm that Allen's claim is simply not true.[26]

---

[21] *Id.* at ¶¶ 34- 35.
[22] *Id.* at ¶ 36.
[23] *Id.* at ¶¶ 37-40.
[24] *Id.* at ¶¶ 41-42.
[25] *Id.* at ¶¶ 6 and 43.
[26] (Berger Decl., ¶ 4).

**A.    The Bergers' Rule 60 Motion - Joint Preparation by Allen & Seyfarth**

After the April 25, 2006 judgment was entered, defendants began jointly preparing a Rule 60 motion to vacate the judgment.[27]

On May 7, 2006, Allen forwarded his draft FRCP Rule 60 motion to the Bergers containing, for the first time, an explanation of how the defendants' mistake occurred:

> In 2003, a second claim chart was created by Sayfarth [sic] and Shaw in Chicago, which chart did include the base plate (item 4), as part of the lower attachment along with 5b, and 17, in claim one.
> ….
> The undersigned intended to utilized [sic] the claims chart of Mr. Suyat in the preliminary infringement contentions, however the original had not been located, only a copy with inter-lineation (underlining in the text).  Due to the lateness of the disclosures already, the undersigned despaired of finding the original.  In actually making the disclosure, however, the undersigned mistook the claims chart from the Sayfarth [sic] Chicago office as a clean copy of the Suyat chart, not noticing the mistaken identification of the base plate (item 4) in claim one.  The undersigned therefore erroneously disclosed the wrong claims chart.  Instead of using the chart prepared by the patent's prosecutor, the chart by a former associate of Sayfarth [sic] in Chicago was erroneously used.[28]

Defendants then forwarded their draft Rule 60 motion to David Tunno, a trial consultant they had been consulting with concerning *Berger v. Rossignol*.  After reviewing the draft, Tunno cautioned defendants that, by explaining their mistake, they were revealing that Slobodin had made "misleading" statements to the court during the April 14, 2006 hearing:

> There is one aspect of it that strikes me as a being a potential problem.  <u>I believe this will be the first time the court will have learned of the involvement of Seyfarth Shaw, some 3 years ago</u> (pg. 8, 2nd paragraph).  How the Chicago office became involved at that point is not explained in the brief and my concern is that the court may interpret that involvement as a contradiction to what Jack told the court in the April 14, hearing, specifically that he was not directly or substantially involved until March, '06.  <u>If not a contradiction to Jack's claim, it may at least seem that Jack's claim was misleading.</u>[29]

Allen responded on May 8, 2006:

> Those are good suggestions.  I struggled with whether to identify Sayfarths [sic] involvement in 2003.  I am concerned about

---

[27] *Id*., ¶ 5.
[28] *Id*., ¶ 6; Ex. A at pp. 8:9-11 and 9:7-14.
[29] *Id*., ¶ 7; Ex. B at p. 2 (emphasis added).

withholding things from the court at this point. I have no problem inserting more explanation. Anyway I shall consider your thoughts further today.[30]

Defendants ultimately decided to continue to hide Seyfarth's early involvement from the court. On May 23, 2006, defendants filed a Rule 60(b) motion which made no reference to Seyfarth's preparation of the faulty claim chart used to prepare the Bergers' Infringement Contentions.[31] Remarkably, the missing explanation *was* still included in draft motions that were sent to the Bergers on May 15, 2006 and May 18, 2006 (i.e., just 5 days before the motion was filed).[32]

The court denied the Rule 60 motion on July 16, 2006.

### B.    The Bergers' Federal Circuit Appeal - Continued Representation by Allen

After the court denied the Bergers' Rule 60 motion, defendants began working on the appeal to the Federal Circuit. During that time, Allen continued to manage the Bergers' "litigation fund," consult with Slobodin, and advise the Bergers concerning *Berger v. Rossignol* during late 2006 and early 2007.[33]

According to Allen's billing records, he spent time in June and August 2006 corresponding and engaging in telephone calls with defendant Slobodin and issued a $11,000 "Trust Check" to Seyfarth from the Bergers' litigation account to cover "costs and partial payment for time spent on brief."[34]

A February 19, 2007 e-mail from Richard Berger to Allen also confirms "that you [Allen] represent Brant and myself" and that the Bergers would be meeting with Allen "to further discuss and reach a conclusion on if we [the Bergers] should or should not appeal to the Supreme court." Allen responded the following day on February 20, 2007 acknowledging that "I [Allen] represent you and Brant and have loyally done so over many years" and that Allen "recommended going forward with a petition for Certiorari." [35]

In addition to advising the Bergers about appellate matters, Allen also advised them about

---

[30] *Id.*, ¶ 9, Ex. E.
[31] *Id.*, ¶ 10, Ex. F.
[32] *Id.*, ¶ 8, Exs. C and D.
[33] *Id.*, ¶ 11.
[34] *Id.*, ¶ 12, Ex. G.
[35] *Id.*, ¶ 13, Ex. H and I.

whether they should file a malpractice action against Seyfarth. In his February 19, 2007 e-mail, Berger asked Allen, "If we don't appeal does it mean we didn't exercise all of the remedies available to us and would that hurt us if we were to take legal action against Sayfarth [sic]? How much time do we have? How much is presently in the litigation fund?" In response, Allen discouraged the Bergers from filing a malpractice action against Seyfarth Shaw because he feared that it would trigger a cross-action against him.[36]

### C.  The Bergers' Petition for Certiorari - Direct Handling by Allen

In February 2007, after the Federal Circuit appeal was denied, the Bergers continued to consult with Allen about filing a Petition for Certiorari to the United States Supreme Court. During those discussions, Allen advised the Bergers that they still had approximately $36,000 left in their litigation fund which could be used to pay him for preparing the Petition. Allen also advised the Bergers that he believed they had "a good shot" at the Petition and that their money would be well-spent.[37]

The Bergers could not reach an agreement on whether to spend the remainder of their litigation fund to pay Allen for the Petition. Allen then offered to handle the matter in exchange for the Bergers' waiver of any malpractice claims against him concerning a mistake in *Berger v. Rossignol*.[38] That proposal fell through, but Allen chose to proceed. On April 12, 2007, Allen filed the Petition with the United States Supreme Court.[39]

### D.  The Bergers' Lawsuit Against Allen - End of Attorney-Client Relationship

The Bergers filed the present lawsuit against defendants on September 12, 2007. At that time, Allen was still counsel of record for the Bergers on the Petition.[40]

On September 18, 2007, Allen wrote to the Bergers' counsel noting that he was "in an untenable position with regard to [his] current clients." He further noted that: "Both Richard and Brant Berger are my clients, whom I represent currently before the United States Supreme Court

---

[36] *Id.*, ¶ 14.
[37] *Id.*, ¶ 15.
[38] *Id.*, ¶ 16. In making that proposal, Allen did not advise the Bergers that they should consult with a separate attorney about the proposed waiver. *Id.*
[39] *Id.*, ¶ 17.
[40] *Id.*, ¶ 18; Ex. J.

on their 'Petition for Certiorari' arising from the same underlying case over which your pleading arises."[41]

On September 21, 2007, Allen wrote directly to the Bergers advising that their "attorney/client relationship has hereby ended in all respects except for the fact that I will continue to remain counsel of record with the Supreme Court until other arrangements are made."[42]

The Supreme Court Petition was denied on October 1, 2007.

## ARGUMENT

### I.  The Statute of Limitations Under CCP § 340.6 Was Tolled During Allen's Ongoing Representation of The Bergers

#### A.    The Bergers' Allegations Confirm That Allen's Representation Was Ongoing

Cal. Civ. Proc. Code § 340.6 creates a one-year statute of limitations for an "action against an attorney for a wrongful act or omission, other than actual fraud, arising in the performance of professional services" which begins to run "within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission."

Allen's Rule 12 motion claims that more than one year passed from the time that the Bergers discovered defendants' malpractice and the September 12, 2007 filing of their complaint. But as Allen concedes, the CCP § 340.6 statute is tolled while the "attorney continues to represent the plaintiff regarding the specific subject matter in which the alleged wrongful act or omission occurred."[43]

The Bergers' complaint plainly alleges that "an attorney-client relationship existed between the Bergers and defendants" at all times relevant to the matters alleged[44] and "at least through the Federal Circuit's denial of the appeal on January 16, 2007."[45] Those allegations must be accepted as true for purposes of Allen's Rule 12 motion and may not be contradicted by matters "outside" of

---

[41] *Id.*, ¶ 19; Ex. K.
[42] *Id.*, ¶ 20; Ex. L.
[43] CCP § 340.6(a)(2).
[44] (Complaint at ¶ 6).
[45] (Complaint at ¶ 42).

1  the complaint.[46]

2  Because less than one year passed from January 16, 2007 to September 12, 2007, the
3  Bergers allegations reveal no statute of limitations defense under CCP § 340.6.

**B.    The Declaration of Richard Berger Confirms Allen's Ongoing Representation**

Apparently undaunted by the prohibition against "speaking" Rule 12(b)(6) motions, Allen argues that—contrary to the Bergers' allegations—his representation actually terminated upon entry of the April 25, 2006 judgment because (1) he "was neither attorney of record on the appeal or is admitted to the Federal Circuit Court of Appeals"; and (2) his March 9, 2005 retainer letter to the Bergers provided that his representation would terminate "upon the entry of judgment" in *Berger v. Rossignol*.[47]  But because those matters are outside of the complaint, they must be excluded by the court.

If, on the other hand, the court chooses not to exclude Allen's unsupported assertions, his motion becomes a Rule 56 motion for summary judgment or summary adjudication:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.[48]

In such an event, the Bergers may present their own evidence in opposition to Allen's Rule 56 motion and may further present their own cross-motion for summary judgment:

> **Cross-Motion for Summary Judgment**:  In addition to filing an opposition, the opposing party may respond to a motion for summary judgment by filing a cross-motion for summary judgment in its favor.[49]

Accordingly, if Allen's additional facts are considered, the Bergers ask for summary adjudication that Allen has no statute of limitations defense under CCP § 340.6.

---

[46] *Cahill v. Liberty Mutual Insurance Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996); *Arpine v. Santa Clara Valley Transportation Agency,* 261 F.3d 912, 925 (9th Cir. 2001)("extraneous evidence should not be considered in ruling on a motion to dismiss.")
[47] (Allen Memorandum at 4).
[48] FRCP 12(b)(6)(last sentence).
[49] Schwarzer, Tashima, Wagstaffe, California Practice Guide--Federal Civil Procedure Before Trial (Rutter Group 2006) ¶ 14:118.

BECK, ROSS, BISMONTE & FINLEY, LLP
FAIRMONT PLAZA
50 W. SAN FERNANDO ST., 1300
SAN JOSE, CALIFORNIA 95113
TELEPHONE (408) 938-7900

As an initial matter, Allen's motion does not present any actual *evidence* to support his claim that he no longer represented the Bergers as of April 25, 2006. He did not submit a declaration and did not attach a copy of the retainer letter that supposedly supports his claim. He merely asserts unsupported *argument* in his moving papers. That is not sufficient to support his summary judgment motion or to overcome plaintiffs' cross-motion for summary adjudication.

And the declaration of Richard Berger and attached exhibits confirm that Allen continued to represent the Bergers long after the April 25, 2006 judgment was entered. Allen directly participated in drafting—and was still counsel of record during—the Rule 60 motion that was filed on May 23, 2006 and denied on July 16, 2006. He coordinated the Federal Circuit appeal with Seyfarth and paid for their time and expenses directly from the Bergers' litigation account. He advised the Bergers on how to proceed once the Federal Circuit appeal was denied on January 16, 2007. He handled the Bergers' Petition for Certiorari filed on April 12, 2007 and denied on October 1, 2007.

Allen may argue that there was a gap in his representation between the July 16, 2006 denial of his Rule 60 motion and the April 12, 2007 filing of the Bergers' Petition. But that argument is belied by the Berger Declaration and, in particular, Allen's February 20, 2007 e-mailing acknowledging that "I [Allen] represent you and Brant and have loyally done so over many years." Moreover, even if there were such a "gap" in representation, less than one year passed between July 16, 2006 and April 12, 2007. So under no set of facts could Allen assert a valid statute of limitations defense under CCP § 340.6.

**II.    CCP § 340.6 Does not Apply to The Bergers' Claim for Actual Fraud**

At page 2 of Allen's brief, he makes the following argument:

> Although, the complaint alleges various causes of action, whether arising from tort or breach of contract, the California Code of Civil Procedure 340.6 applies to all legal theories arising from attorney malpractice.

Allen is wrong. CCP § 340.6 expressly excludes claims based on "actual fraud" from its application. Nothing in the cases cited by Allen suggests otherwise.

So even if Allen were able to assert a defense under CCP § 340.6, that defense would not

bar the Bergers' fraud action against him.

### III. The Bergers' Fraud Claim is not "Uncertain"

At pages 4 and 5 of his brief, Allen cursorily argues that the Bergers fraud claim is "uncertain and ambiguous." But Allen fails to explain exactly what, if anything, is "uncertain" or "ambiguous" about that claim—other than to say that "Defendants Slobodin and Seyfarth Shaw have previously addressed these issues in the demurrer filed in state court on October 12, 2007."

To the extent that Allen is relying on pleadings filed by other parties in another court, that is improper. If Allen wishes to present an argument for the court's consideration, he must do so in a way that the Bergers can meaningfully and intelligently respond to.

In any event, the Bergers' fraud allegations are clear, direct, and certain. As the complaint plainly alleges, defendants modified the Suyat claim chart—thereby rendering it defective—and incorporated that defective claim chart into the Bergers' Infringement Contentions *without telling the Bergers*. When Rossignol challenged the defective Infringement Contentions on summary judgment, defendants actively concealed their mistake from the Bergers, as well as the court. That concealment persisted through the Rule 60 motion filed by plaintiffs and later through the Federal Circuit appeal. The fact that defendants had committed such a mistake was highly material information, known to defendants, that they had an obligation to disclose to the Bergers and to the court. Had the Bergers known that information, they could have acted on that knowledge by insisting that defendants reveal their mistake to the court or by retaining new counsel to do so. But defendants did not allow the Bergers to do that. Instead, they continued to hide their mistake while permitting the Bergers' rights against Rossignol to slowly dissolve into nothing.

### IV. If Allen's Motion is Granted, The Bergers Should Be Allowed to Amend

"As a practical matter, leave to amend is almost always granted by the court."[50] Rule 15(a) expressly states that leave to amend "shall be freely given when justice so requires."

In the event that the court finds the Bergers' allegations to be lacking in any way, the Bergers respectfully ask that they be permitted leave to amend their complaint to cure any

---

[50] Schwarzer, Tashima, Wagstaffe, California Practice Guide--Federal Civil Procedure Before Trial (Rutter Group 2006) ¶ 9:286.

deficiencies noted by the court.

Dated: November 20, 2007                    Beck, Ross, Bismonte & Finley, LLP

                                            By:  ___/s/_____
                                                 Craig Alan Hansen
                                                 Attorneys for the Plaintiffs
                                                 Richard W. Berger and Brant W. Berger