EXHIBIT A



# BURNETT, BURNETT, & ALLEN

### Trial Attorneys and Counselors at Law

DOUGLAS B. ALLEN

_____

**160 WEST SANTA CLARA, SUITE 1200**
**SAN JOSE, CALIFORNIA 95113**

DAVID M. BURNETT (1870-1959)

JOHN M. BURNETT (1903-1981)

Hon. BRUCE F. ALLEN (1916-1986)

TELEPHONE
(408) 298-6540

FACSIMILE
(408) 298-0914

## ENGAGEMENT MEMORANDUM
## (Litigation)

## March 9, 2005

Richard Berger and Brandt Berger
1519 Country Club Drive
Paso Robles, CA 93446

Re:    Berger v. Rossignol

Gentlemen:

It is our practice to complete written engagement agreements with each of our clients. Our experience is that both client and attorney benefit thereby. Accordingly, this memorandum will provide the basis upon which Douglas B. Allen, Burnett, Burnett, & Allen (Attorney) will represent Richard Berger and Brandt Berger (Client) with respect to the above-designated matter.

DESCRIPTION OF SERVICES:

Attorney will prosecute a claim against Rossignol on behalf of client for the violation of patents arising from clients patent of a rotating snowboard binding.

FEES:

Attorney shall be compensated on a contingent fee based upon the "net sum recovered". The contingency will be based upon a recovery whether by way of settlement, judgement, or any other form of payment. All matters recovered, including recoveries for attorneys fees are included in the lump sum calculation of the "net sum recovered".

The "net sum recovered" is that sum from which the contingency will be calculated. The net sum recovered is the total of all moneys paid in recovery on the case less the cost expended, whether advanced by the firm, by the client or by a third party.

Memo to Richard Berger
Re:    Berger v. Rossignol
March 9, 2005
Page 2

Once costs are refunded, then the contingent fee shall be calculated upon the remainder and paid and the remainder following deduction of costs and attorneys fees paid to the client, or on client's behalf.

The contingent fee shall be a third (1/3) of the first three million dollars recovered, and fifteen percent (15%) of all sums thereafter.

COSTS AND EXPENSES:

Attorney may advance costs and expenses and make disbursements that are reasonably necessary in the performance of the services described herein including court filing fees and costs, service of process and subpoenas, messenger costs, expenses of investigation, legal database research expense, expert consultation expense, costs of obtaining and presenting evidence, deposition transcripts of court arbitration proceedings, or preparation of exhibits, for which reimbursement will be paid by Client. In addition, expense for travel beyond twenty-five miles from Attorney's business location, copying charges, and long distance telephone charges may also be billed to Client. Client understands that these costs, expenses and disbursements are independent of and will be billed in addition to attorney fees and that Attorney undertakes no obligation to make such advances.

Costs, whether advanced by Attorney or paid by Client, shall first be reimbursed from any recovery. If there is no recovery, Client shall pay all costs. At the option of the Attorney, Client may be required to advance costs as the case progresses. Such cost advance shall be placed in a client trust account and will be used to pay costs as incurred. Invoices for such costs shall be sent to Client on a monthly basis.

BILLING:

Attorney may render periodic billing statements to Client setting forth any costs, expenses or disbursements advanced by Attorney, which fees and costs Client agrees to pay upon receipt of such billing statement. Any bills unpaid after 30 days shall incur interest at the legal rate of 1½% per month on the unpaid portion thereof until paid.

DUTIES OF CLIENT:

Client is expected to cooperate fully with Attorney, agrees to gather and provide all information, including documents, as required by Attorney in its representation of Client, and shall keep Attorney advised of Client's current mailing address, telephone number and whereabouts at all times. Client further agrees to appear on reasonable notice for all depositions, court appearances and other appointments. Client shall be guided by and adhere to the recommendations of Attorney in all matters regarding strategy, negotiation, presentation and shall accept, upon the recommendation of Attorney, any reasonable offer of settlement. If Client is a corporation or partnership,

Memo to Richard Berger
Re:    Berger v. Rossignol
March 9, 2005
Page 3

Client agrees that the officers, directors, and shareholders or partners, as the case may be, shall also comply with the foregoing commitments.  The failure of client to discharge the duties herein or refusal to follow the recommendations of Attorney shall constitute a material breach of this agreement.

REPRESENTATION BY ATTORNEY:

Client grants to Attorney the authority to execute any and all pleadings, claims, contracts, settlements, drafts, checks, compromises, releases, dismissals, deposits, orders, and other papers which Client could properly execute, and to receive in the name of Client any money or other things of value which may properly be credited against any judgment or settlement agreed upon in connection with the claim of Client.  At the discretion of Attorney, Attorney may associate or employ experts, professionals (including attorneys, accountants, or practitioners of the healing arts) or other persons rendering services necessary or advisable to effective representation of Client. Specifically, the law firm of Popelka, Allard APC, may be associated with attorney, who shall be compensated under the terms of this agreement.  Client understands and agrees that the services rendered by such persons are for Client's benefit, and Client agrees to promptly and fully pay the fees or charges of such person directly as their bills are received, or in advance as may be required by such persons.  Client understands that in order for such persons to function in Client's best interest, and in order that a proper relationship be maintained with Attorney and Client, fees charged by such persons must be paid in a complete and timely fashion.

Client understands and agrees that prompt and complete payment of all fees, charges and disbursements billed by Attorney is a necessity, and that late or incomplete payment not only will undermine the relationship between Attorney and Client, but shall also be grounds for termination of this Agreement and of Attorney's obligation to render legal services to, or represent, Client.

LIEN:

Attorney shall have a lien for services rendered and costs advanced on any sum recovered by virtue of the claim asserted herein, whether by settlement or judgment.  In the  event of the discharge of Attorney or breach of the agreement by Client, all un-reimbursed advanced sums and costs shall be then due and payable and the reasonable value of Attorney's services shall become a lien on any sums subsequently recovered by Client.

TERMINATION OF REPRESENTATION:

Attorney may withdraw representation of client under this Agreement and cease further rendition of legal services to Client at any time upon reasonable written notice to Client, and Client may discharge Attorney at any time upon reasonable written notice to

Memo to Richard Berger
Re:    Berger v. Rossignol
March 9, 2005
Page 4

Attorney, and both parties agree to take whatever steps and sign whatever documents as may be necessary to effectuate such withdrawal or discharge.  In either case, Client understands and agrees that Client shall remain liable for and shall promptly pay when due, all attorneys' fees and other charges, fees and disbursements which have accrued to the time of discharge or withdrawal.

Representation of Client by Attorney shall in any event terminate upon the entry of judgment or the filing of a judgment or the filing of a dismissal in the litigation to which this Agreement applies.  Client acknowledges and understands that should Client desire to appeal a decision and judgment, such appellate services shall be agreed upon in a separate retainer agreement.  This agreement does not cover services for enforcement or execution upon a judgment or settlement enforcement, nor does it cover defense of collection of any adverse judgments or awards.

LITIGATION UNCERTAINTIES:

Client understands that if the legal services rendered to Client hereunder include the initiation or prosecution of a lawsuit, Client may be exposed to cross-complaints or counter-claims, and that Client may be liable for paying the costs of the opponent if Client does not prevail and that Client may also be liable for the opponent for attorneys' fees if the opponent prevails and the law allows recovery of such fees under such circumstances.  Client agrees to pay Attorney at Attorney's prevailing hourly rate, fees for the defense of any such cross-complaint or counter-claim.

Client understands that the ability of Attorney to achieve Client's goals, or to keep attorneys' fees, expenses or litigation and costs within any particular range, may be negatively affected by facts which become known to Attorney only after this Agreement has been  entered into, and also by factors beyond the control of Attorney.  Client understands and acknowledges that Attorney has made no guarantees regarding the disposition, time and completion or cost of any phase of representation, or whether Client will achieve his goals.

COMPLETE AGREEMENT:

This Agreement sets forth the complete and final agreement between Attorney for Client with respect to its subject matter, and that this agreement supersedes any prior written or oral agreements or discussions.  Any additions, deletions or modifications to this agreement shall only be valid if in writing and signed by Attorney and Client.

ADDITIONAL MATTERS:

Memo to Richard Berger
Re:    Berger v. Rossignol
March 9, 2005
Page 5

 Should attorney undertake any additional service not covered by this agreement on behalf of the client, attorney shall be compensated at the regular hourly rates of attorney.

APPLICABLE LAW:

 Client understands and agrees that this Agreement is to be governed by and construed in accordance with the laws of California, and further agrees that proper venue as to any matter arising hereunder, including for breach, enforcement, interpretation or otherwise, shall be in the appropriate court located in the City of San Jose, County of Santa Clara, California.  In  accordance therewith, Attorney hereby notifies Client that Attorney does not represent that attorney maintains errors and omissions insurance coverage applicable to the services to be rendered.

REVIEW CAREFULLY:

 Please review (with independent counsel if you wish), sign and return this agreement in the enclosed envelope.  Except for an initial demand letter, no services will be rendered on your behalf absent execution and return of this agreement by the client.

BURNETT, BURNETT, & ALLEN    Client


_____  _____

By: Douglas B. Allen     Richard Berger

             Client


           _____

           Brandt Berger