EXHIBIT B

EXHIBIT B

# BURNETT, BURNETT, & ALLEN
### Trial Attorneys and Counselors at Law

DOUGLAS B. ALLEN

160 WEST SANTA CLARA, SUITE 1200
SAN JOSE, CALIFORNIA 95113

DAVID M. BURNETT (1870-1959)
JOHN M. BURNETT (1903-1981)
Hon. BRUCE F. ALLEN (1916-1986)

TELEPHONE
(408) 298-6540

FACSIMILE
(408) 298-0914

## ENGAGEMENT MEMORANDUM
(Regarding cost contributions)

May 31, 2005

Richard Berger Individually and as President of Berger Enterprises Inc., John Branton, Brandt Berger
1519 Country Club Drive
Paso Robles, CA 93446

**ATTORNEY CLIENT PRIVILEGE**

Re:   Berger and Berger Enterprises Inc. v. Rossignol, Quicksilver et al.

Gentlemen:

This memorandum is to memorialize an agreement for the contribution of costs to support the above referenced litigation. Rossignol, its affiliates, successors and assigns (hereinafter Rossignol), are believed to be infringing upon the patents of the rotating step in binding invented by Richard and Brant Berger. Those patents were licenced to Berger Enterprises Inc., but which licence was subject to forfeiture due to default occasioned by the unfair business practices of Rossignol. The issuance of the patent, and the initial infringement and misappropriation all occurred just under 6 years ago, depending on the specific actions at issue. The infringement continues today. These actions have deprived the inventors of any economic return on their invention, and the demise of the commercial viability of Berger Enterprises Inc.(BEI). Experts such as Reg Suyat and Jack Slobotan have indicated their belief that there is a viable infringement claim.

ACKNOWLEDGMENT OF CONFLICT:

Each of you as well as me, have shares in BEI. I as attorney, Dick an Brant Berger, and even John Branton, and possible future cost contributors have potential conflicts of interest in jointly engaging in a litigation as a joint venture. Execution of this memorandum is an ACKNOWLEDGMENT of those potential conflicts, recognition of the opportunity to evaluate them with ones own separate counsel, and an express waiver of those conflicts after reasoned and considered contemplation of them.

Memo Regarding Costs
Re:    Berger v. Rossignol
May 31, 2005
Page 2


AGREEMENT OF RETENTION OF COUNSEL:

     In order to advance litigation against Rossignol to attempt to obtain a recovey for losses described above, counsel, the undersigned, has been retained to represent the plaintiffs under the terms of a contingent fee contract. The terms of the contingency are described as follows, which language is contained in the contract of retention executed by Dick Berger:

> Attorney shall be compensated on a contingent fee based upon the "net sum recovered". The contingency will be based upon a recovery whether by way of settlement, judgement, or any other form of payment. All matters recovered, including recoveries for attorneys fees are included in the lump sum calculation of the "net sum recovered".
>
> The "net sum recovered" is that sum from which the contingency will be calculated. The net sum recovered is the total of all moneys paid in recovery on the case less the cost expended, whether advanced by the firm, by the client or by a third party. Once costs are refunded, then the contingent fee shall be calculated upon the remainder and paid and the remainder following deduction of costs and attorneys fees paid to the client, or on client's behalf.
>
> The contingent fee shall be a third (1/3) of the first three million dollars recovered, and fifteen percent (15%) of all sums thereafter.

COSTS OF LITIGATION:

     In addition to the fees the contingent fee agreement requires the payment of costs to further the litigation. The description of costs from the fee agreement are as follows:

> Attorney may advance costs and expenses and make disbursements that are reasonably necessary in the performance of the services described herein including court filing fees and costs, service of process and subpoenas, messenger costs, expenses of investigation, legal database research expense, expert consultation expense, costs of obtaining and presenting evidence, deposition transcripts of court arbitration proceedings, or preparation of exhibits, for which reimbursement will be paid by Client. In addition, expense for travel beyond twenty-five miles from Attorney's business location, copying charges, and long distance telephone charges may also be billed to Client. Client understands that these costs, expenses and disbursements are independent of and will be billed in addition to attorney fees and that Attorney undertakes no obligation to make such advances.
>
> Costs, whether advanced by Attorney or paid by Client, shall first be reimbursed from any recovery. If there is no recovery, Client shall pay all costs. At the

Memo Regarding Costs
Re:   Berger v. Rossignol
May 31, 2005
Page 3

option of the Attorney, Client may be required to advance costs as the case progresses. Such cost advance shall be placed in a client trust account and will be used to pay costs as incurred. Invoices for such costs shall be sent to Client on a monthly basis.

In this case there may be additional costs not normally contemplated in litigation, such as paying the State of California franchise taxes for BEI in order to give them standing to sue. There will be retention of specialists on a supplemental basis to assist in the litigation, such as attorney, Jack Slobotan.

COMMITMENT OF FUNDS FOR COSTS:

Accordingly, John Branton for himself, and other potential contributors(hereinafter John Branton), has agreed to raise $75,000 to contribute toward the costs of this litigation, in exchange for an additional 7% of the net sum recovered, after the costs are repaid to their respective contributor and attorney fees are paid.

Although John Branton has made a commitment to raise the full $75,000 ($25,000 of his own funds and $50,000 from at least two other contributors), those funds are not yet contributed. All parties acknowledge that this commitment may fall short. Should that occur, the compensation for the contribution will be modified on a percentage of the amount raised, i.e. if only $25.000 is contributed, then only 1/3 of 7% of the net sum recovered will be paid under this agreement. Other than the reduction of the return, there shall be no damages or other remedy arising from failure of John Branton to contribute the promised funds. All parties, however, recognize that such failure may significantly impair the success of the litigation, may cause counsel, the undersigned, to withdraw from further representation, or cause other consequences.

HOLDING THE FUNDS:

The funds will be deposited into a trust account under my exclusive control. Although I expect to reasonably consult with you on expenditures, exigencies, including but not limited to, the press of business may prevent such consultation. Determinations as to expenditures shall ultimately be in the exclusive discretion of myself. The clients may terminate this contract, just as the contract for representation, and if so, unused funds, after payment of outstanding costs shall be returned to John Branton.

ADDITIONAL PARTIES SHALL BE BOUND:

John Branton shall provide a copy of this memorandum to any additional contributors who shall execute this agreement acknowledging all of its terms and be bound by the same, and return to counsel, me, as a condition of acceptance of any ADDITIONAL contributions.

Memo Regarding Costs
Re:   Berger v. Rossignol
May 31, 2005
Page 4


UNCERTAINTIES OF LITIGATION:

The parties hereto acknowledge that litigation is inherently uncertain. The following disclosure of uncertainties set forth in the fee agreement is likewise acknowledged, and accepted as a risk of this litigation:


Client understands that if the legal services rendered to Client hereunder include the initiation or prosecution of a lawsuit, Client may be exposed to cross-complaints or counter-claims, and that Client may be liable for paying the costs of the opponent if Client does not prevail and that Client may also be liable for the opponent for attorneys' fees if the opponent prevails and the law allows recovery of such fees under such circumstances. Client agrees to pay Attorney at Attorney's prevailing hourly rate, fees for the defense of any such cross-complaint or counter-claim.

Client understands that the ability of Attorney to achieve Client's goals, or to keep attorneys' fees, expenses or litigation and costs within any particular range, may be negatively affected by facts which become known to Attorney only after this Agreement has been entered into, and also by factors beyond the control of Attorney. Client understands and acknowledges that Attorney has made no guarantees regarding the disposition, time and completion or cost of any phase of representation, or whether Client will achieve his goals.

COMPLETE AGREEMENT:

This Agreement sets forth the complete and final agreement between the parties with respect to its subject matter, and this agreement supersedes any prior written or oral agreements or discussions. Any additions, deletions or modifications to this agreement shall only be valid if in writing and signed by the parties..


APPLICABLE LAW:

This Agreement is to be governed by and construed in accordance with the laws of California, and further agrees that proper venue as to any matter arising hereunder, including for breach, enforcement, interpretation or otherwise, shall be in the appropriate court located in the City of San Jose, County of Santa Clara, California. In accordance therewith. This agreement may be executed in counterparts.

REVIEW CAREFULLY:

Please review (with independent counsel if you wish), sign and return this agreement bent in the enclosed envelope.

Memo Regarding Costs
Re:   Berger v. Rossignol
May 31, 2005
Page 5

BURNETT, BURNETT, & ALLEN

_____
By: Douglas B. Allen

 

_____
Richard Berger

_____
Brandt Berger

_____
JOHN BRANTON

_____
_____ADDITIONAL CONTRIBUTOR

_____
_____ADDITIONAL CONTRIBUTOR