# EXHIBIT 4


EXHIBIT 4

# BURNETT, BURNETT, & ALLEN

Trial Attorneys and Counselors at Law

DOUGLAS B. ALLEN

160 WEST SANTA CLARA, SUITE 1200
SAN JOSE, CALIFORNIA 95113

DAVID M. BURNETT (1870-1959)
JOHN M. BURNETT (1903-1981)
Hon. BRUCE F. ALLEN (1916-1986)

TELEPHONE
(408) 298-6540

FACSIMILE
(408) 298-0914

14 September 2005

Richard Berger and Brant Berger
2881 Juniper Avenue
Morro Bay, Ca 93442

By Mail and Email

Re:   Berger v. Rossignol; District Court Case Number C05-02523 EMC;
      First Amended Complaint

Dear Dick and Brant:

Enclosed is a first amended complaint which makes several modifications to the original action filed. First of all, Quicksilver has been deleted. Based upon current case law and the fact that Quicksilver had only now acquired its interest in the shares in Rossignol, we do not have evidence to establish that Quicksilver is a contributor and/or inducer of the patent violations. The evidence that we have is that Quicksilver is a separate party notwithstanding the wholly owned status of the Rossignol snow products division.

The case cited to me by defendant's counsel is clear that the court's are loathed to blame a parent for a subsidiary's actions when they are two separate entities notwithstanding common ownership. However, supplemental research on the cases cited to me by counsel from the firm representing Quicksilver indicates that once a separate party, which would include an officer or shareholder who has control over the actions of the primary infringer, has knowledge of the infringement and, not only takes actions that cause the infringement, but fails to exert authority to stop the infringement, such conduct may violate 35 U.S.C Section 271 by contributory conduct.

Accordingly, I notified counsel for Quicksilver that I am removing Quicksilver from the case, however, they may be added at a later time should they, with knowledge and control, set about to contribute to Rossignol's violation of the patents during this snow sports season. My letter to counsel for Quicksilver should have been copied to you under separate cover.

Letter to Richard Berger
Re: Berger v. Rossignol; District Court Case Number C05-02523 EMC; First Amended Complaint
14 September 2005
Page 2

    Following the discussions about division of the litigation recovery with Berger Enterprises, Inc., and having the time to review the license agreement, it is apparent that all of the patent violations occurred after Berger Enterprises, Inc., was insolvent and no longer doing business. It is clear that Berger Enterprises Inc., was the subject of unfair competition by Rossignol, however, it is equally clear that those unfair competition claims are barred by the statute of limitations. Additional damages on an ongoing basis may have been claimed but for the fact that Berger has been out of business during the entire time since the patents have been issued. Because of these facts, it appears wholly inappropriate to include Berger as a party.

    The spector of Rule 11 sanctions for prosecuting an action without probable cause is a substantial deterrent, not only to myself, but to you as well. Further the inclusion of superfluous claims will complicate the litigation with needless law and motion practice and give the opponents an easy victory, militating against our overall strategy of success.

    I suspect that these modifications to the action will have a bearing on the discussions regarding financing of the case and distributions of the recovery. Please take these matters into account in considering agreements to reach regarding the financing of the case.

    As a final note, it is imperative that least the initial financing arrangements be consummated, as costs will begin to rise shortly. Currently, I have been the only party who has advanced sums directly to the litigation.

    Thank you for your attention to these matters.

                                       Yours truly,

                                       DOUGLAS B. ALLEN

DBA:erf
Enclosure
cc:    John Branton (Fax# 997-9228)
cc:    Fred DeKlotz (Fax# 998-4703)