EXHIBIT 6

EXHIBIT 6

BURNETT, BURNETT, & ALLEN

Trial Attorneys and Counselors at Law

DOUGLAS B. ALLEN

160 WEST SANTA CLARA, SUITE 1200
SAN JOSE, CALIFORNIA 95113

DAVID M. BURNETT (1870-1959)
JOHN M. BURNETT (1903-1981)
Hon. BRUCE F. ALLEN (1916-1986)

TELEPHONE
(408) 298-6540

FACSIMILE
(408) 298-0914

7 November 2005

Richard Berger
2881 Juniper Avenue
Morro Bay, Ca 93442

John F. Branton, C.P.A.
Branton, de Jong Associates
6155 Almaden Expressway, Suite 350
San Jose, CA 95120

    Re:    Berger v. Rossignol

Gentlemen:

    Under separate cover you should have been served the proposed joint case management conference order offered to me by Ed Walker from Rossignol. A cursory review of the schedule in that order, reveals the need for immediate dedication of substantial resources to prosecuting this litigation.

    When I accepted this employment, it was originally at the request of Mr. Branton to forebear from expiration of a statute of limitations. Further, research indicated that statute is a running cut-off of damages and the six year limit on royalties is applicable to any infringement suit during the entire existence of th patent.

    Following additional discussions, a commitment was made to me that, through John Branton, $75,000.00, would be raised to handle the experts in this case and allow me to pay for consultations from both Jack Slobodin and Reginald Suyat to assist me in my debut into patent litigation. Obviously, notwithstanding my lengthy trial experience in both state and federal courts, making a debut into patent litigation is going to require substantial support from both experts and additional counsel.

    I have proceeded with the litigation, having filed it, responded to conferences with counsel, and am commencing to make commitments

Letter to Richard Berger
Re: Berger v. Rossignol
7 November 2005
Page 2

regarding the litigation that will establish its course. Costs to date have been advanced directly out of my pocket.

 To date, however, there is not only no financial contribution from anyone, but no prospects of resolving your internal dispute over the financial support. I am long overdue for the opportunity to consult seriously with Mr. Suyat, Mr. Slobodin and additional experts. This homework should have been accomplished long prior to now, where commencement of discovery has been initiated by defendants. I cannot set about to conduct these activities because there are no funds in which to pay the experts, nor Mr. Slobodin or Mr. Suyat.

 Absent immediate resolution of this circumstance, I will be forced to withdraw as counsel or request that you negotiate a dismissal of the action. Absent the promised financial support, I cannot fathom being able to conduct this litigation notwithstanding my friendships with each of you.

 It is with great chagrin that I am raising this issue. However, absent the financial support to proceed with this litigation, not only am I not in a position to be able to devote the resources needed to adequately prosecute the litigation, but it will expose Dick and Brant to sanction liability that could be extreme.

 Your immediate attention to these issue is required.

            Yours truly,

            DOUGLAS B. ALLEN

DBA:erf