# EXHIBIT 10 H

EXHIBIT 10 H

# BURNETT, BURNETT, & ALLEN

Trial Attorneys and Counselors at Law

DOUGLAS B. ALLEN

160 WEST SANTA CLARA, SUITE 1200
SAN JOSE, CALIFORNIA 95113

DAVID M. BURNETT (1870-1959)
JOHN M. BURNETT (1903-1981)
Hon. BRUCE F. ALLEN (1916-1986)

TELEPHONE
(408) 298-6540

FACSIMILE
(408) 298-0914

22 November 2005

Richard Berger
1519 Country Club Drive
Paso Robles, CA 93446

John F. Branton, C.P.A.
Branton, de Jong Associates
6155 Almaden Expressway, Suite 350
San Jose, CA 95120

    Re:    Berger v. Rossignol; District Court Case Number CV-02523CRB;
             Cost Funding

Gentlemen:

     This letter is to confirm the status of recent events so as to keep clear the communications given to me by you regarding the funding of costs in the <u>Berger v. Rossignol</u> case presently pending before the United States District Court.

     On November 14, 2005, Mr. Branton's office delivered to me a check for $25,000.00, which I understood to be for purposes of funding the costs of the above referenced litigation. That money was placed in my trust account, and not has been used to date except to refund my office for $502.50 for filing fees and copying costs. It is my understanding that in exchange for contribution in what is ultimately to be $75,000.00 toward cost contributions to fund the litigation, any recovery after reimbursement of costs and attorneys fees, is to be divided three ways, 1/3 to Brant Berger, 1/3 to Dick Berger, and 1/3 to John Branton and his group of investors. It is my understanding from Dick Berger that John Branton's group of investors represents the corporate investors of Berger Enterprises, Inc., not merely the direct investors into the contribution of the costs.

     Dick Berger has been paying storage and other incidental charges relative to storing documents and equipment from Berger Enterprises, Inc., and desires a reimbursement of $5,000.00, toward the storage fees and other miscellaneous charges. It is my understanding that Mr. Branton has agreed to this pending

Letter to Richard Berger
Re: Berger v. Rossignol; District Court Case Number CV-02523CRB;Cost Funding
22 November 2005
Page 2

confirmation in writing as to the exercise of settlement authority of the case. Mr. Branton's proposal is that authority to settle be determined by a vote from Dick and Brant as one, and a vote from John Branton as two, with any impasse resolved by a neutral third party.

Additionally, I had a good meeting with Reginal Suyat and Jack Slobodin regarding the letter of Ed Walker dated November 14, 2005. Mr. Suyat has obtained for me the name of a consulting engineering firm to interview with regard to acting as an expert witness on claims construction. Mr. Slobodin is going to obtain documents, including the claims chart and physical exemplars from his office in Chicago and also assist in obtaining the "file wrapper" from the United States Patent Office. Mr. Slobodin is further going to approach his firm with regard to concept of becoming co-counsel on the basis of a contingency fee arrangement.

I have until December 2, 2005, in which to file any amended pleadings naming properly the French company, Rossignol Skis S.A.S. There is some question in mind whether it is appropriate to so name the French corporation. We currently have jurisdiction over the importer of the offending product, Rossignol Inc., which is headquartered in Virginia. They appear to be solvent and, if a judgement is reached against them, asserting that judgement as bar against affiliated companies should not require an entire new adjudication of the claims or infringement. Not including the French company, avoids the expense of translation and service under the Hague Convention. It may inhibit discovery from the French corporation, however, the sales in the United States by necessity would be reported to the American corporation.

One of the defenses raised by Rossignol's early response is that of estoppel by the implied acquiescence to their infringement due to silence following the original objection made to the French corporation. One of several responses to this might be raised that the American corporation is a separate entity and assurances given to the affiliate are not the same as assurances given to the American corporation.

My initial disclosures are overdue, and Mr. Berger has in his possession a substantial number of interrogatories. These things must be attended to in the very near future. Finally the Court set the claims construction hearing for June 22, 2006.

Letter to Richard Berger
Re: Berger v. Rossignol; District Court Case Number CV-02523CRB;Cost Funding
22 November 2005
Page 3

    I look forward to getting the issue regarding costs resolved quickly, so that we may direct attention to the much needed response to the interrogatories and initial disclosures.

                                        Yours truly,


                                      DOUGLAS B. ALLEN

DBA:erf

cc:    Fred DeKlotz (Facsimile: 408-998-4703)