KEKER & VAN NEST, LLP
ELLIOT R. PETERS - #158708
DANIEL PURCELL - #191424
KLAUS H. HAMM - #224905
TRAVIS LEBLANC - #251097
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Defendants
SEYFARTH SHAW LLP and JACK L. SLOBODIN

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD W. BERGER and BRANT W. BERGER,<br><br>Plaintiffs,<br><br>v.<br><br>SEYFARTH SHAW LLP, an Illinois limited liability partnership; JACK L. SLOBODIN, an individual; BURNETT, BURNETT & ALLEN, a California partnership; DOUGLAS B. ALLEN, an individual; and DOES 1-100, inclusive,<br><br>Defendants. | Case No. C07-05279 JSW<br><br>**STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER**<br><br>Date Comp. Filed: September 12, 2007<br><br>Trial Date: None set. |

In order to facilitate the production and exchange of information that is not in the public domain and is subject to legal protection as confidential, private, proprietary, attorney-client privileged or attorney work product information, Plaintiffs Richard W. and Brant W. Berger and Defendants Seyfarth Shaw LLP, Jack L. Slobodin, and Douglas B. Allen d/b/a Burnett, Burnett, & Allen, by and through their respective undersigned counsel, hereby stipulate and agree to the request for, and entry of, the following Protective Order pursuant to Fed. R. Civ. P. 26(c):

1. This Protective Order governs all parties to this case as well as any non-parties who, having received a copy of this Order, agree to and sign the "Declaration To Be Bound By Protective Order," which is attached hereto as Exhibit 1.

2. All documents, materials, items, and/or information that contain or comprise Confidential Information produced either by a party or by a non-party to or for either of the parties shall be governed by this Protective Order. The term "Confidential Information" refers to anything designated "CONFIDENTIAL – PURSUANT TO PROTECTIVE ORDER" and any information contained in or derived from anything so designated. The term "Highly Confidential" refers to anything designated "HIGHLY CONFIDENTIAL – PURSUANT TO PROTECTIVE ORDER" and any information contained in or derived from anything so designated.

3. Any document, deposition testimony, or discovery response furnished or disclosed by a party or by anyone else in this action must be prominently marked "CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – PURSUANT TO PROTECTIVE ORDER" to be designated for protection under this Protective Order. Where a document, discovery response, or deposition testimony consists of more than one page, the first page and each page on which Confidential Information or Highly Confidential Information appears shall be designated "CONFIDENTIAL -PURSUANT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – PURSUANT TO PROTECTIVE ORDER." The protections conferred by this Protective Order cover not only the Confidential Information and Highly Confidential Information but also all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings

that would reveal Confidential Information or Highly Confidential Information.

4. A party or non-party shall designate as "CONFIDENTIAL – PURSUANT TO PROTECTIVE ORDER" only those documents, deposition testimony, or discovery responses it believes in good faith contain information of a confidential, proprietary, or personal protectible under Fed. R. Civ. P. 26.

5. A party or non-party shall designate as "HIGHLY CONFIDENTIAL – PURSUANT TO PROTECTIVE ORDER" only those documents, deposition testimony, or discovery responses it believes in good faith constitutes, reflects, or concerns trade secrets; know-how or proprietary data; research, development, testing and studies relating to proposed future products or pending patent applications; sensitive business, financial or commercial information; the disclosure of which to a party in this litigation is likely to cause harm to the competitive position of the party or non-party making the confidential designations.

6. Confidential Information shall not be disclosed to anyone except as provided herein. Confidential Information may be disclosed only to the following:

(a) the Court and its staff;

(b) any agreed-upon or assigned mediator;

(c) the named parties to this litigation, including any attorneys for the parties;

(d) court reporters and videographers who record and/or transcribe depositions or other testimony in this action, and their support staff provided that each such individual is made aware of and agrees to the terms of this Protective Order;

(e) independent experts or independent consultants engaged by counsel of record to a party to assist in this litigation, and deponents to the extent necessary in preparation for and at their noticed depositions, provided that, before any disclosure of Confidential Information, each such expert, independent consultant, or deponent first agrees to be bound by this Protective Order by signing a copy of the "Declaration To Be Bound By Protective Order," attached hereto as Exhibit 1. Counsel disclosing the information shall maintain all such signed Declarations.

(f) Counsel of record in this litigation and their respective support staffs.

7. Highly Confidential Information shall not be disclosed to anyone except as provided herein. Highly Confidential Information may be disclosed only to the following:

(a) the Court and its staff;

(b) any agreed-upon or assigned mediator;

(c) court reporters and videographers who record and/or transcribe depositions or other testimony in this action, and their support staff provided that each such individual is made aware of and agrees to the terms of this Protective Order**;**

(d) independent experts or independent consultants engaged by counsel of record to a party to assist in this litigation, and deponents to the extent necessary in preparation for and at their noticed depositions, provided that, before any disclosure of Highly Confidential Information, each such expert, independent consultant, or deponent first agrees to be bound by this Protective Order by signing a copy of the "Declaration To Be Bound By Protective Order," attached hereto as Exhibit 1. Counsel disclosing the information shall maintain all such signed Declarations.

(e) Counsel of record in this litigation and their respective support staffs.

8. In the event a party objects to a party's or non-party's designation of information as "CONFIDENTIAL – PURSUANT TO PROTECTIVE ORDER" or HIGHLY CONFIDENTIAL – PURSUANT TO PROTECTIVE ORDER," it shall in writing specify to the designating party those documents, and/or materials, or categories of documents and materials it contends should not be designated as Confidential Information or Highly Confidential Information ("Disputed Documents"), and the reasons therefore. The disputing parties and/or non-parties shall meet and confer within ten (10) business days of when a written specification of Disputed Documents is provided under this paragraph. If an agreement cannot be reached after the disputing parties and/or non-parties have conferred in a good faith effort to resolve any dispute, the recipient of the Disputed Document(s) may file a motion with the Court under governing Federal Court rules

within thirty (30) days of when the disputing parties and/or non-parties reach impasse. The recipient of the Disputed Document(s) shall keep the information in dispute Confidential or Highly Confidential pending entry of a final Court order on the matter. If the Court determines that a party or non-party has repeatedly over-designated documents or materials as Confidential Information or Highly Confidential Information, the Court may, at that time, amend this Order to provide that the party or non-party designating such documents or materials as Confidential Information Highly Confidential Information shall have the burden of filing a motion to maintain the "CONFIDENTIAL – PURSUANT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – PURSUANT TO PROTECTIVE ORDER" designation of documents and materials.

9. An inadvertent failure to designate qualified information or items as "CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – PURSUANT TO PROTECTIVE ORDER" does not, standing alone, waive the right to secure protection under this Protective Order for such material. If a party or non-party who has agreed to be bound by this Protective Order inadvertently produces information without marking it "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – PURSUANT TO PROTECTIVE ORDER," the producing party or non-party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing and the receiving party shall thereafter treat the document, thing, or information as Confidential Information or Highly Confidential Information under this Protective Order. If material is designated as "CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – PURSUANT TO PROTECTIVE ORDER" after the material was initially produced, the receiving party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

10. Inadvertent disclosure of any document or other information covered by the attorney-client privilege, work-product or other applicable privileges during discovery in this matter shall be without prejudice to any claim that such document or other information is privileged, and no

party shall be held to have waived any rights by such inadvertent disclosure. The party receiving any such inadvertently produced material shall not use such material and agrees to return such material immediately upon request, unless all applicable privileges have been waived by some means other than the inadvertent disclosure.

11. Notwithstanding any challenge to the designation of material as Confidential Information or Highly Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until (a) the party or non-party who claims that the material is Confidential Information or Highly Confidential Information, withdraws such designation in writing; (b) the Court rules the material is not Confidential Information or Highly Confidential Information, or (c) the party or non-party challenging the designation of information fails to file a motion within the time period set forth in paragraph 8 above.

12. If a party or non-party learns that, by inadvertence or otherwise, it has disclosed Confidential Information or Highly Confidential Information, to any person or in any circumstance not authorized under the Protective Order, that party or non-party must immediately (a) notify in writing the designating party or non-party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Confidential Information or Highly Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons execute the "Declaration To Be Bound By Protective Order," attached hereto as Exhibit 1.

13. When Confidential Information or Highly Confidential Information is intended to be filed or lodged with the Court, the parties and non-parties who have agreed to this Protective Order will comply with Northern District of California Local Rule 79-5 as applicable.

14. Documents, discovery responses, and deposition testimony containing Confidential Information or Highly Confidential Information, and excerpts, summaries, and compilations of such documents, discovery responses or deposition testimony containing Confidential Information or Highly Confidential Information, shall be used only for the purposes of litigating this action.

15. This Protective Order has no effect upon, and shall not apply to, a party's or non-

party's use or disclosure of its own Confidential Information or Highly Confidential Information for any purpose.

16. Nothing in this Protective Order affects the right of a party or third party that produces documents, deposition testimony, or discovery responses designated "CONFIDENTIAL – PURSUANT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – PURSUANT TO PROTECTIVE ORDER" hereunder to make any otherwise lawful use or disclosure of such documents or information.

17. If anyone bound by this Protective Order becomes subject to a legal obligation to produce or disclose any Confidential Information or Highly Confidential Information to anyone not bound by this Protective Order, whether by discovery request, subpoena, disclosure obligation or otherwise, the individual or entity that is subject to the obligation shall promptly provide the party or non-party who designated the material as "CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – PURSUANT TO PROTECTIVE ORDER" with written notice by facsimile and overnight delivery enclosing a copy of the subpoena, document request, and other documents by which the person or entity became subject to the obligation in order to allow the designating party or non-party to oppose or limit production of the Confidential Information or Highly Confidential Information, and shall cooperate in seeking to keep the material designated as Confidential Information or Highly Confidential Information from being disclosed.

18. All provisions of this Protective Order restricting the communication or use of Confidential Information or Highly Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered by the Court. Upon conclusion of this action (whether by entry of a final order of dismissal, judgment, settlement or otherwise), all parties, non-parties, natural persons, corporations, partnerships, firms, agencies, associations, or other entities in the possession of Confidential Information or Highly Confidential Information or otherwise subject to this Stipulation shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents within the time period and certify

in writing within thirty (30) days that the documents have been destroyed.

19. The parties agree to be bound by the terms of this Protective Order pending its entry by the Court.

20. The parties agree through the signature of counsel below that they have read and understood this Stipulation and Protective Order and agree to be bound by its terms, restrictions, and prohibitions.

Dated: February 14, 2008

KEKER & VAN NEST, LLP

By: ______/s/ Klaus H. Hamm___________
KLAUS H. HAMM
Attorneys for Defendants
SEYFARTH SHAW LLP, and JACK L. SLOBODIN
*Filer's Attestation: Pursuant to General Order No. 45, Section X.B. regarding signatures, Klaus H. Hamm hereby attests that concurrence in the filing of the document has been obtained.*

Dated: February 14, 2008

BURNETT, BURNETT & ALLEN

By: ___/s/ Douglas B. Allen__________
Attorneys for Defendants
DOUGLAS B. ALLEN and BURNETT, BURNETT & ALLEN
*Concurrence obtained per General Order 45 X.B.*

Dated: February 14, 2008

BECK, ROSS, BISMONTE & FINLEY, LLP

By: _______/s/ Craig A. Hansen__________
CRAIG A. HANSEN
Attorneys for Plaintiffs
RICHARD W. BERGER and BRANT W. BERGER
*Concurrence obtained per General Order 45 X.B..*

**ORDER**

Pursuant to stipulation, IT IS SO ORDERED.

Dated: February 14, 2008

The Honorable Jeffrey S. White
United States District Judge

**EXHIBIT 1**

**DECLARATION TO BE BOUND BY PROTECTIVE ORDER**

The undersigned, ____________________________________ (print or type name), hereby acknowledges that he/she received a copy of the Protective Order entered in the action titled *Richard W. Berger, et al. v. Seyfarth Shaw LLP, et al.*, Case No. C07-5279 JSW, pending in the United States District Court for the Northern District of California, has read same, declares, and agrees (1) to be bound by all provisions thereof and (2) to submit to the jurisdiction of the United States District Court for the Northern District of California for matters relating to this action.

Dated: _______________ ________________________________________________