Justin T. Beck, Esq. (Cal. Bar No. 53138)
Ron C. Finley, Esq. (Cal. Bar No. 200549)
Alfredo A. Bismonte, Esq. (Cal. Bar No. 136154)
Craig Alan Hansen, Esq. (Cal. Bar No. 209622)
Jeremy M. Duggan, Esq. (Cal. Bar No. 229854)
Beck, Ross, Bismonte & Finley, LLP
50 West San Fernando Street, Suite 1300
San Jose, CA 95113
Tel: (408) 938-7900
Fax: (408) 938-0790
Email: jbeck@beckross.com
       rfinley@beckross.com
       abismonte@beckross.com
       chansen@beckross.com
       jduggan@beckross.com

Attorneys for Plaintiffs
Richard W. Berger and Brant W. Berger

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD W. BERGER and BRANT W. BERGER,<br><br>Plaintiffs,<br><br>v.<br><br>SEYFARTH SHAW LLP, an Illinois limited liability partnership; JACK L. SLOBODIN, an individual; BURNETT, BURNETT, & ALLEN, a California partnership; DOUGLAS B. ALLEN, an individual; and DOES 1-100, inclusive;<br><br>Defendants. | Case No. C07-05279 JSW<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:  March 7, 2008<br>Time:  9:00 a.m.<br>Place:  Courtroom 2, 17th Floor<br><br>Judge: Hon. Jeffrey S. White |

The parties to this action hereby submit the following Joint Case Management Conference Statement.

**1.     Jurisdiction and Service**

Plaintiffs Richard Berger and Brant Berger initially filed their complaint against defendants

Seyfarth Shaw LLP ("Seyfarth"), Jack L. Slobodin, Burnett, Burnett, & Allen, and Douglas B. Allen in California state court on September 12, 2007. On October 17, 2007, defendant Allen removed this action asserting exclusive subject matter jurisdiction under 28 U.S.C. § 1331 and *Air Measurement Technologies, Inc. v. Akin, Gump, Strauss, Hauer & Feld, L.L.P.*[1] and *Immunocept LLC, et al. v. Fulbright & Jaworski, LLP*,[2] because plaintiffs' claims arise from alleged professional negligence in a prior patent infringement action.

The parties are not aware of any issues pertaining to personal jurisdiction or venue.

All parties named in this lawsuit have been served.

**2.   Facts**

This action arises from alleged professional negligence, breach of contract, fraud, negligent misrepresentation, and breach of fiduciary duty arising from a prior patent infringement action filed by plaintiffs against Rossignol Ski Company.[3] In *Rossignol*, plaintiffs alleged that Rossignol infringed two of their patents, United States Patent Nos. 5,913,530 (the '530 patent) and 6,196,569 (the '569 patent), pertaining to a rotatable snowboard binding.

In the present action, plaintiffs allege that on January 4, 2006 defendants, while representing plaintiffs in *Rossignol*, submitted defective preliminary infringement contentions ("PICs") which, *inter alia,* (1) mischaracterized a key component of the accused device thereby rendering the device non-infringing under the '530 patent; and (2) failed to assert any contentions as to the '569 patent. Plaintiffs also allege defendants intentionally concealed Slobodin's and Seyfarth's role in the error when the Bergers sought relief from the error in the prior action. Plaintiffs contend that relief would have been granted if the true facts had been disclosed to the Court.

Plaintiffs allege that, as a result of defendants' acts of professional negligence and concealment, the District Court entered judgment in favor of Rossignol on April 25, 2006.

Defendants Slobodin and Seyfarth deny they took any actions that could have given rise to an attorney-client relationship with plaintiffs as of January 4, 2006 (*i.e.*, when the PICs were served) or when any other alleged acts of professional negligence took place. They also deny they

---

[1] No. 2007-1035, 2007 WL 2983660 (Fed. Cir. Oct. 15, 2007).
[2] No. 2006-1432, 2007 U.S. App. LEXIS 24095 (Fed. Cir. October 15, 2007).
[3] *Berger v. Rossignol*, Case No. C 05-02523.

had any role in preparing the PICs and contend their representations to the various courts that adjudicated the *Rossignol* case were accurate.

Defendants contend that they fulfilled all contractual obligations to plaintiffs, satisfied all fiduciary duties owed to plaintiffs, and did not make any false statements to plaintiffs. Defendants also contend that plaintiffs did not rely on any false statements allegedly made by defendants.

Finally, defendants contend that the facts demonstrate that (1) even absent the false statements allegedly made by defendants to the court in the underlying case, that the court would not have granted plaintiffs relief from errors in their PICs; (2) Rossignol's snowboard binding did not infringe the '530 patent or the '569 patent; (3) the patents are not valid or enforceable; and (4) the Bergers would have been estopped and barred by the doctrine of laches from enforcing them against Rossignol.

Defendant Allen asserts that the Bergers' lawsuit against him is barred by the one-year malpractice statute of limitations under Cal. Civ. Proc. Code § 340.6 and that plaintiffs allege claims against him fail as being uncertain and ambiguous.

Each of the defendants have filed motions to dismiss under Fed. R. Civ. P. 12(b)(6) which are scheduled for hearing on March 7, 2008. Defendants have not yet filed their answers.

**3.    Legal Issues**

The parties have identified the following disputed legal issues in this case:

(1)   When an attorney-client relationship first came into existence between plaintiffs and defendants Slobodin and Seyfarth;

(2)   When a contractual relationship first came into existence between plaintiffs and defendants Slobodin and Seyfarth;

(3)   When defendants Slobodin and Seyfarth first came to owe a fiduciary duty to plaintiffs;

(4)   Whether plaintiffs' claims against Allen are barred by the malpractice statute of limitations under Cal. Civ. Proc. Code § 340.6;

(5)   When an attorney-client relationship existed between plaintiffs and defendant Allen and the nature of that relationship;

(6) Whether plaintiffs and defendant Allen entered into a settlement agreement that bars the present claims asserted against defendant Allen;

(7) Whether plaintiffs have alleged facts sufficient to state causes of action against defendants for professional negligence, breach of contract, fraud negligent misrepresentation, or breach of fiduciary duty;

(8) Whether defendants were negligent in their representation of the plaintiffs in *Rossignol*;

(9) Whether defendants breached a contract with plaintiffs;

(10) Whether defendants breached any fiduciary duties owed to plaintiffs;

(11) Whether defendants committed fraud against plaintiffs;

(12) Whether defendants committed negligent misrepresentation against plaintiffs;

(13) Whether plaintiffs' claims against Allen are uncertain;

(14) Whether, and to what extent, plaintiffs suffered damages as a result of the alleged acts of fraud and concealment;

(15) Whether plaintiffs would have achieved a better result in *Rossignol* absent the alleged acts of professional negligence;

(16) The meaning of the asserted claims of the '530 and '569 patents;

(17) Whether Rossignol infringes either the '530 patent or the '569 patent;

(18) Whether the '530 patent or '569 patent are invalid under 35 §§ 102, 103 or 112;

(19) Whether the '530 patent or the '569 patent are enforceable;

(20) Whether the plaintiffs are estopped or barred by laches from enforcing the '530 patent or the '569 patent against Rossignol; and

(21) What damages the plaintiffs would have recovered against Rossignol in *Rossignol* but for the alleged negligence of defendants.

**4.   Motions**

In order to streamline this litigation and to possibly facilitate a prompt resolution of this matter, the parties have agreed to initially focus their discovery efforts on issues (1) through (6) above, which are the preliminary, and potentially dispositive, issues in this case. The parties then

plan to submit those issues to the Court by way of motions for summary judgment to be filed by defendants Slobodin and Seyfarth and by defendant Allen.

The parties expect to complete discovery concerning issues (1) through (6) within 120 days of the March 7, 2008 case management conference (*i.e.*, by July 7, 2008).

Defendants expect to file their related motions for summary judgment 60 days after that (*i.e.*, by September 5, 2008).

If defendants prevail on their motions for summary judgment, the parties will proceed accordingly. Otherwise, the parties will further meet and confer promptly after the Court's ruling to devise a discovery plan for the remaining issues pending in this litigation and to explore the possibility of engaging in settlement discussions. Resolution of the remaining issues may necessitate an additional summary judgment motion from defendants, and the parties thus respectfully request that the Court determine that good cause exists for the filing of additional summary judgment motions by defendants should this action proceed beyond the Court's ruling on defendants' initial summary judgment motions concerning issues (1) through (6).

**5.     Amendment of Pleadings**

The parties do not anticipate any amendments to the pleadings at this time.

**6.     Evidence Preservation**

Plaintiffs have taken reasonable steps to preserve all pertinent evidence in this case including forwarding all pertinent documents to their counsel.

Defendants Slobodin and Seyfarth have taken steps to preserve evidence relevant to the issues reasonably evident in this action, including the interdiction of any document-destruction program and ongoing erasures of e-mails and other electronic documents.

Defendant Allen has taken reasonable steps to preserve evidence including electronic documents in his possession.

**7.     Disclosures**

The parties made their initial document productions on February 15, 2008, and continue to make productions on a rolling basis. The parties expect to serve their initial written disclosures under Fed. R. Civ. P. 26 on or before February 29, 2008.

**8.   Discovery**

As set forth above at Section 4, the parties intend to limit their initial discovery to issues (1) through (6) as listed above at Section 3. The parties agree that any depositions taken during this initial round of discovery will be limited to issues (1) through (6) and will be limited to one day of seven hours pursuant to Fed. R. Civ. P. 30(d)(2). However, such depositions will not count against the ten-deposition limit under Fed. R. Civ. P. 30(a)(2)(A)(i) or the seven-hour limit under Fed. R. Civ. P. 30(d)(2) with respect to any subsequent depositions taken after the Court rules on defendants' initial motion for summary judgment referenced above at Section 4.

**9.   Class Actions**

Not applicable.

**10.  Related Cases**

On October 24, 2007, the Court entered an order deeming this matter related to *Berger v. Rossignol*, Case No. C 05-02523.

**11.  Relief**

Plaintiffs seek compensatory damages against defendants of approximately $75 million. This figure represents plaintiffs' anticipated recovery against Rossignol for lost profits, reasonable royalties, and enhanced damages.

**12.  Settlement and ADR**

The parties believe they will be in a better position to determine the prospects for settlement after the Court rules on defendants' initial motions for summary judgment on issues (1) through (6). The parties have filed a Notice of Need For ADR Phone Conference.

**13.  Consent to Magistrate Judge For All Purposes**

The parties have not consented to a magistrate judge for all purposes.

**14.  Other References**

Plaintiffs are willing to consider whether this matter is appropriate for reference to binding arbitration or a special master after the Court rules on Slobodin and Seyfarth Shaw's initial motion for summary judgment on issues (1) through (6).

Defendants Slobodin and Seyfarth believe that this matter is not appropriate for reference

to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.   Narrowing of Issues**

Please see discussion at Sections 4 and 8 above.

**16.   Expedited Schedule**

Not applicable.

**17.   Scheduling**

As discussed at Section 4 above, the parties expect to complete discovery concerning issues (1) through (6) within 120 days of the March 7, 2008 case management conference (*i.e.*, by July 7, 2008).

Defendants expect to file their related motions for summary judgment 60 days after that (*i.e.*, by September 5, 2008).

After the Court rules on defendants' initial motions for summary judgment, the parties will further meet and confer and will file a supplemental Joint Case Management Conference date setting forth proposed dates for designation of experts, discovery cutoff, hearing of future dispositive motions, pretrial conference and trial.

**18.   Trial**

This case will be tried to a jury. The parties will work out which issues will be submitted to a jury and the expected length of trial after the Court rules on defendants' initial motions for summary judgment and will file a supplemental Joint Case Management Conference at that time.

**19.   Disclosure of Non-party Interested Entities or Persons**

Plaintiffs hereby disclose that the corporation Berger Enterprises Incorporated may have a financial interest in the subject matter in controversy pursuant to a license agreement dated October 4, 1996.

Defendants Slobodin and Seyfarth have filed the "Certificate of Related Entities or Persons" required by Civil Local Rule 3-16. It states: "Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report."

Defendant Allen filed a certificate of related entities also including John Branton as a

1  person who may have an interest in the litigation.

**20.    Other Matters**

The parties are not aware of other matters at this time.

Dated: February 29, 2008                BECK, ROSS, BISMONTE & FINLEY, LLP

By:  /s/  Justin T. Beck
JUSTIN T. BECK
Attorneys for the Plaintiffs
Richard W. Berger and Brant W. Berger

Dated: February 29, 2008                KEKER & VAN NEST, LLP

By:  /s/   Elliot R. Peters
ELLIOT R. PETERS
Attorneys for Defendants
SEYFARTH SHAW LLP, and JACK L. SLOBODIN

Dated: February 29, 2008                BURNETT, BURNETT & ALLEN

By:  /s/   Douglas B. Allan
DOUGLAS B. ALLEN
Attorneys for Defendants
DOUGLAS B. ALLEN and BURNETT, BURNETT & ALLEN

*Filer's Attestation*

I, Craig Alan Hansen, the filer of this document, hereby attest that concurrence in the filing of this document has been obtained from each signatory hereto.

By:  /s/    Craig Alan Hansen
Craig Alan Hansen