United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD W. BERGER and BRANT W. BERGER,

    Plaintiffs,

v.

SEYFARTH SHAW, LLP ET AL,

    Defendants.

No. C 07-05279 JSW

**ORDER DENYING SEYFARTH MOTION TO DISMISS; DENYING MOTION TO STRIKE; DENYING ALLEN MOTION TO DISMISS; AND DENYING PLAINTIFFS' CONDITIONAL CROSS-MOTION FOR SUMMARY ADJUDICATION**

Now before the Court are a number of motions: (1) a motion to dismiss the five claims of the complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and against the fraud causes of action for failure to meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b) filed by Defendants Seyfarth Shaw LLP and Jack L. Slobodin (collectively, "the Seyfarth Defendants"); (2) a motion to strike Plaintiffs' request for punitive damages pursuant to Federal Rule of Civil Procedure 12(f) filed by the Seyfarth Defendants; (3) a motion to dismiss filed by Defendant Douglas B. Allen dba Burnett, Burnett & Allen ("Allen") for failure to state a claim upon which relief can be granted due to the claims being barred by the applicable statute of limitations pursuant to Federal Rule of Civil Procedure 12(b)(6); and (4) a conditional cross-motion for summary adjudication against Allen filed by Plaintiffs on the statute of limitations issue.

Having considered the parties' pleadings and the relevant legal authority, the Court hereby DENIES the motions.

## BACKGROUND

Plaintiffs Richard W. Berger and Brant W. Berger are the named inventors and joint owners of United States Patent Nos. 5,913,530 and 6,196,569. (Compl., ¶ 1.) The patents describe a step-in binding that permits a snowboard user to rotate his foot position relative to the snowboard while he is stopped or in motion. (*Id.*, ¶ 9.)

Defendant Seyfarth Shaw LLP is a law firm based in Illinois with offices in California and defendant Jack L. Slobodin is one of its partners. (*Id.*, ¶¶ 2, 3.) Defendant Burnett, Burnett & Allen is a California law firm and Defendant Allen is one of its partners. (*Id.*, ¶ 4.) Plaintiffs allege that "[a]t all times relevant to the matters alleged in this complaint, an attorney-client relationship existed between plaintiffs and defendants." (*Id.*, ¶ 6.)

In the Complaint, Plaintiffs allege that their novel and attractive step-in binding design quickly developed significant market appeal and that Rossignol Ski Company, Inc. ("Rossignol") began marketing a copy of the invention as their own. (*Id.*, ¶ 10.) On April 13, 1998, Plaintiffs sent a letter to Rossignol to discuss collaboration and licensing options, but over the next two years, the parties were unable to make an agreement. (*Id.*, ¶ 11.) Meanwhile, the patents issued and Reginald Suyat, then a partner at the law firm of Fish & Richardson, handled the prosecution of Plaintiffs' patents. Suyat also helped prepare claim charts explaining how the Rossignol binding infringed the patents. (*Id.*, ¶¶ 12-13.)

The Complaint alleges that Plaintiffs had contact with the Seyfarth Defendants in early and late 2003 regarding a possible patent infringement case against Rossignol, and in late 2003, Suyat forwarded a copy of his claim charts to the Seyfarth firm as well as a mock-up of the Rossignol bindings he had used to produce the claim charts. (*Id.*, ¶¶ 14-16.) Plaintiffs also allege that in December 2003, Seyfarth attorneys prepared a memorandum on the claims chart and attached a modified form of the chart prepared by Suyat. (*Id.*, ¶ 17.) The Complaint further alleges that Plaintiffs retained Allen to file the patent infringement action against Rossignol on the condition that he collaborate with the Seyfarth Defendants, which he did. (*Id.*, ¶¶ 18-24.)

After some delay in filing the claims chart, the Seyfarth Defendants forwarded a copy of the chart originally prepared by Suyat, and modified by a Seyfarth attorney, to Allen who served the chart on Rossignol during the course of the litigation. (*Id.*, ¶¶ 25-26.) Plaintiffs allege that the modified claims chart contained significant errors which, eventually, led to a judgment against them in the underlying patent case. (*Id.*, ¶¶ 27-40.) Plaintiffs appealed the judgment to the United States Court of Appeals for the Federal Circuit during which, Plaintiffs allege, the Seyfarth Defendants continued to conceal the early representation and preparation of the defective claim chart. The appeal was denied. (*Id.*, ¶ 41.)

Plaintiffs filed suit for professional negligence, breach of contract, fraud, negligent misrepresentation and breach of fiduciary duty against all defendants in the Superior Court in Santa Clara on September 17, 2007. Defendants removed this action to federal court on October 17, 2007.

The Court will address any additional specific facts as required in its analysis.

## ANALYSIS

**A.  Legal Standards.**

   **1.  Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. A motion to dismiss should not be granted unless it appears beyond a doubt that a plaintiff can show no set of facts supporting his or her claim. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). Thus, dismissal is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding,* 467 U.S. 69, 73 (1984). The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986). The Court, however, is not required to accept legal conclusions cast in the form of factual allegations, if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)).

3

**2.     Motion to Strike.**

Federal Rule of Civil Procedure 12(f) provides that a court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Immaterial matter "is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *California Dept. of Toxic Substance Control v. ALCO Pacific, Inc.*, 217 F. Supp. 2d 1028, 1032 (C.D. Cal. 2002) (internal citations and quotations omitted). Impertinent material "consists of statements that do not pertain, or are not necessary to the issues in question." *Id*. Motions to strike are regarded with disfavor because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice. *Colaprico v. Sun Microsystems Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). The possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw unwarranted inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike. *California Dept. of Toxic Substances Control*, 217 F. Supp. 2d at 1028.

**3.     Motion for Summary Judgment.**

A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

A party moving for summary judgment who does not have the ultimate burden of persuasion at trial, must produce evidence which either negates an essential element of the non-moving party's claims or show that the non-moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). A party who moves for summary judgment who does bear the burden of proof at trial, must produce evidence that would entitle

4

1  him or her to a directed verdict if the evidence went uncontroverted at trial. *C.A.R. Transp.*
2  *Brokerage Co., Inc. v. Darden*, 213 F.3d 474, 480 (9th Cir. 2000).

3  **B.   Seyfarth Defendants' Motion to Dismiss.**

4      **1.   Contract-Based Claims.**

5      The Seyfarth Defendants move to dismiss the claims against them for professional
6  negligence, breach of contract and breach of fiduciary duty on the basis that Plaintiffs fail to
7  allege facts sufficient to establish the formation and scope of the alleged legal representation.
8  The Seyfarth Defendants contend that the first, second and fifth claims are each based upon the
9  alleged attorney-client relationship between Seyfarth and the Plaintiffs and, accordingly, in
10 order to make out the essential elements of these contract-based claims, Plaintiffs must plead
11 facts regarding the formation and scope of the alleged contractual relationship.

12     Plaintiffs contend that the Complaint sets out sufficient facts to establish an "implied-in-
13 fact" attorney-client relationship. The Complaint does set out specific facts regarding the
14 interactions between the Seyfarth Defendants and Plaintiffs. (Compl., ¶¶ 14-29.) In addition,
15 the Complaint alleges that "[a]t all times relevant to the matters alleged in the complaint, an
16 attorney-client relationship existed between plaintiffs and [Seyfarth]." (*Id.*, ¶ 6.) According to
17 California authority, the Court may consider multiple factors to determine whether an implied-
18 in-fact attorney-client relationship may have been formed: if confidential information is
19 disclosed, if the putative client believes he was consulting an attorney in a professional
20 capacity, whether the attorney indicated he was representing the client, the amount of contact
21 between the attorney and putative client, whether the client furnished information and sought
22 advice and whether the attorney actually rendered legal advice. *See Lister v. State Bar*, 51 Cal.
23 3d 1117, 1126 (1990).

24     Plaintiffs sufficiently plead facts underlying their contract-based claims based on an
25 implied-in-fact contract. Because the dispute about the true nature of the scope and formation
26 of the alleged attorney-client relationship is factually complicated and goes beyond the
27 pleadings, it cannot be adjudicated at this procedural stage. Accordingly, the Court DENIES
28 the Seyfarth Defendants' motion to dismiss the first, second and fifth claims.

### 2. Fraud-Based Claims.

#### a. Fraud Claim.

The Seyfarth Defendants move to dismiss the claims against them for fraud on the basis that Plaintiffs fail to provide fair notice of whether it is based upon concealment or intentional misrepresentation. In addition, the Seyfarth Defendants contend that, to the extent the fraud claim is premised upon intentional misrepresentation, the only alleged misrepresentations were made to opposing counsel or to the federal courts in the underlying patent case. Also, the Seyfarth Defendants contend that Plaintiffs cannot allege that they reasonably relied on those statements in hiring Seyfarth as the firm already represented Plaintiffs at the time the statements were allegedly made.

Plaintiffs contend that the fraud claim is sufficiently pled because under California law, a claim for fraud may lie where there is a "(1) suggestion, as a fact, of that which is not true, by one who believes it to be true; (2) the positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true; (3) the suppression of that which is true, by one having knowledge or belief of the fact; (4) a promise made without any intention of performing it; *or*, (5) any other act fitted to deceive." Cal. Civ. Code § 1572 (emphasis added). The factual allegations contained in the Complaint comprise both concealment and intentional misstatements. (Compl., ¶¶ 32-36, 41, 57.) Therefore, those allegations are sufficient to state a claim for fraud under California law and are pled with the requisite particularity.

In addition, the Complaint alleges that "Plaintiffs reasonably relied on defendants' misstatements and omissions to their detriment. If plaintiffs had known the true facts, plaintiffs would not have permitted defendants to represent them in their lawsuit against Rossignol." (*Id.*, ¶ 58.) The allegation would comprise both the retaining of the defendant law firms as well as their continued representation. Thus, Plaintiffs have sufficiently alleged their own reliance on the Seyfarth Defendants' alleged omissions and misstatements.

6

Accordingly, the Court DENIES the Seyfarth Defendants' motion to dismiss the third claim for fraud.

### b. Negligent Misrepresentation.

The Seyfarth Defendants argue that Plaintiffs' claim for negligent misrepresentation fails due to lack of specificity and because California does not recognize a cause of action for negligent concealment. The Court finds that, for the same reasons the fraud claim does not fail for lack of specificity, so too the negligent misrepresentation claim survives Defendants' motion to dismiss. In addition, the California courts have recognized that a cause of action rests for negligent nondisclosure by a fiduciary. *Michel v. Palos Verdes Network Group, Inc.*, 156 Cal. App. 4th 756, 765 (2007). A "fiduciary must tell its principal of all information it possesses that is material to the principal's interests." *Id.* at 462. Just as in *Michel*, Plaintiffs' "cause of action for negligent nondisclosure rests, in contrast, on respondent's fiduciary duty to disclose material information within its possession. It was immaterial how the fiduciary obtained the information; it has a duty to disclose the information to its principal." *Id.* at 463. California recognizes a cause of action under these circumstances.

Accordingly, the Court DENIES the Seyfarth Defendants' motion to dismiss the fourth claim for negligent misrepresentation.

### C. Seyfarth Defendants' Motion to Strike.

The Seyfarth Defendants move to strike Plaintiffs' claim for punitive damages because, they argue, Plaintiffs have not sufficiently pled facts against Seyfarth showing fraud, malice, or oppression. Plaintiffs allege that the conduct underlying the claims for fraud and breach of fiduciary duty was "willful, fraudulent, malicious, and oppressive." (Compl., ¶¶ 60, 71.)

To the extent the motion to strike is premised upon the same arguments as the motion to dismiss the fraud claims, it too fails for the same reasons the motion to dismiss fails.

To the extent the motion to strike seeks to remove the prayer for damages for the breach of fiduciary duty claim, that claim survives the motion to dismiss. However, Plaintiffs would have to plead that the breach of fiduciary duty was committed with malice, fraud or oppression. *See American Airlines v. Sheppard*, 96 Cal. App. 4th 1017, 1051 (2002) ("[A] breach of

7

1  fiduciary duty alone without malice, fraud or oppression does not permit an award of punitive
2  damages.") Under California law, the term malice means acting with the "wrongful intent to
3  vex or annoy" and oppression means "subjecting a person to cruel and unjust hardship in
4  conscious disregard of his rights." *Monge v. Superior Court*, 176 Cal. App. 3d 503, 511 (1986).
5  Without any judgment on the ultimate merit of the claims, considering the fiduciary relationship
6  of an attorney, the Court finds that the allegations on the face of the complaint are sufficient to
7  meet this standard.

**D.   Allen's Motion to Dismiss.**

In his motion to dismiss the complaint in its entirety, Allen contends that the claims are barred by the passage of the statute of limitations. Allen argues that California Code of Civil Procedure § 340.6, setting a one year limitation period which applies to all legal theories arising from attorney malpractice, bars the claim. Allen argues that the original defective infringement contentions were apparently drafted by a Seyfarth attorney on December 22, 2003 and this case was filed on September 12, 2007, well outside the limitations period. In the alternative, Allen contends that the judgment against Plaintiffs in the Rossignol action was entered on April 25, 2006, a year and half before the complaint in this matter was filed. In addition, Allen contends that the complaint fails to allege a clear action for breach of contract because the allegations are vague as to formation of the attorney-client relationship.

Plaintiffs argue that the statute of limitations is tolled while representation continues on the same matter in which the alleged malpractice took place. Cal. Code Civ. Proc. § 340.6(a)(2). The complaint alleges that an attorney-client relationship existed at all times relevant to the matters alleges and "at least through the Federal Circuit's denial of the appeal on January 16, 2007." (Compl., ¶¶ 6, 42.) Therefore, based on the face of the complaint, the motion to dismiss based on statute of limitations is denied. The motion as to breach is denied for the same reasons as the Seyfarth Defendants' motion on the same basis was denied.

**E.   Plaintiffs' Conditional Cross-Motion for Summary Judgment.**

In setting out the facts to defeat Allen's motion to dismiss the complaint on the basis of the running of the statute of limitations, Plaintiffs introduce evidence relating to the formation

8

1  and scope of the attorney-client relationship with Allen.  Plaintiffs request that the Court grant
2  summary adjudication on the issue of the continued representation and the statute of limitations
3  defense should those facts be properly considered.  In response, Allen submits additional
4  evidence indicating that his continued representation of the Plaintiffs was with regard to matters
5  unrelated to the Rossignol dispute.
6      The scope of Allen's representation is disputed.  Therefore, on this record, the Court
7  cannot grant summary adjudication for Plaintiffs on the issue.

## CONCLUSION

9      For the foregoing reasons, the Court rules as follows:
10     (1) DENIES the Seyfarth Defendants' motion to dismiss the five claims of the complaint
11 for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil
12 Procedure 12(b)(6) and against the fraud causes of action for failure to meet the heightened
13 pleading standard of Federal Rule of Civil Procedure 9(b);
14     (2) DENIES the Seyfarth Defendants' motion to strike Plaintiffs' request for punitive
15 damages pursuant to Federal Rule of Civil Procedure 12(f)
16     (3) DENIES Allen's motion to dismiss for failure to state a claim upon which relief can
17 be granted due to the claims being barred by the applicable statute of limitations pursuant to
18 Federal Rule of Civil Procedure 12(b)(6); and
19     (4) DENIES Plaintiffs' conditional cross-motion for summary adjudication against Allen
20 on the statute of limitations issue.
21     In light of these rulings, the Court HEREBY RESETS the initial case management
22 conference for April 4, 2008 at 1:30 p.m.  The parties shall file an updated joint case
23 management statement by no later than March 28, 2008.
24     **IT IS SO ORDERED.**

26 Dated:  March 7, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

9