KEKER & VAN NEST, LLP
ELLIOT R. PETERS - #158708
DANIEL PURCELL - #191424
KLAUS HAMM - #224905
TRAVIS LEBLANC - #251097
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Defendants
SEYFARTH SHAW LLP and
JACK L. SLOBODIN

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD W. BERGER and BRANT W. BERGER,<br><br>                      Plaintiffs,<br><br>        v.<br><br>SEYFARTH SHAW LLP, an Illinois limited liability partnership; JACK L. SLOBODIN, an individual; BURNETT, BURNETT & ALLEN, a California partnership; DOUGLAS B. ALLEN, an individual; and DOES 1-100, inclusive,<br><br>                      Defendants. | Case No. C07-05279 JSW<br><br>**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF DEFENDANTS SEYFARTH SHAW LLP AND JACK L. SLOBODIN**<br><br>Judge:      The Honorable Jeffrey S. White<br><br>Date Comp. Filed:      September 12, 2007<br><br>Trial Date: None set. |

413121.05

1    Defendants Seyfarth Shaw LLP and Jack L. Slobodin (collectively, "Seyfarth") respond

2  as follows to the Complaint for professional negligence, breach of contract, fraud, negligent

3  misrepresentation, and breach of fiduciary duty filed against them by Plaintiffs Richard W.

4  Berger and Brant W. Berger.  Seyfarth responds to the correspondingly numbered allegations in

5  the Complaint as follows:

6                                    **PARTIES**

7    1.    Seyfarth admits that United States Patent Nos. 5,913,530 ("the '530 Patent") and

8  6,196,569 ("the '569 Patent") purport to name Plaintiffs as the inventors of the '530 and '569

9  Patents.  Except as expressly admitted, Seyfarth lacks sufficient knowledge to admit or deny the

10  truth of the remaining allegations in this paragraph, and on that basis denies those allegations.

11    2.    Seyfarth admits that Seyfarth Shaw LLP is an Illinois limited liability partnership

12  and a law firm with offices in the State of California and that Jack L. Slobodin was an attorney

13  and partner of Seyfarth Shaw LLP.  Except as expressly admitted, Seyfarth denies the remaining

14  allegations in this paragraph

15    3.    Seyfarth admits the allegations in this paragraph.

16    4.    Seyfarth admits that Burnett, Burnett & Allen is a law firm that does business in

17  the County of Santa Clara in the State of California.  Except as expressly admitted, Seyfarth

18  lacks sufficient knowledge to admit or deny the truth of the allegations in Paragraph 4 of the

19  Complaint.

20    5.    Seyfarth admits the allegations in this paragraph.

21    6.    Seyfarth denies the allegations in this paragraph.

22    7.    Seyfarth lacks sufficient knowledge to admit or deny the truth of the allegations in

23  this paragraph, and on that basis denies those allegations.

24    8.    Seyfarth denies the allegations in this paragraph.

25                              **GENERAL ALLEGATIONS**

26    9.    Seyfarth denies the allegations in this paragraph.

27    10.    Seyfarth lacks sufficient knowledge to admit or deny the truth of the allegations in

28  this paragraph, and on that basis denies those allegations.

1

413121.05

11.     Seyfarth lacks sufficient knowledge to admit or deny the truth of the allegations in this paragraph, and on that basis denies those allegations.

12.     Seyfarth admits that the issue date listed on the face of the '530 Patent is June 22, 1999 and that the issue date listed on the face of the '569 Patent is March 6, 2001.  Except as expressly admitted, Seyfarth lacks sufficient knowledge to admit or deny the truth of the allegations in this paragraph, and on that basis denies those allegations.

13.     Seyfarth lacks sufficient knowledge to admit or deny the truth of the allegations in this paragraph, and on that basis denies those allegations.

14.     Seyfarth admits that, in 2003, Slobodin, who was then a Seyfarth partner, spoke with Plaintiffs about filing a patent infringement action against Rossignol Ski Company, Incorporated.  Seyfarth further admits that Slobodin wrote a memorandum to Alan L. Unikel, the current Chair of Seyfarth Shaw LLP's Intellectual Property Group, that is dated September 9, 2003.  The contents of that memorandum speak for themselves.  Except as expressly admitted, Seyfarth denies the allegations in this paragraph.

15.     Seyfarth admits that Slobodin received a letter from Reginald Suyat that is dated October 13, 2003 and that indicates claim charts for the '530 and '569 Patents were attached to the letter.  Except as expressly admitted, Seyfarth lacks sufficient knowledge to admit or deny the truth of the allegations in this paragraph, and on that basis denies those allegations.

16.     Seyfarth admits that Unikel received a letter from Suyat that is dated December 15, 2003, and that purports to include a mock-up of a ski-binding that allegedly represented Rossignol's commercial binding.  The actual text of the letter speaks for itself.  Seyfarth further admits that at some time it received a mock-up of a ski-binding that allegedly represented Rossignol's commercial binding.  Except as expressly admitted, Seyfarth denies the remaining allegations in this paragraph.

17.     Seyfarth admits that Seyfarth Shaw LLP attorney J. Terry Stratman sent a memorandum to Slobodin and Unikel that is dated December 15, 2003.  The contents of that memorandum speak for themselves.

18.     Seyfarth denies that Plaintiffs had retained Seyfarth as their lawyers prior to filing

2

413121.05

their patent infringement action against Rossingol.  Seyfarth further denies having made any agreement to collaborate with Defendants Douglas B. Allen and Burnett, Burnett & Allen (collectively, "Allen") and provide the requisite advice and assistance to Allen in handling the patent infringement action against Rossignol.  Except as expressly denied, Seyfarth lacks sufficient information to admit or deny the truth of the remaining allegations in this paragraph, and on that basis denies those allegations.

19.     Seyfarth admits that on June 21, 2005, the Plaintiffs and Berger Enterprises Inc., through Allen, filed a complaint against Rossignol S.A., Skis Rossignol S.A., and Quicksilver, Inc. in the United States District Court for the Northern District of California, Case No. 3:05-CV-02523-CRB.  Seyfarth further admits that complaint purports to allege infringement of the '530 and '569 Patents.

20.     Seyfarth admits that the District Court held the Initial Case Management Conference in *Berger v. Rossignol* on November 18, 2005, and that Allen met with Slobodin and Suyat that day.  Except as expressly admitted, Seyfarth denies the allegations in this paragraph.

21.     Seyfarth denies the allegations in this paragraph.

22.     This paragraph states legal conclusions to which no response is required. The Northern District of California Patent Local Rules in effect in 2005 speak for themselves and are subject to proof by judicial notice upon a proper showing.

23.     Seyfarth admits that Northern District of California Patent Local Rules in effect in 2005 stated that Plaintiffs Disclosure of Asserted Claims and Preliminary Infringement Contentions must be served on all parties no later than 10 days after the Initial Case Management Conference.  Except as expressly admitted, Seyfarth lacks sufficient knowledge to admit or deny the truth of the allegations in this paragraph, and on that basis denies those allegations.

24.     Seyfarth admits that Slobodin received a letter from Allen that is dated December 16, 2005 and purports to carbon copy Suyat.  The contents of that letter speak for themselves.

25.     Seyfarth admits that on January 3, 2006, Regina Wyrick-Berry, Slobodin's secretary at that time, provided Allen with a Seyfarth Shaw LLP memorandum and claims charts for the '530 and '569 Patents.  The memorandum and the claims charts that Wyrick-Berry

3

1   provided to Allen were initially prepared by Stratman. The contents of that memorandum and the

2   claims charts speak for themselves.  To the extent this paragraph characterizes the legal

3   adequacy of the memorandum and claims charts that were provided to Allen on January 3, 2006,

4   this paragraph alleges legal conclusions to which no response is required.

5       26.     Seyfarth admits that, on January 4, 2006, Allen served on counsel for Rossignol a

6   document captioned "Supplemental Initial Disclosure Pursuant to Local Patent Rule 3-1

7   Disclosure of Asserted Claims and Preliminary Infringement Contentions" ("Infringement

8   Contentions").  Except as expressly admitted, Seyfarth denies the remaining allegations in this

9   paragraph.

10      27.     The contents of Plaintiffs' Infringement Contentions in *Berger v. Rossignol,* and

11  the Court's subsequent order on summary judgment, speak for themselves and are subject to

12  proof by judicial notice upon a proper showing.  To the extent this paragraph characterizes the

13  legal adequacy of the Infringement Contentions, or the legal basis of the Court's ruling, this

14  paragraph alleges legal conclusions to which no response is required.  Seyfarth denies the

15  remaining allegations in this paragraph, if any.

16      28.     The contents of Plaintiffs' Infringement Contentions in *Berger v. Rossignol* speak

17  for themselves and are subject to proof by judicial notice upon a proper showing.  To the extent

18  this paragraph characterizes the legal adequacy of the Infringement Contentions, this paragraph

19  alleges legal conclusions to which no response is required. Seyfarth denies the remaining

20  allegations in this paragraph, if any.

21      29.     The contents of Plaintiffs' Infringement Contentions in *Berger v. Rossignol* speak

22  for themselves.  To the extent this paragraph characterizes the legal adequacy of the

23  Infringement Contentions, this paragraph alleges legal conclusions to which no response is

24  required. Seyfarth denies the remaining allegations in this paragraph, if any.

25      30.     Seyfarth admits that on February 21, 2006, Rossignol filed a document captioned

26  "Motion for Summary Judgment of Unenforceability (Due to Equitable Estoppel),

27  Noninfringement and/or Invalidity," the contents of which speak for themselves and are subject

28  to proof by judicial notice upon a proper showing.  Except as expressly admitted, Seyfarth lacks

4

413121.05

1   sufficient information to admit or deny the truth of the remaining allegations in this paragraph,

2   and on that basis denies those allegations.

3         31.     Seyfarth admits that on March 14, 2006, Allen filed a document captioned

4   "Notice of Association of Attorney," the contents of which speak for themselves and are subject

5   to proof by judicial notice upon a proper showing.

6         32.     Seyfarth admits that on March 15, 2006, it filed a motion to defer Rossignol's

7   "Motion for Summary Judgment of Unenforceability (Due to Equitable Estoppel),

8   Noninfringement and/or Invalidity," the contents of which speak for themselves and are subject

9   to proof by judicial notice upon a proper showing.

10         33.     Seyfarth admits that, on March 21, 2006, the Honorable Charles R. Breyer of this

11   Court issued a written order resolving the Bergers' motion to defer.  The contents of the Court's

12   order speak for themselves and are subject to proof by judicial notice upon a proper showing.

13         34.     Seyfarth admits that on March 27, 2006, it filed a document captioned "Motion

14   for Leave to File Amended Disclosure of Asserted Claims and Preliminary Infringement

15   Contentions," and supporting declarations from Slobodin and Allen.  The contents of all of these

16   documents speak for themselves and are subject to proof by judicial notice upon a proper

17   showing.  Except as expressly admitted, Seyfarth denies the remaining allegations in this

18   paragraph.

19         35.     Seyfarth admits that on March 27, 2006, Slobodin filed a document captioned

20   "Opposition and Points & Authorities in Support Thereof to Rossignol's Motion for Summary

21   Judgment of Enforceability (Due to Equitable Estoppel), Or Non-Infringement and/or

22   Invalidity," the contents of which speak for themselves and are subject to proof by judicial notice

23   upon a proper showing.  Except as expressly admitted, Seyfarth denies the remaining allegations

24   in this paragraph.

25         36.     Seyfarth admits that Judge Breyer conducted a hearing in *Berger v. Rossignol* on

26   April 14, 2006.  Except as expressly admitted, Seyfarth denies the remaining allegations in this

27   paragraph.

28         37.     Seyfarth admits that Judge Breyer issued a written order dated April 25, 2006, the

5

1   contents of which speak for themselves and are subject to proof by judicial notice upon a proper

2   showing.

3       38.     Seyfarth admits that, on April 25, 2006, Judge Breyer issued a written order

4   resolving Rossignol's motion for summary judgment.  The contents of that order speak for

5   themselves and are subject to proof by judicial notice upon a proper showing.

6       39.     Seyfarth admits that, on April 25, 2006, Judge Breyer issued a written order

7   resolving Rossignol's motion for summary judgment.  The contents of that order speak for

8   themselves and are subject to proof by judicial notice upon a proper showing.

9       40.     Seyfarth admits that Judge Breyer issued a judgment in *Berger v. Rossignol* dated

10  April 25, 2006, the terms of which speak for themselves and are subject to proof by judicial

11  notice upon a proper showing.

12      41.     Seyfarth admits that, on May 25, 2006, the Plaintiffs noticed an appeal to the

13  United States Court of Appeals for the Federal Circuit from Judge Breyer's written order dated

14  April 25, 2006.  Seyfarth further admits that on January 10, 2007, Slobodin argued Plaintiffs'

15  appeal in the Federal Circuit.  Except as expressly admitted, Seyfarth denies the remaining

16  allegations in this paragraph.

17      42.     Seyfarth admits that a panel of the Federal Circuit issued a written *per curiam*

18  order on January 12, 2007, the contents of which speak for themselves and are subject to proof

19  by judicial notice upon a proper showing.

20      43.     Seyfarth admits that Slobodin served as counsel for the Plaintiffs in connection

21  with the Federal Circuit appeal in Case No. 2006-1431.  Seyfarth denies that Allen was counsel

22  of record in that appeal to the Federal Circuit.  Except as expressly admitted or denied, Seyfarth

23  lacks sufficient information to admit or deny whether Allen represented Plaintiffs through the

24  Federal Circuit appeal and the denial of that appeal, and on that basis denies those allegations.

25      44.     Seyfarth admits that it sent a written invoice to Plaintiffs dated February 27, 2007,

26  the contents of which speak for themselves.

27

28

413121.05

ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
OF DEFENDANTS SEYFARTH SHAW LLP AND JACK L. SLOBODIN
CASE NO. C07-05279 JSW

1    **FIRST CAUSE OF ACTION**

2    **(Professional Negligence)**

3        45.    Seyfarth incorporates the answers set forth in response to Paragraphs 1 through 44

4    of the Complaint as if fully set forth herein.

5        46.    Seyfarth denies the allegations in this paragraph.

6        47.    Seyfarth denies the allegations in this paragraph.

7        48.    Seyfarth denies the allegations in this paragraph.

8        49.    Seyfarth denies the allegations in this paragraph.

9    **SECOND CAUSE OF ACTION**

10    **(Breach of Contract)**

11        50.    Seyfarth incorporates the answers set forth in response to Paragraphs 1 through 49

12    of the Complaint as if fully set forth herein.

13        51.    Seyfarth denies the allegations in this paragraph.

14        52.    Seyfarth denies the allegations in this paragraph.

15        53.    Seyfarth denies the allegations in this paragraph.

16        54.    Seyfarth denies the allegations in this paragraph.

17        55.    Seyfarth denies the allegations in this paragraph.

18    **THIRD CAUSE OF ACTION**

19    **(Fraud)**

20        56.    Seyfarth incorporates the answers set forth in response to Paragraph 1 through 55

21    of the Complaint as if fully set forth herein.

22        57.    Seyfarth denies the allegations in this paragraph.

23        58.    Seyfarth denies the allegations in this paragraph.

24        59.    Seyfarth denies the allegations in this paragraph.

25        60.    Seyfarth denies the allegations in this paragraph.

26    **FOURTH CAUSE OF ACTION**

27    **(Negligent Misrepresentation)**

28        61.    Seyfarth incorporates the answers set forth in response to Paragraphs 1 through 60

7

413121.05

of the Complaint as if fully set forth herein.

62.     Seyfarth denies the allegations in this paragraph.

63.     Seyfarth denies the allegations in this paragraph.

64.     Seyfarth denies the allegations in this paragraph.

### FIFTH CAUSE OF ACTION

### (Breach of Fiduciary Duty)

65.     Seyfarth incorporates the answers set forth in response to Paragraphs 1 through 64 of the Complaint as if fully set forth herein.

66.     Seyfarth denies the allegations in this paragraph.

67.     Seyfarth denies the allegations in this paragraph.

68.     Seyfarth denies the allegations in this paragraph.

69.     Seyfarth denies the allegations in this paragraph.

70.     Seyfarth denies the allegations in this paragraph.

71.     Seyfarth denies the allegations in this paragraph.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Estoppel)

72.     Plaintiffs are estopped from asserting the causes of action alleged and from obtaining the relief requested in the Complaint against Seyfarth by reason of Plaintiffs' conduct, actions, and communications to Seyfarth.

### SECOND AFFIRMATIVE DEFENSE

### (Waiver)

73.     Plaintiffs are barred from seeking the relief requested in the Complaint by reason of the doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE

### (Mistake)

74.     Any recovery on Plaintiffs' Complaint, or any purported cause of action alleged

8

413121.05

1  therein, is barred by the doctrine of mistake.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

75.    Plaintiffs are barred from seeking the relief requested in the Complaint by reason of Plaintiffs' failure to mitigate the damages allegedly suffered by Plaintiffs, if any such damages exist.

## FIFTH AFFIRMATIVE DEFENSE

### (Contributory Negligence)

76.    Seyfarth alleges that Plaintiffs and/or their agents were careless and negligent with respect to the matters alleged in the Complaint, and that said carelessness and negligence proximately contributed to and was a proximate contributing cause of the damages alleged in the Complaint, and therefore the relief prayed for from Seyfarth in the Complaint cannot be granted.

## SIXTH AFFIRMATIVE DEFENSE

### (Comparative Liability)

77.    The Complaint, and each of the purported causes of action against Seyfarth contained therein, is barred in whole or in part because the damages incurred by Plaintiffs, if any, were cased in whole or in part by persons (including Plaintiffs and/or their agents) other than Seyfarth and the liability, if any, of Seyfarth should be comparatively reduced or eliminated.

## SEVENTH AFFIRMATIVE DEFENSE

### (Reasonable Investigation of the Law)

78.    To the extent that Seyfarth owed any duty or duties to Plaintiffs with regard to the matters alleged in the Complaint, Seyfarth at all times acted in good faith, without malice, and undertook research in an effort to ascertain relevant principles of law, and therefore the relief prayed upon from Seyfarth in the Complaint cannot be granted.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure of Consideration)

79.    Any recovery on Plaintiffs' Complaint on any purported cause of action alleged therein is barred on the ground that, as to each and every oral, implied, or other contract alleged

9

413121.05

therein, there was a failure of consideration.

## NINTH AFFIRMATIVE DEFENSE

### (Lack of Consideration)

80.     Any recovery on Plaintiffs' Complaint or any purported cause of action alleged therein is barred on the ground that, as to each and every oral, implied, or other contract alleged therein, there was a lack of consideration.

## TENTH AFFIRMATIVE DEFENSE

### (Noninfringement)

81.     Rossignol has not infringed any valid and enforceable claim of the '530 and '569 Patents.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Invalidity/Unenforceability)

82.     The claims of the '530 and '569 Patents are invalid and/or unenforceable for failure to comply with one or more of the provisions of Tile 35 of the United States Code including, but not limited to, §§ 101, 102, 103, 111, 112, 116, 132, 135, 256, and 287.

## TWELFTH AFFIRMATIVE DEFENSE

### (Prosecution Disclaimer)

83.     Plaintiffs' claims for patent infringement in the underlying case were barred, in whole or in part, by the doctrine of prosecution history disclaimer.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Prosecution Estoppel)

84.     Plaintiffs' claims for patent infringement in the underlying case were barred, in whole or in part, by the doctrine of prosecution history estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (35 U.S.C. § 287)

85.     Plaintiffs' claims for patent infringement in the underlying case were barred in whole or in part by their failure to provide adequate notice under 35 U.S.C. § 287.

86.     Plaintiffs' prayer for relief is limited by 35 U.S.C. § 287.

1

## FIFTEENTH AFFIRMATIVE DEFENSE

2

### (Unclean Hands)

3          87.      Plaintiffs' requested relief is barred in whole or in part by their own unclean

4    hands.

5

## SIXTEENTH AFFIRMATIVE DEFENSE

6

### (Laches and Equitable Estoppel)

7          88.      Plaintiffs knew or should have known of activities that they allege infringed the

8    '530 and '569 Patents, but failed to assert those Patents.  To the contrary, Plaintiffs statements

9    and conduct reasonably induced Rossignol to believe that Plaintiffs would not assert the '530 and

10   '569 Patents against Rossignol.  Plaintiffs' statements and actions materially prejudiced

11   Rossignol and Seyfarth, such that any claim for patent infringement in the underlying case was

12   barred by the doctrines of laches and/or equitable estoppel.

13

## SEVENTEENTH AFFIRMATIVE DEFENSE

14

### (Reverse Doctrine of Equivalents)

15          89.      Based on the reverse doctrine of equivalents, Rossignol has not infringed any

16   claim of the '530 and '569 Patents.

17

## EIGHTEENTH AFFIRMATIVE DEFENSE

18

### (Reservation of Defenses)

19          90.      Seyfarth reserves the right to assert additional affirmative defenses, including any

20   and all defenses asserted by Rossignol in *Berger v. Rossignol*, as well as additional claims, or

21   third-party claims based on information revealed during the discovery process and investigation

22   of this case.

23

24

## COUNTERCLAIMS

25          Seyfarth asserts the following counterclaims against Plaintiffs:

26          1.      Seyfarth incorporates the answers set forth in response to the above-numbered

27   Paragraphs of the Complaint.

28          2.      In its Counterclaims, Seyfarth seeks declarations of invalidity and

11

413121.05

1   noninfringement of the '530 and '569 Patents. As such, jurisdiction is proper pursuant to the

2   Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; under federal question

3   jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a); and as arising under the Patent Laws of

4   the United States, Title 35 of the United States Code.

5         3.     This Court has personal jurisdiction over the Plaintiffs.

6         4.     Venue in this district is proper with regard to these Counterclaims under 28

7   U.S.C. §§ 1391 and 1400.

8         5.     As a result of the alleged claims and causes of actions contained in Plaintiffs'

9   Complaint against Seyfarth, an actual controversy exists as to invalidity, enforceability, and

10  infringement of the '530 and '569 Patents.

## FIRST COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '530 and '569 Patents)

13        6.     Seyfarth realleges and incorporates the answers set forth in response to the above-

14  numbered Paragraphs of the Complaint, as well as the allegations set forth in Paragraphs 1-5 of

15  the Counterclaims.

16        7.     The claims of the '530 and '569 Patents are invalid for failure to comply with one

17  or more of the requirements of Title 35 of the United States Code including, but not limited to,

18  §§ 101, 102, 103, 111, 112, 116, 132, 135, 256, and 287.

19        8.     A judicial declaration that the '530 and '569 Patents are invalid is necessary and

20  appropriate at this time because Plaintiffs cannot recover in this case if the patents that they

21  asserted in *Berger v. Rossignol*, namely the '530 and '569 Patents, are invalid.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Unenforceability of the '530 and '569 Patents)

24        9.     Seyfarth realleges and incorporates the answers set forth in response to the above-

25  numbered Paragraphs of the Complaint, as well as the allegations set forth in Paragraphs 1-5 of

26  the Counterclaims

27        10.    The claims of the '530 and '569 Patents are unenforceable for failure to comply

28  with one or more of the requirements of Title 35 of the United States Code including, but not

413121.05

1    limited to, §§ 101, 102, 103, 111, 112, 116, 132, 135, 256, and 287.

2        11.    A judicial declaration that the '530 and '569 Patents are unenforceable is

3    necessary and appropriate at this time because Plaintiffs cannot recover in this case if the patents

4    that they asserted in *Berger v. Rossignol*, namely the '530 and '569 Patents, are unenforceable.

5                        **THIRD COUNTERCLAIM**

6    **(Declaratory Judgment of Noninfringement of the '530 and '569 Patents)**

7        12.    Seyfarth realleges and incorporates the answers set forth in response to the above-

8    numbered Paragraphs of the Complaint, as well as the allegations set forth in Paragraphs 1-5 of

9    the Counterclaims.

10       13.    Seyfarth contends that Rossignol has not infringed the '530 and '569 Patents,

11   either directly, indirectly, literally, or under the doctrine of equivalents.

12       14.    A judicial declaration that Rossignol has not infringed the '530 and '569 Patents

13   is necessary and appropriate at this time because Plaintiffs cannot recover in this case if the

14   patents that they asserted in *Berger v. Rossignol*, namely the '530 and '569 Patents, were not

15   infringed by Rossignol.

16

17                        **PRAYER FOR RELIEF**

18       WHEREFORE, Seyfarth respectfully requests that this Court enter a Judgment and

19   Order:

20       A.    Dismissing the Complaint, and each cause of action alleged therein, with

21            prejudice and denying Plaintiffs any relief whatsoever;

22       B.    Entering judgment in favor of Seyfarth;

23       C.    Declaring that the '530 and '569 Patents have not been infringed;

24       D.    Declaring that each and every claim of the '530 and '569 Patents is invalid;

25       E.    Declaring that each and every claim of the '530 and '569 Patents is

26            unenforceable;

27       F.    Awarding Seyfarth attorneys' fees, costs, and expenses;

28

ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
OF DEFENDANTS SEYFARTH SHAW LLP AND JACK L. SLOBODIN
CASE NO. C07-05279 JSW

413121.05

1    G.    Granting such other and further relief as the Court deems just and proper.

2

3                                                      Respectfully submitted,

4    Dated: March 21, 2008                             KEKER & VAN NEST, LLP

5

6

7                                            By:   /s/ Elliot R. Peters
                                                   ELLIOT R. PETERS
                                                   Attorneys for Defendants
8                                                  SEYFARTH SHAW LLP and
                                                   JACK L. SLOBODIN
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
OF DEFENDANTS SEYFARTH SHAW LLP AND JACK L. SLOBODIN
CASE NO. C07-05279 JSW

413121.05