1  DOUGLAS B. ALLEN, SBN 99239
   BURNETT, BURNETT, & ALLEN
2  333 WEST SAN CARLOS ST.
   EIGHTH FLOOR
3  SAN JOSE, CALIFORNIA 95110
   (408) 298-6540
4
   Attorneys for DOUGLAS B. ALLEN
5

6                    UNITED STATES DISTRICT COURT
        NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION
7

8  RICHARD W. BERGER AND BRANT W.          Case No. C07-05279 JSW
   BERGER,
9                                          ANSWER, AFFIRMATIVE DEFENSES AND
                    Plaintiff,             COUNTERCLAIMS OF DEFENDANT DOUGLAS B.
10                                         ALLEN DBA BURNETT, BURNETT & ALLEN
   vs.
11
   SEYFARTH SHAW LLP, and Illinois limited  Before: The Honorable Judge Jeffrey S. White
12 liability partnership; JACK L. SLOBODIN, an
   individual; DOUGLAS B. ALLEN dba
13 BURNETT, BURNETT & ALLEN; and Does
   1-100, inclusive;
14                  Defendants.
                                       /
15
          Defendant Douglas B. Allen dba Burnett, Burnett & Allen ("Allen") responds
16
   as follows to the Complaint for professional negligence, breach of contract, fraud, negligent
17
   nisrepresentation, and breach of fiduciary duty filed against them by Plaintiffs Richard W.
18
   Berger and Brant W. Berger. Seyfarth responds to the correspondingly numbered allegations in
19
   he Complaint as follows:
20
                                      **PARTIES**
21
          1. Allen admits that United States Patent Nos. 5,913,530 ("the '530 Patent") and
22
   6,196,569 ("the '569 Patent") purport to name Plaintiffs **as** the inventors of the '530 and '569
23
   patents. Plaintiffs entered into a licence with Berger Enterprises Inc. which may still have a claim to
24
   ownership and/or all income derived from the patents.  Except as expressly admitted, Allen lacks
25
   sufficient knowledge to admit or deny the truth of the remaining allegations in this paragraph, and on
26
   that basis denies those allegations.
27
          2. Allen admits that Allen Shaw LLP is an Illinois limited liability partnership
28

BURNETT, BURNETT
& ALLEN
333 West San Carlos St.
8th Floor
San Jose, Ca. 95110   ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF DEFENDANT DOUGLAS B. ALLEN DBA BURNETT, BURNETT & ALLEN    1

1    ind a law firm with offices in the State of California and that Jack L. Slobodin was an attorney

2    and partner of Allen Shaw LLP. Except as expressly admitted, Allen denies the remaining

3    allegations in this paragraph

4        3. Allen admits the allegations in this paragraph.

5        4. Allen admits that Burnett, Burnett & Allen is a law firm that does business in

6    the County of Santa Clara in the State of California. Burnett, Burnett & Allen is and was at all

7    relevant times herein the fictitious name of a sole proprietorship owned and operated by defendant

8    Allen, and was not a partnership.

9        5. Allen admits the allegations in this paragraph.

10       6. Allen denies the allegations in this paragraph, with particular regard to the phrase "At all

11   relevant times".  Allen has represented plaintiffs on various matters over many years, however

12   Allen's representation of plaintiffs in the United States District Court for the Northern District of

13   California, Case No. 3:05-CV-02523-CRB  terminated over a year previous to the initial filing of

14   this action.

15       7. The allegations of paragraph 7 are immaterial any do not form a legal basis for asserting

16   liability against unknown parties under Federal Rules.  Allen further asserts that there are no parties

17   unknown to plaintiffs who contributed to the actions taken in United States District Court for the

18   Northern District of California, Case No. 3:05-CV-02523-CRB, and denies these allegations.

19       8. Allen denies the allegations in this paragraph.

20                          **GENERAL ALLEGATIONS**

21       9. Allen denies the allegations in this paragraph, except that Allen admits that the patent

22   applications were filed on June 16, 1997..

23       10. Allen admits that the binding had market appeal, but denies that it was significant as

24   plaintiff failed to properly market the binding.  The binding was viewed by Rossignol, however,

25   Allen lacks sufficient knowledge to admit or deny the truth of the allegations regarding copying of

26   the binding, but rather, in light of the existing art embodied in other designs, believes that such

27   existing designs formed the basis of Rossignol's tool less rotating binding.  As to the remaining

28   allegations of this paragraph, Allen denies those allegations.

1    11. Allen admits that correspondence was exchanged but, lacks sufficient knowledge to

2   admit or deny the truth of the remaining allegations in this paragraph, and on that basis denies those

3   allegations.

4    12. Allen admits that the issue date listed on the face of the '530 Patent is June 22,

5   1999 and that the issue date listed on the face of the '569 Patent is March 6, 2001. Allen admits that

6   Reginald Suyat, formerly affiliated in some capacity with the firm of Fish and Richardson handled a

7   part of the prosecution of those patents through the United States Patent and Trademark Office.

8   Except as expressly admitted, Allen lacks sufficient knowledge to admit or deny the truth of the

9   allegations in this paragraph, and on that basis denies those allegations.

10    13. Allen lacks sufficient knowledge to admit or deny the truth of the allegations in

11   this paragraph, and on that basis denies those allegations.

12    14. Allen is informed and believes that, in 2003, Slobodin spoke with Plaintiffs about filing a

13   patent infringement action against Rossignol Ski Company, and that Slobodin wrote a memorandum

14   to Alan L. Unikel, of Seyfarth and Shaw LLP's Intellectual Property Group, that is dated September

15   9, 2003. The contents of that memorandum speak for themselves. Except as expressly admitted,

16   Allen has insufficient information to admit or deny the allegations and on that basis, denies the

17   allegations in this paragraph.

18    15. Allen was informed by plaintiffs that in 2003, Mr. Suyat sent Mr. Slobodin a copy of a

19   claim chart.  Allen lacks sufficient knowledge to admit or deny the truth of the allegations in this

20   paragraph, and on that basis denies those allegations.

21    16. Allen was informed by plaintiffs that a ski-binding that allegedly represented Rossignol's

22   Tool less  binding was sent to Seyfarth and Shaw that was never returned to plaintiffs or Mr. Suyat.

23   Except as expressly admitted, Allen denies the remaining allegations in this paragraph.

24    17. Allen is informed and believes and admits that Seyfarth Shaw LLP attorney J. Terry

25   Stratman sent a memorandum to Slobodin that is dated December 15, 2003. The contents of that

26   memorandum speak for themselves. Except as expressly admitted, Allen denies the remaining

27   allegations in this paragraph.

28

**BURNETT, BURNETT**
**& ALLEN**
333 West San Carlos St.
8th Floor
San Jose, Ca.  95110

1    18.  In 2005, Allen was retained by plaintiffs to file their patent infringement action against

2    Rossignol, and was promised help support and collaboration by plaintiff Richard Berger from Mr.

3    Slobodin and Mr. Suyat, as well as funding to pay for their help.  Allen had no prior patent

4    infringement litigation experience, and had represented plaintiffs in real estate matters.  Prior to

5    filing the action Allen spoke to Slobodin who concurred that he would assist, however, he needed to

6    be paid his then hourly rate of $650 per hour with a retainer of $10,000.   Except as expressly

7    admitted,  Allen lacks sufficient information to admit or deny the truth of the remaining allegations

8    in this paragraph, and on that basis denies those allegations.

9        19. Allen admits that on June 21, 2005, the Plaintiffs and Berger Enterprises Inc.,

10   through Allen, filed a complaint against Rossignol S.A., Skis Rossignol S.A., and Quicksilver,

11   Inc. in the United States District Court for the Northern District of California, Case No. 3:05-

12   CV-02523-CRB. Allen further admits that complaint purports to allege infringement of the

13   '530 and '569 Patents.

14        20. Allen admits that the District Court held the Initial Case Management

15   Conference in *Berger* v. *Rossignol* on November 18, 2005, and that Allen met with Slobodin and

16   Suyat that day. Except as expressly admitted, Allen denies the allegations in this paragraph.

17        21. Allen admits that at that meeting or shortly thereafter, Mr. Slobodin indicated that he

18   would try to get his firm to take on the litigation on a contingent fee, but denies the remaining

19   allegations in this paragraph.

20        22. This paragraph states legal conclusions to which no response is required. The

21   Northern District of California Patent Local Rules in effect in 2005 speak for themselves and are

22   subject to proof by judicial notice upon a proper showing.

23        23. Allen denies the allegations of paragraph 23, except as follows:  Plaintiffs Disclosure of

24   Asserted Claims and Preliminary Infringement Contentions along with all other preliminary

25   disclosures required by FRCP 26 were due on November 16, 2005, per the joint case management

26   statement and proposed order page 6 paragraph 10, in United States District Court for the Northern

27   District of California, Case No. 3:05-CV-02523-CRB, and by local rule on November 29, 2005.  The

28   infringement contentions were not served by December 3, 2005.   Allen had not received the

BURNETT, BURNETT
& ALLEN
333 West San Carlos St.
8th Floor
San Jose, Ca.  95110

1   required claims chart from plaintiff, from Mr. Suyat, or from Mr. Slobodin, nor had Allen received

2   other material to comply with the initial disclosure requirements on a timely basis.

3   Conference. Except as expressly admitted, Allen lacks sufficient knowledge to admit or deny

4   the truth of the allegations in this paragraph, and on that basis denies those allegations.

5       24. Allen admits the allegations of paragraph 24.

6       25. Allen admits that late on January 3,2006, Seyfarth Shaw, provided Allen with a

7   memorandum and claims charts for the '530 and '569 Patents.  Allen did not see the documents until

8   evening hours and Mr. SLOBODIN was unavailable.  Allen called and consulted with plaintiff,

9   Richard Berger as to the contents thereof, and had no knowledge that there was more than one claims

10  chart as to the '530 patent at that time.  The contents of that memorandum and the claims charts

11  speak for themselves.

12      26. Allen admits that, on January 4, 2006, Allen served on counsel for Rossignol a

13  document captioned "Supplemental Initial Disclosure Pursuant to Local Patent Rule 3-1

14  Disclosure of Asserted Claims and Preliminary Infringement Contentions" ("Infringement

15  Contentions"), and admits that the Infringement Contentions were based upon the Seyfarth claims

16  chart and memorandum received the night before, as well as the discussion with plaintiff Richard

17  Berger and his decision not to include the '569 patent in the contentions based upon the

18  memorandum.  Allen denies the remaining allegations and specifically that the contentions were

19  "defective".

20      27. The contents of Plaintiffs' Infringement Contentions in *Berger v. Rossignol*, and

21  the Court's subsequent order on summary judgment, speak for themselves and are subject to

22  proof by judicial notice upon a proper showing. To the extent this paragraph characterizes the

23  legal adequacy of the Infringement Contentions, or the legal basis of the Court's ruling, this

24  paragraph alleges legal conclusions to which no response is required. Allen denies the

25  remaining allegations in this paragraph.

26      28. Plaintiffs' Infringement Contentions in *Berger* v. *Rossignol* speak

27  for themselves and are subject to proof by judicial notice upon a proper showing. The failure to

28  include the '569 patent was an intentional decision left to the plaintiff, Richard Berger, based upon

**BURNETT, BURNETT**
**& ALLEN**
333 West San Carlos St.
8th Floor
San Jose, Ca.  95110

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF DEFENDANT DOUGLAS B. ALLEN DBA BURNETT, BURNETT & ALLEN          5

1  the Seyfarth Shaw memorandum, and in light of the lack of time to issue the contentions due to

2  defendants pending motion to dismiss under FRCP 41.  To the extent

3  this paragraph characterizes the legal adequacy of the Infringement Contentions, this paragraph

4  alleges legal conclusions to which no response is required. Allen denies the remaining

5  allegations in this paragraph.

6      29. The contents of Plaintiffs' Infringement Contentions in Berger v. Rossignol speak

7  for themselves. To the extent this paragraph characterizes the legal adequacy of the

8  Infringement Contentions, this paragraph alleges legal conclusions to which no response is

9  required. Allen denies the remaining allegations in this paragraph.

10      30. Allen admits that on February 21,2006, Rossignol filed a document captioned

11  "Motion for Summary Judgment of Unenforceability (Due to Equitable Estoppel),

12  Noninfringement andor Invalidity," the contents of which speak for themselves and are subject

13  to proof by judicial notice upon a proper showing. Except as expressly admitted, Allen lacks

14  sufficient information to admit or deny the truth of the remaining allegations in this paragraph,

15  and on that basis denies those allegations.

16      31. Allen admits the allegations of paragraph 31.

17      32. Allen admits that on March 15, 2006, the motion was filed to defer Rossignol's

18  "Motion for Summary Judgment of Unenforceability (Due to Equitable Estoppel),

19  Noninfringement andlor Invalidity," the contents of which speak for themselves and are subject

20  to proof by judicial notice upon a proper showing.

21      33. Allen admits that, on March 21, 2006, the Honorable Charles R. Breyer of this

22  Court issued a written order resolving the Bergers' motion to defer. The contents of the Court's

23  order speak for themselves and are subject to proof by judicial notice upon a proper showing.

24      34. Allen admits that on March 27, 2006, that a "Motion for Leave to File Amended

25  Disclosure of Asserted Claims and Preliminary Infringement Contentions," and supporting

26  declarations from Slobodin and Allen were filed. The contents of all of these documents speak for

27  themselves and are subject to proof by judicial notice upon a proper showing. Except as expressly

28  admitted, Allen denies the remaining allegations in this paragraph.

1    35. Allen admits that on March 27, 2006, Slobodin filed a document captioned

2 "Opposition and Points & Authorities in Support Thereof to Rossignol's Motion for Summary

3 Judgment of Enforceability (Due to Equitable Estoppel), Or Non-Infringement and/or

4 Invalidity," the contents of which speak for themselves and are subject to proof by judicial notice

5 upon a proper showing. Except as expressly admitted, Allen denies the remaining allegations

6 in this paragraph.

7    36. Allen admits that Judge Breyer conducted a hearing in *Berger v. Rossignol* on

8 April 14, 2006. Except as expressly admitted, Allen denies the remaining allegations in this

9 paragraph.

10    37. Allen admits that Judge Breyer issued a written order dated April 25, 2006, the

11 contents of which speak for themselves and are subject to proof by judicial notice upon a proper

12 showing.

13    38. Allen admits that, on April 25, 2006, Judge Breyer issued a written order

14 resolving Rossignol's motion for summary judgment. The contents of that order speak for

15 themselves and are subject to proof by judicial notice upon a proper showing.

16    39. Allen admits that, on April 25, 2006, Judge Breyer issued a written order

17 resolving Rossignol's motion for summary judgment. The contents of that order speak for

18 themselves and are subject to proof by judicial notice upon a proper showing.

19    40. Allen admits that Judge Breyer issued a judgment in *Berger* v. *Rossignol* dated

20 April 25, 2006, the terms of which speak for themselves and are subject to proof by judicial

21 notice upon a proper showing.

22    41. Allen admits that, on May 25, 2006, the Plaintiffs noticed an appeal to the

23 United States Court of Appeals for the Federal Circuit from Judge Breyer's written order dated

24 April 25, 2006. Allen further admits that on January 10, 2007, Plaintiffs' appeal in the Federal

25 Circuit was argued. Except as expressly admitted, Allen denies the remaining

26 allegations in this paragraph.

27    42. Allen admits that a panel of the Federal Circuit issued a written *per curium*

28 order on January 12, 2007, the contents of which speak for themselves and are subject to proof

1  by judicial notice upon a proper showing.

2  43. Allen admits that Slobodin served as counsel for the Plaintiffs in connection

3  with the Federal Circuit appeal in Case No. 2006-1431. Allen expressly denies that Allen was

4  counsel of record in that appeal to the Federal Circuit, nor acted as counsel to plaintiffs in that

5  appeal. Except as expressly admitted or denied, Allen denies all remaining allegations.

6  44. Allen has insufficient information in which to admit or deny and upon that basis denies

7  the allegations of paragraph 44.

8  **FIRST CAUSE OF ACTION**

9  **(Professional Negligence)**

10  45. Allen incorporates the answers set forth in response to Paragraphs 1 through 44

11  of the Complaint as if fully set forth herein.

12  46. Allen denies the allegations in this paragraph.

13  47. Allen denies the allegations in this paragraph.

14  48. Allen denies the allegations in this paragraph.

15  49 Allen denies the allegations in this paragraph.

16  **SECOND CAUSE OF ACTION**

17  **(Breach of Contract)**

18  50. Allen incorporates the answers set forth in response to Paragraphs 1 through 49

19  of the Complaint as if fully set forth herein.

20  51. Allen denies the allegations in this paragraph.

21  52. Allen denies the allegations in this paragraph.

22  53. Allen denies the allegations in this paragraph.

23  54. Allen denies the allegations in this paragraph.

24  55. Allen denies the allegations in this paragraph.

25  **THIRD CAUSE OF ACTION**

26  **(Fraud)**

27  56. Allen incorporates the answers set forth in response to Paragraph 1 through 55

28  of the Complaint as if fully set forth herein.

1   57. Allen denies the allegations in this paragraph.

2   58. Allen denies the allegations in this paragraph.

3   59. Allen denies the allegations in this paragraph.

4   60. Allen denies the allegations in this paragraph.

5   **FOURTH CAUSE OF ACTION**

6   **(Negligent Misrepresentation)**

7   61. Allen incorporates the answers set forth in response to Paragraphs 1 through 60

8   of the Complaint as if fully set forth herein.

9   62. Allen denies the allegations in this paragraph.

10  63. Allen denies the allegations in this paragraph.

11  64. Allen denies the allegations in this paragraph.

12  **FIFTH CAUSE OF ACTION**

13  **(Breach of Fiduciary Duty)**

14  65. Allen incorporates the answers set forth in response to Paragraphs 1 through 64

15  of the Complaint as if fully set forth herein.

16  66. Allen denies the allegations in this paragraph.

17  67. Allen denies the allegations in this paragraph.

18  68. Allen denies the allegations in this paragraph.

19  69. Allen denies the allegations in this paragraph.

20  70. Allen denies the allegations in this paragraph.

21  71. Allen denies the allegations in this paragraph.

22

23  **AFFIRMATIVE DEFENSES**

24  **FIRST AFFIRMATIVE DEFENSE**

25  **(Estoppel)**

26  72. Plaintiffs are estopped from asserting the causes of action alleged and from  obtaining the

27  relief requested in the Complaint against Allen by reason of Plaintiffs' conduct, actions, and

28  communications to Allen.

**BURNETT, BURNETT
& ALLEN**
333 West San Carlos St.
8th Floor
San Jose, Ca.  95110

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF DEFENDANT DOUGLAS B. ALLEN DBA BURNETT, BURNETT & ALLEN          9

## SECOND AFFIRMATIVE DEFENSE

### (Waiver)

73. Plaintiffs are barred from seeking the relief requested in the Complaint by reason of the doctrine of waiver.

## THIRD AFFIRMATIVE DEFENSE

### (Mistake)

74. Any recovery on Plaintiffs' Complaint, or any purported cause of action alleged therein, is barred by the doctrine of mistake.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

75. Plaintiffs are barred from seeking the relief requested in the Complaint by reason of Plaintiffs' failure to mitigate the damages allegedly suffered by Plaintiffs, if any such damages exist.

## FIFTH AFHRMATIVE DEFENSE

### (Contributory Negligence)

76. Allen alleges that Plaintiffs and/or their agents were careless and negligent with respect to the matters alleged in the Complaint, and that said carelessness and negligence proximately contributed to and was a proximate contributing cause of the damages alleged in the Complaint, and therefore the relief prayed for from Allen in the Complaint cannot be granted.

## SIXTH AFFIRMATIVE DEFENSE

### (Comparative Liability)

77. The Complaint, and each of the purported causes of action against Allen contained therein, is barred in whole or in part because the damages incurred by Plaintiffs, if any. were cased in whole or in part by persons (including Plaintiffs andlor their agents) other than Allen and the liability, if any, of Allen should be comparatively reduced or eliminated.

## SEVENTH AFFIRMATIVE DEFENSE

### (Reasonable Investigation of the Law)

78. To the extent that Allen owed any duty or duties to Plaintiffs with regard to the

1    matters alleged in the Complaint, Allen at all times acted in good faith, without malice, and

2    undertook research in an effort to ascertain relevant principles of law, and therefore the relief

3    prayed upon from Allen in the Complaint cannot be granted.

4                              **EIGHTH AFFIRMATIVE DEFENSE**

5                                  **(Failure of Consideration)**

6          79. Any recovery on Plaintiffs' Complaint on any purported cause of action alleged

7    therein is barred on the ground that, as to each and every oral, implied, or other contract alleged

8    herein, there was a failure of consideration.

9                               **NINTH AFFIRMATIVE DEFENSE**

10                                  **(Lack of Consideration)**

11         80. Any recovery on Plaintiffs' Complaint or any purported cause of action alleged

12   herein is barred on the ground that, as to each and every oral, implied, or other contract alleged

13   herein, there was a lack of consideration.

14                              **TENTH AFFIRMATIVE DEFENSE**

15                                  **(Noninfringement)**

16         81. Rossignol has not infringed any valid and enforceable claim of the '530 and '569

17   Patents.

18                            **ELEVENTH AFFIRMATIVE DEFENSE**

19                                **(Invalidity/Unenforceability)**

20         82. The claims of the '530 and '569 Patents are invalid and/or unenforceable for

21   Failure to comply with one or more of the provisions of Tile 35 of the United States Code

22   Including but not limited to, §§ 101, 102, 103, 111, 112, 116, 132,135, 256, and 287.

23                             **TWELFTH AFFIRMATIVE DEFENSE**

24                                 **(Prosecution Disclaimer)**

25         83. Plaintiffs' claims for patent infringement in the underlying case were barred, in

26   whole or in part, by the doctrine of prosecution history disclaimer.

27

28

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Prosecution Estoppel)

84**.** Plaintiffs' claims for patent infringement in the underlying case were barred, in whole or in part, by the doctrine of prosecution history estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (35 U.S.C. § 287)

85. Plaintiffs' claims for patent infringement in the underlying case were barred in whole or in part by their failure to provide adequate notice under 35 U.S.C. §287.

86. Plaintiffs' prayer for relief is limited by 35 U.S.C. §287.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

87. Plaintiffs' requested relief is barred in whole or in part by their own unclean lands.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Laches and Equitable Estoppel)

88. Plaintiffs knew or should have known of activities that they allege infringed the '530 and '569 Patents, but failed to assert those Patents. To the contrary, Plaintiffs statements ind conduct reasonably induced Rossignol to believe that Plaintiffs would not assert the '530 and '569 Patents against Rossignol. Plaintiffs' statements and actions materially prejudiced Rossignol and Allen, such that any claim for patent infringement in the underlying case was barred by the doctrines of laches and/or equitable estoppel.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Reverse Doctrine of Equivalents)

89. Based on the reverse doctrine of equivalents, Rossignol has not infringed any claim of the '530 and '569 Patents.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Statute of limitations)

90. Plaintiffs' claims are barred by the applicable statute of limitations, including but not

1   limited to, California Code of Civil Procedure sections 340.6, 338, 340.

2                       **NINETEENTH AFFIRMATIVE DEFENSE**

3                       **(Accord and Satisfaction and Settlement)**

4        91.  Plaintiffs entered into an Accord and Satisfaction with this defendant and/or a settlement

5   of all claims alleged against this defendant herein, upon which this defendant relied in providing

6   valuable consideration by performance.

7                        **TWENTIETH AFFIRMATIVE DEFENSE**

8                             **(Reservation of Defenses)**

9        92. Allen reserves the right to assert additional affirmative defenses, including any

10  and all defenses asserted by Rossignol in *Berger v. Rossignol,* as well as additional claims, or

11  third-party claims based on information revealed during the discovery process and investigation

12  of this case.

13                                **COUNTERCLAIMS**

14       Allen asserts the following counterclaims against Plaintiffs:

15       1.  Allen incorporates the answers set forth in response to the above-numbered Paragraphs of

16  the Complaint.

17       2. In its Counterclaims, Allen seeks declarations of invalidity and

18  noninfringement of the '530 and '569 Patents. As such, jurisdiction is proper pursuant to the

19  Federal Declaratory Judgment Act, 28 U.S.C. §2201 and 2202; under federal question

20  jurisdiction pursuant to 28 U.S.C. §1331 and 1338(a); and as arising under the Patent Laws of

21  the United States, Title 35 of the United States Code.

22       3. This Court has personal jurisdiction over the Plaintiffs.

23       4. Venue in this district is proper with regard to these Counterclaims under 28

24  U.S.C. §1391 and 1400.

25       5. As a result of the alleged claims and causes of actions contained in Plaintiffs'

26  Complaint against Allen, an actual controversy exists as to invalidity, enforceability, and

27  infringement of the '530 and '569 Patents.

28

BURNETT, BURNETT
& ALLEN
333 West San Carlos St.
8th Floor
San Jose, Ca.  95110

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF DEFENDANT DOUGLAS B. ALLEN DBA BURNETT, BURNETT & ALLEN    13

**FIRST COUNTERCLAIM**

**(Declaratory Judgment of Invalidity of the '530 and '569 Patents)**

6. Allen realleges and incorporates the answers set forth in response to the above numbered Paragraphs of the Complaint, as well as the allegations set forth in Paragraphs 1-5 of the Counterclaims.

*7.* The claims of the '530 and '569 Patents are invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code including, but not limited to, §§ 101, 102, 103, 111, 112, 116, 132, 135, 256, and 287.

8. A judicial declaration that the '530 and '569 Patents are invalid is necessary and appropriate at this time because Plaintiffs cannot recover in this case if the patents that they asserted in Berger v. Rossignol, namely the '530 and '569 Patents, are invalid.

**SECOND COUNTERCLAIM**

**(Declaratory Judgment of Unenforceability of the '530 and '569 Patents)**

9. Allen realleges and incorporates the answers set forth in response to the above numbered Paragraphs of the Complaint, as well as the allegations set forth in Paragraphs 1-5 of the Counterclaims

10. The claims of the '530 and '569 Patents are unenforceable for failure to comply with one or more of the requirements of Title 35 of the United States Code including, but not limited to, 85 101, 102, 103, 111, 112, 116, 132, 135, 256, and 287.

11 . A judicial declaration that the '530 and '569 Patents are unenforceable is necessary and appropriate at this time because Plaintiffs cannot recover in this case if the patents that they asserted in Berger v. Rossignol, namely the '530 and '569 Patents, are unenforceable.

**THIRD COUNTERCLAIM**

**(Declaratory Judgment of Noninfringement of the '530 and '569 Patents)**

12. Allen realleges and incorporates the answers set forth in response to the above numbered Paragraphs of the Complaint, as well as the allegations set forth in Paragraphs 1-5 of the Counterclaims.

13. Allen contends that Rossignol has not infringed the '530 and '569 Patents,

BURNETT, BURNETT
& ALLEN
333 West San Carlos St.
8th Floor
San Jose, Ca. 95110

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF DEFENDANT DOUGLAS B. ALLEN DBA BURNETT, BURNETT & ALLEN     14

1  either directly, indirectly, literally, or under the doctrine of equivalents.

2       14. A judicial declaration that Rossignol has not infringed the '530 and '569 Patents

3  is necessary and appropriate at this time because Plaintiffs cannot recover in this case if the

4  patents that they asserted in Berger v. Rossignol, namely the '530 and '569 Patents, were not

5  infringed by Rossignol.

6                              **FOURTH COUNTERCLAIM**

7       **(misrepresentation, including negligent and intentional misrepresentation and fraud)**

8       15.  Allen realleges and incorporates the answers set forth in response to the above numbered

9  Paragraphs of the Complaint, as well as the allegations set forth in Paragraphs 1-5 of

10  the Counterclaims.

11       16. Plaintiffs/ cross defendants knew or had reason to know of the invalidity of their patent,

12  of the valid claims of estoppel of Rossignol, of the prior art that existed to plaintiffs' patent and to

13  the narrow nature upon which the patent was issued, and did not disclose those facts to Allen prior to

14  retention as counsel to file litigation against Rossignol.  Allen relied to his detriment upon such non

15  disclosure to his detriment and damage in an amount to be shown according to proof.

16       17. Plaintiffs/ cross defendants promised to adequately fund the litigation against Rossignol

17  through the commitments of their agents and investors and failed to do so, and/or knew or had

18  reason to know that those commitments were not forthcoming and did not disclose those facts to

19  Allen prior to retention as counsel to file litigation against Rossignol.  Allen relied to his detriment

20  upon such non disclosure to his detriment and damage in an amount to be shown according to proof.

21       18.  Plaintiffs/ cross defendants promised to provide the services of Jack Slobodin and Reg

22  Suyat experienced patent counsel to fully support Allen in the litigation against Rossignol and failed

23  to do so, and/or knew or had reason to know that those commitments were not forthcoming and did

24  not disclose those facts to Allen prior to retention as counsel to file litigation against Rossignol.

25  Allen relied to his detriment upon such non disclosure to his detriment and damage in an amount to

26  be shown according to proof.

27       19. Plaintiffs/ cross defendants knew or had reason to know that they did not have possession

28  of a valid claims chart, nor other documentation or understanding of infringement contentions, nor

1    did their counsel, nor did they have the offending product of Rossignol, nor had they specifically

2    identified the offending product and did not disclose those facts to Allen prior to retention as counsel

3    to file litigation against Rossignol.  Allen relied to his detriment upon such non disclosure to his

4    detriment and damage in an amount to be shown according to proof.

5

6                                    **FIFTH COUNTER CLAIM**

7                                      **(Breech of Contract)**

8        20.  Allen realleges and incorporates the answers set forth in response to the above numbered

9    Paragraphs of the Complaint, as well as the allegations set forth in Paragraphs 1-5 and 15 -19 of

10   the Counterclaims.

11       21.  The non disclosures by plaintiffs, misrepresentations, failure of promised performance,

12   and invalidity of their patents, were breech of their contract of representation with Allen, and breech

13   of the covenant of good faith and fair dealing implied into said contract.  As a consequence Allen has

14   been damaged in an amount to be shown according to proof.

15

16

17

18                                    **PRAYER FOR RELIEF**

19       WHEREFORE, Allen respectfully requests that this Court enter a Judgment and

20   Order:

21       A.    Dismissing the Complaint, and each cause of action alleged therein, with prejudice

22             and denying Plaintiffs any relief whatsoever;

23       B.    Entering judgment in favor of Allen;

24       C.    Declaring that the '530 and '569 Patents have not been infringed;

25       D.    Declaring that each and every claim of the '530 and '569 Patents is invalid;

26       E.    Declaring that each and every claim of the '530 and '569 Patents is

27             unenforceable;

28       F.    Awarding Allen damages, attorneys' fees, costs, and expenses;

**BURNETT, BURNETT**
**& ALLEN**
333 West San Carlos St.
8th Floor
San Jose, Ca. 95110

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF DEFENDANT DOUGLAS B. ALLEN DBA BURNETT, BURNETT & ALLEN        16

1    G.    Granting such other and further relief as the Court deems just and proper.

2

DATED: March 25, 2008                     RESPECTFULLY SUBMITTED,

3

4                                         /S/ DOUGLAS B. ALLEN

5                                         _____

                                          DOUGLAS B. ALLEN
6                                         Attorney for Defendant

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28