Justin T. Beck, Esq. (Cal. Bar No. 53138)
Ron C. Finley, Esq. (Cal. Bar No. 200549)
Alfredo A. Bismonte, Esq. (Cal. Bar No. 136154)
Craig Alan Hansen, Esq. (Cal. Bar No. 209622)
Jeremy M. Duggan, Esq. (Cal. Bar No. 229854)
Beck, Ross, Bismonte & Finley, LLP
50 West San Fernando Street, Suite 1300
San Jose, CA 95113
Tel: (408) 938-7900
Fax: (408) 938-0790
Email: jbeck@beckross.com
       rfinley@beckross.com
       abismonte@beckross.com
       chansen@beckross.com
       jduggan@beckross.com

Attorneys for Plaintiffs
Richard W. Berger and Brant W. Berger

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD W. BERGER and BRANT W. BERGER,<br><br>Plaintiffs,<br><br>v.<br><br>SEYFARTH SHAW LLP, an Illinois limited liability partnership; JACK L. SLOBODIN, an individual; BURNETT, BURNETT, & ALLEN, a California partnership; DOUGLAS B. ALLEN, an individual; and DOES 1-100, inclusive;<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | **Case No. C 07-05279 JSW**<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIMS FILED BY DEFENDANTS SEYFARTH SHAW LLP AND JACK L. SLOBODIN**<br><br>**Date:** May 16, 2008<br>**Time:** 9:00 a.m.<br>**Place:** Courtroom 2, 17th Floor<br>**Judge:** Hon. Jeffrey S. White |

**Introduction**

Plaintiffs Richard Berger and Brant Berger are the named inventors of U.S. Patents Nos. 5,913,530 (the '530 patent) and 6,196,569 (the '569 patent) which describe a step-in rotatable snowboard binding. Plaintiffs filed this action against their former counsel, defendants Jack L. Slobodin, Seyfarth Shaw LLP ("Seyfarth"), Douglas B. Allen, and Burnett, Burnett, & Allen, based on the legal mistakes, false representations, and material omissions that defendants committed while representing the Bergers in a patent infringement action against Rossignol Ski Company.

Specifically, the Bergers allege that defendants served defective infringement contentions which erroneously described Rossignol's product as non-infringing and then concealed their mistakes during trial court and appellate proceedings. As a result, the district court granted summary judgment in favor of Rossignol, and that ruling was later affirmed by the Federal Circuit. Plaintiffs seek to recover their resultant damages against defendants based on claims of professional negligence, breach of contract, fraud, negligent misrepresentation, and breach of fiduciary duty.

In answering plaintiffs' complaint, defendants Seyfarth and Slobodin assert various affirmative defenses including that the Berger patents are: (1) "invalid"; (2) "unenforceable"; and (3) "not infringed" by Rossignol.[1] Defendants Seyfarth and Slobodin then re-assert those defenses in the form of "counterclaims" seeking declaratory relief on the same three issues. But defendants Seyfarth and Slobodin fail to recognize that any question in this case concerning the *validity*, *enforceability*, or *infringement* of the Berger patents is purely "hypothetical"[2]—rather than "actual" as required by the federal declaratory relief statute[3]—since this is a case for legal malpractice, not patent infringement. Because Seyfarth and Slobodin's counterclaims are not based on any "actual controversy" presented in this case, those claims are improper as a matter of law and should be dismissed. Moreover, since those counterclaims are merely redundant of Seyfarth and Slobodin's asserted defenses and add nothing of substance to these proceedings, the court should exercise its discretion under 28 U.S.C. § 2201 not to entertain those counterclaims.

## Background

**A.     Facts Alleged by Plaintiffs in the Complaint**

The '530 and '569 patents were infringed by Rossignol, a large French ski company. In preparing to sue Rossignol, the Bergers' patent attorney, Reginald Suyat, prepared a claim chart (the Suyat Claim Chart) explaining how the Rossignol binding infringed both patents.[4]

In early 2003, the Bergers consulted with Slobodin and Seyfarth about filing a patent infringement action against Rossignol. On October 13, 2003, Suyat sent Slobodin a copy of the

---

[1] (Seyfarth Answer at 10; 10th and 11th Affirmative Defenses).
[2] *Air Measurement Technologies, Inc. v. Akin Gump Strauss Hauer & Feld, LLP*, 504 F.3d 1262, 1269 (2007).
[3] 28 U.S.C. § 2201.
[4] *Complaint*. at ¶¶ 1, 9-10, and 13.

BECK, ROSS, BISMONTE & FINLEY, LLP
FAIRMONT PLAZA
50 W. SAN FERNANDO ST., 1300
SAN JOSE, CALIFORNIA 95113
TELEPHONE (408) 938-7900

Suyat Claim Chart.[5]

The Bergers retained Allen and his firm, Burnett, Burnett, & Allen, to initiate the patent infringement action against Rossignol under the advice and supervision of Slobodin and Seyfarth. Suit was filed in the Northern District of California in June 2005.[6]

On January 3, 2006, Slobodin and Seyfarth sent Allen a *modified version* of the Suyat Claim Chart—which Seyfarth had materially altered in a manner that rendered it fatally defective. The next day, Allen served Infringement Contentions based on the defective Seyfarth claim chart.[7]

On February 21, 2006, Rossignol promptly filed a motion for summary judgment based on the defects contained in the Seyfarth claim chart.[8]

On March 14, 2006, Seyfarth filed an appearance in *Berger v. Rossignol,* followed by a Rule 56(f) postponement motion, plaintiffs' opposition to Rossignol's summary judgment motion, and a motion to amend plaintiffs' infringement contentions. But while defendants admitted that plaintiffs' Infringement Contentions were defective in filing those papers, they never explained that those defects resulted from the faulty Seyfarth claim chart.[9]

On April 25, 2006, the District Court denied the Bergers' Motion for Leave to Amend and granted Rossignol's Motion for Summary Judgment. On January 16, 2007, the Federal Circuit affirmed the District Court's April 25, 2006 judgment.[10]

**B.  History of the Present Lawsuit**

Plaintiffs originally filed this action in California state court on September 12, 2007 based on claims of professional negligence, breach of contract, fraud, negligent misrepresentation, and breach of fiduciary duty. Defendant Allen filed a notice of removal on October 17, 2007.

Defendants later filed separate motions to dismiss plaintiffs' complaint. This court denied those motions on March 7, 2008.

**C.  Seyfarth and Slobodin's Answer and Counterclaims**

---

[5] *Id.* at ¶¶ 14 and 15.
[6] *Id*. at ¶¶ 18, 19 and 20; *Berger v. Rossignol Ski Company, Inc.*, Case No. C 05-02523 CRB.
[7] *Id*. at ¶ 27.
[8] *Id*. at ¶ 30.
[9] *Id*. at ¶¶ 20, 21, and 31-36.
[10] *Id*. at ¶¶ 37-42.

On March 21, 2008, defendants Seyfarth and Slobodin filed their answer which asserts eighteen affirmative defenses, including that: (1) "the claims of the '530 and '659 Patents are invalid"; (2) those claims are "unenforceable;" and (3) "Rossignol has not infringed any valid and enforceable claim of the '530 and '569 Patents."[11]

Defendants also asserted three counterclaims seeking "a judicial declaration" that (1) "the '530 and '569 Patents are invalid"; (2) "the '530 and '659 Patents are unenforceable"; and (3) "that Rossignol has not infringed the '530 and '569 Patents".

## ARGUMENT

### I.   The Counterclaims are not Based upon a "Case of Actual Controversy"

The counterclaims asserted by defendants Seyfarth and Slobodin are based upon a fundamental and material misconception of the nature of "declaratory relief" actions under 28 U.S.C. § 2201. That section provides:

> In a case of <u>actual controversy</u> within its jurisdiction, … any court of the United States, upon the filing of an appropriate pleading, <u>may</u> declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.[12]

The United States Supreme Court has recently confirmed that the "actual controversy" requirement of Section 2201 precludes a declaratory judgment based on "hypothetical" facts:

> Our decisions have required that the dispute be "definite and concrete, touching the legal relations of parties having adverse legal interests"; and that it be "real and substantial" and "admi[t] of specific relief through a decree of a conclusive character, <u>as distinguished from an opinion advising what the law would be upon a hypothetical state of facts</u>."[13]

But that is precisely what Seyfarth and Slobodin seek to obtain. Rather than basing their counterclaims on an "*actual* controversy" as required by Section 2201, defendants based them on the *hypothetical* "case within a case" component of plaintiffs' legal malpractice claim.

Under California law, a plaintiff in a "malpractice action must prove that *but for* the alleged

---

[11] (Seyfarth Answer at 10; 10th and 11th Affirmative Defenses).
[12] 28 USC § 2201(a)(emphasis added).
[13] *Medimmune, Inc. v. Genentech, Inc.*, 127 S. Ct. 764, 771 (2007)(emphasis added).

malpractice, it is more likely than not that the plaintiff would have obtained a more favorable result."[14]  That inquiry is applied to a *hypothetical* set of circumstances in which the alleged malpractice did not happen—not to the *actual* circumstances in which the malpractice action is pending.

The Federal Circuit recently acknowledged the hypothetical nature of the "case within a case" inquiry in a case alleging negligent handling of a patent infringement action:

> Because the underlying suit here is a patent infringement action against SCBA defendants, the district court will have to adjudicate, <u>hypothetically</u>, the merits of the infringement claim.[15]

The importance of this *actual* versus *hypothetical* distinction to a Section 2201 analysis cannot be overstated.  A key reason for that is because a declaratory judgment based on a hypothetical set of facts will often result in a *non sequitur*.

For example, Seyfarth and Slobodin ask this court to enter a declaratory judgment on the issue of whether Rossignol has or has not infringed the '530 and '569 patents.[16]  But this court already ruled on April 25, 2006 in the *Rossignol* action that Rossignol does *not* infringe the Berger patents.[17]  So if the court now grants declaratory relief in favor of the Bergers, there will be two inconsistent judgments: one declaring that Rossignol infringes, and one declaring that Rossignol does not infringe.  And since the court has already ruled on infringement, there is no "actual controversy" concerning that issue.

In short, there is good reason why Section 2201 does not permit the court to enter judgment on hypothetical facts.  Because each of Seyfarth and Slobodin's counterclaims seek declaratory judgment based on hypothetical circumstances in which the alleged infringement did not occur, those counterclaims do not meet the requirements of Section 2201 and should be dismissed.

**II.     The Court Should Exercise its Discretion not to Entertain the Counterclaims**

Even if Seyfarth and Slobodin's counterclaims met the technical requirements of Section

---

[14] *Viner v. Sweet*, 30 Cal. 4th 1232, 1244 (2003).
[15] *Air Measurement Technologies, Inc. v. Akin Gump Straus Hauer & Feld, LLP*, 504 F.3d 1262, 1269 (Fed. Cir. 2007)(emphasis added).
[16] (Answer and Counterclaims at 13).
[17] *Berger v. Rossignol Ski Company, Inc.*, Case No. C 05-02523 CRB.  April 25, 2006 Memorandum and Order and Judgment (finding the '530 patent not infringed and dismissing claims as to the '569 patent based on lack of contentions re infringement).

2201, the court should exercise its discretion not to entertain those claims because they are simply redundant of Seyfarth and Slobodin's stated defenses and bring nothing of substance to these proceedings.

Section 2201 provides that a court "<u>may</u> declare the rights and other legal relations" of an interested party under appropriate circumstances. "This is an authorization, not a command to do so."[18]

In determine whether to exercise its discretion under Section 2201, the court should consider whether the judgment (1) "will serve a useful purpose in clarifying and settling the legal relations in issue," and (2) "will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding."[19] Those considerations weigh heavily against the exercise of discretion under Section 2201.

As an initial matter, Seyfarth and Slobodin's counterclaims serve no purpose—let alone a "useful purpose"—in these proceedings. To the extent that there is any issue concerning the hypothetical *infringement, validity, or enforceability* of the Berger patents, those issues have already been raised by the Bergers' complaint and by Seyfarth and Slobodin's affirmative defenses. Accordingly, Seyfarth and Slobodin's counterclaims add nothing of value.

And rather than "terminating and affording relief" from "uncertainty, insecurity, and controversy," Seyfarth and Slobodin's counterclaims actually *promote* those things. For example, it is now "uncertain" how the counterclaims will be resolved once the court rules on plaintiffs' direct claims. If Seyfarth and Slobodin are deemed not liable, how will the court dispose of their action to deem the Berger patents "invalid" and "unenforceable"? Will the Bergers be forced to file a separate motion to dismiss on the basis that those claims are moot? These are just a few of the needless procedural complexities that are added by those counterclaims.

Seyfarth and Slobodin may argue that it is commonplace for defendants in patent infringement actions to assert counterclaims for declaratory relief on invalidity, unenforceability,

---

[18] Shwarzer, Tashima and Wagstaff, California Practice Guide—Federal Civil Procedure Before Trial (Rutter Group 2008), ¶ 10:45. *Accord*, *Brillhart v. Excess Insurance Company of America*, 316 U.S. 491, 494 (1942).
[19] *Eureka Federal Savings and Loan Association v. American Casualty Company of Reading, PA*, 873 F.2d 229 (9th Cir. 1989.

and non-infringement. But unlike legal malpractice defendants (such as Seyfarth and Slobodin), patent infringement defendants have an *independent* and *continuing* interest in having those matters adjudicated. In commenting on the continuing value of such counterclaims to patent infringement defendants, the United States Supreme Court observed:

> Perhaps the most important is the interest of the successful litigant in preserving the value of a declaratory judgment that, as Chief Judge Nies noted, "it obtained on a valid counterclaim at great effort and expense." <u>A company once charged with infringement must remain concerned about the risk of similar charges if it develops and markets similar products in the future.</u>[20]

Here, on the other hand, defendants Seyfarth and Slobodin have no independent or continuing interest to pursue counterclaims for "invalidity" or "unenforceability"—because they do not make or sell infringing products and do not compete with the Bergers. Rather, they are merely the Bergers' former counsel who have been sued for legal malpractice. If the court finds that they are not liable to the Bergers, Seyfarth and Slobodin will be left litigating counterclaims that have no meaning.

**Conclusion**

Seyfarth and Slobodin's counterclaims to do not satisfy the "actual controversy" requirement of Section 2201. And even if they did, the court should not entertain those counterclaims because they add nothing of substance to this lawsuit, create unnecessary and wasteful procedural complexities, and are not based on an independent and continuing interest of Seyfarth or Slobodin. Accordingly, plaintiffs' motion to dismiss should be granted.

Dated: April 10, 2008                    Beck, Ross, Bismonte & Finley, LLP

                                         By:      /s/
                                            Craig Alan Hansen
                                            Attorneys for the Plaintiffs and Counterdefendants
                                            Richard Berger and Brant Berger

---

[20] *Cardinal Chemical Company, Etc. v. Morton International, Inc.*, 508 U.S. 83, 100 (1993).