Justin T. Beck, Esq. (Cal. Bar No. 53138)
Ron C. Finley, Esq. (Cal. Bar No. 200549)
Alfredo A. Bismonte, Esq. (Cal. Bar No. 136154)
Craig Alan Hansen, Esq. (Cal. Bar No. 209622)
Jeremy M. Duggan, Esq. (Cal. Bar No. 229854)
Beck, Ross, Bismonte & Finley, LLP
50 West San Fernando Street, Suite 1300
San Jose, CA 95113
Tel: (408) 938-7900
Fax: (408) 938-0790
Email: jbeck@beckross.com
       rfinley@beckross.com
       abismonte@beckross.com
       chansen@beckross.com
       jduggan@beckross.com

Attorneys for Plaintiffs
Richard W. Berger and Brant W. Berger

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD W. BERGER and BRANT W. BERGER,<br><br>Plaintiffs,<br><br>v.<br><br>SEYFARTH SHAW LLP, an Illinois limited liability partnership; JACK L. SLOBODIN, an individual; BURNETT, BURNETT, & ALLEN, a California partnership; DOUGLAS B. ALLEN, an individual; and DOES 1-100, inclusive;<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. C 07-05279 JSW<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIMS FILED BY DEFENDANT DOUGLAS ALLEN**<br><br>**Date:** May 16, 2008<br>**Time:** 9:00 a.m.<br>**Place:** Courtroom 2, 17th Floor<br>**Judge:** Hon. Jeffrey S. White |

**Introduction**

This is the second of two contemporaneous motions to dismiss filed by plaintiffs Richard Berger and Brant Berger. This motion is directed to the five counterclaims filed by defendant Douglas Allen. The Bergers' first motion is directed to the three counterclaims filed by defendants Seyfarth Shaw LLP and Jack Slobodin.

Allen's first three counterclaims—for a "declaratory judgment" on invalidity, unenforceability, and noninfringement—are identical to the three counterclaims asserted by

Seyfarth and Slobodin. The reasons why the court should dismiss those claims are fully briefed in the Berger's first motion to dismiss. For purposes of brevity, those arguments and their supporting facts are incorporated by reference and will not be restated here.

In addition to the three defective counterclaims for declaratory relief, Allen's fourth and fifth counterclaims assert incomprehensible claims against the Bergers for "Fraud" and "Breech [sic] of Contract." Those claims appear to be based on purported misrepresentations and concealments by the Bergers concerning: "the invalidity of their patent"; "valid claims of estoppel of Rossignol"; "prior art that existed to plaintiffs' patent"; the "narrow nature upon which the patent was filed"; the funding of the Rossignol litigation; the level of support to be provided by "Jack Slobodin and Reg Suyat"; plaintiffs' "possession of a valid claims chart," "documentation or understanding of infringement contentions," and "the offending product of Rossignol"; and plaintiffs' failure to identify "the offending product."[1]

Allen's general averments of "fraud" do not satisfy the strict pleading requirements under FRCP 9(b). For example, Allen does not allege exactly *what* was misrepresented, *when* those misrepresentations were made, *where* they were made, and in *what manner*. He also fails to allege how he "relied on" the supposed false statements or concealments and in what manner he was "damaged" by them. Because Allen has not alleged "with particularity" the "time, place, and nature of the alleged fraudulent activities,"[2] Allen's counterclaim for fraud should be dismissed.

Moreover, neither counterclaim is based on "enough facts to state a claim to relief that is plausible on its face,"[3] and therefore fail to satisfy the basic requirements of FRCP 8(a)(2). Because Allen has not alleged a plausible basis to recover against the Bergers, his counterclaims for Fraud and Breach of Contract should be dismissed.

**Argument**

**I.    Allen's Fourth Counterclaim for Fraud does Not Satisfy Rule 9(b)**

Fed. R. Civ. P. 12(b)(6) requires dismissal of a counterclaim unless the allegations "state a

---

[1] Allen Counterclaims at ¶¶ 16-21.
[2] FRCP 9(b); *Moore v. Kayport Package Exp., Inc.,* 885 F.2d 531, 540 (9th Cir. 1989); *Aureflam Corp. v. Pho Hoa Phat I, Inc.,* 2005 U.S. Dist. LEXIS 37272, 2005 WL 2253813, at *2 (N.D. Cal. Sept. 16, 2005).
[3] *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

claim upon which relief can be granted."

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated <u>with particularity</u>."[4] Fraud must be pled "with a high degree of meticulousness."[5] "Rule 9(b) requires that the pleadings contain explicit rather than implied expression of the circumstances constituting fraud."[6] To demonstrate fraud, a pleading must identify the "time, place and nature of the alleged fraudulent activities"; however, "mere conclusory allegations of fraud are insufficient."[7] "[I]f particular averments of fraud are insufficiently pled under Rule 9(b), a district court should 'disregard' those averments, or 'strip' them from the claim. The court should then examine the allegations that remain to determine whether they state a claim."[8]

Allen has not set forth "explicit" facts of the "time, place and nature of the alleged fraudulent activities." Indeed, Allen's fraud counterclaim is based entirely on "mere conclusory allegations" rather than well-pleaded "facts." For example, Allen does not allege any *facts* to support his *conclusion* that the Berger patents are "invalid" or that the Bergers "knew or had reason to know of the invalidity of their patent." That conclusion is particularly specious given that an issued patent is "presumed valid"[9] and "there is no general duty to conduct a prior art search."[10] Allen also fails to explain *why* the Bergers were "estopped" from suing Rossignol for patent infringement, or *how* the Bergers would have known about such "estoppel." And Allen provides no factual support for his conclusion that the Bergers *knew* that the Rossignol litigation would not be adequately funded or that promised support from Jack Slobodin would not be forthcoming. Finally, Allen does not explain how he "relied" on plaintiffs' alleged statements or concealments, or how he was "damaged" by them.

In short, Allen's allegations do not come close to satisfying the strict pleading requirements for fraud under Rule 9(b).

## II. Allen's Fourth and Fifth Counterclaims do not Satisfy Rule 8(a)(2)

---

[4] FRCP 9(b)(emphasis added).
[5] *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022-1023 (9th Cir. 2000).
[6] *King Auto., Inc. v. Speedy Muffler King, Inc.,* 667 F.2d 1008, 1010 (C.C.P.A. 1981).
[7] *Moore v. Kayport Package Exp., Inc.,* 885 F.2d 531, 540 (9th Cir. 1989); *Aureflam Corp. v. Pho Hoa Phat I, Inc.,* 2005 U.S. Dist. LEXIS 37272, 2005 WL 2253813, at *2 (N.D. Cal. Sept. 16, 2005).
[8] *Vess v. Ciba-Geigy Corp USA*, 317 F.3d 1097, 1105 (9th Cir. 2003)(emphasis added).
[9] 35 USC § 282.
[10] *Bruno Independent Living Aids v. Acorn Mobility Services*, 394 F.3d 1348, 1351 n.4 (Fed. Cir. 2005).

Rule 8(a)(2) requires that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." While that standard is considerably less strict than the fraud standard under Rule 9(b), a complaint still must plead "enough facts to state a claim to relief that is plausible on its face."[11] Factual allegations "must be enough to raise a right to relief above the speculative level."[12] A complaint "alleging fraud must comply with both *[Rules] 8(a) and 9(b).*"[13]

Allen has not alleged facts demonstrating a plausible claim of relief against the Bergers for either fraud or breach of contract. For the reasons stated above, Allen has not alleged facts demonstrating a logical connection between the alleged misrepresentations and concealments and Allen's claim that he was damaged. And Allen's Breach of Contract counterclaim is based on the same deficient allegations as his Fraud counterclaim. Accordingly, Allen's claim for relief does not rise "above the speculative level."

Because Allen has not alleged sufficient facts showing that he is "entitled to relief," Allen's counterclaims for Fraud and Breach of Contract fail under Rule 8(a)(2).

Dated: April 10, 2008                    Beck, Ross, Bismonte & Finley, LLP

By: _____/s/_____
    Craig Alan Hansen
    Attorneys for the Plaintiffs and Counterdefendants
    Richard Berger and Brant Berger

---

[11] *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).
[12] *Id.* at 1965.
[13] *Wagh v. Metris Direct. Inc.,* 363 F.3d 821, 828 (9th Cir. 2003).