Justin T. Beck, Esq. (Cal. Bar No. 53138)
Ron C. Finley, Esq. (Cal. Bar No. 200549)
Alfredo A. Bismonte, Esq. (Cal. Bar No. 136154)
Craig Alan Hansen, Esq. (Cal. Bar No. 209622)
Jeremy M. Duggan, Esq. (Cal. Bar No. 229854)
Beck, Ross, Bismonte & Finley, LLP
50 West San Fernando Street, Suite 1300
San Jose, CA 95113
Tel:    (408) 938-7900
Fax:    (408) 938-0790
Email: jbeck@beckross.com
        rfinley@beckross.com
        abismonte@beckross.com
        chansen@beckross.com
        jduggan@beckross.com

Attorneys for Plaintiffs
Richard W. Berger and Brant W. Berger

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD W. BERGER and BRANT W. BERGER,<br><br>                                   Plaintiffs,<br><br>          v.<br><br>SEYFARTH SHAW LLP, an Illinois limited liability partnership; JACK L. SLOBODIN, an individual; BURNETT, BURNETT & ALLEN, a California partnership; DOUGLAS B. ALLEN, an individual; and DOES 1-100, inclusive,<br><br>                                   Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. C07-05279 JSW<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:        April 18, 2008<br>Time:       9:00 a.m.<br>Dept:       Courtroom 2, 17th Floor<br>Judge:     The Honorable Jeffrey S. White<br><br>Date Comp. Filed:        September 12, 2007<br><br>Trial Date:  None set. |

1  The parties to this action hereby submit the following Joint Case Management

2  Conference Statement.

3  **1.    Jurisdiction and Service**

4  Plaintiffs Richard Berger and Brant Berger initially filed their complaint against

5  defendants Seyfarth Shaw LLP ("Seyfarth"), Jack L. Slobodin, Burnett, Burnett, & Allen, and

6  Douglas B. Allen in California state court on September 12, 2007.  On October 17, 2007,

7  defendant Allen removed this action asserting exclusive subject matter jurisdiction under 28

8  U.S.C. § 1331 and *Air Measurement Technologies, Inc. v. Akin, Gump, Strauss, Hauer & Feld,*

9  *L.L.P.*[1] and *Immunocept LLC, et al. v. Fulbright & Jaworski, LLP,*[2] because plaintiffs' claims

10  arise from alleged professional negligence in a prior patent infringement action.

11  The parties are not aware of any issues pertaining to personal jurisdiction or venue.

12  All parties named in this lawsuit have been served.

13  **2.    Facts**

14  This action arises from alleged professional negligence, breach of contract, fraud,

15  negligent misrepresentation, and breach of fiduciary duty arising from a prior patent

16  infringement action filed by plaintiffs against Rossignol Ski Company.[3]  In *Rossignol*, plaintiffs

17  alleged that Rossignol infringed two of their patents, United States Patent Nos. 5,913,530 (the

18  '530 patent) and 6,196,569 (the '569 patent), pertaining to a rotatable snowboard binding.

19  In the present action, plaintiffs allege that on January 4, 2006 defendants, while

20  representing plaintiffs in *Rossignol*, submitted defective preliminary infringement contentions

21  ("PICs") which, *inter alia*, (1) mischaracterized a key component of the accused device thereby

22  rendering the device non-infringing under the '530 patent; and (2) failed to assert any

23  contentions as to the '569 patent.  Plaintiffs also allege defendants intentionally concealed

24  Slobodin's and Seyfarth's role in the error when the Bergers sought relief from the error in the

25  prior action.  Plaintiffs contend that relief would have been granted if the true facts had been

26

27  [1] No. 2007-1035, 2007 WL 2983660 (Fed. Cir. October 15, 2007).
   [2] No. 2006-1432, 2007 U.S. App. LEXIS 24095 (Fed. Cir. October 15, 2007).

28  [3] *Berger v. Rossignol*, Case No. C 05-02523.

1

1   disclosed to the Court.

2        Plaintiffs allege that, as a result of defendants' acts of professional negligence and

3   concealment, the District Court entered judgment in favor of Rossignol on April 25, 2006.

4        Defendants Slobodin and Seyfarth deny they took any actions that could have given rise

5   to an attorney-client relationship with plaintiffs as of January 4, 2006 (*i.e.*, when the PICs were

6   served) or when any other alleged acts of professional negligence took place.  They also deny

7   they had any role in preparing the PICs and contend their representations to the various courts

8   that adjudicated the *Rossignol* case were accurate.

9        Defendants contend that they fulfilled all contractual obligations to plaintiffs, satisfied all

10  fiduciary duties owed to plaintiffs, and did not make any false statements to plaintiffs.

11  Defendants also contend that plaintiffs did not rely on any false statements allegedly made by

12  defendants.

13       Finally, defendants contend that the facts demonstrate that (1) even absent the false

14  statements allegedly made by defendants to the court in the underlying case, that the court would

15  not have granted plaintiffs relief from errors in their PICs; (2) Rossignol's snowboard binding

16  did not infringe the '530 patent or the '569 patent; (3) the patents are not valid or enforceable;

17  and (4) the Bergers would have been estopped and barred by the doctrine of laches from

18  enforcing them against Rossignol.

19       Defendant Allen asserts that the Bergers' lawsuit against him is barred by the one-year

20  malpractice statute of limitations under Cal. Civ. Proc. Code § 340.6 and that plaintiffs allege

21  claims against him fail as being uncertain and ambiguous.

22       **3.     Legal Issues**

23  The parties have identified the following disputed legal issues in this case:

24       (1)     When an attorney-client relationship first came into existence between plaintiffs

25               and defendants Slobodin and Seyfarth;

26       (2)     When a contractual relationship first came into existence between plaintiffs and

27               defendants Slobodin and Seyfarth;

28       (3)     When defendants Slobodin and Seyfarth first came to owe a fiduciary duty to

2

414074.01

1    plaintiffs;

2    (4)    Whether plaintiffs' claims against Allen are barred by the malpractice statute of

3           limitations under Cal. Civ. Proc. Code § 340.6;

4    (5)    When an attorney-client relationship existed between plaintiffs and defendant

5           Allen;

6    (6)    Whether plaintiffs and defendant Allen entered into a settlement agreement that

7           bars the present claims asserted against defendant Allen;

8    (7)    Whether defendants were negligent in their representation of the plaintiffs in

9           *Rossignol*;

10   (8)    Whether defendants breached a contract with plaintiffs;

11   (9)    Whether defendants breached any fiduciary duties owed to plaintiffs;

12   (10)   Whether defendants committed fraud against plaintiffs;

13   (11)   Whether defendants committed negligent misrepresentation against plaintiffs;

14   (12)   Whether plaintiffs' claims against Allen are uncertain;

15   (13)   Whether, and to what extent, plaintiffs suffered damages as a result of the alleged

16          acts of fraud and concealment;

17   (14)   Whether plaintiffs would have achieved a better result in *Rossignol* absent the

18          alleged acts of professional negligence;

19   (15)   The meaning of the asserted claims of the '530 and '569 patents;

20   (16)   Whether Rossignol infringes either the '530 patent or the '569 patent;

21   (17)   Whether the '530 patent or '569 patent are invalid under 35 §§ 102, 103 or 112;

22   (18)   Whether the '530 patent or the '569 patent are enforceable;

23   (19)   Whether the plaintiffs are estopped or barred by laches from enforcing the '530

24          patent or the '569 patent against Rossignol; and

25   (20)   What damages the plaintiffs would have recovered against Rossignol in *Rossignol*

26          but for the alleged negligence of defendants.

27   **4.    Motions**

28   On March 7, the Court denied (1) Seyfarth's and Slobodin's motion to dismiss (2)

1    Seyfarth's and Slobodin's motion to strike; (3) Allen's motion to dismiss; and (4) Plaintiffs'

2    conditional cross-motion for summary adjudication against Allen.

3        On March 21, 2008, Seyfarth and Slobodin filed their answer along with counterclaims

4    seeking "a judicial declaration" that (1) "the '530 and '569 Patents are invalid"; (2) "the '530 and

5    '569 Patents are unenforceable"; and (3) "that Rossignol has not infringed the '530 and '569

6    Patents."  Plaintiffs have moved to dismiss those counterclaims on the grounds that they do not

7    satisfy the "actual controversy" requirement under 28 U.S.C. § 2201 and bring nothing of

8    substance to this litigation.

9        On April 1, 2008, Allen filed his answer and counterclaims.  Allen incorporated the same

10   three counterclaims identified above plus additional fourth and fifth counterclaims for fraud and

11   breach of contract.  Plaintiffs have moved to dismiss the first three counterclaims for the reasons

12   stated above, and have moved to dismiss the fraud claim and breach of contract claims as being

13   unsupported by the facts alleged.

14       In order to streamline this litigation and to possibly facilitate a prompt resolution of this

15   matter, the parties have agreed to initially focus their discovery efforts on issues (1) through (6),

16   (10) and (11) above, which are the preliminary, and potentially dispositive, issues in this case.

17   The parties then plan to submit those issues to the Court by way of motions for summary

18   judgment to be filed by defendants Slobodin and Seyfarth and by defendant Allen.

19       The parties expect to complete discovery concerning issues (1) through (6), (10) and (11)

20   within 120 days of the April 8, 2008 case management conference (*i.e.*, by August 18, 2008).

21       Defendants expect to file their related motions for summary judgment 60 days after that

22   (*i.e.*, by October 17, 2008).

23       If defendants prevail on their motions for summary judgment, the parties will proceed

24   accordingly.  Otherwise, the parties will further meet and confer promptly after the Court's

25   ruling to devise a discovery plan for the remaining issues pending in this litigation and to explore

26   the possibility of engaging in settlement discussions.  Resolution of the remaining issues may

27   necessitate an additional summary judgment motion from defendants, and the parties thus

28   respectfully request that the Court determine that good cause exists for the filing of additional

414074.01

1  summary judgment motions by defendants should this action proceed beyond the Court's ruling

2  on defendants' initial summary judgment motions concerning issues (1) through (6), (10) and

3  (11).

4       **5.**     **Amendment of Pleadings**

5       The parties do not anticipate any voluntary amendments to the pleadings at this time.

6       The counterclaims may be amended depending on how the Court rules on plaintiffs'

7  motions to dismiss.

8       **6.**     **Evidence Preservation**

9       Plaintiffs have taken reasonable steps to preserve all pertinent evidence in this case

10  including forwarding all pertinent documents to their counsel.

11       Defendants Slobodin and Seyfarth have taken steps to preserve evidence relevant to the

12  issues reasonably evident in this action, including the interdiction of any document-destruction

13  program and ongoing erasures of e-mails and other electronic documents.

14       Defendant Allen has taken reasonable steps to preserve evidence including electronic

15  documents in his possession.

16       **7.**     **Disclosures**

17       The parties made their initial document productions on February 15, 2008, and continue

18  to make productions on a rolling basis.  The parties expect to serve their initial written

19  disclosures under Fed. R. Civ. P. 26 on or before February 29, 2008.

20       **8.**     **Discovery**

21       As set forth above at Section 4, the parties intend to limit their initial discovery to issues

22  (1) through (6), (10) and (11) as listed above at Section 3.  The parties agree that any depositions

23  taken during this initial round of discovery will be limited to issues (1) through (6), (10) and (11)

24  and will be limited to one day of seven hours pursuant to Fed. R. Civ. P. 30(d)(2).  However,

25  such depositions will not count against the ten-deposition limit under Fed. R. Civ. P.

26  30(a)(2)(A)(i) or the seven-hour limit under Fed. R. Civ. P. 30(d)(2) with respect to any

27  subsequent depositions taken after the Court rules on defendants' initial motion for summary

28  judgment referenced above at Section 4.

414074.01

9.      **Class Actions**

Not applicable.

10.     **Related Cases**

On October 24, 2007, the Court entered an order deeming this matter related to *Berger v. Rossignol*, Case No. C 05-02523.

11.     **Relief**

Plaintiffs seek compensatory damages against defendants of approximately $75 million. This figure represents plaintiffs' anticipated recovery against Rossignol for lost profits, reasonable royalties, and enhanced damages.

12.     **Settlement and ADR**

The parties believe they will be in a better position to determine the prospects for settlement after the Court rules on defendants' initial motions for summary judgment on issues (1) through (6), (10) and (11).  The parties have filed a Notice of Need For ADR Phone Conference.

13.     **Consent to Magistrate Judge For All Purposes**

The parties have not consented to a magistrate judge for all purposes.

14.     **Other References**

Plaintiffs are willing to consider whether this matter is appropriate for reference to binding arbitration or a special master after the Court rules on Slobodin and Seyfarth Shaw's initial motion for summary judgment on issues (1) through (6).

Defendants Slobodin and Seyfarth believe that this matter is not appropriate for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.     **Narrowing of Issues**

Please see discussion at Sections 4 and 8 above.

16.     **Expedited Schedule**

Not applicable.

17.     **Scheduling**

As discussed at Section 4 above, the parties expect to complete discovery concerning

414074.01

1    issues (1) through (6), (10) and (11) within 120 days of the April 18, 2008 case management

2    conference (*i.e.*, by August 18, 2008).

3          Defendants expect to file their related motions for summary judgment 60 days after that

4    (*i.e.*, by October 17, 2008).

5          After the Court rules on defendants' initial motions for summary judgment, the parties

6    will further meet and confer and will file a supplemental Joint Case Management Conference

7    date setting forth proposed dates for designation of experts, discovery cutoff, hearing of future

8    dispositive motions, pretrial conference and trial.

9          **18.    Trial**

10         This case will be tried to a jury.  The parties will work out which issues will be submitted

11   to a jury and the expected length of trial after the Court rules on defendants' initial motions for

12   summary judgment and will file a supplemental Joint Case Management Conference at that time.

13         **19.    Disclosure of Non-party Interested Entities or Persons**

14         Plaintiffs hereby disclose that the corporation Berger Enterprises Incorporated may have

15   a financial interest in the subject matter in controversy pursuant to a license agreement dated

16   October 4, 1996.

17         Defendants Slobodin and Seyfarth have filed the "Certificate of Related Entities or

18   Persons" required by Civil Local Rule 3-16.  It states:  "Pursuant to Civil L.R. 3-16, the

19   undersigned certifies that as of this date, other than the named parties, there is no such interest to

20   report."

21         Defendant Allen filed a certificate of related entities also including John Branton as a

22   person who may have an interest in the litigation.

23         **20.    Other Matters**

24         The parties are not aware of other matters at this time.

25

26

27

28

7

414074.01

1   Dated:  April 11, 2008                        BECK, ROSS BISMONTE & FINLEY,
2                                                 LLP

3

4                                           By:  _____/s/_____
5                                                JUSTIN T. BECK
                                                 Attorneys for Plaintiffs
6                                                Richard W. Berger and Brant W. Berger

7   Dated:  April 11, 2008                        KEKER & VAN NEST, LLP

8

9

10                                          By:  _____/s/_____
                                                 ELLIOT R. PETERS
11                                               Attorneys for Defendants
                                                 SEYFARTH SHAW LLP and
12                                               JACK L. SLOBODIN

13

14  Dated:  April 11, 2008                        BURNETT, BURNETT & ALLEN

15

16                                          By:  _____/s/_____
17                                               DOUGLAS B. ALLEN
                                                 Attorneys for Defendants
18                                               DOUGLAS B. ALLEN and BURNETT,
                                                 BURNETT & ALLEN

19

20                          *Filer's Attestation*

21          I, Craig Alan Hansen, the filer of this document, hereby attest that concurrence in the

22  filing of this document has been obtained from each signatory hereto.

23

24

25                                          By:  _____/s/_____
26                                               CRAIG ALAN HANSEN

27

28

                                            8