DOUGLAS B. ALLEN, SBN 99239
BURNETT, BURNETT, & ALLEN
333 WEST SAN CARLOS ST.
EIGHTH FLOOR
SAN JOSE, CALIFORNIA 95110
(408) 298-6540

Attorneys for DOUGLAS B. ALLEN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD W. BERGER AND BRANT W. BERGER,<br><br>Plaintiff,<br><br>vs.<br><br>SEYFARTH SHAW LLP, and Illinois limited liability partnership; JACK L. SLOBODIN, an individual; DOUGLAS B. ALLEN dba BURNETT, BURNETT & ALLEN; and Does 1-100, inclusive;<br><br>Defendants. | Case No. C07-05279 JSW<br><br>OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS OF DEFENDANT DOUGLAS B. ALLEN DBA BURNETT, BURNETT & ALLEN AND OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS ADDRESSING PATENT VALIDITY DECLARATORY RELIEF CLAIMS<br><br>Date: June 20, 2008<br>Time: 9:00am<br>Dept.: Courtroom 2, 17th Floor<br>Before: The Honorable Judge Jeffrey S. White |

## BACKGROUND OF CASE

In 1997 plaintiffs filed a patent on their rotating snowboard binding ("The Berger 360"; hereinafter referred to as the "Berger Binding").[1] In 1998 Rossignol began production of its own rotating snowboard binding known as the "Rossignol Tool Less" binding (hereinafter the "Rossignol Binding").[2] The plaintiffs used Reg Suyat, of Fish and Richardson, their patent prosecutor, to attempt to convince Rossignol that Rossignol's binding infringed upon Bergers' pending patent. Rossignol denied such infringement and manufactured their binding with no agreement with plaintiffs.[3] Plaintiffs searched in vain to find someone to file a patent infringement case against Rossignol, even consulting with defendants Slobodin and Seyfarth and Shaw in 2003, yet no one

---

1. Plaintiffs' complaint paragraph 9.

2. Plaintiffs' complaint paragraph 10.

3. See Plaintiffs' complaint paragraphs 10-12, and in United States District Court for the Northern District, case no. 305-CV-02523-CRB, Rossignol's Motion for Summary Judgment of Unenforceability (Due to Equitable Estoppel), Noninfringement and/or Invalidity (hereinafter "motion" ), at pages 5-7.

BURNETT, BURNETT & ALLEN
333 West San Carlos St.
8th Floor
San Jose, Ca. 95110

OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS OF DEFENDANT DOUGLAS B. ALLEN DBA BURNETT, BURNETT & ALLEN AND OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS ADDRESSING PATENT VALIDITY DECLARATORY RELIEF CLAIMS    1

took the case.[4] Finally, nearly six years following issuance of the patents and the last correspondence with Rossignol, plaintiffs' hired their former real estate lawyer with assurances of support from Slobodin and Suyat funded by plaintiffs to file their litigation.[5]  Plaintiffs, however, did not have the money to retain Slobodin's advise, nor to pay Mr. Suyat for his services.  Further, plaintiffs neglected to inform defendant Allen, the real estate attorney, that there existed substantial prior art to their patent, nor that Rossignol's patent bore more similarity to the prior art than to the Berger innovative design.

Prior to the Berger design there existed patents and designs for rotating snowboard bindings. There was the "AITEC", the "Scott", the "Anderson" and "Metzger" to name a few.[6] As is illustrated from the following diagrams which, amongst others, were set forth in Rossignol's motion for summary judgment, each of these designs rotated by means of a rotatable base plate or adapter ring upon which the boot would separately be attached by the rider.

"Anderson"       "Metzger"



Rossignol's design was similar to these with a rotating base plate.  The following illustration is more difficult to see, but it depicts the boot above with the coupling pins, items 4 and 3, which mount on the rotatable base when the rider steps down.  That rotatable base rotates around the plate that attaches the binding to the board, just as the two bindings above.

---

4. Plaintiffs' complaint paragraph 14-17.

5. See Plaintiffs' complaint paragraphs 18, and Motion at pages 5-7, and answer of defendant Allen paragraph 18.

6. Motion page 20-23.

BURNETT, BURNETT & ALLEN
333 West San Carlos St.
8th Floor
San Jose, Ca. 95110

OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS OF DEFENDANT DOUGLAS B. ALLEN DBA BURNETT, BURNETT & ALLEN AND OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS ADDRESSING PATENT VALIDITY DECLARATORY RELIEF CLAIMS    2

"Rossignol Tool Less"

The Berger binding does not have a rotating base plate, which is an essential element to the design, and the patent itself. The first claim of the '530 patent states:[7]

"A binding, comprising: a boot comprising an upper attachment..."

This describes the essential element that the boot and the upper attachment are one and the same, with no rotating base or adapter plate. The claim continues,

"a lower attachment connectable to a board"

Again this reflects no rotating base or adapter plate, as the lower attachment is on the board. The claim then describing the coupling mount and coupler,

> "...being configured to automatically engage with each other to lock the upper attachment to the lower attachment when a user wearing the boot steps onto the lower attachment and to permit rotation of the upper attachment relative to the lower attachment when the upper attachment is locked to the lower attachment..."

Thus unlike each of the other designs, including Rossignol, the integrated boot and coupler as one unit, attach directly to the lower attachment on the board and still rotate relative to it. They rotate without the use of any intermediate device such as a rotatable base or adapter ring. The following diagram illustrates this design, and reveals the elimination of the intermediate device

---

7. Exhibit 1 to the Motion.

BURNETT, BURNETT & ALLEN
333 West San Carlos St.
8th Floor
San Jose, Ca. 95110

OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS OF DEFENDANT DOUGLAS B. ALLEN DBA BURNETT, BURNETT & ALLEN AND OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS ADDRESSING PATENT VALIDITY DECLARATORY RELIEF CLAIMS

3

contained in all other rotating bindings.

The Berger Binding.



The so called "defective infringement contentions"[8] merely attempted to honestly characterize the rotating base of the Rossignol binding as part of the "lower attachment". The Suyat claims chart characterized the rotating base as the "coupling mount." The rotating base of Rossignol binding which rotates relative to the lower attachment to the board contains coupling pin locks, which are different from the base. Neither claim chart can adequately describe the Rossignol binding in the terms of the Berger patent because the intervening rotating base or adapter plate does not exist in the Berger patent, and thus there is no corresponding reference, nor as Rossignol argued no equivalent in the Berger design.[9]

Thus the Berger patent is so narrow that the Rossignol design does not infringe, or if the Berger patent is to be read so broad as to encompass all bindings with rotating base plates or adapter rings, then it is invalid due to prior art.

The second patent, the '569 Patent, reads on another patent, the "Erb" patent, which was mis-characterized by Bergers in obtaining the issuance of the patent from the U.S. Patent Office, as reflected in the Terry Stratman memo from Seyfarth written in 2003.[10]

The opinion of Mr. Stratman, including his opinion as to how to characterize the Rossignol rotating base plate, and the defects in the issuance of the '569 patent were known in 2003, two years before defendant Allen was hired to file the infringement litigation. Had Berger been diligent enough to request to review the memo and insure that he had a hard copy of the Suyat claims chart,

---

8. Plaintiffs' complaint paragraph 27.

9. Motion at page 13.

10. Plaintiffs' complaint paragraph 17 and 25.

BURNETT, BURNETT & ALLEN
333 West San Carlos St.
8th Floor
San Jose, Ca. 95110

OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS OF DEFENDANT DOUGLAS B. ALLEN DBA BURNETT, BURNETT & ALLEN AND OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS ADDRESSING PATENT VALIDITY DECLARATORY RELIEF CLAIMS                4

and to raise the money before hiring defendant Allen, all of this could have been timely addressed. Instead, Plaintiffs never told defendant Allen before he agreed to represent them, that there was prior art, that plaintiffs had led Rossignol to believe plaintiffs would not object to their product by silence, that there were different claim charts, that there was possible dishonesty in issuance of the '569 patent, that Berger did not even have a copy of the Suyat claim chart, nor that he did not really have a commitment for the funding of the case. Had plaintiffs done so Allen would not have filed.

Now when all of this predictably "came to roost" in the form of Rossignol's motion for summary judgment, leading to the dismissal of the infringement action, plaintiffs sue the attorney who agreed to do them a favor by taking a technical case out of his expertise, and also the expert attorney that they waited until it was too late to actually hire to have any chance to help defendant Allen.

### THE AUTHORITY CITED BY PLAINTIFF'S IN THEIR MOTION TO DISMISS SUPPORTS THE DECLARATORY RELIEF ACTIONS

Citing 28 U.S.C. section 2201, plaintiffs claim that the fact that there is a patent case within the malpractice case renders the patent case "advisory" or "hypothetical." This is simply not true. In fact, the case cited by plaintiffs to support this proposition *Air Measurement Technologies, Inc. v. Akin Gump Strauss Hauer & Feld, LLP,* 504 Fed. 3rd 1262, 1269 (Fed. Cir. 2007), reflects the reality that disposition of the patent case is an actual controversy. The case of *Air Measurement Technologies, Inc. v. Akin Gump Strauss Hauer & Feld, LLP*, as well as *Imnunocept, LLC v. Fulbright & Jaworski, LLP,* 504 Fed. 3d. 1281 (Fed. Cir. 2007), are cases that hold that the requirement of patent construction confers federal question jurisdiction upon the federal court. In *Air Measurement*, the Court stated,

> ...we have held that patent infringement presents a substantial question of federal patent law conferring 'arising under' jurisdiction. (*Air Measurement Technologies, Inc. v. Akin Gump Strauss Hauer & Feld, LLP* 504 Fed. 3rd at page 1269)

Also at page 1269, the Court stated that it would be,

> ...illogical for the (district court) to have jurisdiction under section 1338 to hear the underlying infringement suit and for us to then determine that the same court

BURNETT, BURNETT & ALLEN
333 West San Carlos St.
8th Floor
San Jose, Ca. 95110

OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS OF DEFENDANT DOUGLAS B. ALLEN DBA BURNETT, BURNETT & ALLEN AND OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS ADDRESSING PATENT VALIDITY DECLARATORY RELIEF CLAIMS                    5

does not have jurisdiction under section 1338 to hear the same substantial patent question in the "case within a case" context of a state malpractice claim.

The very issue of validity or invalidity is a necessary element of the malpractice case (*Imnunocept, LLC v. Fulbright & Jaworski, LLP,* at page 1284). The Supreme Court's decision is *Christianson v. Colt Industries Operating* (1988) 46 U.S. 800 held that the bases for jurisdiction arises from the pleadings, "on the face of well pleaded complaint" (*Christianson* page 810). That a requirement that the Court construe the patent application being tied to the relief sought by plaintiff confers jurisdiction upon the federal court, the opposite failing to secure such jurisdiction.

The only case distinguishing the *Air Measurement* case specifically found that the federal court lacked jurisdiction "because the fact finder would not be required to resolve substantial questions of federal patent law...in determining a case." [*Taylor v. Kochanowski, et. al.* (2008) U.S. District Lexis 20430]

Considering these cases regarding jurisdiction, it cannot be said that determination of the patent issues in this case are hypothetical or advisory. They are central to this Court's resolution of this malpractice case, and if they were not so, the Court would lack jurisdiction. Indeed, the failure of the plaintiffs to object to the removal of this case indicates their belief that in fact they cannot achieve relief absent a determination of infringement. The validity of the patents being a necessary element of such infringement, is merely placed more squarely at issue by defendant's counterclaims.

<u>BUT FOR THE VALIDITY OF THE BERGER PATENTS, PLAINTIFFS CANNOT ASSERT LIABILITY ON THE PART OF DEFENDANTS</u>

Paragraph 27-29 of the complaint at page six thereof, plaintiffs assert that defendants served "defective infringement contentions" (paragraph 27), that they "erroneously waived plaintiffs contention that the Rossignol product infringes the '569 patent", and that defendants, "...made no contention of infringement under the doctrine of equivalents of either the '530 or '569 patents." Upon these alleged failures, plaintiffs assert that defendants owe damages that they believe exceed 75 million dollars. Even the rather vague fraud allegations contained in the complaint relate directly

BURNETT, BURNETT
& ALLEN
333 West San Carlos St.
8th Floor
San Jose, Ca. 95110

OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS OF DEFENDANT DOUGLAS B. ALLEN DBA BURNETT, BURNETT & ALLEN AND OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS ADDRESSING PATENT VALIDITY DECLARATORY RELIEF CLAIMS      6

to the above referenced acts. Thus, but for the validity of the two Berger patents, no recovery would have been had irrespective of any of the conduct of these defendants in the underlying case. If no recovery would have been had in the underlying case absent the validity of the patents, then likewise in this case, but for the validity of Berger patents, there is no possibility of recovery by plaintiffs.

Accordingly, defendants have an interest in the validity of the Berger patents. Defendants meet the standard of an "interested party" under 28 U.S.C. section 1221 to assert an actual controversy regarding the validity of the patents. An "interested party" is defined as someone who has a "personal stake in the outcome of the controversy" (*Warth et Al. v. Seldin et al.* [1975] 422 U.S. 490, 498). A claim of 75 million dollars in damages is very much a personal stake in the outcome of the validity of the Berger patents. In order to adjudicate the malpractice claim asserted by plaintiffs, this Court, by necessity, will have to construe the validity of the patents. It makes little sense for this Court to go through the exercise of construing those patents without rendering a binding disposition on the validity.

DEFENDANTS ANTICIPATE A MOTION FOR SUMMARY JUDGMENT THAT REPEATS THE MOTION IN THE UNDERLYING CASE WHICH CLAIMED INVALIDITY

The underlying case was decided on summary judgment wherein the Honorable Judge Breyer determined that the '530 patent was not the subject of infringement by Rossignol. Research by the Seyfarth firm conducted two years before the filing of the underlying case indicated that the '569 patent should not be asserted because of misrepresentations made to the patent office. Although other issues regarding the application of the statute of limitations and the tolling of the statute of limitations expect to be addressed by defendants and the date of retention of the Seyfarth and Slobodin defendants will be addressed by them in preliminary summary judgment motions, if those motions are unsuccessful, it is inevitable that defendants will bring the Rossignol motion for summary judgment before this Court, likewise illustrating the substantial prior art in existence at the time of the issuance of the Berger patents that rendered them invalid or in the alternative indicate that the Rossignol binding did not infringe the Berger patent. Although, defendants were obligated to assert otherwise in the underlying case, the reality is that Justice Breyer's decision was not based

BURNETT, BURNETT & ALLEN
333 West San Carlos St.
8th Floor
San Jose, Ca. 95110

OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS OF DEFENDANT DOUGLAS B. ALLEN DBA BURNETT, BURNETT & ALLEN AND OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS ADDRESSING PATENT VALIDITY DECLARATORY RELIEF CLAIMS   7

upon erroneous infringement contentions but upon the plain and evident fact that the Rossignol binding does not infringe the Berger patent or in the alternative that the Berger patent itself is invalid.

### THERE IS AN ACTUAL CONTROVERSY AS TO THE VALIDITY OF THE BERGER PATENTS

As illustrated by the above discussion, there is an actual controversy regarding the validity of the Berger patents. Indeed, it is even conceded by the plaintiffs that such a controversy exists by their failure to object to the jurisdiction of this Court as resolution of the validity of those patents is a necessary requirement to the decision of the Court on the case framed in the pleadings by plaintiffs. Accordingly, plaintiffs' motion should be denied.

### THE FRAUD AND MISREPRESENTATION CLAIMS OF DEFENDANT ALLEN ARE PLEAD MORE SPECIFICALLY THAN THE FRAUD CLAIMS IN THE COMPLAINT

In what appears to be more an effort of retaliation then a sincere attack upon the pleadings, defendants move to dismiss the fraud and misrepresentation claims alleged against them in defendants fourth counterclaim. To quote from plaintiff's opposition to Seyfarth Shaw's and Slobodin's motion to dismiss and strike filed before this Court on November 20, 2007,

> The California Civil Code identifies at lease five different acts which *each* amount to fraud (1) the suggestion, as a fact, of that which is not true, by one who does not believe it to be true; (2) the positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true; (3) the suppression of that which is true, by one having knowledge or belief of the fact; (4) a promise made without any intention of performing it; or, (5) any other act fitted to deceive. (see: California Civil Code Section 1572 and 1710)

Plaintiff's went on to quote the case of *Mosier v. Southern California Physicians Insurance Exchange* (1998) 63 Cal. App. 4th 1022, 1045, setting for the elements of fraud by concealment,

> The elements of a fraud cause of action are: (1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would have not have acted as he did if he had known of the concealment or suppressed fact and (5) as a result of the concealment or suppression of the fact, the plaintiff must have

BURNETT, BURNETT & ALLEN
333 West San Carlos St.
8th Floor
San Jose, Ca. 95110

OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS OF DEFENDANT DOUGLAS B. ALLEN DBA BURNETT, BURNETT & ALLEN AND OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS ADDRESSING PATENT VALIDITY DECLARATORY RELIEF CLAIMS         8

sustained damage.

The allegations in the complaint in this action which state a claim against defendant Allen along with the other defendants are broadly worded with little possible application in their current form to defendant Allen. The pleading claims that the misrepresentations were,

> "(1) that defendants were not qualified to handle the Bergers' patent infringement action against Rossignol"

Defendants concede, however, that defendant "Allen had no prior experience in handling patent infringement actions, but had represented plaintiffs in real estate matters" and that Allen would look to defendants Seyfarth and Slobodin to provide the "...requisite advice and assistance..." to handle the patent action (see the complaint at page 4, line 20-25, paragraph 18).

> (2) that defendants would communicate with each other to insure the Bergers'
> competent representation - even though Seyfarth agreed to advise and supervise Allen"

It is difficult to understand how defendant Allen is culpable for that lack of supervision.

> " (3) that Seyfarth prepared the defective claim chart that was incorporated into the Bergers' infringement contentions"

This allegation provides no explanation how defendant Allen was to know this.

> " (4) that the defendants served infringement contentions that did not allege infringement of the '569 patent"

This allegation is without any allegation as to when or by what communication defendant Allen allegedly misrepresented or concealed this fact.

BURNETT, BURNETT & ALLEN
333 West San Carlos St.
8th Floor
San Jose, Ca. 95110

OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS OF DEFENDANT DOUGLAS B. ALLEN DBA BURNETT, BURNETT & ALLEN AND OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS ADDRESSING PATENT VALIDITY DECLARATORY RELIEF CLAIMS

9

" (5) that the infringement contentions did not allege patent infringement under the Doctrine of Equivalents"

This allegation is made without any specifics as to how defendant Allen would have understood, absent direction and supervision from Slobodin and Seyfarth, to make such an allegation.

"that the defendants conspired to conceal from the District Court and the Federal Circuit (6) Seyfarth's early involvement in the case "

Which involvement in the case the Bergers obviously knew, and yet with out explanation as to how it is that the Bergers were not joined in that alleged conspiracy to deceive the courts.

" and (7) Seyfarth's preparation of the defective claim chart."

Again there is no explanation as to how defendant Allen would know this, or that the Bergers did not know of this. There is no explanation as to how the Bergers relied upon alleged misrepresentation made to the courts.

Notwithstanding these somewhat illogical and conclusory worded allegations, the defendant's motion to dismiss was denied. Without considering the Court's direction implied by the disposition of that motion or possibly in spite thereof, this motion was filed notwithstanding the much more specific allegations contained in the fourth counterclaim of defendant Allen.

### THE PLEADING CONTAINING THE COUNTER CLAIM MUST BE READ AS A WHOLE IN LIGHT OF THE INCORPORATED ALLEGATIONS

At paragraph 15 of the counterclaim, defendant Allen incorporates the answers to the lengthy complaint and the specific denials contained therein. As such defendant Allen alleges in paragraph 18 of the answer that he was retained by plaintiffs and had no prior experience with patent litigation.

BURNETT, BURNETT & ALLEN
333 West San Carlos St.
8th Floor
San Jose, Ca. 95110

OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS OF DEFENDANT DOUGLAS B. ALLEN DBA BURNETT, BURNETT & ALLEN AND OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS ADDRESSING PATENT VALIDITY DECLARATORY RELIEF CLAIMS            10

Also in paragraph 18, there are affirmative allegations that a condition precedent to participation by Mr. Slobodin was payment for his services, and that defendant Allen was promised funding to provide for the services of both Jack Slobodin and Reg Suyat.

At paragraph 16 of the counterclaims, defendant Allen specifically identifies the facts concealed by the plaintiffs. The allegation states that plaintiffs,

> knew or had reason to know of the invalidity of their patent, the valid claims of estoppel of Rossignol, of the prior art that existed to plaintiffs' patent and to the narrow nature upon which the patent was issued.

Paragraph 16 goes on to allege that plaintiffs did not disclose those facts to defendant Allen, "prior to retention as counsel to file the litigation against Rossignol." Thus, the facts concealed and the time of the concealment is specifically plead in the counterclaim.

The following line in paragraph 16 of the counterclaims alleges Allen's reliance in notice pleading terms, however, no less broadly than the allegations of reliance by plaintiffs in their complaint. Reading the pleading as a whole however must take into account defendant Allen's acceptance of the retention as counsel in reliance on the good faith of his former client to make disclosure of material facts relevant to the case.. In paragraph 19 of the answer, defendant Allen admits that he filed the infringement case, and in that paragraph and in following paragraphs admits and describes work he undertook in reliance on the belief in the good faith of his clients, the Bergers. By incorporation of the allegations set forth in paragraph 15 of the counterclaim, it is obvious that had defendant Allen known of the invalidity of the patent, the valid of claims of estoppel of Rossignol, the prior art that existed before plaintiffs' patent and to the narrow nature upon which the patent was issued, Allen would not have proceeded to represent the plaintiffs. These facts are set forth in the context of the entire pleading taken as a whole. The fact that Allen proceeded to represent the defendants obviously caused him to change his position, devote professional time and effort to the case, incurring damage, the amount of which will be proved later at trial. Again these are facts which may be taken from the totality of the pleading.

Paragraph 17 of the counterclaims specifically identifies that plaintiffs promised to adequately fund the litigation against Rossignol and failed to do so. This is very specific in light of

BURNETT, BURNETT & ALLEN
333 West San Carlos St.
8th Floor
San Jose, Ca. 95110

OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS OF DEFENDANT DOUGLAS B. ALLEN DBA BURNETT, BURNETT & ALLEN AND OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS ADDRESSING PATENT VALIDITY DECLARATORY RELIEF CLAIMS     11

1  the allegations incorporated from the answer found in paragraph 18 thereof, referencing the specific
2  cost of obtaining the services from Mr. Slobodin, and the specific promise to fund the litigation.  The
3  counterclaim alleges that plaintiffs knew or had reason to know, "that those commitments were not
4  forthcoming and did disclose those facts to Allen prior to retention as counsel to file the litigation
5  against Rossignol."  Again, the specific time i.e. prior to retention as counsel, is alleged.  The
6  allegation is very specific that plaintiffs knew or had reason to know that they would not adequately
7  fund the litigation, nor did they have commitments to do so.  Again the reliance of defendant Allen
8  set forth at line 19 and 20 of page 15, paragraph 17 of the counterclaim, is framed in terms of notice
9  pleading.  However, those allegations are set forth in the context of incorporation of the allegations
10 in the answer which describe the acceptance of the retention and the activities in reliance thereon.  It
11 is grossly insincere for plaintiffs to suggest that they are not fully aware of the nature of the
12 allegations made against them.

13        Paragraph 18 of the counterclaim is likewise explicit.  The plaintiffs promised to provide the
14 services of Jack Slododin and Reg Suyat, indeed an allegation repeated throughout their complaint,
15 affirmatively alleged in the answer and incorporated by reference in paragraph 15 of the
16 counterclaims. Similar to the above discussion, those failures to disclose those facts occurred prior to
17 the retention of defendant Allen.  Likewise in paragraph 19, it is alleged that plaintiffs did not
18 disclose that they did not have possession of "valid claim chart" as opposed to the claim chart
19 reflecting the "defective infringement contentions".  They either knew or should have known that
20 they did not have a valid claims chart to support valid infringement contentions before they ever
21 retained Allen to do them the favor of filing the litigation with the promised support of the
22 experienced patent counsel.

23        Taking the pleading as a whole, it is clear that had Allen known of all the infirmities of the
24 plaintiffs' case, of their failure to secure the commitments for funding for support and their
25 knowledge of their own infirmities in their patents, Allen would not have agreed to represent them
26 nor proceed with the action.  It was only upon those express representations that Allen, a real estate
27 attorney, agreed to proceed.

28        Accordingly, the facts plead are sufficiently clear for plaintiffs to understand the allegations

BURNETT, BURNETT
& ALLEN
333 West San Carlos St.
8th Floor
San Jose, Ca. 95110

OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS OF DEFENDANT DOUGLAS B. ALLEN DBA BURNETT, BURNETT & ALLEN AND OPPOSITION TO PLAINTIFF'S
MOTION TO DISMISS ADDRESSING PATENT VALIDITY DECLARATORY RELIEF CLAIMS                                                                                          12

charged against them.

### THE CONTRACT ACTION CONTAINS SUFFICIENT NOTICE PLEADING ALLEGATIONS

Similarly, the contract is alleged in the answer to the complaint. In paragraph 18 of the answer, incorporated by reference in the fifth counterclaim, Allen admits that he was retained by plaintiffs to file their patent infringement action against Rossignol. Again defendant Allen reiterates promises made to him, the misrepresentations incorporated by reference in paragraph 20 of the fifth counterclaim, clearly constituted breach of a contract, specifically to the covenant of good faith and fair dealing implied into the contract. Thus, plaintiffs are appraised by proper notice pleading of the allegations against them in the fifth counterclaim.

The motion against defendant Allen's counterclaims four and five are insincerely brought. They are based on a hypertechnical reading Rule 8 and Rule 9, which plaintiff specifically avoided in application to their own pleading. When the pleadings are taken as a whole, including the paragraphs incorporated, the allegations are specific and make clear that to which plaintiffs as counter-defendants must defend.

### CONCLUSION

Construction of the patents in this case is an actual controversy upon which the liability of this defendant rests. Thus, there is an actual controversy to be determined by this Court. This defendant, as set forth in the complaint and as reflected more fully to the answer to plaintiffs' allegations, was not intended in anyone's mind to be the patent infringement authority but was acting merely as an agent of what was proposed to be more experienced counsel. Defendant Allen relied on plaintiffs' assertion that they would fund the services of more experienced counsel to assist defendant Allen in litigating what plaintiff erroneously claimed was a valid patent infringement claim against Rossignol. Had defendant Allen known of plaintiffs failure to secure the funding, to provide for the supervision and assistance by experienced counsel, and most important, had defendant Allen known of the infirmities in plaintiffs' patent infringement case, which plaintiffs should have known themselves including most pointedly, the abject failure of plaintiff to even possess a "valid" chart identifying the infringement claims of plaintiff, the underlying case would

BURNETT, BURNETT & ALLEN
333 West San Carlos St.
8th Floor
San Jose, Ca. 95110

OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS OF DEFENDANT DOUGLAS B. ALLEN DBA BURNETT, BURNETT & ALLEN AND OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS ADDRESSING PATENT VALIDITY DECLARATORY RELIEF CLAIMS

13

not have been filed in the first place. Accordingly, plaintiffs' motion should be denied.

DATED: April 25, 2008                    RESPECTFULLY SUBMITTED,

/s/ DOUGLAS B. ALLEN

_____
DOUGLAS B. ALLEN
Attorney for Defendant

BURNETT, BURNETT & ALLEN
333 West San Carlos St.
8th Floor
San Jose, Ca. 95110

OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS OF DEFENDANT DOUGLAS B. ALLEN DBA BURNETT, BURNETT & ALLEN AND OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS ADDRESSING PATENT VALIDITY DECLARATORY RELIEF CLAIMS

14