KEKER & VAN NEST, LLP
ELLIOT R. PETERS - #158708
DANIEL PURCELL - #191424
KLAUS H. HAMM - #224905
TRAVIS LEBLANC - #251097
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Defendants
SEYFARTH SHAW LLP and
JACK L. SLOBODIN

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD W. BERGER and BRANT W. BERGER,<br><br>Plaintiffs,<br><br>v.<br><br>SEYFARTH SHAW LLP, an Illinois limited liability partnership; JACK L. SLOBODIN, an individual; BURNETT, BURNETT & ALLEN, a California partnership; DOUGLAS B. ALLEN, an individual; and DOES 1-100, inclusive,<br><br>Defendants. | Case No. C07-05279 JSW<br><br>**DEFENDANTS SEYFARTH SHAW LLP'S AND JACK L. SLOBODIN'S OPPOSITION TO MOTION TO DISMISS COUNTERCLAIMS**<br><br>Date:  June 20, 2008<br>Time:  9:00 a.m.<br>Dept:  2, 17th Floor<br>Judge:  The Honorable Jeffrey S. White<br><br>Date Comp. Filed:  September 12, 2007<br><br>Trial Date:  None set. |

## I. INTRODUCTION

This is a legal-malpractice case that requires resolution of complicated patent-law issues. Plaintiffs have sued their former lawyers Seyfarth Shaw LLP and Jack Slobodin (collectively "Seyfarth") for their conduct in prosecuting a patent-infringement suit against sports-equipment manufacturer Rossignol. To win, plaintiffs must prove that, but for the alleged malpractice, they would have won the underlying patent case. It is **an essential element** of plaintiffs' legal-malpractice claim that Rossignol infringed a valid, enforceable patent. Every legal issue at issue in the underlying patent case is also at issue here.

Accordingly, along with its answer, Seyfarth filed counterclaims for declaratory relief as to three issues—non-infringement, invalidity, and unenforceability. Plaintiffs move to dismiss the counterclaims for two reasons, both of which are unavailing. First, they argue this Court lacks jurisdiction under the Declaratory Judgment Act ("DJA") because there is no "actual controversy" as to infringement, validity, and enforceability. But plaintiffs' malpractice claim depends on proof that the patents at issue are valid, enforceable, and infringed, and the parties are actually controverting all three issues. Nothing in law or logic suggests this is not an "actual controversy" under the DJA. Second, plaintiffs ask this Court to exercise its discretion and dismiss the counterclaims as "simply redundant" of Seyfarth's affirmative defenses. They are not redundant. A counterclaim provides Seyfarth with a substantive right an affirmative defense does not—the right to appeal. Defendants in patent-infringement actions routinely file declaratory-relief counterclaims for just this reason. Without counterclaims, if Seyfarth defeated plaintiffs' claims on non-infringement grounds, the Court would have no reason to rule on validity or enforceability. If the Federal Circuit later were to reverse the finding of non-infringement, it would need to remand so this Court could consider validity and unenforceability. The presence of the counterclaims promotes a complete resolution of this litigation.

## II. RELEVANT FACTUAL BACKGROUND

On September 12, 2007, Richard and Brant Berger sued Seyfarth, along with another of their former lawyers, Douglas Allen, for legal malpractice. The Bergers allege Seyfarth was negligent in its representation of the Bergers in an action brought against Rossignol, *Berger v.*

1  *Rossignol Ski Co., Inc.*, No. 05-02523 ("*Rossignol*").  The *Rossignol* action involved two patents

2  on which the Bergers are named inventors, U.S. Patent Nos. 5,913,530 and 6,196,569.  The

3  patents describe, respectively, a snowboard binding and a method for making one.  Compl. ¶ 1.

4  In *Rossignol*, the Bergers accused Rossignol of making and selling a snowboard binding that

5  infringed these patents.  *Id.* ¶ 19.  On April 25, 2006, Judge Breyer of this Court granted

6  Rossignol's motion for summary judgment, ruling that the Bergers' infringement contentions did

7  not allege that Rossignol infringed the patents.  *Id.* ¶ 39.  The preparation and filing of those

8  infringement contentions are the heart of the Bergers' malpractice claim here.  Judge Breyer did

9  not decide whether either patent was valid or enforceable.

10        On March 21, 2008, Seyfarth answered the complaint and asserted three counterclaims,

11  which seek declaratory judgments that each of the Bergers' patents are invalid, unenforceable

12  and not infringed.

### III.     ARGUMENT

The Bergers argue for dismissal of Seyfarth's counterclaims for two reasons.  First, they contend there is no "actual controversy" regarding infringement, validity, or enforceability of their patents under the DJA.  Second, they ask this Court to discretionarily dismiss the counterclaims because they are redundant of Seyfarth's affirmative defenses.  As will be discussed below, both arguments fail.

**A.     There is an actual controversy about whether the Bergers' patents are infringed, valid and enforceable.**

As the Bergers acknowledge in their motion, an "actual controversy" exists for purposes of the DJA when a declaratory-relief claim is "'definite and concrete, touching the legal relations of parties having adverse legal interests[,]' 'real and substantial' and 'admi[tting] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising upon what the law would be upon a hypothetical set of facts.'"  *Medimmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 27 S. Ct. 764, 771 (2007) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937)).  Thus, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal

1 interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."
2 *Id.* (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).
3 Seyfarth's counterclaims amply satisfy this standard.

4     In this case, there is a definite, concrete, real, substantial, and immediate dispute between
5 adverse parties about the validity, enforceability, and infringement of the Bergers' patents. By
6 its very nature, the Bergers' malpractice claim puts all three issues into dispute. Under
7 California law, to win damages for legal malpractice, a plaintiff must show that, but for the
8 defendant's alleged negligence, she would have prevailed in the underlying case. *See Viner v.*
9 *Sweet*, 30 Cal. 4th 1232, 1244 (2003). To make that showing here, with respect to the patent
10 claims in *Rossignol,* not only must the Bergers establish that Rossignol infringed their patents,
11 but those patents also must be valid and enforceable. In other words, it is an essential element of
12 the Bergers' legal-malpractice claim that Rossignol infringed a valid, enforceable patent. The
13 Bergers do not, and cannot, dispute that the parties are actually contesting all three issues. They
14 have not moved to strike Seyfarth's related affirmative defenses because of the lack of an actual
15 controversy, even though the same logic would apply.

16     The case law the Bergers cite in support of this argument actually supports Seyfarth. The
17 Bergers argue that, under *Air Measurement Techs., Inc. v. Akin Gump Straus Hauer & Feld,*
18 *LLP*, 504 F.3d 1262, 1269 (Fed. Cir. 2007), rehearing denied, 2008 U.S. App. LEXIS 1694 (Fed.
19 Cir. Jan. 7, 2008), this case involves only a "hypothetical," not an actual, adjudication of the
20 patent issues in the underlying case. But that single word, plucked from the Federal Circuit's
21 opinion, ignores the holding of *Air Measurement*. That case, like this one, involved a state-law
22 legal-malpractice claim alleging mishandling of an earlier patent-infringement case. *See id.* at
23 1266. There, as here, the governing state law required the legal-malpractice plaintiff to prove it
24 would have won the underlying patent case. *See id.* at 1268-69. Based on these facts, the
25 Federal Circuit held that, where "patent infringement is a 'necessary element' of [a] malpractice
26 claim," it presents a substantial question of patent law that confers exclusive jurisdiction on the
27 federal courts. *Id.* at 1269; *see also Immunocept, LLC v. Fulbright & Jaworski, LLP,* 504 F.3d
28 1281, 1285 (Fed. Cir. 2007), rehearing denied, 2007 U.S. App. LEXIS 26823 (Fed. Cir. Nov. 9,

3
SEYFARTH SHAW LLP'S AND JACK L. SLOBODIN'S OPP. TO MOTION TO DISMISS COUNTERCLAIMS
CASE NO. C07-05279 JSW

415877.01

1  2007) (reaching the same result on slightly different facts).

2  Because the legal issues in *Air Measurement* are identical to those here, that holding ends
3  the debate.  If the sort of malpractice claim at issue here presents an issue of patent law so
4  substantial that it can divest state courts of jurisdiction over—the ability even to rule on—what
5  otherwise would be a pure state-law malpractice claim, it must be substantial enough to create an
6  "actual controversy" for purposes of the DJA.

7  Neither does the Bergers' argument that the counterclaims create the risk of "inconsistent
8  judgments" hold water.  If the Bergers were concerned about "inconsistent judgments," they
9  would not have filed a malpractice claim that depends on a finding of patent infringement, since
10 any such finding would conflict with the previous judgment of non-infringement.  Clearly the
11 Bergers do not consider themselves bound by that judgment, even though they were parties to the
12 underlying case.  If the judgment does not limit them, it cannot limit Seyfarth, who were not
13 parties to the *Rossignol* case.  In any event, the Bergers cite no cases (and Seyfarth is not aware
14 of any) holding that the possibility of inconsistent rulings is a relevant consideration to whether
15 jurisdiction exists under the DJA.

16 **B.   This Court should not exercise its discretion to dismiss Seyfarth's counterclaims, because those claims give Seyfarth additional substantive rights not conferred by affirmative defenses, and will promote efficient, final resolution of this case.**
17

18 A district court's discretion to decline to exercise jurisdiction over a declaratory judgment
19 action has "boundaries."  *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1383 (Fed.
20 Cir. 2007), rehearing denied, 2007 U.S. App. LEXIS 14506 (Fed. Cir. June 8, 2007).  "When
21 there is an actual controversy and a declaratory judgment would settle the legal relations in
22 dispute and afford relief from uncertainty or insecurity, in the usual circumstance the declaratory
23 judgment is not subject to dismissal."  *SanDisk,* 480 F.3d at 1383 (Fed. Cir. 2007) (quoting
24 *Genentech v. Eli Lilly & Co.,* 998 F.2d 931, 937 (Fed. Cir. 1993)); *see also EMC Corp. v.*
25 *Norand Corp.*, 89 F.3d 807, 813-14 (Fed. Cir. 1996) (holding that the district court's discretion
26 to dismiss declaratory-relief claims is not unfettered).[1]

27 ---
28 [1]  Because Seyfarth's counterclaims arise under federal patent law, Federal Circuit precedent is controlling.  *See Minnesota Mining and Mfg. Co. v. Norton Co.,* 929 F.2d 670, 672 (Fed. Cir.

4

More specifically, a district court should exercise jurisdiction over declaratory-judgment claims "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Minnesota Mining and Mfg. Co. v. Norton Co.,* 929 F.2d 670, 672-73 (Fed. Cir. 1991) (quoting E. Borchard, *Declaratory Judgments,* at 299 (2d ed. 1941)). Both of these factors are present here.

First, Seyfarth's declaratory-judgment counterclaims will help clarify and settle the legal relations between the parties. Each counterclaim represents a separate and independent way Seyfarth can win this case. If Rossignol's snowboard binding did not infringe the Bergers' patents **or** those patents are invalid **or** those patents are unenforceable against Rossignol, Seyfarth cannot be held liable for any alleged malpractice. If Seyfarth had pled only affirmative defenses, and not counterclaims, and this Court were to rule that Rossignol's binding did not infringe, it would have no need to decide validity or enforceability. Its non-infringement finding would dispose of the malpractice claim and support entry of judgment.

But that approach creates potential problems, which the presence of counterclaims helps eliminate. Suppose this Court rules that the Bergers' patents are invalid, declines to decide infringement or enforceability issues, and the Federal Circuit reverses, holding the patents valid. In that circumstance, the appellate court would have to remand so that this Court could hold further proceedings to address the other issues. If, on the other hand, Seyfarth has pending claims for declaratory relief, this Court will be encouraged to decide all the contested issues in a single proceeding, which in turn will enable a single appeal that can address all issues and avoid the need for a time-consuming remand. The counterclaims are valuable to Seyfarth because they

---

1991); *American Honda Motor Co., Inc. v. Coast Distribution System, Inc.*, 2007 WL 47258, *3 n.3 (N.D. Cal. 2007) (citing *Medimmune, Inc. v. Centocor, Inc.,* 409 F.3d 1376, 1378 (Fed. Cir. 2005)). But it is worth noting that the Ninth Circuit circumscribes a district court's discretion to a similar degree. That court has held that, "when other claims are joined with an action for declaratory relief (e.g., bad faith, breach of contract, breach of fiduciary duty, rescission, or claims for other monetary relief), the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief." *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998). "If a federal court is required to determine major issues of state law because of the existence of non-discretionary claims, the declaratory action should be retained to avoid piecemeal litigation." *Id.* at 1225-26.

5
SEYFARTH SHAW LLP'S AND JACK L. SLOBODIN'S OPP. TO MOTION TO DISMISS COUNTERCLAIMS
CASE NO. C07-05279 JSW

415877.01

confer an additional substantive right not established by affirmative defenses—a separate basis for an appeal. And they are valuable to the Court and the judicial process because they increase the likelihood that this litigation can be finally resolved in an orderly, reasonably speedy manner.

Second, for similar reasons, the presence of declaratory-judgment claims in this case will terminate and afford relief from one of the uncertainties, insecurities, and controversies giving rise to this case—the alleged infringement of the Bergers' patents by Rossignol. Indeed, nearly every patent-infringement defendant asserts counterclaims for non-infringement, invalidity, and unenforceability, while at the same time also asserting related affirmative defenses. The counterclaims encourage resolution of all disputed factual issues by the district court in the first instance, thereby clarifying issues for a potential appeal and providing defendants with a separate ground for appeal.

The Bergers argue that a patent-infringement defendant should be treated differently from a legal-malpractice defendant like Seyfarth, but provide no valid reason for such disparate treatment. Both cases present the same substantive patent-law issues, and the threat of piecemeal litigation is present in both circumstances. The Bergers argue that "patent infringement defendants have an **independent** and **continuing** interest in having [validity and enforceability] adjudicated," Mot. at 7 (emphasis in original), but, in reality, a patent-infringement defendant who wins a judgment of non-infringement has no necessary interest in pursuing counterclaims for invalidity or unenforceability that a legal-malpractice defendant like Seyfarth does not share. Such a defendant would have the benefit of a preclusive judgment not only of non-infringement but also as to claim construction, making highly unlikely any subsequent suit by the same plaintiff asserting the same patents against different of the defendant's products. Rather than illustrate that Seyfarth's counterclaims are misplaced, *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83 (1993), emphasizes that counterclaims for invalidity should be adjudicated because resolving questions of a patent's validity "has importance to the public at large." *Id.* at 100. This public interest exists whether or not the defendant competes with the patentee.

Finally, the Bergers are mistaken to suggest the presence of counterclaims would increase uncertainty, insecurity, and controversy. The Bergers point to two alleged uncertainties. First,

1 they wonder what would happen to the counterclaims for invalidity and unenforceability if the
2 Court rules that Seyfarth is not liable, presumably because of a finding of non-infringement.
3 Mot. at 6. This does not present a significant complexity—the trier of fact should proceed to rule
4 on the counterclaims. Any other outcome would create the danger discussed earlier, of
5 piecemeal litigation caused by a potential reversal of the non-infringement ruling by the Federal
6 Circuit. The second "needless complexity" the Bergers warn about is likewise neither needless
7 nor complex. They wonder, if the Court rules that Seyfarth is not liable, whether the Bergers
8 would have to file a motion to dismiss Seyfarth's counterclaims on the grounds that the claims
9 would be moot. *Id.* For the reasons discussed above, these claims would not be moot, but, in
10 any event, the possibility that a party might file a dispositive motion at some point is not the type
11 of procedural complexity or uncertainty that warrants declining jurisdiction.

### IV.    CONCLUSION

Because the infringement of a valid, enforceable patent is an essential element of a legal-malpractice claim under California law, there is an "actual controversy" as to the infringement, validity, and enforceability of the Bergers' patents for purposes of the DJA. And contrary to the Bergers' argument that Seyfarth's counterclaims "are simply redundant of Seyfarth's and Slobodin's stated defenses and bring nothing of substance to the proceedings," Mot. at 6, those counterclaims confer a substantive right to appeal on Seyfarth and promote full and final resolution of this case in a timely manner. They will help to clarify and settle the parties' legal relations and afford relief from the central uncertainty at the heart of this case—the liability of Rossignol for patent infringement in the underlying lawsuit. For all the foregoing reasons, this Court should deny the Bergers' motion to dismiss.

Dated: April 25, 2008                                    KEKER & VAN NEST, LLP


By: ____/s/ Elliot R. Peters_____
ELLIOT R. PETERS
Attorneys for Defendants
SEYFARTH SHAW LLP and
JACK L. SLOBODIN