Justin T. Beck, Esq. (Cal. Bar No. 53138)
Ron C. Finley, Esq. (Cal. Bar No. 200549)
Alfredo A. Bismonte, Esq. (Cal. Bar No. 136154)
Craig Alan Hansen, Esq. (Cal. Bar No. 209622)
Beck, Ross, Bismonte & Finley, LLP
50 West San Fernando Street, Suite 1300
San Jose, CA 95113
Tel: (408) 938-7900
Fax: (408) 938-0790
Email: jbeck@beckross.com
       rfinley@beckross.com
       abismonte@beckross.com
       chansen@beckross.com

Attorneys for Plaintiffs
Richard W. Berger and Brant W. Berger

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD W. BERGER and BRANT W. BERGER,<br><br>Plaintiffs,<br><br>v.<br><br>SEYFARTH SHAW LLP, an Illinois limited liability partnership; JACK L. SLOBODIN, an individual; BURNETT, BURNETT, & ALLEN, a California partnership; DOUGLAS B. ALLEN, an individual; and DOES 1-100, inclusive;<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. C 07-05279 JSW<br><br>**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS FILED BY DEFENDANT DOUGLAS ALLEN**<br><br>Date:  June 20, 2008<br>Time:  9:00 a.m.<br>Place: Courtroom 2, 17th Floor<br>Judge: Hon. Jeffrey S. White |

**Argument**

Allen parrots Seyfarth's arguments concerning his counterclaims for "declaratory" relief on the issues of "noninfringement, invalidity, and unenforceability." As set forth in plaintiffs' moving and reply papers, those issues are only hypothetically adjudicated in these proceedings and do not provide grounds for declaratory relief. Plus they are already raised by plaintiffs' answer and defendants' complaint. Accordingly, there is no jurisdiction to adjudicate the counterclaim. Moreover, even if there were jurisdictional grounds, the court should exercise its discretion not to entertain the counterclaims.

As for Allen's counterclaim for fraud, Allen argues that he has satisfied the rigorous pleading requirements under Rule 9(b) by alleging that plaintiffs "knew or knew or had reason to know of the invalidity of their patent, of the valid claims of estoppel of Rossignol, of the prior art that existed to plaintiffs' patent and to the narrow nature upon which the patent was issued, and did not disclose those facts to Allen prior to retention as counsel to file litigation against Rossignol."[1] But Allen's counterclaim alleges <u>no facts</u> explaining how the Berger patents were supposedly "invalid," why Rossignol had a "valid claim of estoppel," or what "prior art" Allen is referring to. These are just baseless *conclusions* devoid of the *factual support* necessary to support a fraud claim.

More fundamentally, Allen makes the skeletal allegation that he "relied to his detriment upon such non disclosure to his detriment [*sic*] and damage [*sic*] in an amount to be shown according to proof." But Allen alleges <u>no facts</u> demonstrating reliance of damages.

Allen now argues that because he "proceeded to represent" plaintiffs and devoted "professional time and effort to the case" those facts demonstrate "reliance" and "damages." But those facts are not alleged in the counterclaims and, more importantly, do not demonstrate either "reliance" or "damages." Indeed, it is difficult to fathom how those "facts"—even if alleged— have anything to do with this case as plaintiffs' action against Rossignol was lost on the basis of noninfringement, not invalidity or estoppel.

Allen's factually devoid allegations not only fail to satisfy the strict pleading requirements of Rule 9(b), but also fail to satisfy the Rule 8(a)(2). A complaint must plead "enough facts to state a claim to relief that is plausible on its face" which are "enough to raise a right to relief above the speculative level."[2] Allen's counterclaims do neither. Allen merely alleges a series of baseless conclusions followed by the conclusory statement that he was damaged by them. But Allen's counterclaims provide no logical nexus between those allegations and his purported damages. And Allen's opposition to plaintiffs' motion to dismiss fails to demonstrate otherwise.

Dated: May 2, 2008                    Beck, Ross, Bismonte & Finley, LLP

By:    /s/
       Craig Alan Hansen
       Attorneys for the Plaintiffs and Counterdefendants
       Richard Berger and Brant Berger

---

[1] (Allen Counterclaim, ¶ 16; Allen Opp. at 11).
[2] *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965, 1974 (2007).