Justin T. Beck, Esq. (Cal. Bar No. 53138)
Ron C. Finley, Esq. (Cal. Bar No. 200549)
Alfredo A. Bismonte, Esq. (Cal. Bar No. 136154)
Craig Alan Hansen, Esq. (Cal. Bar No. 209622)
Jeremy M. Duggan, Esq. (Cal. Bar No. 229854)
Beck, Ross, Bismonte & Finley, LLP
50 West San Fernando Street, Suite 1300
San Jose, CA 95113
Tel:   (408) 938-7900
Fax:   (408) 938-0790
Email: jbeck@beckross.com
       rfinley@beckross.com
       abismonte@beckross.com
       chansen@beckross.com
       jduggan@beckross.com

Attorneys for Plaintiffs
Richard W. Berger and Brant W. Berger

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD W. BERGER and BRANT W. BERGER,<br><br>Plaintiffs,<br><br>v.<br><br>SEYFARTH SHAW LLP, an Illinois limited liability partnership; JACK L. SLOBODIN, an individual; BURNETT, BURNETT & ALLEN, a California partnership; DOUGLAS B. ALLEN, an individual; and DOES 1-100, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. C07-05279 JSW<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:   June 20, 2008<br>Time:   9:00 a.m.<br>Dept:   Courtroom 2, 17th Floor<br>Judge:  The Honorable Jeffrey S. White<br><br>Date Comp. Filed:   September 12, 2007<br><br>Trial Date: None set. |

The parties to this action hereby submit the following Joint Case Management Conference Statement.

**1.    Jurisdiction and Service**

Plaintiffs Richard Berger and Brant Berger initially filed their complaint against defendants Seyfarth Shaw LLP ("Seyfarth"), Jack L. Slobodin, Burnett, Burnett, & Allen, and Douglas B. Allen in California state court on September 12, 2007.  On October 17, 2007, defendant Allen removed this action asserting exclusive subject matter jurisdiction under 28 U.S.C. § 1331 and *Air Measurement Technologies, Inc. v. Akin, Gump, Strauss, Hauer & Feld, L.L.P.*,[1] and *Immunocept LLC, et al. v. Fulbright & Jaworski, LLP*,[2] because plaintiffs' claims arise from alleged professional negligence in a prior patent infringement action.

The parties are not aware of any issues pertaining to personal jurisdiction or venue.

All parties named in this lawsuit have been served.

**2.    Facts**

This action arises from alleged professional negligence, breach of contract, fraud, negligent misrepresentation, and breach of fiduciary duty arising from a prior patent infringement action filed by plaintiffs against Rossignol Ski Company.[3]  In *Rossignol*, plaintiffs alleged that Rossignol infringed two of their patents, United States Patent Nos. 5,913,530 (the '530 patent) and 6,196,569 (the '569 patent), pertaining to a rotatable snowboard binding.

In the present action, plaintiffs allege that on January 4, 2006 defendants, while representing plaintiffs in *Rossignol*, submitted defective preliminary infringement contentions ("PICs") which, *inter alia*, (1) mischaracterized a key component of the accused device thereby rendering the device non-infringing under the '530 patent; and (2) failed to assert any contentions as to the '569 patent.  Plaintiffs also allege defendants intentionally concealed Slobodin's and Seyfarth's role in the error when the Bergers sought relief from the error in the prior action.  Plaintiffs contend that relief would have been granted if the true facts had been

---

[1] No. 2007-1035, 2007 WL 2983660 (Fed. Cir. October 15, 2007).
[2] No. 2006-1432, 2007 U.S. App. LEXIS 24095 (Fed. Cir. October 15, 2007).
[3] *Berger v. Rossignol*, Case No. C 05-02523.

1
JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO. C07-05279 JSW

419401.01

1  disclosed to the Court.

2      Plaintiffs allege that, as a result of defendants' acts of professional negligence and
3  concealment, the District Court entered judgment in favor of Rossignol on April 25, 2006.

4      Defendants Slobodin and Seyfarth deny they took any actions that could have given rise
5  to an attorney-client relationship with plaintiffs as of January 4, 2006 (*i.e.*, when the PICs were
6  served) or when any other alleged acts of professional negligence took place.  They also deny
7  they had any role in preparing the PICs and contend their representations to the various courts
8  that adjudicated the *Rossignol* case were accurate.

9      Defendants contend that they fulfilled all contractual obligations to plaintiffs, satisfied all
10 fiduciary duties owed to plaintiffs, and did not make any false statements to plaintiffs.
11 Defendants also contend that plaintiffs did not rely on any false statements allegedly made by
12 defendants.

13     Finally, defendants contend that the facts demonstrate that (1) even absent the false
14 statements allegedly made by defendants to the court in the underlying case, that the court would
15 not have granted plaintiffs relief from errors in their PICs; (2) Rossignol's snowboard binding
16 did not infringe the '530 patent or the '569 patent; (3) the patents are not valid or enforceable;
17 and (4) the Bergers would have been estopped and barred by the doctrine of laches from
18 enforcing them against Rossignol.

19     Defendant Allen asserts that the Bergers' lawsuit against him is barred by the one-year
20 malpractice statute of limitations under Cal. Civ. Proc. Code § 340.6 and that plaintiffs allege
21 claims against him fail as being uncertain and ambiguous.

22     **3.**    **Legal Issues**

23     The parties have identified the following disputed legal issues in this case:

(1) When an attorney-client relationship first came into existence between plaintiffs and defendants Slobodin and Seyfarth;

(2) When a contractual relationship first came into existence between plaintiffs and defendants Slobodin and Seyfarth;

(3) When defendants Slobodin and Seyfarth first came to owe a fiduciary duty to plaintiffs;

(4) Whether plaintiffs' claims against Allen are barred by the malpractice statute of limitations under Cal. Civ. Proc. Code § 340.6;

(5) When an attorney-client relationship existed between plaintiffs and defendant Allen;

(6) Whether plaintiffs and defendant Allen entered into a settlement agreement that bars the present claims asserted against defendant Allen;

(7) Whether defendants were negligent in their representation of the plaintiffs in *Rossignol*;

(8) Whether defendants breached a contract with plaintiffs;

(9) Whether defendants breached any fiduciary duties owed to plaintiffs;

(10) Whether defendants committed fraud against plaintiffs;

(11) Whether defendants committed negligent misrepresentation against plaintiffs;

(12) Whether plaintiffs have standing to raise the claims asserted in the operative complaint;

(13) Whether plaintiffs' claims against Allen are uncertain;

(14) Whether, and to what extent, plaintiffs suffered damages as a result of the alleged acts of fraud and concealment;

(15) Whether plaintiffs would have achieved a better result in *Rossignol* absent the alleged acts of professional negligence;

(16) The meaning of the asserted claims of the '530 and '569 patents;

(17) Whether Rossignol infringes either the '530 patent or the '569 patent;

(18) Whether the '530 patent or '569 patent are invalid under 35 §§ 102, 103 or 112;

1  (19) Whether the '530 patent or the '569 patent are enforceable;

2  (20) Whether the plaintiffs are estopped or barred by laches from enforcing the '530

3  patent or the '569 patent against Rossignol; and

4  (21) What damages the plaintiffs would have recovered against Rossignol in *Rossignol*

5  but for the alleged negligence of defendants.

**4. Motions**

On March 7, the Court denied (1) Seyfarth's and Slobodin's motion to dismiss (2) Seyfarth's and Slobodin's motion to strike; (3) Allen's motion to dismiss; and (4) Plaintiffs' conditional cross-motion for summary adjudication against Allen.

On March 21, 2008, Seyfarth and Slobodin filed their answer along with counterclaims seeking "a judicial declaration" that (1) "the '530 and '569 Patents are invalid"; (2) "the '530 and '569 Patents are unenforceable"; and (3) "that Rossignol has not infringed the '530 and '569 Patents." Plaintiffs have moved to dismiss those counterclaims on the grounds that they do not satisfy the "actual controversy" requirement under 28 U.S.C. § 2201 and bring nothing of substance to this litigation.

Disputes have arisen between the parties regarding plaintiffs' conduct at deposition, document production, attorney-client privilege claims, failure to produce a privilege log, and written discovery responses. Plaintiffs also dispute the propriety of defendants Seyfarth Shaw and Jack Slobodin's actions in withhold documents and information based on a purported "attorney-client privilege" and the sufficiency of defendants' Privilege Log. The parties have met and conferred in person about these questions, and have resolved some of the issues in dispute. The Parties anticipate raising the remaining unresolved issues with the Court.

On April 1, 2008, Allen filed his answer and counterclaims. Allen incorporated the same three counterclaims identified above plus additional fourth and fifth counterclaims for fraud and breach of contract. Plaintiffs have moved to dismiss the first three counterclaims for the reasons stated above, and have moved to dismiss the fraud claim and breach of contract claims as being unsupported by the facts alleged.

In order to streamline this litigation and to possibly facilitate a prompt resolution of this

1  matter, the parties agreed to divide this case into two phases for purposes of discovery and
2  dispositive motions.  Afterward, they filed a Joint Case Management Statement on April 11,
3  2008 agreeing to initially focus their discovery efforts on issues (1) through (6), (10) and (11)
4  above, which are the preliminary, and potentially dispositive, issues in this case.  The parties
5  plan to submit those issues to the Court by way of motions for summary judgment to be filed by
6  defendants Slobodin and Seyfarth and by defendant Allen.

7  On June 12, 2008, in the course of preparing this renewed CMC statement, defendants
8  Seyfarth and Slobodin added issue (12)—"Whether plaintiffs have standing to raise the claims
9  asserted in the operative complaint"—to the list of issues in this case and asserted that they
10  should be permitted to conduct discovery on that issue during the initial phase in this litigation.
11  Plaintiffs reject that assertion on the basis that issue (12) is not part of the stipulated scope of
12  discovery for the first phase of this litigation and represents a material departure from the parties'
13  binding agreement as filed with the Court.  Conversely, defendants contend that the parties'
14  agreement was to divide the case into a first phase focusing on issues related to the alleged
15  attorney-client relationship between plaintiffs and defendants, which would include issues of
16  standing to sue under California malpractice law, and a second phase related to the underlying
17  patent case.  Moreover, defendants believe that, as a matter of common sense and management
18  of the parties' and the Court's resources, this is the most efficient way to manage this case.  The
19  parties have been unable to come to an agreement on this issue.

20  In any event, the parties expect to complete discovery concerning the first phase within
21  five months of the June 20, 2008 case management conference (*i.e.*, by November 20, 2008).

22  Defendants expect to file their related motions for summary judgment two months after
23  that (*i.e.*, by January 20, 2008).

24  If defendants prevail on their motions for summary judgment, the parties will proceed
25  accordingly.  Otherwise, the parties will further meet and confer promptly after the Court's
26  ruling to devise a discovery plan for the remaining issues pending in this litigation and to explore
27  the possibility of engaging in settlement discussions.  Resolution of the remaining issues may
28  necessitate an additional summary judgment motion from defendants, and the parties thus

1  respectfully request that the Court determine that good cause exists for the filing of additional
2  summary judgment motions by defendants should this action proceed beyond the Court's ruling
3  on defendants' initial summary judgment motions concerning the first-phase issues.

4  **5.  Amendment of Pleadings**

5  The parties do not anticipate any amendments to the pleadings at this time.

6  The counterclaims may be amended depending on how the Court rules on plaintiffs'
7  motions to dismiss.

8  **6.  Evidence Preservation**

9  Plaintiffs have taken reasonable steps to preserve all pertinent evidence in this case
10  including forwarding all pertinent documents to their counsel.

11  Defendants Slobodin and Seyfarth have taken steps to preserve evidence relevant to the
12  issues reasonably evident in this action, including the interdiction of any document-destruction
13  program and ongoing erasures of e-mails and other electronic documents.

14  Defendant Allen has taken reasonable steps to preserve evidence including electronic
15  documents in his possession.

16  **7.  Disclosures**

17  The parties made their initial document productions on February 15, 2008, and continue
18  to make productions on a rolling basis.  The parties expect to serve their initial written
19  disclosures under Fed. R. Civ. P. 26 on or before February 29, 2008.

20  **8.  Discovery**

21  As set forth above at Section 4, the parties intend to limit their initial discovery to the
22  first-phase issues.  The parties agree that any depositions taken during this initial round of
23  discovery will be limited to first-phase issues and will be limited to one day of seven hours
24  pursuant to Fed. R. Civ. P. 30(d)(2).  However, such depositions will not count against the ten-
25  deposition limit under Fed. R. Civ. P. 30(a)(2)(A)(i) or the seven-hour limit under Fed. R. Civ. P.
26  30(d)(2) with respect to any subsequent depositions taken after the Court rules on defendants'
27  initial motion for summary judgment referenced above at Section 4.

28

1    **9.    Class Actions**

2    Not applicable.

3    **10.    Related Cases**

4    On October 24, 2007, the Court entered an order deeming this matter related to *Berger v.*

5    *Rossignol*, Case No. C 05-02523.

6    **11.    Relief**

7    Plaintiffs seek compensatory damages against defendants of approximately $75 million.

8    This figure represents plaintiffs' anticipated recovery against Rossignol for lost profits,

9    reasonable royalties, and enhanced damages.

10    **12.    Settlement and ADR**

11    The parties believe they will be in a better position to determine the prospects for

12    settlement after the Court rules on defendants' initial motions for summary judgment.  The

13    parties have filed a Notice of Need For ADR Phone Conference.

14    **13.    Consent to Magistrate Judge For All Purposes**

15    The parties have not consented to a magistrate judge for all purposes.

16    **14.    Other References**

17    Plaintiffs are willing to consider whether this matter is appropriate for reference to

18    binding arbitration or a special master after the Court rules on defendants' initial motions for

19    summary judgment.

20    Defendants Slobodin and Seyfarth believe that this matter is not appropriate for reference

21    to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

22    **15.    Narrowing of Issues**

23    Please see discussion at Sections 4 and 8 above.

24    **16.    Expedited Schedule**

25    Not applicable.

26    **17.    Scheduling**

27    As discussed at Section 4 above, the parties expect to complete discovery concerning the

28    first-phase issues within five months of the June 20, 2008 case management conference (*i.e.*, by

1  November 20, 2008).

2      Defendants expect to file their related motions for summary judgment two months after

3  that (*i.e.*, by January 20, 2008).

4      After the Court rules on defendants' initial motions for summary judgment, the parties

5  will further meet and confer and will file a supplemental Joint Case Management Conference

6  date setting forth proposed dates for designation of experts, discovery cutoff, hearing of future

7  dispositive motions, pretrial conference and trial.

8      **18.**   **Trial**

9      This case will be tried to a jury.  The parties will work out which issues will be submitted

10  to a jury and the expected length of trial after the Court rules on defendants' initial motions for

11  summary judgment and will file a supplemental Joint Case Management Conference at that time.

12      **19.**   **Disclosure of Non-party Interested Entities or Persons**

13      Plaintiffs hereby disclose that the corporation Berger Enterprises Incorporated may have

14  a financial interest in the subject matter in controversy pursuant to a license agreement dated

15  October 4, 1996.

16      Defendants Slobodin and Seyfarth have filed the "Certificate of Related Entities or

17  Persons" required by Civil Local Rule 3-16.  It states:  "Pursuant to Civil L.R. 3-16, the

18  undersigned certifies that as of this date, other than the named parties, there is no such interest to

19  report."

20      Defendant Allen filed a certificate of related entities also including John Branton as a

21  person who may have an interest in the litigation.

22      **20.**   **Other Matters**

23      The parties are not aware of other matters at this time.

24

25

26

27

28

| | |
|---|---|
| Dated: June 13, 2008 | BECK, ROSS BISMONTE & FINLEY, LLP |
| | By: ___/s/_____<br>JUSTIN T. BECK<br>Attorneys for Plaintiffs<br>Richard W. Berger and Brant W. Berger |
| Dated: June 13, 2008 | KEKER & VAN NEST, LLP |
| | By: ___/s/_____<br>ELLIOT R. PETERS<br>Attorneys for Defendants<br>SEYFARTH SHAW LLP and<br>JACK L. SLOBODIN |
| Dated: June 13, 2008 | BURNETT, BURNETT & ALLEN |
| | By: ___/s/_____<br>DOUGLAS B. ALLEN<br>Attorneys for Defendants<br>DOUGLAS B. ALLEN and BURNETT, BURNETT & ALLEN |

*Filer's Attestation*

I, Craig Alan Hansen, the filer of this document, hereby attest that concurrence in the filing of this document has been obtained from each signatory hereto.

By: ___/s/_____
CRAIG ALAN HANSEN