IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD W. BERGER and BRANT W. BERGER,

    Plaintiffs,

  v.

SEYFARTH SHAW, LLP ET AL,

    Defendants.

No. C 07-05279 JSW

**ORDER GRANTING PLAINTIFFS' MOTIONS TO DISMISS COUNTERCLAIMS WITH LEAVE TO AMEND**

    Now before the Court are two motions: (1) Plaintiffs' motion to dismiss the counterclaims filed by Defendants Seyfarth Shaw LLP and partner Jack L. Slobodin and (2) Plaintiffs' motion to dismiss the counterclaims filed by Defendant Douglas B. Allen dba Burnett, Burnett & Allen ("Allen"). The Court finds that these matters are appropriate for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for June 20, 2008 is HEREBY VACATED. The case management conference is HEREBY CONTINUED to July 18, 2008 at 1:30 p.m. Having considered the parties' pleadings and the relevant legal authority, the Court hereby GRANTS the motions to dismiss the counterclaims WITH LEAVE TO AMEND.

**BACKGROUND**

    Plaintiffs Richard W. Berger and Brant W. Berger are the named inventors and joint owners of United States Patent Nos. 5,913,530 and 6,196,569. (Compl., ¶ 1.) The patents describe a step-in binding that permits a snowboard user to rotate his foot position relative to

the snowboard while he is stopped or in motion. (*Id.*, ¶ 9.)

Defendant Seyfarth Shaw LLP is a law firm based in Illinois with offices in California and defendant Jack L. Slobodin is one of its partners. (*Id.*, ¶¶ 2, 3.) Defendant Burnett, Burnett & Allen is a California law firm and Defendant Allen is one of its partners. (*Id.*, ¶ 4.) The seminal facts are familiar to the Court and the parties, but the Complaint generally alleges that Defendants Seyfarth Shaw, Slobodin and Allen are liable for malpractice in the prosecution of the underlying patent case.

Plaintiffs filed suit for professional negligence, breach of contract, fraud, negligent misrepresentation and breach of fiduciary duty against all defendants in the Superior Court in Santa Clara on September 17, 2007. Defendants removed this action to federal court on October 17, 2007. Defendants Seyfarth and Slobodin filed their answer and counterclaims on March 21, 2008. The answer states several affirmative defenses, including invalidity, unforceability and noninfringement on the patents in the underlying case. The counterclaim are similarly for invalidity, unforceability and noninfringement on the patents in the underlying case. Defendant Allen filed his answer and counterclaims on April 1, 2008. Defendant Allen's answer also states several affirmative defenses, including invalidity, unforceability and noninfringement on the patents in the underlying case, in addition to fraud and breach of contract.

Plaintiffs filed separate motions to dismiss all Defendants' counterclaims for declaratory judgment of invalidity, unenforceability and noninfringement of the '530 and '569 patents as well as to dismiss Defendant Allen's counterclaims for fraud and breach of contract.

The Court will address any additional specific facts as required in its analysis.

## ANALYSIS

**A.     Motion to Dismiss Seyfarth Shaw and Slobodin's Counterclaims.**

The Court has complete discretion whether or not to hear a counterclaim for declaratory judgment. The Declaratory Judgement Act gives the Court the authority to declare the rights and legal relations of interested parties, but not a duty to do so. *Leadsinger, Inc. v. BMG Music*

1  *Pub.*, 512 F.3d 522, 533 (9th Cir. 2008) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288
2  (1995)); 28 U.S.C. § 2201(a).

3      Where the counterclaim is identical to the affirmative defense, a district court, within its
4  sound discretion, may dismiss the counterclaim. *See, e.g., Stickrath v. Globalstar, Inc.*, 2008
5  WL 2050990, *5-7 (N.D. Cal. May 13, 2008); *see also Ortho-Tain, Inc. v. Rocky Mountain*
6  *Orthodontics, Inc.*, 2006 WL 3782916, *3 (N.D. Ill. Dec. 20, 2006) ("District courts have
7  dismissed counterclaims under the Declaratory Judgment Act where they have found them to be
8  repetitious of issues already before the court via the complaint or affirmative defenses."). It is
9  not always appropriate to dismiss declaratory judgment counterclaims simply because they
10 concern the same subject matter or arise from the same transaction as the complaint or
11 affirmative defenses. The Court should dismiss or strike a redundant counterclaim only when it
12 is clear that there is a "'complete identity of factual and legal issues' between the affirmative
13 defenses and the counterclaim, and that, under its only permissible construction, the
14 counterclaim services no 'useful purpose.'" *Stickrath*, 2008 WL 2050990 at *5 (citing *Pettrey*
15 *v. Enterprise Title Agency, Inc.*, 2006 WL 3342633, *3 (N.D. Ohio Nov. 17, 2006)).

16     There is nothing before the Court to suggest that Defendants' declaratory judgment
17 counterclaims would entitle them to any costs or fees beyond those it might otherwise be
18 entitled to as a result of successfully defending against Plaintiffs' suit. There is nothing to
19 support the position that Defendants would not otherwise be entitled to appeal the judgment,
20 should the outcome not be in their favor. Defendants here do not stand to lose anything by way
21 of a subsequent infringement lawsuit against them as most defendants would in a
22 straightforward patent case. These defendant attorneys do not possess any possible infringing
23 product as the common patent defendant would. Defendants have failed to identify any
24 declaration that the Court could issue after a finding of no liability on Plaintiffs' claims that
25 would "serve any useful purpose." *See Pettrey*, 2006 WL 3342633 at *3; *see also Stickrath*,
26 2008 WL 2050990 at *6-7.

27     On this basis, the Court finds the counterclaims alleged by Defendant Seyfarth Shaw
28 LLP and defendant Jack L. Slobodin are entirely redundant and the Court GRANTS Plaintiffs'

motion to dismiss all three counterclaims. The Court DISMISSES THE COUNTERCLAIMS WITHOUT PREJUDICE to refiling should Defendants Seyfarth Shaw and Slobodin seek declaratory judgment that is in controversy and not redundant of its affirmative defenses.

**B.     Motion to Dismiss Defendant Allen's Counterclaims.**

On the same basis, the Court dismisses the first, second and third counterclaims by Defendant Allen without prejudice.

Defendant Allen alleges a fourth counterclaim for "misrepresentation, including negligent and intentional misrepresentation and fraud" and a fifth counterclaim for "breech [*sic*] of contract."

**1.     Fraud Counterclaim.**

Plaintiffs argue that Defendant Allen's fraud counterclaim should be dismissed for failure to meet the particularity requirements of Rule 9(b). According to the rule, "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). However, Rule 9(b) particularity requirements must be read in harmony with Federal Rule of Civil Procedure 8's requirement of a "short and plain" statement of the claim. Thus, the particularity requirement is satisfied if the complaint "identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989); *see also Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003) ("Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong.") (internal quotation marks and citations omitted). Moreover, the requirements of Rule 9(b) "may be relaxed with respect to matters within the opposing party's knowledge. In such situations, plaintiffs can not be expected to have personal knowledge of the relevant facts." *Neubronner v. Milken,* 6 F.3d 666, 672 (9th Cir. 1993).

The Court finds that Defendant Allen has failed to satisfy the specificity requirements of Rule 9(b) because the fourth counterclaim fails to state facts to support the conclusion that

Plaintiffs knew or had reason to know of the invalidity of their patent, which is presumed to be valid as a matter of law. *See* 35 U.S.C. § 282. Further, Allen does not state any facts supporting his conclusion that Plaintiffs knew or had reason to know that they would not be able adequately to fund the litigation against Rossignol. Further, Allen fails to state how he relied on the alleged statements or concealments, and specifically how he was damaged by them.

Because the Court finds that Allen fails to satisfy the requirements of Rule 9(b), his fourth counterclaim for fraud is DISMISSED WITH LEAVE TO AMEND.

### 2. Breach of Contract Counterclaim.

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief, ... and a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). It is unclear from the fifth counterclaim, what contract Allen alleges was breached. Although the Court can intuit that it was a contract for legal services, the existence of such a contract has not been pled. Therefore, Allen's fifth counterclaim for breach of contract is DISMISSED WITH LEAVE TO AMEND.

### CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion to dismiss the Seyfarth and Slobodin counterclaims and GRANTS Plaintiffs' motion to dismiss Allen's counterclaims all with leave to amend.

In light of these rulings, the Court HEREBY RESETS the initial case management conference for July 18, 2008 at 1:30 p.m. The parties shall file an updated joint case management statement by no later than July 11, 2008.

**IT IS SO ORDERED.**

Dated: June 17, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE