1 Douglas B. Allen, sbn 99239
Burnett, Burnett, & Allen
2 333 West San Carlos St.
Eighth Floor
3 San Jose, California 95110
(408) 298-6540

4

Attorneys for DOUGLAS B. ALLEN

5

6                    UNITED STATES DISTRICT COURT
           NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

7

8 RICHARD W. BERGER AND BRANT W.              Case No. C07-05279 JSW
  BERGER,
9                                             ANSWER WITH AMENDED COUNTERCLAIMS OF
                        Plaintiff,            DEFENDANT DOUGLAS B. ALLEN DBA
10                                            BURNETT, BURNETT & ALLEN
  vs.
11
  SEYFARTH SHAW LLP, and Illinois limited     Before: The Honorable Judge Jeffrey S. White
12 liability partnership; JACK L. SLOBODIN, an
  individual; DOUGLAS B. ALLEN dba
13 BURNETT, BURNETT & ALLEN; and Does
  1-100, inclusive;
14                      Defendants.
  _____/
15

16          Defendant Douglas B. Allen dba Burnett, Burnett & Allen ("Allen") responds

17 as follows to the Complaint for professional negligence, breach of contract, fraud, negligent

   nisrepresentation, and breach of fiduciary duty filed against them by Plaintiffs Richard W.
18
   Berger and Brant W. Berger. Seyfarth responds to the correspondingly numbered allegations in
19
   he Complaint as follows:
20

21                                        **PARTIES**

22          1. Allen admits that United States Patent Nos. 5,913,530 ("the '530 Patent") and

23 6,196,569 ("the '569 Patent") purport to name Plaintiffs **as** the inventors of the '530 and '569

   patents. Plaintiffs entered into a licence with Berger Enterprises Inc. which may still have a claim to
24
   ownership and/or all income derived from the patents.  Except as expressly admitted, Allen lacks
25
   sufficient knowledge to admit or deny the truth of the remaining allegations in this paragraph, and on
26
   that basis denies those allegations.
27
            2. Allen admits that Allen Shaw LLP is an Illinois limited liability partnership
28

Burnett, Burnett
& Allen
333 West San Carlos St.
8th Floor
San Jose, Ca.  95110

1    ind a law firm with offices in the State of California and that Jack L. Slobodin was an attorney

2    and partner of Allen Shaw LLP. Except as expressly admitted, Allen denies the remaining

3    allegations in this paragraph

4        3. Allen admits the allegations in this paragraph.

5        4**.** Allen admits that Burnett, Burnett & Allen is a law firm that does business in

6    the County of Santa Clara in the State of California. Burnett, Burnett & Allen is and was at all

7    relevant times herein the fictitious name of a sole proprietorship owned and operated by defendant

8    Allen, and was not a partnership.

9        5. Allen admits the allegations in this paragraph.

10        6. Allen denies the allegations in this paragraph, with particular regard to the phrase "At all

11    relevant times".  Allen has represented plaintiffs on various matters over many years, however

12    Allen's representation of plaintiffs in the United States District Court for the Northern District of

13    California, Case No. 3:05-CV-02523-CRB  terminated over a year previous to the initial filing of

14    this action.

15        7. The allegations of paragraph 7 are immaterial any do not form a legal basis for asserting

16    liability against unknown parties under Federal Rules.  Allen further asserts that there are no parties

17    unknown to plaintiffs who contributed to the actions taken in United States District Court for the

18    Northern District of California, Case No. 3:05-CV-02523-CRB, and denies these allegations.

19        8. Allen denies the allegations in this paragraph.

20    **GENERAL ALLEGATIONS**

21        9. Allen denies the allegations in this paragraph, except that Allen admits that the patent

22    applications were filed on June 16, 1997..

23        10. Allen admits that the binding had market appeal, but denies that it was significant as

24    plaintiff failed to properly market the binding.  The binding was viewed by Rossignol, however,

25    Allen lacks sufficient knowledge to admit or deny the truth of the allegations regarding copying of

26    the binding, but rather, in light of the existing art embodied in other designs, believes that such

27    existing designs formed the basis of Rossignol's tool less rotating binding.  As to the remaining

28    allegations of this paragraph, Allen denies those allegations.

**BURNETT, BURNETT
& ALLEN**
333 West San Carlos St.
8th Floor
San Jose, CA.  95110

1    11. Allen admits that correspondence was exchanged but, lacks sufficient knowledge to

2    admit or deny the truth of the remaining allegations in this paragraph, and on that basis denies those

3    allegations.

4    12. Allen admits that the issue date listed on the face of the '530 Patent is June 22,

5    1999 and that the issue date listed on the face of the '569 Patent is March 6, 2001. Allen admits that

6    Reginald Suyat, formerly affiliated in some capacity with the firm of Fish and Richardson handled a

7    part of the prosecution of those patents through the United States Patent and Trademark Office.

8    Except as expressly admitted, Allen lacks sufficient knowledge to admit or deny the truth of the

9    allegations in this paragraph, and on that basis denies those allegations.

10    13. Allen lacks sufficient knowledge to admit or deny the truth of the allegations in

11    this paragraph, and on that basis denies those allegations.

12    14**. Allen is informed and believes that, in 2003, Slobodin spoke with Plaintiffs about filing a

13    patent infringement action against Rossignol Ski Company, and that Slobodin wrote a memorandum

14    to Alan L. Unikel, of Seyfarth and Shaw LLP's Intellectual Property Group, that is dated September

15    9, 2003. The contents of that memorandum speak for themselves. Except as expressly admitted,

16    Allen has insufficient information to admit or deny the allegations and on that basis, denies the

17    allegations in this paragraph.

18    15. Allen was informed by plaintiffs that in 2003, Mr. Suyat sent Mr. Slobodin a copy of a

19    claim chart.  Allen lacks sufficient knowledge to admit or deny the truth of the allegations in this

20    paragraph, and on that basis denies those allegations.

21    16. Allen was informed by plaintiffs that a ski-binding that allegedly represented Rossignol's

22    Tool less  binding was sent to Seyfarth and Shaw that was never returned to plaintiffs or Mr. Suyat.

23    Except as expressly admitted, Allen denies the remaining allegations in this paragraph.

24    17. Allen is informed and believes and admits that Seyfarth Shaw LLP attorney J. Terry

25    Stratman sent a memorandum to Slobodin that is dated December 15, 2003. The contents of that

26    memorandum speak for themselves. Except as expressly admitted, Allen denies the remaining

27    allegations in this paragraph.

28

BURNETT, BURNETT
& ALLEN
333 West San Carlos St.
8th Floor
San Jose, Ca.  95110

ANSWER WITH AMENDED COUNTERCLAIMS OF DEFENDANT DOUGLAS B. ALLEN DBA BURNETT, BURNETT & ALLEN          3

18.  In 2005, Allen was retained by plaintiffs to file their patent infringement action against Rossignol, and was promised help support and collaboration by plaintiff Richard Berger from Mr. Slobodin and Mr. Suyat, as well as funding to pay for their help.  Allen had no prior patent infringement litigation experience, and had represented plaintiffs in real estate matters.  Prior to filing the action Allen spoke to Slobodin who concurred that he would assist, however, he needed to be paid his then hourly rate of $650 per hour with a retainer of $10,000.   Except as expressly admitted,  Allen lacks sufficient information to admit or deny the truth of the remaining allegations in this paragraph, and on that basis denies those allegations.

19. Allen admits that on June 21, 2005, the Plaintiffs and Berger Enterprises Inc., through Allen, filed a complaint against Rossignol S.A., Skis Rossignol S.A., and Quicksilver, Inc. in the United States District Court for the Northern District of California, Case No. 3:05-CV-02523-CRB. Allen further admits that complaint purports to allege infringement of the '530 and '569 Patents.

20. Allen admits that the District Court held the Initial Case Management Conference in *Berger* v. *Rossignol* on November 18, 2005, and that Allen met with Slobodin and Suyat that day. Except as expressly admitted, Allen denies the allegations in this paragraph.

21. Allen admits that at that meeting or shortly thereafter, Mr. Slobodin indicated that he would try to get his firm to take on the litigation on a contingent fee, but denies the remaining allegations in this paragraph.

22. This paragraph states legal conclusions to which no response is required. The Northern District of California Patent Local Rules in effect in 2005 speak for themselves and are subject to proof by judicial notice upon a proper showing.

23. Allen denies the allegations of paragraph 23, except as follows:  Plaintiffs Disclosure of Asserted Claims and Preliminary Infringement Contentions along with all other preliminary disclosures required by FRCP 26 were due on November 16, 2005, per the joint case management statement and proposed order page 6 paragraph 10, in United States District Court for the Northern District of California, Case No. 3:05-CV-02523-CRB, and by local rule on November 29, 2005.  The infringement contentions were not served by December 3, 2005.  Allen had not received the

BURNETT, BURNETT
& ALLEN
333 West San Carlos St.
8ᵗʰ Floor
San Jose, CA. 95110

ANSWER WITH AMENDED COUNTERCLAIMS OF DEFENDANT DOUGLAS B. ALLEN DBA BURNETT, BURNETT & ALLEN                4

1    required claims chart from plaintiff, from Mr. Suyat, or from Mr. Slobodin, nor had Allen received

2    other material to comply with the initial disclosure requirements on a timely basis.

3    Conference. Except as expressly admitted, Allen lacks sufficient knowledge to admit or deny

4    the truth of the allegations in this paragraph, and on that basis denies those allegations.

5          24. Allen admits the allegations of paragraph 24.

6          25. Allen admits that late on January 3,2006, Seyfarth Shaw, provided Allen with a

7    memorandum and claims charts for the '530 and '569 Patents.  Allen did not see the documents until

8    evening hours and Mr. SLOBODIN was unavailable.  Allen called and consulted with plaintiff,

9    Richard Berger as to the contents thereof, and had no knowledge that there was more than one claims

10   chart as to the '530 patent at that time.  The contents of that memorandum and the claims charts

11   speak for themselves.

12         26. Allen admits that, on January 4, 2006, Allen served on counsel for Rossignol a

13   document captioned "Supplemental Initial Disclosure Pursuant to Local Patent Rule 3-1

14   Disclosure of Asserted Claims and Preliminary Infringement Contentions" ("Infringement

15   Contentions"), and admits that the Infringement Contentions were based upon the Seyfarth claims

16   chart and memorandum received the night before, as well as the discussion with plaintiff Richard

17   Berger and his decision not to include the '569 patent in the contentions based upon the

18   memorandum.  Allen denies the remaining allegations and specifically that the contentions were

19   "defective".

20         27. The contents of Plaintiffs' Infringement Contentions in *Berger v. Rossignol,* and

21   the Court's subsequent order on summary judgment, speak for themselves and are subject to

22   proof by judicial notice upon a proper showing. To the extent this paragraph characterizes the

23   legal adequacy of the Infringement Contentions, or the legal basis of the Court's ruling, this

24   paragraph alleges legal conclusions to which no response is required. Allen denies the

25   remaining allegations in this paragraph.

26         28. Plaintiffs' Infringement Contentions in *Berger* v. *Rossignol* speak

27   for themselves and are subject to proof by judicial notice upon a proper showing. The failure to

28   include the '569 patent was an intentional decision left to the plaintiff, Richard Berger, based upon

**BURNETT, BURNETT**
**& ALLEN**
333 West San Carlos St.
8ᵗʰ Floor
San Jose, Ca.  95110

the Seyfarth Shaw memorandum, and in light of the lack of time to issue the contentions due to

defendants pending motion to dismiss under FRCP 41.  To the extent

this paragraph characterizes the legal adequacy of the Infringement Contentions, this paragraph

alleges legal conclusions to which no response is required. Allen denies the remaining

allegations in this paragraph.

29. The contents of Plaintiffs' Infringement Contentions in Berger v. Rossignol speak

for themselves. To the extent this paragraph characterizes the legal adequacy of the

Infringement Contentions, this paragraph alleges legal conclusions to which no response is

required. Allen denies the remaining allegations in this paragraph.

30. Allen admits that on February 21,2006, Rossignol filed a document captioned

"Motion for Summary Judgment of Unenforceability (Due to Equitable Estoppel),

Noninfringement andor Invalidity," the contents of which speak for themselves and are subject

to proof by judicial notice upon a proper showing. Except as expressly admitted, Allen lacks

sufficient information to admit or deny the truth of the remaining allegations in this paragraph,

and on that basis denies those allegations.

31. Allen admits the allegations of paragraph 31.

32. Allen admits that on March 15, 2006, the motion was filed to defer Rossignol's

"Motion for Summary Judgment of Unenforceability (Due to Equitable Estoppel),

Noninfringement andlor Invalidity," the contents of which speak for themselves and are subject

to proof by judicial notice upon a proper showing.

33. Allen admits that, on March 21, 2006, the Honorable Charles R. Breyer of this

Court issued a written order resolving the Bergers' motion to defer. The contents of the Court's

order speak for themselves and are subject to proof by judicial notice upon a proper showing.

34. Allen admits that on March 27, 2006, that a "Motion for Leave to File Amended

Disclosure of Asserted Claims and Preliminary Infringement Contentions," and supporting

declarations from Slobodin and Allen were filed. The contents of all of these documents speak for

themselves and are subject to proof by judicial notice upon a proper showing. Except as expressly

admitted, Allen denies the remaining allegations in this paragraph.

35. Allen admits that on March 27, 2006, Slobodin filed a document captioned "Opposition and Points & Authorities in Support Thereof to Rossignol's Motion for Summary Judgment of Enforceability (Due to Equitable Estoppel), Or Non-Infringement and/or Invalidity," the contents of which speak for themselves and are subject to proof by judicial notice upon a proper showing. Except as expressly admitted, Allen denies the remaining allegations in this paragraph.

36. Allen admits that Judge Breyer conducted a hearing in *Berger v. Rossignol* on April 14, 2006. Except as expressly admitted, Allen denies the remaining allegations in this paragraph.

37. Allen admits that Judge Breyer issued a written order dated April 25, 2006, the contents of which speak for themselves and are subject to proof by judicial notice upon a proper showing.

38. Allen admits that, on April 25, 2006, Judge Breyer issued a written order resolving Rossignol's motion for summary judgment. The contents of that order speak for themselves and are subject to proof by judicial notice upon a proper showing.

39. Allen admits that, on April 25, 2006, Judge Breyer issued a written order resolving Rossignol's motion for summary judgment. The contents of that order speak for themselves and are subject to proof by judicial notice upon a proper showing.

40. Allen admits that Judge Breyer issued a judgment in *Berger* v. *Rossignol* dated April 25, 2006, the terms of which speak for themselves and are subject to proof by judicial notice upon a proper showing.

41. Allen admits that, on May 25, 2006, the Plaintiffs noticed an appeal to the United States Court of Appeals for the Federal Circuit from Judge Breyer's written order dated April 25, 2006. Allen further admits that on January 10, 2007, Plaintiffs' appeal in the Federal Circuit was argued. Except as expressly admitted, Allen denies the remaining allegations in this paragraph.

42. Allen admits that a panel of the Federal Circuit issued a written *per curium* order on January 12, 2007, the contents of which speak for themselves and are subject to proof

1    by judicial notice upon a proper showing.

2        43. Allen admits that Slobodin served as counsel for the Plaintiffs in connection

3    with the Federal Circuit appeal in Case No. 2006-1431. Allen expressly denies that Allen was

4    counsel of record in that appeal to the Federal Circuit, nor acted as counsel to plaintiffs in that

5    appeal. Except as expressly admitted or denied, Allen denies all remaining allegations.

6        44. Allen has insufficient information in which to admit or deny and upon that basis denies

7    the allegations of paragraph 44.

8                            **FIRST CAUSE OF ACTION**

9                            **(Professional Negligence)**

10       45. Allen incorporates the answers set forth in response to Paragraphs 1 through 44

11   of the Complaint as if fully set forth herein.

12       46. Allen denies the allegations in this paragraph.

13       47. Allen denies the allegations in this paragraph.

14       48. Allen denies the allegations in this paragraph.

15       49 Allen denies the allegations in this paragraph.

16                           **SECOND CAUSE OF ACTION**

17                           **(Breach of Contract)**

18       50. Allen incorporates the answers set forth in response to Paragraphs 1 through 49

19   of the Complaint as if fully set forth herein.

20       51. Allen denies the allegations in this paragraph.

21       52. Allen denies the allegations in this paragraph.

22       53. Allen denies the allegations in this paragraph.

23       54. Allen denies the allegations in this paragraph.

24       55. Allen denies the allegations in this paragraph.

25                           **THIRD CAUSE OF ACTION**

26                           **(Fraud)**

27       56. Allen incorporates the answers set forth in response to Paragraph 1 through 55

28   of the Complaint as if fully set forth herein.

1    57. Allen denies the allegations in this paragraph.

2    58. Allen denies the allegations in this paragraph.

3    59. Allen denies the allegations in this paragraph.

4    60. Allen denies the allegations in this paragraph.

5                              **FOURTH CAUSE OF ACTION**

6                              **(Negligent Misrepresentation)**

7    61. Allen incorporates the answers set forth in response to Paragraphs 1 through 60

8    of the Complaint as if fully set forth herein.

9    62. Allen denies the allegations in this paragraph.

10   63. Allen denies the allegations in this paragraph.

11   64. Allen denies the allegations in this paragraph.

12                             **FIFTH CAUSE OF ACTION**

13                            **(Breach of Fiduciary Duty)**

14   65. Allen incorporates the answers set forth in response to Paragraphs 1 through 64

15   of the Complaint as if fully set forth herein.

16   66. Allen denies the allegations in this paragraph.

17   67. Allen denies the allegations in this paragraph.

18   68. Allen denies the allegations in this paragraph.

19   69. Allen denies the allegations in this paragraph.

20   70**.** Allen denies the allegations in this paragraph.

21   71. Allen denies the allegations in this paragraph.

22

23                             **AFFIRMATIVE DEFENSES**

24                          **FIRST AFFIRMATIVE DEFENSE**

25                                 **(Estoppel)**

26   72. Plaintiffs are estopped from asserting the causes of action alleged and from  obtaining the

27   relief requested in the Complaint against Allen by reason of Plaintiffs' conduct, actions, and

28   communications to Allen.

**BURNETT, BURNETT
& ALLEN**
333 West San Carlos St.
8th Floor
San Jose, Ca.  95110

1

**SECOND AFFIRMATIVE DEFENSE**

2

**(Waiver)**

3      73. Plaintiffs are barred from seeking the relief requested in the Complaint by reason of the

4  doctrine of waiver.

5

**THIRD AFFIRMATIVE DEFENSE**

6

**(Mistake)**

7      74. Any recovery on Plaintiffs' Complaint, or any purported cause of action alleged

8  therein, is barred by the doctrine of mistake.

9

**FOURTH AFFIRMATIVE DEFENSE**

10

**(Failure to Mitigate)**

11      75. Plaintiffs are barred from seeking the relief requested in the Complaint by reason

12  of Plaintiffs' failure to mitigate the damages allegedly suffered by Plaintiffs, if any such damages

13  exist.

14

**FIFTH AFHRMATIVE DEFENSE**

15

**(Contributory Negligence)**

16      76. Allen alleges that Plaintiffs and/or their agents were careless and negligent

17  with respect to the matters alleged in the Complaint, and that said carelessness and negligence

18  proximately contributed to and was a proximate contributing cause of the damages alleged in the

19  Complaint, and therefore the relief prayed for from Allen in the Complaint cannot be granted.

20

**SIXTH AFFIRMATIVE DEFENSE**

21

**(Comparative Liability)**

22      77. The Complaint, and each of the purported causes of action against Allen

23  contained therein, is barred in whole or in part because the damages incurred by Plaintiffs, if any,

24  were cased in whole or in part by persons (including Plaintiffs andlor their agents) other than

25  Allen and the liability, if any, of Allen should be comparatively reduced or eliminated.

26

**SEVENTH AFFIRMATIVE DEFENSE**

27

**(Reasonable Investigation of the Law)**

28      78. To the extent that Allen owed any duty or duties to Plaintiffs with regard to the

matters alleged in the Complaint, Allen at all times acted in good faith, without malice, and undertook research in an effort to ascertain relevant principles of law, and therefore the relief prayed upon from Allen in the Complaint cannot be granted.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure of Consideration)

79. Any recovery on Plaintiffs' Complaint on any purported cause of action alleged therein is barred on the ground that, as to each and every oral, implied, or other contract alleged herein, there was a failure of consideration.

## NINTH AFFIRMATIVE DEFENSE

### (Lack of Consideration)

80. Any recovery on Plaintiffs' Complaint or any purported cause of action alleged herein is barred on the ground that, as to each and every oral, implied, or other contract alleged herein, there was a lack of consideration.

## TENTH AFFIRMATIVE DEFENSE

### (Noninfringement)

81. Rossignol has not infringed any valid and enforceable claim of the '530 and '569 Patents.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Invalidity/Unenforceability)

82. The claims of the '530 and '569 Patents are invalid and/or unenforceable for Failure to comply with one or more of the provisions of Tile 35 of the United States Code Including but not limited to, §§ 101, 102, 103, 111, 112, 116, 132,135, 256, and 287.

## TWELFTH AFFIRMATIVE DEFENSE

### (Prosecution Disclaimer)

83. Plaintiffs' claims for patent infringement in the underlying case were barred, in whole or in part, by the doctrine of prosecution history disclaimer.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Prosecution Estoppel)**

84**.** Plaintiffs' claims for patent infringement in the underlying case were barred, in whole or in part, by the doctrine of prosecution history estoppel.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(35 U.S.C. § 287)**

85. Plaintiffs' claims for patent infringement in the underlying case were barred in whole or in part by their failure to provide adequate notice under 35 U.S.C. §287.

86. Plaintiffs' prayer for relief is limited by 35 U.S.C. §287.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

87. Plaintiffs' requested relief is barred in whole or in part by their own unclean lands.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Laches and Equitable Estoppel)**

88. Plaintiffs knew or should have known of activities that they allege infringed the '530 and '569 Patents, but failed to assert those Patents. To the contrary, Plaintiffs statements ind conduct reasonably induced Rossignol to believe that Plaintiffs would not assert the '530 and '569 Patents against Rossignol. Plaintiffs' statements and actions materially prejudiced Rossignol and Allen, such that any claim for patent infringement in the underlying case was barred by the doctrines of laches and/or equitable estoppel.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Reverse Doctrine of Equivalents)**

89. Based on the reverse doctrine of equivalents, Rossignol has not infringed any claim of the '530 and '569 Patents.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Statute of limitations)**

90.  Plaintiffs' claims are barred by the applicable statute of limitations, including but not

1  limited to, California Code of Civil Procedure sections 340.6, 338, 340.

2  ### NINETEENTH AFFIRMATIVE DEFENSE

3  ### (Accord and Satisfaction and Settlement)

4  91.  Plaintiffs entered into an Accord and Satisfaction with this defendant and/or a settlement

5  of all claims alleged against this defendant herein, upon which this defendant relied in providing

6  valuable consideration by performance.

7  ### TWENTIETH AFFIRMATIVE DEFENSE

8  ### (Reservation of Defenses)

9  92. Allen reserves the right to assert additional affirmative defenses, including any

10 and all defenses asserted by Rossignol in *Berger v. Rossignol,* as well as additional claims, or

11 third-party claims based on information revealed during the discovery process and investigation

12 of this case.

13 ### AMENDED COUNTERCLAIMS

14 Allen asserts the following counterclaims against Plaintiffs:

15 1.  Allen hereby incorporates and re-alleges the answers set forth in response to the above-

16 numbered Paragraphs of the Complaint, as though set forth in full in these counterclaims.

17 ### FIRST COUNTERCLAIM

18 ### (negligent misrepresentation)

19 2. Plaintiffs/ cross defendants were the inventors of the "Berger 360" snow board binding.

20 Following initial design and production of a prototype binding, that incorporated aspects of a step in

21 binding and rotation while the snow board boot was locked or attached by the binding to the

22 snowboard, Plaintiffs/cross defendants filed for and obtained provisional patents with the aid of

23 counsel in Colorado and Aptos, California.  With the assistance of defendant/ cross-claimant, Allen

24 (Allen), Plaintiffs/ cross defendants formed a corporation to commercially exploit the patent and

25 issued shares of that corporation to various shareholders for consideration.  Plaintiffs/ cross

26 defendants entered into an irrevocable licence of their design and patent with the corporation, known

27 as Berger Enterprises, Inc.(BEI).

28 3. With funds raised by the corporation Plaintiffs/ cross defendants hired Reginald Suyat of

**BURNETT, BURNETT
& ALLEN**
333 West San Carlos St.
8th Floor
San Jose, Ca. 95110

1  the law firm of Fish and Richardson to continue to prosecute the patents in the United States and

2  abroad.  Plaintiffs/ cross defendants worked closely with Mr. Suyat in reviewing existing art

3  applicable or similar to their design.  Plaintiffs/ cross defendants worked with Mr. Suyat to develop

4  patent language and explanations to distinguish their design from the prior art.  The prior art

5  included the aspects of rotation and step in designs, including combining those design aspects.

6       4.  Plaintiffs/ cross defendants, who were officers directors and founders of BEI, failed to

7  disclose the existence of this prior art to Allen or the other shareholders of BEI.  Plaintiffs/ cross

8  defendants made statements in the "Berger Enterprises Inc., "*Business Plan, Fiscal Year 2000-2004,*

9  *January 8, 1999*".   For example:

10       "The Company has successfully **taught** the snowboard industry that rotation will be the

11       standard for step-in bindings."  (emphasis added)

12       "Following BEI's introduction of the Berger 360 Step-On ™ System, **the first rotating step-**

13       **in snowboard binding**..."(emphasis added)

14       5.  Plaintiffs/ cross defendants neglected to inform either Allen or the shareholders of BEI of

15  the existing prior art examined by them in working with Mr. Suyat.  Plaintiffs/ cross defendants were

16  the exclusive representatives of BEI that worked with Mr. Suyat on developing the patents, patent

17  language and review of prior art.

18       6. In or about 1998, Rossignol S.A. a French corporation, through its American subsidiary,

19  introduced a rotating step in snowboard binding.  Plaintiffs/ cross defendants represented to Allen

20  and the shareholders of BEI that the Rossignol design infringed upon the design of Plaintiffs/ cross

21  defendants.  Yet, Plaintiffs/ cross defendants failed to disclose that the Rossignol design more

22  closely paralleled the prior art reviewed by Plaintiffs/ cross defendants in the development of their

23  patents than it did Plaintiffs/ cross defendants' patents or design.

24       7.  Since Allen was not experienced in either patent prosecution or litigation, upon Plaintiffs/

25  cross defendants' representations to Allen regarding the alleged infringement,  Allen referred

26  Plaintiffs/ cross defendants to seek out patent litigation counsel to address the issue of infringement.

27  Plaintiffs/ cross defendants consulted with Fish and Richardson and Mr. Suyat, and several other

28  counsel regarding patent infringement.  In or about 2003, Plaintiffs/ cross defendants consulted with

**BURNETT, BURNETT**
**& ALLEN**
333 West San Carlos St.
8th Floor
San Jose, Ca.  95110

ANSWER WITH AMENDED COUNTERCLAIMS OF DEFENDANT DOUGLAS B. ALLEN DBA BURNETT, BURNETT & ALLEN        14

1   the law firm of defendant Seyfarth and Shaw regarding their claims of infringement. They provided

2   a sample Rossignol binding to defendant Seyfarth and Shaw through Mr. Suyat, and allegedly

3   developed a "claim chart" reflecting a comparison of the Rossignol device to the patents of

4   Plaintiffs/ cross defendants. Defendant Seyfarth analyzed the patents and concluded that the '569

5   should not be pursued by infringement litigation due to potential characterization of deception in

6   presentation to the U.S. Patent office. Defendant Seyfarth prepared a claim chart regarding the '530

7   patent.

8       8. Plaintiffs/ cross defendants reported back to defendant and some BEI shareholders that

9   defendant Seyfarth and Shaw concluded that Rossignol infringed on both patents, and would sue if

10  $200,000 in costs were raised. The money was not raised and the firm was not hired. Plaintiffs/

11  cross defendants however, failed to obtain the sample binding, the claims charts, nor written

12  opinions of the attorneys.

13      9. Plaintiffs/ cross defendants and the chief financial officer of BEI, John Branton (also

14  friend and agent of Plaintiffs/ cross defendants), faced with what they believed to be the expiration of

15  a six year statute of limitations on their patent infringement claims against Rossignol, and unable to

16  get patent litigation counsel to take the case, approached Allen in February of 2005, to file an action

17  to preserve their claims. Following filing, they proposed to retain defendant Slobodin and Seyfarth

18  and Shaw to handle the litigation. Defendant/cross-complainant, although sympathetic, was

19  reluctant. Several months passed, and Plaintiffs/ cross defendants and John Branton represented that

20  they would retain defendant Slobodin and Seyfarth and Shaw to assist and to handle all of the

21  technical aspects of the patent litigation, and to supervise defendant Allen. Plaintiffs/ cross

22  defendants and John Branton represented that they would raise, through Mr. Branton, and at least

23  two other contributors (who were existing shareholders of BEI), funds to pay for Mr. Slobodin and

24  Mr. Suyat to assist Allen in litigating the infringement action. In a meeting, on or about May 31,

25  2005, Plaintiffs/ cross defendants and Mr. Branton agreed to commit $75,000 for this purpose, and

26  that $25,000 would be immediately forthcoming. Mr. Slobodin required a $10,000 up front retainer

27  to consult on the case.

28      10. In reliance on the representations of Plaintiffs/ cross defendants and Mr. Branton, that the

BURNETT, BURNETT
& ALLEN
333 West San Carlos St.
8ᵗʰ Floor
San Jose, Ca. 95110

ANSWER WITH AMENDED COUNTERCLAIMS OF DEFENDANT DOUGLAS B. ALLEN DBA BURNETT, BURNETT & ALLEN                15

1  funds would be immediately contributed as agreed, that Plaintiffs/ cross defendants had invented the

2  first rotating step in snowboard binding the patents for which, the '569 as well as the '530 patents,

3  were infringed by Rossignol's device, and that proof of the infringement was readily available

4  through a claims chart that analyzed the infringement by comparison to the accused device of

5  Rossignol,  Allen filed suit on behalf of Plaintiffs/ cross defendants.

6      11.  Plaintiffs/ cross defendants and Mr. Branton failed to disclose that: there was substantial

7  prior art that more closely resembled the Rossignol device than Plaintiffs/ cross defendants design,

8  that Plaintiffs/ cross defendants in fact were not the first step in rotating snowboard binding, that Mr.

9  Branton would not contribute the funds as agreed, nor that the other two contributors would

10 contribute the funds, in part due to the fact that Plaintiffs/ cross defendants had an intention to claim

11 personal expenses to be paid or reimbursed from the litigation funds proposed to be contributed by

12 Mr. Branton and his contributors, that one of Mr. Branton's contributors, a shareholder of BEI, was

13 planning on suing Plaintiffs/ cross defendants (and did later sue Mr. Berger), that Plaintiffs/ cross

14 defendants had not properly terminated the licence with BEI, that Plaintiffs/ cross defendants had not

15 obtained possession of the claims charts, opinions, or accused device for use by Allen, and  that they

16 had no idea where those items were.

17     12.  Allen invested substantial time and energy and professional service on the case without

18 compensation.  Had Allen known of the true facts of the lack of agreement with Mr. Branton and his

19 investors, indeed the adversity, the lack of claims information and the other information outlined in

20 the paragraphs above, Allen would not have agreed to file the case or devote his services to

21 Plaintiffs/ cross defendants.

22     13.  Wherefore Allen has been damaged in the amount of the reasonable compensation for his

23 services and his time devoted to the case instead of devoted to paying clients

24

25              **SECOND COUNTERCLAIM**

26                **(Breech of Contract)**

27     14.  Allen realleges and incorporates the answers set forth in response to the above numbered

28 Paragraphs of the Complaint, as well as the allegations set forth in Paragraphs 1-13 of

**BURNETT, BURNETT**
**& ALLEN**
333 West Santa Clara St.
8th Floor
San Jose, Ca.  95110

the Counterclaims.

15.  The negligent misrepresentations set forth above in the First Counterclaim made by Plaintiffs/ cross defendants, were breach of their contract of representation with Allen, and breach of the covenant of good faith and fair dealing implied into said contract.  As a consequence Allen has been damaged in an amount to be shown according to proof.

16.  Specifically, Plaintiffs/ cross defendants entered into a written contract of representation with Allen on or about March 9, 2005.  Page 3 thereof expresses a covenant with Plaintiffs/ cross defendants that they would:

"...gather and provide all information, including documents, as required by Attorney in its

representation of Client"

and,

"...Client shall be guided by and adhere to the recommendations of Attorney in all matters

regarding strategy, negotiation, presentation and shall accept, upon the recommendation of

Attorney"

17. Plaintiffs/ cross defendants breached these express covenants by failing to timely secure a claims chart represented to already exist, as well as the accused device, and photographic representations thereof.  Further, Plaintiffs/ cross defendants failed and refused to follow the recommendations of Allen, specifically to include more information to the District Court regarding the economic distress of Plaintiffs/ cross defendants and the details of the late production of the claims chart.  The breach caused Allen to devote time and services which would not have been required if Plaintiffs/ cross defendants had not breached as herein described, and interfered with Allen's ability to prosecute the litigation, causing damage to Allen to be shown according to proof.

18.  On or about May 31, 2005, Plaintiffs/ cross defendants and John Branton agreed to a contract for providing funding for the litigation against Rossignol.  Said agreement was reduced to writing by Allen, and delivered to Plaintiffs/ cross defendants and John Branton.  In reliance upon the oral agreement reached, Allen went forward and provided services by filing and prosecuting litigation against Rossignol.  Plaintiffs/ cross defendants and John Branton failed to sign the written agreement, although accepting the services, and specifically requesting that Allen move forward with

BURNETT, BURNETT
& ALLEN
333 West San Carlos St.
8th Floor
San Jose, Ca.  95110

ANSWER WITH AMENDED COUNTERCLAIMS OF DEFENDANT DOUGLAS B. ALLEN DBA BURNETT, BURNETT & ALLEN    17

1    the litigation.

2        19.  Plaintiffs/ cross defendants breeched the agreement by engaging in a dispute with

3    Branton and failing to secure the funding as agreed, which failure constituted a breach of said

4    agreement, and caused damage to Allen by failing to secure the funding for supervision and technical

5    expertise to properly assist in the litigation, resulting in the expenditure by Allen of services and time

6    without compensation, damaging Allen in an amount to be shown according to proof at trial.

7        20.  The above referenced agreements did not include appeal of the Rossignol action (in fact

8    it was expressly excluded), and Allen did not participate in the appeal of the Rossignol action to the

9    Federal Circuit Court of Appeal.  Once the appeal was denied by ruling of the Federal Circuit Court

10   of Appeal, Allen offered to petition to the United States Supreme Court for certiorari, however, John

11   Branton refused to fund the work on such a petition.  Plaintiffs/ cross defendants informed Allen of

12   their consideration of a malpractice action against defendants Slobodin and Seyfarth and Shaw.

13   Allen refused to participate in such action.  Allen offered to file the petition for certiorari in

14   exchange for settlement of any claims of malpractice Plaintiffs/ cross defendants may allege against

15   Allen, and Richard Berger agreed stating that neither he nor his son Brant wanted to sue Allen.

16   Because these discussions had led up to the last weekend prior to the final due date for the petition to

17   be filed, in reliance on the agreement of Plaintiffs/ cross defendants Allen prepared and filed the

18   petition for review, sending a letter confirming the agreement dated April 10, 2007.  Allen later

19   submitted a formal written agreement to memorialize the agreement which was never executed by

20   Plaintiffs/ cross defendants.

21       21.  In reliance on the agreement of Plaintiffs/ cross defendants, Allen devoted services and

22   time to prepare and file the petition for certiorari, and Allen has been damaged thereby, and Allen is

23   entitled to the benefit of the bargain for release of all claims regarding allegations of malpractice

24   against him.

25       Wherefore defendant/cross-claimant, Allen, prays as follows:

26

27

28                              **PRAYER FOR RELIEF**

BURNETT, BURNETT
& ALLEN
333 West San Carlos St.
8ᵗʰ Floor
San Jose, Ca.  95110

ANSWER WITH AMENDED COUNTERCLAIMS OF DEFENDANT DOUGLAS B. ALLEN DBA BURNETT, BURNETT & ALLEN                18

1    WHEREFORE, Allen respectfully requests that this Court enter a Judgment and

2    Order:

3    A.    Dismissing the Complaint, and each cause of action alleged therein, with prejudice

4    and denying Plaintiffs any relief whatsoever;

5    B.    Entering judgment in favor of Allen;

6    C.    Awarding Allen damages, attorneys' fees, costs, and expenses;

7

8    D.    Granting such other and further relief as the Court deems just and proper.

9

10

11   DATED: June 25, 2008                        RESPECTFULLY SUBMITTED,

12                                               /S/ DOUGLAS B. ALLEN

13

14                                               _____
                                                 DOUGLAS B. ALLEN
15                                               Attorney for Defendant

16

17

18

19

20

21

22

23

24

25

26

27

28

BURNETT, BURNETT
& ALLEN
333 West San Carlos St.
8th Floor
San Jose, Ca.  95110