Justin T. Beck, Esq. (Cal. Bar No. 53138)
Ron C. Finley, Esq. (Cal. Bar No. 200549)
Alfredo A. Bismonte, Esq. (Cal. Bar No. 136154)
Craig Alan Hansen, Esq. (Cal. Bar No. 209622)
Jeremy M. Duggan, Esq. (Cal. Bar No. 229854)
Beck, Ross, Bismonte & Finley, LLP
50 West San Fernando Street, Suite 1300
San Jose, CA 95113
Tel: (408) 938-7900
Fax: (408) 938-0790
Email: jbeck@beckross.com
       rfinley@beckross.com
       abismonte@beckross.com
       chansen@beckross.com
       jduggan@beckross.com

Attorneys for Plaintiffs
Richard W. Berger and Brant W. Berger

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD W. BERGER and BRANT W. BERGER,<br><br>Plaintiffs,<br><br>v.<br><br>SEYFARTH SHAW LLP, an Illinois limited liability partnership; JACK L. SLOBODIN, an individual; BURNETT, BURNETT, & ALLEN, a California partnership; DOUGLAS B. ALLEN, an individual; and DOES 1-100, inclusive;<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. C 07-05279 JSW<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION TO DISMISS AMENDED COUNTERCLAIMS FILED BY DEFENDANT DOUGLAS ALLEN**<br><br>**Date:** September 5, 2008<br>**Time:** 9:00 a.m.<br>**Place:** Courtroom 2, 17th Floor<br>**Judge:** Hon. Jeffrey S. White |

**Introduction**

Defendant Douglas Allen[1] lost the patent infringement action of his former clients, Richard and Brant Berger, against Rossignol by, *inter alia*, filing faulty Preliminary Infringement Contentions based on a defective claim chart prepared by Seyfarth—and later covering up that mistake from the Bergers and the District Court.

---

[1] Along with defendants Seyfarth Shaw and Jack Slobodin (collectively "Seyfarth").

In response to the Bergers' malpractice action, Allen now asserts Amended Counterclaims for Negligent Misrepresentation and Breech [sic] of Contract claiming the Bergers (1) failed to disclose to Allen unidentified "existing prior art examined by them in working with Mr. Suyat";[2] (2) misrepresented that "they would raise … funds to pay for Mr. Slobodin and Mr. Suyat to assist Allen in litigating the infringement action"; and (3) misrepresented "that proof of the infringement was readily available through a claims chart that analyzed the infringement by comparison to the accused device of Rossignol."[3]  Allen alleges that in "in reliance" on the alleged statements and omissions, he was injured because he "invested substantial time and energy and professional service on the case without compensation."[4]

Allen also alleges that the Bergers breached a purported oral "agreement" under which Allen would "file the petition for certiorari in exchange for settlement of any claims of malpractice Plaintiffs/ cross defendants may allege against Allen."[5]  Allen alleges that he "submitted a formal written agreement to memorialize" that agreement, but it "was never executed" by the Bergers.[6]

For the reasons discussed below, Allen's negligent misrepresentation counterclaim fails to meet the heightened pleading requirements under FRCP 9(b), and neither of the amended counterclaims allege "enough facts to state a claim to relief that is plausible on its face"[7] as required by FRCP 8(a)(2).  Accordingly, Allen's amended counterclaims should be dismissed. And because Allen has demonstrated a persistent inability to sufficiently allege those claims, Allen should not be granted leave to amend.

**Argument**

**I.    Allen's First Counterclaim for Negligent Misrepresentation does Not Satisfy Rule 9(b)**

Fed. R. Civ. P. 12(b)(6) requires dismissal of a counterclaim unless the allegations "state a claim upon which relief can be granted."

Fraud and negligent misrepresentation allegations must both meet the heightened pleading

---

[2] "Mr. Suyat" refers to the Bergers' patent attorney, Reginald Suyat.
[3] Amended Counterclaims, ¶¶ 5, 9, 10, 19.
[4] Amended Counterclaims, ¶¶ 12 and 19.
[5] Amended Counterclaims, ¶ 20.
[6] *Id.*
[7] *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

standards under FRCP 9(b). "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."[8] Fraud-based claims must be pled "with a high degree of meticulousness."[9] "Claims for negligent misrepresentation must [also] meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b)."[10]

"Rule 9(b) requires that the pleadings contain explicit rather than implied expression of the circumstances constituting fraud."[11] Under Rule 9(b), a pleading must identify the "time, place and nature of the alleged fraudulent activities"—"mere conclusory allegations of fraud are insufficient."[12] "[I]f particular averments of fraud are insufficiently pled under Rule 9(b), a district court should 'disregard' those averments, or 'strip' them from the claim. The court should then examine the allegations that remain to determine whether they state a claim."[13]

Allen has not set forth "explicit" facts of the "time, place and nature of the alleged fraudulent activities." For example, as to the purported "prior art," Allen does not allege (1) what prior art he is referring to, (2) whether or how the prior art invalidated the Bergers' patents, or (3) whether or how the Bergers knew or should have known that their patents—which are presumably valid—were invalidated by the purported prior art. Allen also fails to allege *how* the alleged nondisclosure of that prior art *caused* him to spend time, energy, and professional services on the *Berger v. Rossignol* action "without compensation"—particularly since Allen lost that action on noninfringement, not invalidity.

Allen also fails to allege facts demonstrating the Bergers knew or should have known they would "fail to raise funds" or how such purported failure injured Allen. Allen suggests that such funds were needed to procure the assistance of Seyfarth and Suyat in handling the *Rossignol* action. But Allen admits that Suyat had prepared a "claim chart" demonstrating Rossignol's infringement of the Berger patents, and that Seyfarth also "prepared a claim chart regarding the

---

[8] FRCP 9(b)(emphasis added).
[9] *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022-1023 (9th Cir. 2000).
[10] *Miller v. Allstate Insurance, Co.*, 489 F. Supp. 2d 1133, 1139 (S.D. Cal. 2007); *accord*, *U.S. Concord, Inc. v. Harris Graphics Corp.*, 757 F. Supp. 1053, 1059 (N.D. Cal. 1991). *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985); Smith v. Allstate Ins. Co., 160 F. Supp. 2d 1150, 1152 (S.D. Cal. 2001)
[11] *King Auto., Inc. v. Speedy Muffler King, Inc.,* 667 F.2d 1008, 1010 (C.C.P.A. 1981).
[12] *Moore v. Kayport Package Exp., Inc.,* 885 F.2d 531, 540 (9th Cir. 1989); *Aureflam Corp. v. Pho Hoa Phat I, Inc.,* 2005 U.S. Dist. LEXIS 37272, 2005 WL 2253813, at *2 (N.D. Cal. Sept. 16, 2005).
[13] *Vess v. Ciba-Geigy Corp USA*, 317 F.3d 1097, 1105 (9th Cir. 2003)(emphasis added).

'530 patent" some time in 2003.[14] Allen fails to allege what other "assistance" he needed from Suyat or Seyfarth, and it was Seyfarth's "assistance" that ultimately lost the case.[15] And more fundamentally, the law places the duty on *the attorney—*not *the client*—to ensure competition representation.[16] Allen may not hold the Bergers responsible for his own incompetence.

Finally, Allen's allegations concerning the availability of a "claims chart" are particularly unintelligible. Allen does not allege what "claims chart" he is referring to (e.g., whether it is the Suyat claims chart, the Seyfarth claims chart, or some other claims chart) or what the Bergers did or did not do concerning the "claims chart" that supposedly injured Allen. Indeed, it is undisputed that Seyfarth provided Allen a "claims chart" which Allen incorporated into plaintiffs' Infringement Contentions.[17]

## II.     Allen's Counterclaims Do not Satisfy Rule 8(a)(2)

Rule 8(a)(2) requires that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." While that standard is less strict than the fraud standard under Rule 9(b), a complaint still must plead "enough facts to state a claim to relief that is plausible on its face."[18] Factual allegations "must be enough to raise a right to relief above the speculative level."[19] A complaint "alleging fraud must comply with both *[Rules] 8(a)* and *9(b)*."[20]

Allen has not alleged facts demonstrating a plausible claim of relief against the Bergers for either fraud or breach of contract. For the reasons stated above, Allen has not alleged facts demonstrating a logical connection between the alleged misrepresentations and concealments and Allen's claim that he was damaged. And to the extent that Allen's Breach of Contract counterclaim is based on the same deficient allegations as his Fraud counterclaim, Allen's claim for relief does not rise "above the speculative level."

As to the alleged oral agreement that Allen would "file the petition for certiorari in exchange for settlement of any claims of malpractice" against him—which is vigorously disputed

---

[14] Amended Counterclaims, ¶ 7.
[15] Complaint, ¶¶ 26-27; Amended Answer, ¶¶ 26-27.
[16] Cal. Rule. Prof. Cond. 3-110.
[17] Amended Answer, ¶ 26.
[18] *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).
[19] *Id.* at 1965.
[20] *Wagh v. Metris Direct. Inc.,* 363 F.3d 821, 828 (9th Cir. 2003).

BECK, ROSS, BISMONTE & FINLEY, LLP
FAIRMONT PLAZA
50 W. SAN FERNANDO ST., 1300
SAN JOSE, CALIFORNIA 95113
TELEPHONE (408) 938-7900

by the Bergers—such an "agreement" would be patently unlawful and unenforceable under Cal. Rule Prof. Cond. 3-300 (governing business transactions between attorneys and clients) and 3-400 (governing settlement agreements between attorneys and clients involving malpractice claims. Each of those Rules requires the attorney to advise the client "in writing" that they may "seek the advice of an independent lawyer" and provide the client "reasonable opportunity to seek that advice." Allen has not alleged his compliance with either of those strict legal and ethical requirements. In omitting those necessary allegations, Allen fails to state a proper cause of action.

Because Allen has not alleged sufficient facts showing that he is "entitled to relief," Allen's counterclaims for Negligent Misrepresentation and Breach of Contract fail under Rule 8(a)(2).

Dated: July 7, 2008                                   Beck, Ross, Bismonte & Finley, LLP

By: _____/s/_____
Craig Alan Hansen
Attorneys for the Plaintiffs and Counterdefendants
Richard Berger and Brant Berger