DOUGLAS B. ALLEN, SBN 99239
BURNETT, BURNETT, & ALLEN
333 WEST SAN CARLOS ST.
EIGHTH FLOOR
SAN JOSE, CALIFORNIA 95110
(408) 298-6540

Attorneys for DOUGLAS B. ALLEN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD W. BERGER AND BRANT W. BERGER,<br><br>Plaintiff,<br><br>vs.<br><br>SEYFARTH SHAW LLP, and Illinois limited liability partnership; JACK L. SLOBODIN, an individual; DOUGLAS B. ALLEN dba BURNETT, BURNETT & ALLEN; and Does 1-100, inclusive;<br><br>Defendants.<br>_____/ | Case No. C07-05279 JSW<br><br>DEFENDANT DOUGLAS B. ALLEN dba BURNETT, BURNETT & ALLEN'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION TO DISMISS AMENDED COUNTERCLAIMS FILED BY DEFENDANT DOUGLAS ALLEN<br><br>Date: September 5, 2008<br>Time: 9:00am<br>Dept.: Courtroom 2, 17th Floor<br>Before: The Honorable Judge Jeffrey S. White |

INTRODUCTION

Plaintiffs' (and cross-defendants),[1] only legal authority in support of this motion is to recite the requirement for specific pleading of fraud allegations. Defendant does not dispute such a requirement, but points out that the counterclaim is quite specific in its allegations, including the specific misrepresentations, the dates and sequence when they occurred, and the consequences of Defendant's reliance thereon. As an additional legal assertion Plaintiffs claim, without citation to any authority for the proposition, that two rules of ethics from the California State Bar constitute an element of a claim for breach of contact. This is an erroneous statement of the law. California State Bar rules that regulate attorney conduct may create a standard to constitute an argument for an affirmative defense of illegality of the contract, but pleading legality is not an element of a contract claim, rather illegality is an

---

    1. This opposition will refer to the parties a Plaintiffs meaning Richard and Brant Berger the plaintiffs and cross-defendants, and to defendant Douglas Allen, dba Burnett, Burnett and Allen, who is also the cross-claimant as defendant. Any reference to co defendants will name them specifically.

BURNETT, BURNETT & ALLEN
333 West San Carlos St.
8th Floor
San Jose, Ca. 95110

DEFENDANT DOUGLAS B. ALLEN DBA BURNETT, BURNETT & ALLEN'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION TO DISMISS AMENDED COUNTERCLAIMS FILED BY DEFENDANT DOUGLAS ALLEN    1

affirmative defense.

## THE NEGLIGENT MISREPRESENTATION CLAIMS ARE PLEAD IN GREAT SPECIFICITY

Plaintiffs assert that the cross-claims lack specificity required by FRCP 9(b). The only referenced case authority supporting the motion exclusively addresses the specificity requirements plainly set forth in FRCP 9(b). Plaintiffs then claim that the detailed description of the misrepresentations set forth in the counterclaim are otherwise, i.e. not detailed. Indeed, the specifics are plead in substantial detail including reference to dates and times of the acquisition of knowledge of material facts that should have been disclosed and the statements constituting misrepresentations.

For instance, the specific dates of written representations are set forth in paragraph four which were taken from the "*Business Plan, Fiscal Year - 2004, January 8, 1999.*" Paragraph six describes the year of the introduction of the alleged infringing Rossignol binding which follows Plaintiffs' work on the patent and development of knowledge of existing prior art. Paragraph seven describes the 2003 interface with Seyfarth Shaw. Paragraph nine at line 24, describes a meeting "on or about May 21, 2005" where agreements were reached without disclosure of material facts that would bear on the decision making of the parties at the meeting. Other issues regarding timing may reasonably be inferred from the description of the events including the filing of the case, the dates for which can be developed from simple reference to the court docket. These dates give specific context in which knowledge was gained by Plaintiffs that was negligently withheld from Defendant. The complaint provides the dates when statements were made, when knowledge was acquired and when and how Defendant relied upon those statements.

Plaintiffs further complain that there is a lack of specificity in that "Allen fails to allege *how* the alleged non-disclosure of that prior art caused him to spend time...". Paragraph four describes the erroneous statements that were published in the business plan. It states that plaintiffs' invented "the first rotating step-in snowboard binding." Yet this statement was untrue as set forth in paragraph three, lines four and five, where the counterclaims points "the prior art included the aspects of rotation and step-in designs, including combining those design aspects." In other words Plaintiffs did not invent the first rotating step in snowboard binding. The claim is simply untrue. Plaintiffs knew that there were

BURNETT, BURNETT
& ALLEN
333 West San Carlos St.
8th Floor
San Jose, Ca. 95110

DEFENDANT DOUGLAS B. ALLEN DBA BURNETT, BURNETT & ALLEN'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION TO DISMISS AMENDED COUNTERCLAIMS FILED BY DEFENDANT DOUGLAS ALLEN       2

1  other rotating step in designs in existence prior to theirs.  Rather, their patent was drawn sufficiently
2  narrow to exclude the existing prior art that already incorporated those aspects of the design.
3  Defendant agreed to take the case with the specific understanding that "plaintiffs/cross-defendants had
4  invented the first rotating step-in snowboard binding...".  Had defendant known the falsity of that
5  statement defendant would not have taken the case and expended professional time in pursuit thereof.

6      This misrepresentation was compounded by the additional misrepresentation that the
7  inexperience of Defendant (paragraph seven line 24), was to be overcome by promised assistance from
8  the co-defendants who were experienced patent counsel "...to handle **all** of the technical aspects of the
9  patent litigation..."(emphasis added).   The existence of prior art that might suggest that the patent was
10 so narrowly drafted as to not support an infringement claim or that, if broadly construed, could be
11 adjudicated to be invalid, was material information of a technical nature that an inexperienced attorney
12 would only be able to discover if the plaintiffs had disclosed the information or the plaintiffs had hired
13 technically experienced counsel to advise the inexperienced attorney.  Finally, all of this is compounded
14 by the fact that not withstanding the creation of claims charts prior to the initiation of litigation,
15 plaintiffs failed to disclose that they had "failed to obtain the sample binding, the claims charts, nor
16 written opinions of the attorneys." (Paragraph eight, lines 11 and 12)   As described in paragraph 25 of
17 the answer which is incorporated by reference into the counterclaims, Allen did not see nor did plaintiff
18 possess the claims charts until January 3, 2006.  In simple term, any reasonable attorney would have
19 considered it material to know that Plaintiff had no idea where he left his claims chart, or that he had
20 not previously inquired of Mr. Slobodin or Mr. Suyat as to whether they had a copy.

21     Plaintiffs complain because they claim that the counter claim does not explain how they should
22 have known why they would "fail to raise funds".  Yet the counter claim sets forth in paragraph eleven
23 the facts that might give any reasonable person an understanding that obstacles to raising funds were
24 foreseeable by the fact that undisclosed to Defendant,

> Plaintiffs/ cross defendants had an intention to claim **personal expenses** to be paid or reimbursed from the litigation funds proposed to be contributed by Mr. Branton and his contributors, [and] that one of Mr. Branton's contributors, a shareholder of BEI, was planning on suing Plaintiffs/ cross defendants (and did later sue Mr. Berger)... (emphasis added)

28 Plaintiffs argue that the law places a duty on the attorney, not the client, to "ensure competition

BURNETT, BURNETT & ALLEN
333 West San Carlos St.
8th Floor
San Jose, Ca. 95110

DEFENDANT DOUGLAS B. ALLEN dba BURNETT, BURNETT & ALLEN'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION TO DISMISS AMENDED COUNTERCLAIMS FILED BY DEFENDANT DOUGLAS ALLEN    3

representation" (believed to be intended to refer to competent representation).  This does not, however, absolve a client from all obligations of honesty and diligence.

THE CONTRACT CLAIM SATISFIES RULE 882

Without authority, Plaintiffs contend that the California Rules of Professional Conduct 3-300 and 3-400 constitute "necessary allegations" to a contract cause of action.  This assertion is erroneous.  Allegations of illegality must be made by affirmative pleading,

"In the absence of appropriate affirmative allegations of the nullity of a contract it is incumbent upon him who maintains its invalidity to allege facts constitution such condition...' [*Levitt v. Glen Clark & Co.* (1949) 91 C.A. 2d 662, 663, citing: *Bernard v. Sloan* 2 Cal App 737, 748].

Evidence is necessary to determine illegality.  Numerous exceptions to illegality are applicable under California law, and based upon the evidence courts often enforce the contract or fashion other remedies in the furtherance of justice and public policy [*McIntosh v. Mills* (2004) 121 C.A. 4th 333, 347].  Severability of illegal provisions is to be liberally applied under California law [ 1 Witkin *Summary* 4th "contracts" section 422; *Calvert v. Stoner* (1948) 33 C. 2d 97, 104].  Even though a promise may be void services may still be compensated [*Trumbo v. Bank of Berkeley* (1947) 77 C.A. 2d 704; *Lawn v. Camino Heights* (1971) 15 CA 3d 973, 980; *McGillicuddy v. Los Verjels Land & Water Co.* (1931) 213 C. 145].  The legal arguments made by plaintiffs are an affirmative defense to the allegation of breach of contract and are not a element of the claim itself (see generally: *Symcox v. Zuk* (1963) 221 C.A. 2d 383).

The counter claim describes offer, acceptance, consideration, breach and damages.  FRCP 8 (a) (2) eliminates formal pleading requirements distinguishing between ultimate and evidentiary facts, and between facts and conclusions of law [4 Witkin, *Procedure 4th*, "Pleading" section 340; 27 *Federal Procedure* L.Ed. section 62: 40].

If the facts in support of the pleading were otherwise considered, they will show that Richard Berger was advised to seek counsel, and had already consulted with counsel, in this separate fee agreement confirmed in writing (paragraph 20, line 18).  Accordingly, the issue should be raised by answer to consider in a contested trial of the evidence, not a pleading motion.

BURNETT, BURNETT & ALLEN
333 West San Carlos St.
8th Floor
San Jose, Ca. 95110

DEFENDANT DOUGLAS B. ALLEN DBA BURNETT, BURNETT & ALLEN'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION TO DISMISS AMENDED COUNTERCLAIMS FILED BY DEFENDANT DOUGLAS ALLEN     4

## CONCLUSION

Defendant/cross-claimant's counterclaims are properly and specifically stated and Plaintiffs have cited no authority addressing the legal viability of the counterclaims. The Rule 12 motion should be denied.

DATED: July 15, 2008                    RESPECTFULLY SUBMITTED,


                                        /S/ DOUGLAS B. ALLEN
                                        _____
                                        DOUGLAS B. ALLEN

BURNETT, BURNETT
& ALLEN
333 West San Carlos St.
8th Floor
San Jose, Ca. 95110

DEFENDANT DOUGLAS B. ALLEN DBA BURNETT, BURNETT & ALLEN'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMENDED MOTION TO DISMISS AMENDED COUNTERCLAIMS FILED BY DEFENDANT DOUGLAS ALLEN

5