Justin T. Beck, Esq. (Cal. Bar No. 53138)
Ron C. Finley, Esq. (Cal. Bar No. 200549)
Alfredo A. Bismonte, Esq. (Cal. Bar No. 136154)
Craig Alan Hansen, Esq. (Cal. Bar No. 209622)
Jeremy M. Duggan, Esq. (Cal. Bar No. 229854)
Beck, Ross, Bismonte & Finley, LLP
50 West San Fernando Street, Suite 1300
San Jose, CA 95113
Tel: (408) 938-7900
Fax: (408) 938-0790
Email: jbeck@beckross.com
       rfinley@beckross.com
       abismonte@beckross.com
       chansen@beckross.com
       jduggan@beckross.com

Attorneys for Plaintiffs
Richard W. Berger and Brant W. Berger

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD W. BERGER and BRANT W. BERGER,<br><br>Plaintiffs,<br><br>v.<br><br>SEYFARTH SHAW LLP, an Illinois limited liability partnership; JACK L. SLOBODIN, an individual; BURNETT, BURNETT, & ALLEN, a California partnership; DOUGLAS B. ALLEN, an individual; and DOES 1-100, inclusive;<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. C 07-05279 JSW<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF AMENDED MOTION TO DISMISS AMENDED COUNTERCLAIMS FILED BY DEFENDANT DOUGLAS ALLEN**<br><br>Date:    September 5, 2008<br>Time:    9:00 a.m.<br>Place:    Courtroom 2, 17th Floor<br>Judge:   Hon. Jeffrey S. White |

As set forth in Plaintiffs' opening brief, Defendant Douglas Allen's amended counterclaims do not meet the requirements of Federal Rules of Civil Procedure 8(a)(2) and 9(b). Allen's opposition to Plaintiffs' motion does not and cannot fix the problems in the counterclaims. The amended counterclaims remain inadequate and should be dismissed. Further, because Allen has now twice failed to properly plead, he should be barred from making further amendments.

**1. Allen's Negligent Misrepresentation Pleadings are Incomprehensible and Defective**

Allen's first attempt at counterclaims included a counterclaim for "fraud," which was dismissed. Allen now instead counterclaims for "negligent misrepresentation," which has the same heightened pleading requirements as fraud under Rule 9(b).[1] All of the problems the Court found with Allen's fraud allegations remain in his negligent misrepresentation allegations.

Specifically, the amended counterclaim still does not "state facts to support the conclusion that Plaintiffs knew or had reason to know of the invalidity of their patent, which is presumed to be valid as a matter of law." (Order Granting Plaintiffs' Motion to Dismiss, Docket No. 81 at 4-5). The amended counterclaim makes only nebulous charges that Plaintiffs failed to disclose some unspecified "prior art" to Allen. (Amended Counterclaim, Docket No. 82 at 13-14). Such nebulous charges do not inform Plaintiffs of what information they are accused of hiding. As such, it provides Plaintiffs with no opportunity to prepare a response, and the counterclaim should be dismissed.

Further, the amended counterclaim does not "state any facts supporting [the] conclusion that Plaintiffs knew or had reason to know that they would not be able to fund the litigation against Rossignol." (Order, Docket No. 81 at 5)  To the extent it addresses this issue at all, the amended counterclaim is vague and confusing (Amended Counterclaim, Docket No. 82 at 14-16), and again completely fails to state what information Plaintiffs had that was hidden from Allen. Allen appears to be complaining that he did not have help from Seyfarth, but the fact is he lost the case even with Seyfarth's assistance. It was up to Allen, as the attorney, to ensure competent representation, and even with the assistance of Seyfarth, he failed to do so. Again, Plaintiffs cannot properly respond when the counterclaim does not make clear what Plaintiffs are accused of

---

[1] *Miller v. Allstate Insurance, Co.*, 489 F. Supp. 2d 1133, 1139 (S.D. Cal. 2007).

BECK, ROSS, BISMONTE & FINLEY, LLP
FAIRMONT PLAZA
50 W. SAN FERNANDO ST., 1300
SAN JOSE, CALIFORNIA 95113
TELEPHONE (408) 938-7900

hiding. As such, the counterclaim is should be dismissed.

Finally, the amended counterclaim fails to state "how [Allen] relied on the alleged statements or concealments, and specifically how he was damaged by them." (Order, Docket No. 81 at 5). Allen states that in reliance on representations and omissions by Plaintiffs, he provided uncompensated legal services to Plaintiffs to his detriment. As stated above, the amended counterclaim fails to specifically identify any information alleged to be hidden from Allen by Plaintiffs. The only specific representations Allen identifies are statements in Berger Enterprises, Inc.'s Business Plan for fiscal year 2000-2004, which identify BEI's product as "the first rotating step-in snowboard binding." (Amended Counterclaim, Docket No. 82 at 14). Allen does not even attempt to state why he would rely on a statement about BEI's <u>product</u> when evaluating their <u>patent</u>, or how that statement about BEI's product damaged him. As such, the amended counterclaim should be dismissed.

**2. Allen's Amended Contract Counterclaims do not Satisfy Rule 8(a)(2)**

Allen's amended contract counterclaim should also be dismissed with prejudice. Allen's amended counterclaim is amended to provide more information than his original, two-paragraph counterclaim, but it still fails the basic test set forth in the Court's Order dismissing that counterclaim. As the Court stated with regard to Allen's original contract counterclaim, it was "unclear from the fifth counterclaim, what contract Allen alleges was breached." (Order, Docket No. 81, at 5). That remains the case with the amended counterclaim. Therein, Allen claims that there was a "contract for providing funding for the litigation against Rossignol." (Docket No. 82 at 17 ¶18) According to Allen,

> Said agreement was reduced to writing by Allen, and delivered to Plaintiffs/ cross defendants and John Branton. In reliance upon the oral agreement reached, Allen went forward and provided services by filing and prosecuting litigation against Rossignol. Plaintiffs/ cross defendants and John Branton failed to sign the written agreement, although accepting services, and specifically requesting that Allen move forward with the litigation.

(Id.). This nebulous statement fails to inform Plaintiffs of what contract Allen alleges was breached, and whether that contract was written or oral. As such, Plaintiffs cannot properly

respond, and the counterclaim should be dismissed.

Similarly, Allen argues there was an "agreement" that he would file a petition for certiorari in exchange for "settlement of any claims of malpractice" against him. (Docket No. 82 at ¶20). But again Allen does not identify the contract he alleges was breached:

> Allen offered to file the petition for certiorari in exchange for settlement of any claims of malpractice Plaintiffs/ cross defendants may allege against Allen, and Richard Berger agreed stating that neither he nor his son Brant wanted to sue Allen. … in reliance on the agreements of Plaintiffs/ cross defendants Allen prepared and filed the petition for review, sending a letter confirming the agreement dated April 10, 2007. Allen later submitted a formal written agreement to memorialize the agreement which was never executed by Plaintiffs/ cross defendants.

(Id.). Again these vague claims do not inform Plaintiffs of what contract Allen alleges was breached, and whether that contract was written or oral, preventing Plaintiffs from properly responding.

Moreover, in obtaining an agreement for the waiver of malpractice claims, a California attorney must advise the client "in writing" that he or she may "seek the advice of an independent lawyer," and provide the client "a reasonable opportunity to seek that advice." (Cal. Rule Prof. Conduct 3-400). The counterclaim fails to allege that necessary step was performed. As such, Allen has failed to allege sufficient facts showing that he is "entitled to relief," and the counterclaim should be dismissed.

In his Opposition, Allen seems to argue that he did provide the required notice, stating "If the facts in support of the pleading were otherwise considered, they will show that Richard Berger was advised to seek counsel, and had already consulted with counsel, in this separate fee agreement confirmed in writing [sic]." (Opposition, Docket No. 92, at 4). But Allen's statements in opposition are not part of the pleadings, and cannot cure the problems therein.

Allen also argues that he is not required to plead that he made the proper disclosure to his client, and that Plaintiffs arguments should be made as an "affirmative defense." (Opposition, Docket No. 92, at 4). Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claim *showing that the pleader is entitled to relief*." The amended counterclaim, even if true, fails to show that Allen is entitled to relief, as he does not allege a proper agreement was made to

1 | waive a malpractice claim.

2 | Allen has now twice failed to properly plead his counterclaims. The amended counterclaims are improper, incomprehensible, and defective, and should be dismissed with prejudice.

Dated: July 22, 2008                                Beck, Ross, Bismonte & Finley, LLP

By: ___/s/_____
    Jeremy M. Duggan
    Attorneys for the Plaintiffs and Counterdefendants
    Richard Berger and Brant Berger

BECK, ROSS, BISMONTE & FINLEY, LLP
FAIRMONT PLAZA
50 W. SAN FERNANDO ST., 1300
SAN JOSE, CALIFORNIA 95113
TELEPHONE (408) 938-7900

Reply in Support of Amended Motion to Dismiss Amended Counterclaims of Defendant Allen     4     Case No. C 07-05279 JSW