1  KEKER & VAN NEST, LLP
   ELLIOT R. PETERS - #158708
2  DANIEL PURCELL - #191424
   KLAUS H. HAMM - #224905
3  TRAVIS LEBLANC - #251097
   710 Sansome Street
4  San Francisco, CA  94111-1704
   Telephone:  (415) 391-5400
5  Facsimile:   (415) 397-7188

6  Attorneys for Defendants
   SEYFARTH SHAW LLP and
7  JACK L. SLOBODIN

8

9              IN THE UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11                     SAN FRANCISCO DIVISION

12

| 13 | RICHARD W. BERGER and BRANT W. BERGER, | Case No. C07-05279 JSW (MEJ) |
|---|---|---|
| 14 | | **DEFENDANTS SEYFARTH SHAW LLP'S AND JACK SLOBODIN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS** |
| 15 | Plaintiffs, | |
| 16 | v. | |
| 17 | SEYFARTH SHAW LLP, an Illinois limited liability partnership; JACK L. SLOBODIN, an individual; BURNETT, BURNETT & ALLEN, a California partnership; DOUGLAS B. ALLEN, an individual; and DOES 1-100, inclusive, | Date:       November 7, 2008<br>Time:       9:00 a.m.<br>Courtroom: 2, 17th Floor<br>Judge:      The Honorable Jeffrey S. White |
| 18 | | |
| 19 | | Date Comp. Filed:    September 12, 2007 |
| 20 | Defendants. | Trial Date:             None set. |

---

422913.02

DEFENDANTS SEYFARTH SHAW LLP'S AND JACK SLOBODIN'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS
CASE NO. C07-05279 JSW (MEJ)

## I. INTRODUCTION

On July 10, 2008, this Court ruled that plaintiffs' counsel had violated federal discovery rules during the depositions of plaintiffs Richard and Brant Berger. As a remedy, the Court ordered plaintiffs to pay defendants Seyfarth Shaw's and Jack Slobodin's (collectively "Seyfarth") "costs of depositions." Plaintiffs have refused to pay the entire sanction. Instead, they have read into this Court's order limitations nowhere found in the order itself. Seyfarth has attempted to resolve this issue informally by meeting and conferring with plaintiffs in writing and in person, but to no avail. Accordingly, Seyfarth brings this motion to force plaintiffs to pay the outstanding sanction, and to recover the costs and attorneys' fees Seyfarth has incurred in attempting to enforce the Court's order.

## II. FACTUAL BACKGROUND

On May 12 and 14, 2008, respectively, Seyfarth deposed Richard and Brant Berger, the plaintiffs in this case. Declaration of Klaus H. Hamm ("Hamm Decl.") ¶ 2. During those depositions, plaintiffs' counsel repeatedly engaged in conduct that violated the Federal Rules of Civil Procedure. Specifically, they instructed plaintiffs not to answer questions on grounds other than the preservation of privilege or enforcement of a court-ordered discovery limitation; they made improper speaking objections and coached plaintiffs' answers; and they took breaks and conferred with plaintiffs outside the deposition room with questions pending. Seyfarth objected to this conduct during those depositions. After meeting and conferring by letter and in person with plaintiffs' counsel on these issues, the parties submitted a joint letter to Judge White on July 9, 2008 that addressed these and other issues. Hamm Decl. Ex. A. In particular, Seyfarth asked the Court to compel further depositions of the plaintiffs and sanction plaintiffs for their counsel's misconduct described above.

On July 10, 2008, this Court granted Seyfarth's motion to compel and for sanctions. In its order, the Court ruled that "Plaintiffs' counsel's instructions not to answer, speaking objections and consultations with clients were improper and without substantial justification," citing Federal Rule of Civil Procedure 30(c)(2). Hamm Decl. Ex. B at 1. As a consequence, this Court ordered plaintiffs to "pay the costs of depositions which have already occurred (transcript

1

DEFENDANTS SEYFARTH SHAW LLP'S AND JACK SLOBODIN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS
CASE NO. C07-05279 JSW (MEJ)

422913.02

1  and court reporter costs, not attorneys' fees)." *Id.* This Court also ordered plaintiffs to return for
2  renewed depositions not to exceed five hours on certain subject matter. *Id.*

3  On July 11, 2008, Seyfarth wrote plaintiffs regarding the monetary sanction, informing
4  plaintiffs that their "costs of depositions" totaled $7,551 and asking plaintiffs promptly to pay
5  that amount. Hamm Decl. Ex. C. Seyfarth attached to the letter the four invoices it had received
6  from the court reporter and videographer for the depositions, which invoices totaled $7,551.

7  On July 30, 2008, not having heard back from plaintiffs, Seyfarth wrote a second letter
8  asking for payment of the $7,551 for deposition costs. Hamm Decl. Ex. D.

9  On August 4, 2008, Seyfarth's counsel received from plaintiffs a letter and a marked-up
10  set of invoices, along with a check for $6,328.05. Hamm Decl. Ex. E. In their letter, plaintiffs
11  stated that they calculated this amount "consistent with the guidelines of Civil Local Rule 54-
12  3(c)," which relates to the taxation of costs after entry of judgment. *Id.* The marked-up invoices
13  indicated that plaintiffs refused to pay cost amounts for court reporters' parking, shipping and
14  handling of transcripts, and Realtime because those charges were not "acceptable" under Rule
15  54-3(c). That same day, Seyfarth replied to Plaintiffs, asking for payment of the remaining cost
16  amount of $1,222.95. Hamm Decl. Ex. F. Seyfarth noted that this Court's July 10, 2008 order
17  imposed a sanction for misconduct that did not exempt particular deposition cost items. Seyfarth
18  further noted that the July 10 order did not tax costs under or even mention Rule 54-3(c), which
19  by its terms applies in the context of post-judgment costs taxation only.

20  On August 5, 2008, plaintiffs wrote back, contending that their August 4, 2008 letter had
21  "fully responded concerning deposition costs." Hamm Decl. Ex. G.

22  On August 13, 2008, counsel for Seyfarth and counsel for plaintiffs met and conferred in
23  person at counsel for plaintiffs' offices in San Jose. Hamm Decl. ¶ 10. During that discussion,
24  Seyfarth suggested to plaintiffs that it made little sense to force litigation of this issue, since that
25  undoubtedly would require both parties to spend far more than $1,222.95. Still, plaintiffs refused
26  to pay the remaining sanction. *Id.* Accordingly, Seyfarth now brings this motion.[1]

27
28  ---
[1] Although the July 10 order also referred further "discovery disputes" in this case to Magistrate Judge James, Seyfarth brings this motion before this Court for two reasons. First, this is not, in

2

DEFENDANTS SEYFARTH SHAW LLP'S AND JACK SLOBODIN'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS
CASE NO. C07-05279 JSW (MEJ)

422913.02

### III.   ARGUMENT

**A.   Plaintiffs have not complied with the Court's July 10 sanctions order.**

This Court's July 10, 2008 order was clear, yet Plaintiffs have not complied with it. The Court ordered "that plaintiffs shall pay the costs of the depositions which have already occurred (transcript and court reporter costs, not attorneys' fees). *See* Fed. R. Civ. P. 37(a)(5)[.]" Hamm Decl. Ex. B. The order drew a clear line between attorneys' fees—which were not recoverable—and "costs," which were. In ruling that Seyfarth was entitled to recover its "costs of depositions," this Court did not distinguish between different sorts of costs or limit Seyfarth's right to recovery to only certain costs.

Nevertheless, plaintiffs have cited Civil Local Rule 54-3(c) as a basis for refusing to pay some of Seyfarth's "costs of depositions." In particular, they contend that the Local Rule exempts court reporters' parking costs, charges for shipping and handling of transcripts, and the costs of Realtime service, and that accordingly limits the costs they must pay.[2]

This is a meritless argument. In ordering sanctions, this Court did not cite, discuss, or in any way refer to Civil Local Rule 54-3(c). Instead, it cited Federal Rule of Civil Procedure 37(a)(5) as the source of its sanctioning authority. That rule permits a court to require payment of any "reasonable expenses incurred in making the motion, including attorneys' fees." Fed. R. Civ. P. 37(a)(5). The rule does not define "reasonable expenses" to exclude certain deposition costs, and Seyfarth is unaware of any case so reading the rule. To the contrary, the rule makes

---

the strict sense, a "discovery dispute"; it is a dispute over the scope of a sanctions order. Second and relatedly, because this Court wrote and entered the previous order, it is more logical and efficient to ask this Court to rule on its scope and intent.

[2] The following are the costs plaintiffs refuse to pay: (1) $534 for the real time reporting of the Richard Berger deposition; (2) $25 for a CD of the deposition of Richard Berger; (3) $45 for the court reporter's handling of the Richard Berger deposition transcript; (4) $7 for the court reporter's parking during the Richard Berger deposition; (5) $25 for shipping the transcript of the Richard Berger deposition; (6) $17 for the videographer's parking during the Richard Berger deposition; (7) $25 for shipping and handling of the Richard Berger deposition video; (8) $400 for a rough transcript from the Brant Berger deposition; (9) $25 for a CD of the deposition of Brant Berger; (10) $45 for the court reporter's handling of the Brant Berger deposition transcript; (11) $7 for the court reporter's parking during the Brant Berger deposition; (12) $25 for shipping the transcript of the Brant Berger deposition; (13) $17 for the videographer's parking during the Brant Berger deposition; and (14) $25 for shipping and handling of the video from the Brant Berger deposition.

3
DEFENDANTS SEYFARTH SHAW LLP'S AND JACK SLOBODIN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS
CASE NO. C07-05279 JSW (MEJ)

422913.02

clear that "reasonable expenses," depending on the circumstances, can include not just costs but attorneys' fees. Similarly, this Court knew how to carve out certain categories of "reasonable expenses" from its sanctions award; it expressly excluded attorneys' fees from that award. Yet it did not carve out any categories of "costs of depositions." It simply ordered plaintiffs to pay such costs, full stop.

Further, even assuming it could, Civil Local Rule 54-3(c) does not impose any limit on a court's power to order payment of "reasonable expenses" under Rule 37(a)(5). Indeed, the local rule serves an entirely different purpose: establishing what costs can be taxed after a final judgment. Here, the Court has awarded a sanction for discovery misconduct; it has not entered a judgment or taxed costs. Civil Local Rule 54-3(c) is irrelevant to the July 10 order.

There is no dispute that plaintiffs have not paid all of Seyfarth's "costs of depositions." Those costs totaled $7,551; plaintiffs have paid only $6328.05. For all the above reasons, plaintiffs' nonpayment violates the July 10 order, and Seyfarth requests that the Court order plaintiffs to comply with that order and pay these outstanding costs.

**B.    Plaintiffs should pay for Seyfarth's expenses to reimburse it for its efforts to enforce Judge White's July 10 order.**

In addition, plaintiffs' refusal to comply with this Court's July 10, 2008 order has forced Seyfarth to incur significant additional fees and costs. Under Federal Rule of Civil Procedure 37(b), a court may sanction a party for failure to comply with a court order. Those sanctions include striking pleadings, dismissing the action, and holding the disobedient party in contempt. Fed. R. Civ. P. 37(b)(2)(A). The Rule also states that, instead of or in addition to these sanctions, "the court *must* order the disobedient party, the attorney advising the party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expense unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added). In choosing the appropriate sanction, the Court should aim to "(1) penalize those whose conduct may be deemed to warrant such a sanction; (2) deter parties from engaging in the sanctioned conduct; (3) place the risk of an erroneous judgment on the party who wrongfully created the risk; and (4) restore a prejudiced party to the same position

4

DEFENDANTS SEYFARTH SHAW LLP'S AND JACK SLOBODIN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS
CASE NO. C07-05279 JSW (MEJ)

422913.02

he or she would have been in absent the wrongdoing." *Palmer v. Stassinos*, 2007 WL 2288119, 3 (N.D. Cal. 2007) (Seeborg, J.). The Court also "may consider all incidents of prior misconduct, including prior misconduct that already has been subject to sanction." *Id.*

At the very least, the Court should award Seyfarth its expenses in meeting and conferring with plaintiffs and bringing this motion. Plaintiffs' violation of the Court's July 10 order was objectively unreasonable, relying on a rule that the Court did not cite in its order and that on its face does not apply. A further sanction would provide a disincentive to violate future Court orders. At the same time, Seyfarth has incurred considerable expense, solely as a result of plaintiffs' continued misconduct. Even apart from the fees and costs Seyfarth incurred in taking the depositions in which plaintiffs' counsel engaged in misconduct and in raising that issue with the Court, plaintiffs' noncompliance with the July 10 order has forced Seyfarth to write numerous letters, meet and confer with plaintiffs, and prepare this motion. Before this issue is resolved, Seyfarth likely will have to prepare a reply brief and may need to argue the motion to the Court. Seyfarth asks this Court to award only a part of these expenses: its fees and costs for the meet and confer with plaintiffs regarding the July 10 order and preparation of this motion. If the Court agrees, Seyfarth is prepared to submit declarations setting forth those amounts.

## IV.   CONCLUSION

For the foregoing reasons, Seyfarth asks that the Court (1) order plaintiffs to fully comply with the Court's July 10 Order by paying Seyfarth $1,222.95; and (2) further sanction plaintiffs by ordering them to pay the attorneys' fees and costs incurred by Seyfarth in meeting and conferring regarding the July 10 order and bringing this motion.

Dated: August 15, 2008                                             KEKER & VAN NEST, LLP


By:    /s/ Klaus H. Hamm
KLAUS H. HAMM
Attorneys for Defendants
SEYFARTH SHAW LLP and
JACK L. SLOBODIN

5

DEFENDANTS SEYFARTH SHAW LLP'S AND JACK SLOBODIN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS
CASE NO. C07-05279 JSW (MEJ)

422913.02