1   KEKER & VAN NEST, LLP
    ELLIOT R. PETERS - #158708
2   DANIEL PURCELL - #191424
    KLAUS H. HAMM - #224905
3   TRAVIS LEBLANC - #251097
    710 Sansome Street
4   San Francisco, CA 94111-1704
    Telephone: (415) 391-5400
5   Facsimile: (415) 397-7188

6   Attorneys for Defendants
    SEYFARTH SHAW LLP and
7   JACK L. SLOBODIN

8

9                   IN THE UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                      SAN FRANCISCO DIVISION

12

13  RICHARD W. BERGER and BRANT W.          Case No. C07-05279 JSW (MEJ)
    BERGER,
14                                          **DECLARATION OF KLAUS H. HAMM**
                              Plaintiffs,   **IN SUPPORT OF DEFENDANTS**
15                                          **SEYFARTH SHAW LLP'S AND JACK**
           v.                               **SLOBODIN'S MOTION FOR**
16                                          **SANCTIONS**
    SEYFARTH SHAW LLP, an Illinois limited
17  liability partnership; JACK L. SLOBODIN, an   Date:      November 7, 2008
    individual; BURNETT, BURNETT &          Time:      9:00 a.m.
18  ALLEN, a California partnership; DOUGLAS   Courtroom: 2, 17th Floor
    B. ALLEN, an individual; and DOES 1-100,   Judge:     The Honorable Jeffrey S. White
19  inclusive,
                                            Date Comp. Filed:    September 12, 2007
20                            Defendants.

21                                          **Trial Date:    None set.**

22

23

24

25

26

27

28

    DECLARATION OF KLAUS H. HAMM IN SUPPORT OF DEFENDANTS SEYFARTH SHAW LLP'S AND
                JACK SLOBODIN'S MOTION FOR SANCTIONS
                      CASE NO. C07-05279 JSW (MEJ)

I, KLAUS H. HAMM, declare as follows:

1.      I am an attorney licensed to practice law in the State of California and before this Court.  I am an associate with the law firm of Keker & Van Nest, LLP, attorneys of record for defendants Seyfarth Shaw LLP and Jack L. Slobodin (collectively "Seyfarth").  I have personal knowledge of the matters set forth herein and, if called upon as a witness, could and would competently testify thereto.

2.      On May 12, 2008 and May 14, 2008, respectively, Seyfarth deposed Richard and Brant Berger, the plaintiffs in this case.  Seyfarth objected to the conduct of plaintiffs' counsel during those depositions.  After meeting and conferring by letter and in person with plaintiffs' counsel on these issues, the parties submitted a joint letter to Judge White on July 9, 2008 that addressed these and other issues.  In particular, Seyfarth moved to compel further depositions of the plaintiffs, and for monetary sanctions, for plaintiffs' counsel's conduct.  A true and correct copy of that letter (without exhibits) is attached hereto as Exhibit A.

3.      By order dated July 10, 2008, Judge White granted Seyfarth's motion to compel and for sanctions.  Judge White ordered plaintiffs to "pay the costs of depositions which have already occurred (transcript and court reporter costs, not attorneys' fees)."  A true and correct copy of that order is attached hereto as Exhibit B.

4.      On July 11, 2008, Seyfarth's counsel, Daniel Purcell, sent a letter via facsimile to plaintiffs' counsel, Craig Hansen, regarding the monetary sanction.  In that letter, Seyfarth informed plaintiffs that their deposition costs totaled $7,551 and asked for prompt payment of that amount.  Seyfarth attached invoices to the letter detailing its costs.  A true and correct copy of that letter and the attached invoices is attached hereto as Exhibit C.

5.      On July 30, 2008, not having heard back from plaintiffs, I sent a letter to Mr. Hansen via email asking for payment of the $7,551 for deposition costs.  A true and correct copy of that letter is attached hereto as Exhibit D.

6.      On August 4, 2008, I received a letter, dated August 1, 2008, from counsel for plaintiffs, Alfredo Bismonte, enclosing a check for $6,328.05, along with a letter and a marked-up set of invoices.  The letter and marked up invoices indicated that plaintiffs did not pay certain

DECLARATION OF KLAUS H. HAMM
CASE NO. C07-05279 JSW (MEJ)

1   cost amounts, including those for court reporters' parking, shipping and handling of transcripts,

2   and Realtime. Mr. Bismonte stated that those costs were not "acceptable" since they typically are

3   not taxable by prevailing parties after entry of judgment under Civil Local Rule 54-3(c).   A true

4   and correct copy of that letter, and its attachments, is attached hereto as Exhibit E.

5          7.     On August 4, 2008, I sent a letter to Mr. Bismonte via email, asking for payment

6   of the remaining cost amount of $1,222.95.  The letter noted that Judge White's July 10, 2008

7   order did not tax costs under or even mention Rule 54-3(c), but instead imposed a sanction for

8   misconduct that did not exempt particular deposition cost items.  A true and correct copy of that

9   letter is attached hereto as Exhibit F.

10         8.     On August 5, 2008, I received a letter from Mr. Hansen via facsimile, stating that

11  Mr. Bismonte's August 1, 2008 letter had "fully responded concerning deposition costs."  A true

12  and correct copy of that letter is attached hereto as Exhibit G.

13         9.     On August 6, 2008, I sent a letter via email to Mr. Hansen, stating, with respect to

14  the cost issue, "It appears that the parties are at impasse about whether plaintiffs have complied

15  with the Court's order for sanctions."  A true and correct copy of that letter is attached hereto as

16  Exhibit H.

17         10.    On August 13, 2008, I met with Mr. Hansen in the offices of plaintiffs' counsel in

18  San Jose to discuss, among other things, plaintiffs' payment of Seyfarth's costs for depositions

19  taken as of July 10, 2008.  During that discussion, I suggested to plaintiffs' counsel that it did not

20  make sense to litigate this issue, since that undoubtedly would require both parties to spend far

21  more than $1,222.95.  Still, plaintiffs refused to pay the remaining sanction.

22         I state under penalty of perjury that the foregoing statements are true and correct and that

23  this declaration was executed on August 15, 2008 at San Francisco, California.

24

25                                    /s/ Klaus H. Hamm
                                      KLAUS H. HAMM

26

27

28

DECLARATION OF KLAUS H. HAMM
CASE NO. C07-05279 JSW (MEJ)

422865.02