# EXHIBIT D

LAW OFFICES
# KEKER & VAN NEST
LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

KLAUS H. HAMM
KHAMM@KVN.COM

July 30, 2008

**VIA E-MAIL**

Craig Alan Hansen, Esq.
Beck, Ross, Bismonte & Finley, LLP
50 W. San Fernando Street, Suite 1300
San Jose, CA 95113

    Re:   *Berger, et al. v. Seyfarth Shaw LLP, et al.*

Dear Craig,

I write regarding a number of discovery-related issues, many of which have been outstanding for weeks now.

A.    PLAINTIFFS' FAILURE TO COMPLY WITH JUDGE WHITE'S DISCOVERY ORDER

Three weeks have passed and plaintiffs have not yet complied with Judge White's July 10, 2008 order to pay "the costs of the depositions which have already occurred (transcript and court reporter costs, not attorneys' fees)." This failure to comply with the order has occurred even though my colleague Dan Purcell sent you a letter on July 11, 2008 attaching invoices for transcript and court reporter costs we incurred and requesting payment of $7,551 to "Keker & Van Nest, LLP." We have not received payment or any response to that letter. If we do not receive payment by the close of business on August 4, 2008, we will pursue further sanctions for your ongoing contempt of Judge White's order.

B.    PLAINTIFFS' INCOMPLETE DOCUMENT PRODUCTION

We also have a number of concerns regarding plaintiffs' document production.

First, we are concerned that plaintiffs have not conducted a thorough search of their emails for documents that are relevant to this litigation. Please let us know what steps you have taken to ensure that all relevant emails sent to or from any email account maintained by plaintiffs, or anyone acting on either of their behalves, have been preserved and produced in this litigation.

422263.01

Craig Alan Hansen, Esq.
July 30, 2008
Page 2

Second, we assume that plaintiffs acknowledge that Berger Enterprises, Inc.'s documents are in their possession, custody or control, and thus have searched for and produced all relevant BEI documents in their document productions. If plaintiffs disagree with this assumption, please let us know and explain the basis for your disagreement.

Third, have plaintiffs withheld any documents based on the argument that discovery in this case is bifurcated? If so, we believe that such withholding is improper. On February 12, 2008, the parties agreed in a telephonic Rule 26(f) conference to produce all documents relevant to this litigation without regard to whether they related to phase-one representation and malpractice issues or phase-two patent issues. Plaintiffs already have produced numerous documents relating to phase-two issues, such as patent prosecution, which further establishes the parties' understanding that document production was not to be phased. As you know, defendants' productions have included all responsive documents within the possession, custody, or control of our clients, even though some of those documents technically constitute phase-two documents.

Fourth, we continue to have difficulty understanding whether plaintiffs are withholding any documents based on privilege claims. Plaintiffs have not produced a privilege log in this action. Plaintiffs' responses to Seyfarth's First Set of Requests For Production contained several objections based on the attorney-client privilege and attorney-work product protection. After repeated requests from us for a privilege log, in a letter dated June 23, 2008, to my colleague Travis LeBlanc, you stated that plaintiffs "have not withheld any documents on the basis of privilege (except to the extent those documents include communications with Beck Ross or work product of Beck Ross attorneys and staff)." On June 27, 2008, I wrote you a letter asking whether this qualification meant that plaintiffs have withheld any communications between Beck Ross or plaintiffs and John Branton or his attorneys, or between Beck Ross or plaintiffs and any other third parties. You did not respond to that letter. Then, yesterday, Mr. Branton produced to us four documents (with redactions) that are indisputably relevant to this litigation, that plaintiffs have possessed during the pendency of this litigation, and that we had not received in plaintiffs' document productions. It is our understanding that you previously had instructed Mr. Branton's attorney to withhold these documents based on an (unexplained) joint-defense privilege. These documents were an email between Mr. Branton and plaintiffs about this litigation, an "Assignment Agreement," an "Unsecured Note," and a "Bergers/Branton Term Sheet."

This production from a third party of relevant documents that are also in plaintiffs' possession confirmed to us that plaintiffs have not produced or logged all relevant documents. Please produce all documents relevant to this action, as we agreed to do in February, and, if you are withholding any documents based on attorney-client privilege or other claims, please substantiate those claims in a privilege log. This production and the privilege log should include unredacted versions of the documents listed above, all other communications and documents shared by plaintiffs or anyone acting on their behalf with Mr. Branton and anyone acting on his behalf, and all documents that reference the current action.

Fifth, please produce the August 22, 2007 engagement letter between the Bergers and Beck, Ross, Bismonte & Finley, LLP, all other engagement letters between the Bergers and Beck,

422263.01

Craig Alan Hansen, Esq.
July 30, 2008
Page 3

Ross, and all communications the Bergers have had with anyone about this agreement. The August 22, 2007 letter was attached to the "Assignment Agreement" between the Bergers and Mr. Branton that was drafted by Richard Berger on August 22, 2007. By disclosing this agreement to Mr. Branton, the Bergers waived any privilege that existed over this agreement and related communications.

Sixth, please confirm that the Bergers have produced all assignments of the patents in suit, all draft assignments, and all documents related to any actual or draft assignments. One of the items listed on the "Beyer Weaver Privilege Log Set 2" provided to us by Reg Suyat is an assignment authored by the Bergers and received by Berger Enterprises. Plaintiffs have not produced this document. Further, the letter dated August 23, 1999 and produced by plaintiffs with the Bates numbers BERGER 11011-2, stated that the letter enclosed a "Declaration and Assignment." We have not received a copy of that assignment.

We look forward to your prompt response to this letter.

Very truly yours,

Klaus H. Hamm

KHH:daf
cc:   Douglas Allen

422263.01