# EXHIBIT G

# Beck, Ross, Bismonte & Finley, LLP

ATTORNEYS AT LAW
Fairmont Plaza
50 W. San Fernando Street, Suite 1300
San Jose, California 95113
(408) 938-7900
(408) 938-0790 Fax

Craig Alan Hansen
chansen@beckross.com

August 5, 2008

*Via Facsimile* (415) 397-7188

Klaus Hamm
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111

    Re: Berger v. Seyfarth Shaw LLP, et. al., Case No. 1-07-CV094074

Dear Mr. Hamm:

This responds to your July 30, 2008 letter.

A. **Plaintiff Depositions**

Alfredo Bismonte's August 1, 2008 letter fully responded concerning deposition costs.

As to scheduling the further deposition of Richard Berger and Brant Berger, the Parties' agreement to phase depositions and to permit two depositions of the Bergers has been superseded by Judge White's order that plaintiffs' return for their continued depositions each not to exceed five hours." And, in any case, the agreement was terminated by your firm's breach of that agreement.

Accordingly, we will make the Bergers available for continued depositions, each not to exceed five hours, without limitation on subject matter. But plaintiffs will not submit to further depositions beyond the five hours ordered by Judge White.

B. **Plaintiffs' Document Production**

    1. **E-mails**

Please state the basis for your concern that "plaintiffs have not conducted a thorough search of their emails for documents relevant to this litigation." More specifically, if you believe that plaintiffs have not produced emails responsive Seyfarth's prior document

Klaus Hamm
8/5/2008
Page 2

requests or that that should have been produced under Rule 26, please let us know why you believe that and we will look into it.

### 2. Berger Enterprises, Inc.

Your letter is unclear as to what "Berger Enterprises, Inc." documents you are referring to. Please explain what documents you are looking for and what document request(s) you believe they correspond to.

### 3. No Documents Withheld Based on Bifurcated Discovery

Plaintiffs have not withheld any documents based on the argument that discovery in this case is bifurcated.

### 4. Communications With Beck Ross/Attorney Work Product

During our prior discussions concerning privilege issues, we agreed that plaintiffs would not provide a privilege log for documents that include communications with Beck Ross or work product of Beck Ross attorneys and staff. The documents referenced in your letter fall within that category.

The referenced communications between Richard Berger and John Branton contain Beck Ross attorney-client communications and attorney work product that are (1) protected under Cal. Evid. Code § 912 and (2) that were exchanged between "two parties [that] have in common an interest in securing legal advice related to the same matter."[1] Accordingly, those communications are protected from disclosure. If you disagree and believe that these documents should be produced, we would propose that they be submitted to the magistrate judge for *in camera* review.

### 5. The Beck Ross Client Engagement Letter

Our law firm's client engagement letter with the Bergers is privileged. That privilege was not waived for the reasons stated above. Namely, that Richard Berger and John Branton share a common interest in securing legal advice related to the present litigation.

Moreover, we fail to understand what conceivable relevance our client engagement letter has to this litigation. It would appear that you are making that request for the sole purpose of burdening, harassing, and annoying our clients, and invading the attorney-client privilege.

### 6. No Assignments of Patents in Suit

Plaintiffs are not aware of any assignments of the patents in suit. They are only aware of the license agreement to Berger Enterprises which has already been produced.

---

[1] *First Pacific Networks, Inc. v. Atlantic Mut. Ins. Co.*, 163 F.R.D. 574, 581 (N.D. Cal. 1995).

Klaus Hamm
8/5/2008
Page 3

Very truly yours,

Craig Alan Hansen

cc: Douglas B. Allen, Esq. (408) 298-0914