# EXHIBIT C

```
 1           IN THE UNITED STATES DISTRICT COURT
 2             NORTHERN DISTRICT OF CALIFORNIA
 3                 SAN FRANCISCO DIVISION
 4                                              Certified Copy
 5   ---------------------------------
 6   RICHARD W. BERGER and BRANT          )
 7   W. BERGER,                           )
 8              Plaintiffs,               )
 9        vs.                             )  No. C07-05279-JSW
10   SEYFARTH SHAW, LLP, an Illinois      )
11   limited liability partner; JACK      )
12   L. SLOBODIN, an individual;          )
13   BURNETT, BURNETT & ALLEN, a          )
14   California partnership; DOUGLAS      )
15   B. ALLEN, an individual, and         )
16   DOES 1-100, inclusive,               )
17              Defendants.               )
18   ---------------------------------
19
20
21         VIDEOTAPED DEPOSITION OF BRANT BERGER
22                WEDNESDAY, MAY 14, 2008
23
24
25   PAGES 1 - 275
                                                              1
```

```
 1   you mean by that.  Speaking to me personally?  I
 2   never spoke with him personally, no.
 3       Q.   And what, if anything, did Seyfarth do,
 4   leaving aside Mr. Slobodin, to get involved in the        03:16PM
 5   Berger v. Rossignol case prior to Rossignol filing
 6   its summary judgment motion?
 7       A.   I think Jack Slobodin is Seyfarth.
 8       Q.   Did anyone other than Mr. Slobodin at
 9   Seyfarth do anything to get involved in the
10   Berger v. Rossignol case --                               03:17PM
11           MR. FINLEY:  May call for speculation.
12   BY MR. PURCELL:
13       Q.   -- before Rossignol filed the summary
14   judgment motion?
15       A.   I'm not sure who he had doing what.              03:17PM
16       Q.   Do you know that he had anybody doing
17   anything?
18       A.   I'm not sure.  I'm not sure who he had
19   doing what.
20       Q.   You mentioned earlier that Mr. John              03:17PM
21   Branton was involved in raising money to cover the
22   costs of the Rossignol litigation; correct?
23       A.   Correct.
24       Q.   Do you know whether Mr. Branton has any
25   financial interest in the outcome of this legal          03:17PM
                                                                 223
```

```
1   malpractice case?
2       A.   I don't believe John Branton has any
3   outcome -- any financial outcome out of this case.
4       Q.   Do you know of anybody other than you and
5   your father, the plaintiffs in this case, who have a      03:17PM
6   financial interest in the outcome of this legal
7   malpractice case?
8       A.   I don't understand what you're talking
9   about.  But if you're talking about as far as -- I
10  mean my girlfriend.  I mean there's a lot of people       03:18PM
11  that way.  I don't understand what you're talking
12  about.  Is there anybody attached to the outcome of
13  this case?
14      Q.   Other than you, your father and presumably
15  your counsel.  I won't inquire into that.                 03:18PM
16           MR. FINLEY:  Objection.  Objection.
17           MR. PURCELL:  I won't inquire into that.
18           MR. FINLEY:  That's absolutely
19  objectionable.
20           MR. PURCELL:  That's not objectionable.  I       03:18PM
21  assume you're not working for free, Counsel.
22  BY MR. PURCELL:
23      Q.   Is there any private third party that has
24  any financial interest in the outcome of this case?
25      A.   Nobody that's tied to the case that I know       03:18PM
                                                              224
```

1  of.

2       Q.   So if you and your father recover in this

3  case, you're not going to be obligated to give a

4  portion of that recovery to any third party?  Again,

5  I'm not talking about counsel.                                    03:18PM

6            MR. FINLEY:  Objection.  To the extent

7  that that invades the attorney-client privilege or

8  discussions you've had with the attorneys in this

9  case, I would instruct you not to answer the

10 question.                                                         03:19PM

11 BY MR. PURCELL:

12      Q.   And I'm not asking about anything having

13 to do with your counsel, so you can put counsel to

14 one side.

15           MR. FINLEY:  Any lawyer.                                03:19PM

16           MR. PURCELL:  That's fair.

17 BY MR. PURCELL:

18      Q.   Any lawyer -- any lawyer representing you

19 in this case.

20           Is there any third party that you and your              03:19PM

21 father will be obligated to give a portion of the

22 recovery, if there is one, to at the end of this

23 case?

24           MR. FINLEY:  A third party outside of the

25 parties that are involved in this case.  Some third               03:19PM

                                                                    225

```
 1   party.  Not the lawyers, not any of the interests in
 2   the case; some other third party.
 3            THE WITNESS:  No, I don't believe there
 4   is.
 5            MR. PURCELL:  All right.  I have nothing          03:19PM
 6   further, subject to potential litigation over
 7   questions where the witness was instructed not to
 8   answer and reasonable follow-up, et cetera,
 9   et cetera, if we decide to pursue that.
10            MR. FINLEY:  I don't believe that there          03:20PM
11   was any questions that I instructed the witness not
12   to answer that you didn't follow up.
13            MR. PURCELL:  I think there was early in
14   the morning.  But in any event --
15            MR. FINLEY:  Well, let's clear it up now.        03:20PM
16   Why don't we go back and --
17            MR. PURCELL:  No.  We'll figure it out
18   from the transcript.
19            MR. FINLEY:  Well, I don't want to -- I
20   may just allow you to ask him.  So why don't we          03:20PM
21   clean it up now.
22            MR. PURCELL:  We'll figure it out from the
23   transcript.
24            MR. FINLEY:  I'm not going to figure it
25   out from the transcript because I don't want to go       03:20PM
```
226

```
 1                    CERTIFICATE OF REPORTER
 2
 3          I, JANIS L. JENNINGS, a Certified Shorthand
 4   Reporter of the State of California, do hereby certify:
 5          That the foregoing proceedings were taken
 6   before me at the time and place herein set forth; that
 7   any witnesses in the foregoing proceedings, prior to
 8   testifying, were placed under oath; that a verbatim
 9   record of the proceedings was made by me using machine
10   shorthand which was thereafter transcribed under my
11   direction; further, that the foregoing is an accurate
12   transcription thereof.
13          I further certify that I am neither
14   financially interested in the action nor a relative or
15   employee of any attorney of any of the parties.
16          IN WITNESS WHEREOF, I have this date
17   subscribed my name.
18
19   Dated: May 23, 2008
20
21                                    _____
22                                    JANIS JENNINGS
23                                    CSR NO. 3942
24
25
```