1
2
3
4
5
6                       IN THE UNITED STATES DISTRICT COURT
7
8                     FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   RICHARD W. BERGER and BRANT W.
    BERGER,
10                                                  No. C 07-05279 JSW
                   Plaintiffs,
11
        v.
12                                                  **ORDER DENYING PLAINTIFFS'**
    SEYFARTH SHAW, LLP ET AL,                       **MOTION TO DISMISS ALLEN'S**
13                                                  **AMENDED COUNTERCLAIMS**
                   Defendants.
14
    _____/
15

16          Now before the Court is Plaintiffs' motion to dismiss the amended counterclaims filed

17   by Defendant Douglas B. Allen dba Burnett, Burnett & Allen ("Allen").  The Court finds that

18   this matters are appropriate for disposition without oral argument.  *See* N.D. Civ. L.R. 7-1(b).

19   Accordingly, the hearing set for September 5, 2008 is HEREBY VACATED.  The case

20   management conference is HEREBY CONTINUED to **September 5, 2008 at 1:30 p.m.**

21   Having considered the parties' pleadings and the relevant legal authority, the Court hereby

22   DENIES the motion to dismiss the counterclaims.

23                                    **BACKGROUND**

24          The background facts are familiar to the parties and the Court.  Plaintiffs Richard W.

25   Berger and Brant W. Berger are the named inventors and joint owners of United States Patent

26   Nos. 5,913,530 and 6,196,569.  (Compl., ¶ 1.)  The patents describe a step-in binding that

27   permits a snowboard user to rotate his foot position relative to the snowboard while he is

28   stopped or in motion.  (*Id.*, ¶ 9.)

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1    Defendant Seyfarth Shaw LLP is a law firm based in Illinois with offices in California

2    and defendant Jack L. Slobodin is one of its partners. (*Id.*, ¶¶ 2, 3.) Defendant Burnett, Burnett

3    & Allen is a California law firm and Defendant Allen is one of its partners. (*Id.*, ¶ 4.) The

4    Complaint generally alleges that Defendants Seyfarth Shaw, Slobodin and Allen are liable for

5    malpractice in the prosecution of the underlying patent case.

6    Plaintiffs filed suit for professional negligence, breach of contract, fraud, negligent

7    misrepresentation and breach of fiduciary duty against all defendants in the Superior Court in

8    Santa Clara on September 17, 2007. Defendants removed this action to this Court on October

9    17, 2007. Defendant Allen first filed his answer and counterclaims on April 1, 2008. Allen's

10   answer stated several affirmative defenses, including invalidity, unforceability and

11   noninfringement on the patents in the underlying case, in addition to fraud and breach of

12   contract. Plaintiffs filed a motion to dismiss Allen's counterclaims for fraud and breach of

13   contract. The Court granted the motion with leave to amend. On June 26, 2008, Allen filed an

14   answer with amended counterclaims, now alleging negligent misrepresentation and breach of

15   contract. On July 7, 2008, Plaintiffs again moved to dismiss Allen's amended counterclaims.

16                                    **ANALYSIS**

17   **A.    Allen's Amended Counterclaim for Negligent Misrepresentation.**

18   Plaintiffs argue that Allen's amended negligent misrepresentation counterclaim should

19   be dismissed for failure to meet the particularity requirements of Rule 9(b). *See Shartsis Friese*

20   *LLP v. JP Morgan Retirement Services, LLC*, 2008 WL 3287033, *2 (N.D. Cal. Aug. 1, 2008)

21   (holding that negligent misrepresentation claim is subject to same heightened pleading

22   requirement under Rule 9(b)). According to the Rule, "in all averments of fraud or mistake, the

23   circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P.

24   9(b). However, Rule 9(b) particularity requirements must be read in harmony with Federal

25   Rule of Civil Procedure 8's requirement of a "short and plain" statement of the claim. Thus, the

26   particularity requirement is satisfied if the complaint "identifies the circumstances constituting

27   fraud so that a defendant can prepare an adequate answer from the allegations." *Moore v.*

28   *Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989); *see also Vess v. Ciba-Geigy*

*Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003) ("Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong.") (internal quotation marks and citations omitted). Moreover, the requirements of Rule 9(b) "may be relaxed with respect to matters within the opposing party's knowledge. In such situations, plaintiffs can not be expected to have personal knowledge of the relevant facts." *Neubronner v. Milken,* 6 F.3d 666, 672 (9th Cir. 1993).

The Court finds that Allen has now satisfied the specificity requirements of Rule 9(b), the Court denies the motion to dismiss the amended counterclaim for negligent misrepresentation. There is sufficient specificity in Allen's description of the representations he deems to have been false and the ways in which his reliance caused him to incur damages.

**B.     Allen's Amended Counterclaim for Breach of Contract.**

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief, ... and a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). The Court finds that Allen's amended counterclaim for breach of contract specifies both the written contract for professional services dated March 9, 2005 and the oral contract (reduced to writing but not signed) in which the parties allegedly agreed to exchange further professional services for Plaintiffs' promise not to sue Allen for malpractice. The potential illegality of that latter contract is, indeed, an affirmative defense. *See, e.g. Mitchell v. Mirant California, LLC*, 2008 WL 501392, *6 (N.D. Cal. Feb. 21, 2008).

**United States District Court**
For the Northern District of California

3

**United States District Court**

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

For the foregoing reasons, the Court DENIES Plaintiffs' motion to dismiss Allen's amended counterclaims. In light of this ruling, the Court HEREBY RESETS the initial case management conference for September 5, 2008 at 1:30 p.m. The parties shall file an updated joint case management statement by no later than August 29, 2008.

**IT IS SO ORDERED.**

Dated: August 28, 2008

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4