Justin T. Beck, Esq. (Cal. Bar No. 53138)
Ron C. Finley, Esq. (Cal. Bar No. 200549)
Alfredo A. Bismonte, Esq. (Cal. Bar No. 136154)
Craig Alan Hansen, Esq. (Cal. Bar No. 209622)
Beck, Ross, Bismonte & Finley, LLP
50 West San Fernando Street, Suite 1300
San Jose, CA 95113
Tel: (408) 938-7900
Fax: (408) 938-0790
Email: jbeck@beckross.com
       rfinley@beckross.com
       abismonte@beckross.com
       chansen@beckross.com

Attorneys for Plaintiffs and Counter-defendants
Richard W. Berger and Brant W. Berger

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD W. BERGER and BRANT W. BERGER,<br><br>Plaintiffs,<br><br>v.<br><br>SEYFARTH SHAW LLP, an Illinois limited liability partnership; JACK L. SLOBODIN, an individual; BURNETT, BURNETT, & ALLEN, a California partnership; DOUGLAS B. ALLEN, an individual; and DOES 1-100, inclusive;<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | **Case No. C 07-05279 JSW**<br><br>**ANSWER OF PLAINTIFFS AND COUNTERDEFENDANTS RICHARD W. BERGER AND BRANT W. BERGER TO AMENDED COUNTERCLAIMS OF DEFENDANT DOUGLAS B. ALLEN DBA BURNETT, BURNETT & ALLEN** |

Plaintiffs and Counter-defendants Richard Berger and Brant Berger ("Plaintiffs") answer the Amended Counterclaims of Defendant and Counterclaimant Douglas B. Allen dba Burnett, Burnett & Allen as follows.

**Responses to Allegations**

1. This paragraph does not contain any allegations that warrant either an admission or a denial.

2. Plaintiffs admit that they obtained patents on a snowboard binding system that they invented and that they entered into a licensing arrangement with Berger Enterprises, Inc. Plaintiffs deny the remaining allegations of this paragraph.

3. Plaintiffs admit that they hired Reginald Suyat to prosecute their patents and worked closely with Suyat in that process. Plaintiffs deny the remaining allegations of this paragraph.

4. Plaintiffs admit that they were officers, directors, and founders of BEI. Plaintiffs deny the remaining allegations of this paragraph.

5. Plaintiffs deny the allegations of this paragraph.

6. Plaintiffs admit that they believed that Rossignol infringed their patents and that they expressed that belief to defendant Allen. Plaintiffs deny the remaining allegations of this paragraph.

7. Plaintiffs admit that Allen was not experienced in either patent prosecution or patent litigation. Plaintiffs further admit that they consulted with Seyfarth Shaw regarding their patent infringement action in 2003 and that Seyfarth Shaw prepared a claim chart regarding the '530 patent. Plaintiffs deny the remaining allegations of this paragraph.

8. Plaintiffs deny the allegations of this paragraph.

9. Plaintiffs deny the allegations of this paragraph.

10. Plaintiffs deny the allegations of this paragraph.

11. Plaintiffs deny the allegations of this paragraph.

12. Plaintiffs deny the allegations of this paragraph.

13. Plaintiffs deny the allegations of this paragraph.

14. This paragraph does not contain any allegations that warrant either an admission or a denial.

15. Plaintiffs deny the allegations of this paragraph.

16. Plaintiffs deny the allegations of this paragraph to the extent it seeks to incorporate prior allegations.

17. Plaintiffs deny the allegations of this paragraph.

1     18.     Plaintiffs deny the allegations of this paragraph.

2     19.     Plaintiffs deny the allegations of this paragraph.

3     20.     Plaintiffs deny the allegations of this paragraph.

4     21.     Plaintiffs deny the allegations of this paragraph.

**Affirmative Defenses**

First Affirmative Defense

The Amended Counterclaims fail to state a claim upon which relief may be granted.

Second Affirmative Defense

Any relief sought in the Amended Counterclaims is barred by the doctrines of unclean hands and *in pari delicto*.

Third Affirmative Defense

Any relief sought in the Amended Counterclaims is barred by the doctrines of waiver, ratification, or estoppel.

Fourth Affirmative Defense

Any relief sought in the Amended Counterclaims is barred by the doctrine of laches.

Fifth Affirmative Defense

Any relief sought in the Amended Counterclaims is barred by the applicable statute of limitations.

Sixth Affirmative Defense

Counterclaimant's contract-based claims are barred by fraudulent inducement.

Seventh Affirmative Defense

Counterclaimant's contract-based claims are barred by uncertainty.

Eighth Affirmative Defense

Counterclaimant's contract-based claims are barred by lack of consideration.

Ninth Affirmative Defense

Counterclaimant's contract-based claims are barred by illegality.

Tenth Affirmative Defense

Counterclaimant's contract-based claims are barred by mistake.

BECK, ROSS, BISMONTE & FINLEY, LLP
FAIRMONT PLAZA
50 W. SAN FERNANDO ST., 1300
SAN JOSE, CALIFORNIA 95113
TELEPHONE (408) 938-7900

<u>Eleventh Affirmative Defense</u>

Counterclaimant's contract-based claims are barred by the statute of frauds.

<u>Twelfth Affirmative Defense</u>

Counterclaimant's contract-based claims are barred by failure of a condition.

<u>Thirteenth Affirmative Defense</u>

Counterclaimant's contract-based claims are barred by impossibility.

<u>Fourteenth Affirmative Defense</u>

Counterclaimant's contract-based claims are barred by frustration of performance.

<u>Fifteenth Affirmative Defense</u>

Counterclaimant's contract-based claims are barred by a failure to satisfy the requirements of the State Bar of California's Rules of Professional Conduct.

<u>Sixteenth Affirmative Defense</u>

Any damages claimed in the Amended Counterclaims resulted from an intervening cause.

<u>Seventeenth Affirmative Defense</u>

Any relief sought in the Amended Counterclaims is barred by Counterclaimant's assumption of risk.

<u>Eighteenth Affirmative Defense</u>

Any loss, damage or detriment claimed by Counterclaimant was directly and proximately caused by his failure to mitigate his alleged damages.

<u>Nineteenth Affirmative Defense</u>

Counter-defendants are entitled to an offset against any loss, damage or detriment claimed by Counterclaimant.

**Prayer for Relief**

Wherefore, Plaintiffs and Counter-defendants Richard Berger and Brant Berger pray that Defendant and Counterclaimant Douglas B. Allen dba Burnett, Burnett & Allen take nothing on his Amended Counterclaims, and for an award of costs and attorneys' fees, and for such other relief as may be appropriate.

1 | Dated: September 12, 2008

Beck, Ross, Bismonte & Finley, LLP

By: _____/s/_____
   Craig Alan Hansen
   Attorneys for the Plaintiffs and Counter-defendants
   Richard Berger and Brant Berger