United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD W. BERGER and BRANT W. BERGER,

    Plaintiffs,

  v.

SEYFARTH SHAW, LLP ET AL,

    Defendants.

No. C 07-05279 JSW

**ORDER GRANTING OBJECTIONS, REVERSING DISCOVERY ORDER AND REMANDING FOR FURTHER PROCEEDINGS**

Now before the Court are the objections filed by Defendant Seyfarth Shaw, LLP ("Seyfarth") to Magistrate Judge Maria-Elena James' Discovery Order dated September 3, 2008 (the "Discovery Order"). Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby GRANTS Seyfarth's objections and REVERSES the Discovery Order and REMANDS for further proceedings.

The District Court may modify or set aside any portion of a magistrate's ruling on non-dispositive pre-trial motions found to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also, e.g., Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). A ruling is clearly erroneous if the reviewing court, after considering the evidence, is left with the "definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

1  After a careful review of the Discovery Order, this Court finds that Seyfarth has adequately demonstrated that the disputed documents are relevant. "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). "Relevant information for purposes of discovery is information reasonably calculated to lead to the discovery of admissible evidence." *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005) (internal quotes and citation omitted).

Seyfarth represents that the documents at issue involve John Branton and are pertinent to his financial interests in this matter. Seyfarth also represents that Mr. Branton is a key percipient witness in this litigation. Consistent with federal privilege law, fee-payment arrangements are relevant to credibility and bias, and discoverable. *Bryant v. Mattel, Inc.*, 2007 WL 5430886, *20 (C.D. Cal., June 27, 2007) (citing *United States v. Biackman,* 72 F.3d 1418, 1424 (9th Cir.1995) ("As a general rule, client identity and the nature of the fee arrangement between attorney and client are not protected from disclosure by the attorney-client privilege.")). The Court concludes that the documents sought may contain information reasonably calculated to lead to the discovery of admissible evidence. Therefore, the Court GRANTS Seyfarth's objections and REVERSES the Discovery Order.

As a result of the finding that the disputed documents were not relevant, the Discovery Order never reached the issue the merits of the contested privilege issue or determine whether Branton shared a common legal interest with Plaintiffs. Therefore, the Court REMANDS the matter to Magistrate Judge James for a further ruling on the merits.

**IT IS SO ORDERED.**

Dated: September 19, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE