IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD W. BERGER and BRANT W. BERGER,

Plaintiffs,

v.

SEYFARTH SHAW, LLP ET AL,

Defendants.

No. C 07-05279 JSW

**SECOND ORDER GRANTING OBJECTIONS, REVERSING DISCOVERY ORDER AND REMANDING FOR FURTHER PROCEEDINGS**

Now before the Court are the objections filed by Defendant Seyfarth Shaw, LLP ("Seyfarth") to Magistrate Judge Maria-Elena James' Discovery Order dated September 3, 2008 (the "Discovery Order"). Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby GRANTS Seyfarth's objections and REVERSES the Discovery Order and REMANDS for further proceedings.

The District Court may modify or set aside any portion of a magistrate's ruling on non-dispositive pre-trial motions found to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also, e.g., Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). A ruling is clearly erroneous if the reviewing court, after considering the evidence, is left with the "definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

1   Upon review of the parties' multiple submissions and after a careful review of the
2   Discovery Order, this Court finds that Seyfarth has adequately demonstrated that the disputed
3   documents are relevant. "Parties may obtain discovery regarding any matter, not privileged,
4   that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). "Relevant
5   information for purposes of discovery is information reasonably calculated to lead to the
6   discovery of admissible evidence." *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d
7   625, 635 (9th Cir. 2005) (internal quotes and citation omitted).

8   Seyfarth represents that the documents at issue involve John Branton and are pertinent
9   to his financial interests in this matter. Seyfarth also represents that Mr. Branton is a key
10  percipient witness in this litigation. Consistent with federal privilege law, fee-payment
11  arrangements are relevant to credibility and bias, and discoverable. *Bryant v. Mattel, Inc.*, 2007
12  WL 5430886, *20 (C.D. Cal., June 27, 2007) (citing *United States v. Biackman,* 72 F.3d 1418,
13  1424 (9th Cir. 1995) ("As a general rule, client identity and the nature of the fee arrangement
14  between attorney and client are not protected from disclosure by the attorney-client
15  privilege.")). Plaintiffs contend that Seyfarth had failed to present the issue of potential bias to
16  the Magistrate Judge because the majority of Seyfarth's argument was based upon the
17  contention that any fee-shifting arrangement between Plaintiffs and Mr. Branton was
18  unenforceable as against public policy. The Court, without hunting for truffles buried in the
19  briefs, was able to ascertain that, among other arguments of relevance, Seyfarth sought
20  production of the disputed documents because they potentially bear on the issue of bias. The
21  Court finds that argument that one line in a two-page argument is too obscure to be
22  unpersuasive.

23  The Court concludes that the documents sought may contain information reasonably
24  calculated to lead to the discovery of admissible evidence. Therefore, the Court GRANTS
25  Seyfarth's objections and REVERSES the Discovery Order. As a result of the finding that the
26  disputed documents were not relevant, the Discovery Order never reached the issue the merits
27  of the contested privilege issue, the issue of bias, or the determination whether Branton shared a
28  common legal interest with Plaintiffs. Therefore, the Court REMANDS the matter to

Magistrate Judge James for a further ruling on the merits.

**IT IS SO ORDERED.**

Dated: October 14, 2008

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE