IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD W. BERGER and BRANT W. BERGER,<br><br>    Plaintiffs,<br><br>vs.<br><br>SEYFARTH SHAW LLP, et al.,<br><br>    Defendants.<br>_____/ | No. C 07-05279 JSW (MEJ)<br><br>**ORDER RE: PRIVILEGE** |

    Before the Court is the parties' joint letter brief, filed on August 21, 2008, relating to defendant Seyfarth Shaw's ("Seyfarth") request for discovery relief. This matter has been remanded by District Court Judge White for a ruling on the merits of the parties' joint letter brief. On April 14, 2008, Seyfarth served a third party, John Branton, with a subpoena for documents and testimony, and Branton objected. Branton is not a party to the action but Seyfarth asserts that he possesses documents that are relevant to this malpractice action. Seyfarth believes that Branton possesses discoverable documents pertinent to his financial assistance to the plaintiffs in both the underlying action and this malpractice action, and to his potential bias as a witness in this action. The parties and Branton met and conferred on this issue three times in July, once in person, and finally submitted a joint letter requesting relief from the court.

1    Seyfarth claims that Branton is withholding documents based on the Plaintiffs' improper
2 assertions of attorney-client privilege, because 1) Branton has no attorney-client relationship with
3 the Bergers or their lawyers in regards to this case; and 2) the privilege between the Bergers and
4 their attorneys was waived as to the sought information when that information was shared with
5 Branton.  The Plaintiffs claim that the privilege was not waived in communications with Branton
6 because 1) the communications were made to a business associate to further the plaintiffs' interest,
7 and were reasonably necessary to accomplish the purpose of the consultation and 2) the plaintiffs
8 and Branton share a common legal interest in the outcome of this litigation.  Plaintiffs argue that the
9 communications to Branton were reasonably necessary for him to be able to function as strategic
10 advisor and financier.  Plaintiffs assert that though Seyfarth now considers Branton a third party
11 outsider, Defendants previously included him in confidential correspondence and attorney-client
12 meetings during the underlying lawsuit.

13    California Evidence Code section 952 is the standard that must be met to establish that
14 information between parties is protected by the attorney- client privilege.  The relevant portion states
15 that a communication between a client and her lawyer will remain confidential if disclosed to no
16 third parties "other than those who are present to further the interest of the client in the consultation
17 or those to whom disclosure is reasonably necessary for the transmission of the information or the
18 accomplishment of the purpose for which the lawyer is consulted . . . ."  Cal. Evid. Code § 952
19 (Deering 2008).

20    There is no waiver when disclosure is in the presence of or to a business associate when
21 "made to further the interest of the client or when reasonably necessary for the transmission or
22 accomplishment of the purpose of the consultation," *Ins. Co. of N. Am. v. Superior Court*, 108 Cal.
23 App. 3d 758, 771 (1980).  In this case, the president of one of the defendant's wholly owned
24 subsidiaries was present during a meeting between the defendants and their attorneys, and plaintiffs
25 alleged that his presence destroyed the privileged nature of the meeting.  *Id.* at 762.  The Court
26 found that the person at issue acted a as a consultant to INA and thus was present to further INA's
27 interest as a client, so the legal communications at the meeting remained privileged.  *Id.* at 765.

28

2

Plaintiffs' position is that Branton is their "trusted friend, adviser, business associate, financier, and confidante." Though there is a dearth of information on the details of Branton's business association with the Bergers, it is clear that he did function as the Chief Financial Officer of Berger Enterprises, Inc. for a time. It is also clear that he was acting as an advisor in some capacity to the Plaintiffs during the underlying action and continues to do so.

"Those who are present to further the interest of the client in the consultation include a spouse, parent, business associate, joint client or any other person who may meet with the client and his attorney in regard to a matter of joint concern." *Zurich Am. Ins. Co. v. Sup. Ct.,* 155 Cal. App. 4th 1485, 1495 (2007) (internal quotations omitted). The Court is guided by Seyfarth's apparent comfort in including Branton in confidential meetings and involving him in confidential correspondence during the underlying litigation. Branton's involvement in all the meetings and correspondence between Plaintiffs and Seyfarth lend merit to the Plaintiffs' contention that the underlying litigation was in fact a matter of joint concern between Branton and the Bergers. The Court believes that Seyfarth would not have included Branton in confidential communications if it thought that Branton was not protected by the privilege. From what the Court can glean from the record, it appears that the status of Branton's relationship with the Plaintiffs has not changed since the underlying lawsuit ended. The Court finds that Branton is a business associate who was present to further the Bergers' interest in the consultations, and his inclusion in the communications was reasonably necessary to enable Branton to function as the Bergers' strategic advisor and financier. If information protected by the attorney-client privilege is memorialized in the documents numbered 3-5 and 13-21on the privilege log then those documents will remain protected.

Plaintiffs' additional claim that the attorney-client privilege was not waived due to a common legal interest is less persuasive. The common interest doctrine originated in situations where two clients were represented by a single attorney. *Nidec Corp. v. Victor Co. of Japan*, 2007 U.S. Dist. LEXIS 48841, at *10 (N.D. Cal. 2007). The application of the doctrine is no longer so limited. "The common interest privilege . . . applies where (1) the communication is made by separate parties

3

1 in the course of a matter of common interest; (2) the communication is designed to further that
2 effort; and (3) the privilege has not been waived." *U.S. v. Bergonzi*, 216 F.R.D. 487, 495 (N.D. Cal.
3 2003). There need not be a complete unity of interest among the participants and the interests of the
4 parties may even be adverse. *Id.* This exception to the waiver rule also requires that when parties
5 with a community of interests communicate amongst themselves those communications must be for
6 the purpose of preparing a joint legal strategy, *Nidec Corp.*, 2007 U.S. Dist. LEXIS, at *9, or when
7 parties are co-defendants, or when they anticipate joint litigation. *Hewlett-Packard Co.*, 115 F.R.D.
8 at 309. The common interest must be a legal one, "and the communication must be designed to
9 further that specific legal interest." *Nidec Corp.,* 2007 U.S. Dist. LEXIS, at *11. A commercial
10 interest is not sufficient, and the "doctrine does not encompass a joint business strategy which
11 happens to include as one of its elements a concern about litigation." *Id.* at *13 (citing to *Oak
12 Industries v. Zenith Industries*, 1988 U.S. Dist. LEXIS 7985, at *12 (N.D. Ill. 1988)). It is apparent
13 that Branton's interest is commercial, especially as he is no longer an employee of the Bergers.
14 Branton is not a party to this action, he was not a party in the underlying action, and Berger
15 Enterprises, Inc. was not a party in the underlying action. Though Branton is the Plaintiff's advisor
16 and financier, the Bergers and Branton are not co-plaintiffs and they are not involved in joint
17 litigation. The common-interest exception to waiver does not apply.

18 "The attorney-client privilege applies to communications in the course of professional
19 employment that are intended to be confidential." *Roberts v. City of Palmdale*, 5 Cal. 4th 363, 371
20 (1993); Cal. Evid. Code § 952. A confidential communication includes a legal opinion formed and
21 the advice given by a lawyer in the course of the attorney-client relationship, including
22 communications made anticipating litigation and legal advice given when no litigation is
23 forthcoming. Cal. Evid. Code § 952. The relationship between the Bergers and Branton is afforded
24 no privilege. Any documents passing between the Bergers and Branton that do not include legal
25 advice or opinions formed by the Bergers' attorneys are not privileged. Any documents pertaining to
26 or memorializing the contractual agreement between the Bergers and Branton that merely contain
27 information relating to Branton's financial contribution are afforded no privilege. The Court
28

4

1 recognizes that there is a dispute on exactly what the Bergers assigned to Branton and whether that
2 purported assignment is legal. Seyfarth argues that Branton agreed to fund this action in exchange
3 for 1/3 of all the Bergers rights, titles, recovery and interest in the Seyfarth litigation. Plaintiffs
4 contend that they are only assigning to Branton proceeds of the claim and nothing more. The letter
5 and accompanying agreement listed as No. 13 in the privilege log do not contain legal advice or
6 opinions formed by Plaintiffs' counsel, and the documents are relevant to the above issue and
7 discoverable. For these reasons, the document filed under seal and produced in a partially redacted
8 form must be produced to Seyfarth wholly unredacted.

9       The document listed as No. 6 in the privilege log purports to be a letter accompanied by a
10 draft of the agreement regarding a share of the recovery in this litigation sent by Branton to his own
11 attorney, Fred DeKlotz. Branton argues that production of the agreement sent to his own attorney
12 with his own communications would be a violation of the attorney-client privilege between Mr.
13 Branton and his attorney. Section 952 expressly protects "information transmitted between a client
14 and his lawyer in the course of that relationship and in confidence . . . and includes a legal opinion
15 formed and advice given by the lawyer in the course of that relationship." Cal. Evid. Code. § 952.
16 If the letter sent by Branton is seeking legal advice regarding the agreement between himself and the
17 Bergers, the document is covered by the attorney-client privilege. The Court will view the
18 document to determine if the communication is protected.

19       The relationship between Plaintiffs and Branton is afforded no privilege. However, the
20 Court can conceive of a situation where protected information disclosed to Branton would remain
21 protected under the attorney-client privilege, due to Branton's status as a business associate present
22 to further the Bergers' interest in the meetings with their previous, prospective, or current counsel, or
23 as someone to whom disclosure was reasonably necessary to accomplish the purpose of any of the
24 aforementioned consultations. For the above reasons, the Court will hold an in camera hearing to
25 determine whether the contents of the disputed documents are protected by the attorney-client
26 privilege. If so, they retained their privileged nature when transmitted to the Plaintiff's business
27 associate, John Branton. The documents in dispute, listed as Nos. 3-6 and 14-21 on the Second

28

5

1 Amended Privilege Log must be marked confidential and delivered to chambers within seven
2 business days.

**IT IS SO ORDERED.**

Dated: October 21, 2008

                                                MARIA-ELENA JAMES
                                                United States Magistrate Judge

**United States District Court**
For the Northern District of California