IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD W. BERGER and BRANT W. BERGER,<br><br>  Plaintiffs,<br><br>  vs.<br><br>SEYFARTH SHAW LLP, et al.,<br><br>  Defendants. | No. C 07-05279 JSW (MEJ)<br><br>**ORDER RE: DEFENDANTS' INTERROGATORIES**<br><br>**ORDER RE: PLAINTIFFS' DOCUMENT PRODUCTION REQUESTS** |

The Court is in receipt of the parties' two joint discovery dispute letters, filed on January 26, 2009 (Dkt. #134), and October 6, 2008 (Dkt. #121). In connection with the letters, the Court conducted a telephonic conference with the parties on February 11, 2009. (Dkt. # 136.) The Court shall address each letter herein.

**A.     Defendants' Request for Further Responses to Interrogatory No. 2.**

In the joint letter dated January, 26, 2009, Defendants Seyfarth Shaw LLP and Jack Slobodin ("Seyfarth") seek an order compelling further responses to Seyfarth's Interrogatory No. 2, and Plaintiffs seek an order compelling Defendants to produce documents from an out-of-state third-party that Defendants have in their possession.

  1.     Interrogatory No. 2

 As to Interrogatory No. 2, Defendants request that the Court order Plaintiffs to state sufficient facts to support their claim that Defendants agreed to supervise Douglas Alan, Plaintiffs' prior counsel. Although Plaintiffs contend that their supplemental response cured any deficiencies to Defendants' original interrogatory, Defendants argue that the supplemental response is still

deficient.       After considering both arguments, the Court hereby ORDERS Plaintiffs to serve a supplemental response to Interrogatory No. 2 by March 6, 2009.  Specifically, the response shall include: (1) newly discovered facts obtained from Douglas Alan's deposition; and (2) all available facts supporting Plaintiffs' contention that Seyfarth represented Plaintiffs during the underlying litigation against Rossignol Ski Company.  Plaintiffs shall be bound by their response unless new or additional facts are obtained through further investigation, and Plaintiffs are subsequently diligent in supplementing their responses.

### 2. Third Party Documents

As to the third party documents, Plaintiffs request an order compelling Defendants to produce emails obtained from an out-of-state third-party.  Plaintiffs argue they are entitled to the emails because they may contain relevant information.  In response, Defendants object to allowing Plaintiffs to benefit from Defendants' efforts to produce the documents.

In resolving this issue, the Court notes that Defendants spent considerable time negotiating the production of documents and unilaterally bore the $10,000 cost to obtain the documents.  The Court also notes that Plaintiffs refused Defendants's request to share this cost.  Although Plaintiffs have not attempted to subpoena any documents from the third-party on their own, the Court recognizes that it would not be burdensome for Defendants to produce the emails.  Thus, the Court hereby ORDERS the parties to meet and confer on this issue no later than March 6, 2009.  At the meet and confer session, the parties should come prepared to meaningfully discuss and resolve Plaintiffs' request for Defendants to produce the third-party documents and Defendants' request for Plaintiffs to contribute the cost of producing the documents.  Plaintiffs should be mindful that they must negotiate the cost issue in good faith, and that the Court reserves the right to order Plaintiffs to contribute part or all of the cost if the parties are unable to reach an agreement.

**C.    Plaintiffs' Request for Documents Concerning Internal Seyfarth Communications.**

In the letter dated October 6, 2008, Plaintiffs seek the production of documents concerning internal Seyfarth communications listed on Seyfarth's privilege log.  Defendants claim protection under the attorney-client privilege and the attorney-work-product doctrine.

In the parties' joint letter, Defendants offer to provide a more detailed description of the documents that Defendants claim are privileged. (Dkt. #121.) The Court finds Defendants' offer reasonable and, before ruling on this issue, shall permit the parties a further opportunity to reach an amicable resolution. Accordingly, the Court hereby ORDERS Defendants to serve on Plaintiffs and electronically file with the Court a more detailed description of the documents that Defendants claim are privileged no later than March 6, 2009. Specifically, Defendants shall identify: (1) all persons making and receiving the privileged or protected communication; (2) the steps taken to ensure the confidentiality of the communication, including affirmation that no unauthorized persons have received the communication; (3) the date of the communication; (4) the subject matter of the communication; (5) why the communication is privileged. Subsequently, the parties shall meet and confer no later than March 17, 2009. If any disputes remain after the meet and confer session, the parties shall file a joint meet and confer letter by March, 26, 2009.

**IT IS SO ORDERED.**

Dated: February 25, 2009

MARIA-ELENA JAMES
United States Magistrate Judge

3